United States District Court
Southern District of Texas
FILED

JAN 0 3 2000

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

DANIEL E. DAVIS                      §
                                     §
VS.                                  §      CIVIL ACTION NO. B-00-003
                                     §
FAVELLE FAVCO CRANES USA, INC.       §

## NOTICE OF REMOVAL

COMES NOW FAVELLE FAVCO CRANES USA, INC. ("Favco"), the defendant in

**State Court Cause No. 99-11-4513-A**, and files this Notice of Removal from the 107th

Judicial District Court of Cameron County, Texas, where such cause is now pending, to the

District Court of the United States for the Southern District of Texas, Brownsville Division,

and would respectfully show the court as follows:

## PARTIES

1.    This Notice of Removal is filed by defendant Favco.

2.    Plaintiff, Daniel E. Davis ("Davis") is a resident of the State of Texas.

3.    Favco is also a resident of the State of Texas and has its principal place of business

      in Harlingen, Texas. Favco designs, manufactures and sells cranes.

## JURISDICTION AND VENUE

4.    The matters in controversy in this suit are the alleged damages suffered by the

      plaintiff as the result of alleged patent infringement and trade secret violations

      committed by Favco. Davis seeks monetary damages, as well as injunctive relief

      preventing Favco from making, using or selling cranes which would violate Davis's

      alleged patent rights.

5.   This court has original and/or exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 35 U.S.C. § 271 in that the matters in controversy involve or relate to a United States patent and involve substantial questions of federal patent law.

6.   This court has removal jurisdiction under 28 U.S.C. §1441(b) and (c).

7.   This petition is timely filed within thirty (30) days after service of the initial pleading setting forth the removable patent infringement claim, in accordance with 28 U.S.C. § 1446(b).

8.   Venue is proper pursuant to U.S.C. § 1441(a) in that the state court cause of action made the basis of this suit was filed within this district and division.

## FACTUAL BACKGROUND

9.   This suit is a civil action over which the District Courts of the United States have original jurisdiction.   Favco is in the business of designing, manufacturing and selling crawler cranes.  Davis was formerly a Favco officer and director.  Prior to the instant action, Favco sued Davis for misappropriation of trade secrets, proprietary information and confidential information, breach of fiduciary duty, theft and conversion.   In response, Davis filed the instant action against Favco and attempted to enjoin Favco from prosecuting its prior filed suit.  The instant action is being brought by Davis to recover damages allegedly suffered as a result of Favco's alleged infringement of a patent issued to Davis on December 21, 1999, as well as misappropriation of certain trade secrets.  Davis also seeks injunctive relief that would prevent Favco from making, using or selling cranes which would allegedly violate Davis's patent rights.

2

10.   This action was filed on November 1, 1999 in the 107th Judicial District Court, Cameron County, Texas. In the original pleading, no patent infringement claim was alleged by Davis. Davis alleged a patent infringement claim for the first time on December 27, 1999 in a document titled "Motion for Rehearing of Temporary Injunction Hearing." Davis contends in paragraph 1.03 of that pleading that Favco is seeking to sell cranes in violation of a patent issued to Davis on December 21, 1999. See Exhibit B, ¶ 1.03.

11.   Defendant Favco was served with the Motion for Rehearing of Temporary Injunction Hearing by fax on December 27, 1999.

## STATE COURT DOCUMENTS ATTACHED

12.   All documents required by Local Rule 3(k) are attached as Exhibit "A".

## PRAYER

13.   Defendant prays that State Court Cause No. 99-11-4513-A be removed to this court.

14.   Defendant further prays that the state court action proceed no further unless and until this case is remanded.

15.   A copy of the Notice of Removal will be promptly filed with the Clerk of the State Court.

Dated: January 3, 2000.

Respectfully submitted,

By _____ (by permission/MK)
     Gary Gurwitz
     State Bar No.  08631000
     Fed.  I.D. No.  1194
     818 Pecan
     P.O. Box 3725
     McAllen, Texas 78502-3725
     Phone: (956) 682-5501
     Fax: (956) 686-6109

Attorney in Charge for Defendant
FAVELLE FAVCO CRANES USA, INC.

OF COUNSEL:

Charles C.Murray
Daniel G. Gurwitz
ATLAS & HALL, L.L.P.
P.O. Box 3725
818 Pecan
McAllen, Texas 78502-3725

Willem G. Schuuman
Brian K. Buss
Vinson & Elkins, L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2000, a true and correct copy of the foregoing has been mailed certified, return receipt requested to all counsel of record as follows:

Mr. Ernesto Gamez
Mr. Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison
Brownsville, Texas 78520-7118

Daniel G. Gurwitz

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO._____** |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | |

**INDEX OF MATTERS BEING FILED
AND LIST OF ALL COUNSEL OF RECORD**

Defendant FAVELLE FAVCO CRANES USA, INC. submits this Index of Matters

Being Filed pursuant to Local Rule 3(k) of the United States District Court for the Southern

District of Texas, Brownsville Division. Pursuant to the Local Rule 3(k), the following items

are being filed with the Notice of Removal filed by Defendant:

1. Index of Matters Being Filed;

2. A copy of the certificate of service and fax cover page for the Motion for

    Rehearing of Temporary Injunction Hearing showing service on the

    defendant on December 27, 1999.

3. Copies of all pleadings as follows:

    A. Plaintiff's Original Petition and Application for Temporary Restraining
       Order (11/01/99);

    B. Process served on Favelle Favco Cranes USA, Inc. 11/02/99;

    C. Temporary Restraining Order and Show-Cause Order (11/01/99)

    D. Order Permitting Attorney to Sign as Surety [Ray R. Marchan]
       (11/01/99)

    E. Order Permitting Attorney to Sign as Surety [Maria Elena (Helen)
       Ochoa Delgadillo] (11/01/99)

    F. Order Setting Temporary Injunction and All Matters Related to the
       Temporary Restraining Order and Temporary Injunction (11/03/99)

Defendant Favelle Favco Cranes USA, Inc.'s Plea in Abatement (11/04/99)

G.  Defendant Favelle Favco Cranes USA, Inc.'s, Subject to its Plea in Abatement, Motion to Dissolve Temporary Restraining Order and Opposition to Application for Temporary Injunction (11/05/99)

H.  Original Answer of Defendant Favelle Favco Cranes USA, Inc., filed Subject to its Plea in Abatement (11/08/99)

I.  Order of Referral for Mediation (12/06/99)

J.  Plaintiff's Motion for Rehearing of Temporary Injunction Hearing (12/27/99)

K.  Order on Motion to Substitute Counsel [Ernesto Gamez, Jr. and Associates substituted in place of Ray R. Marchan of Harris & Watts, P.C.] (12/28/99)

L.  Order Setting Emergency Hearing on Plaintiff's Motion for Rehearing of Temporary Injunction Hearing (12/28/99)

M.  Order Setting Emergency Hearing on Plaintiff's Motion for Protective Order (12/28/99)

4.  A copy of the state court docket sheet.

5.  The parties respective attorneys are as follows:

A.  Plaintiff's Attorneys:

Mr. Victor Quintilla
Mr. Ernesto Gamez
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 East Harrison
Brownsville, TX 78520
(956) 541-3820 (voice)
(956) 541-7694 (fax)

B.    Defendant's Attorneys:

Gary Gurwitz
Charles C.  Murray
Daniel G.  Gurwitz
ATLAS & HALL, L.L.P.
P.O. Box 3725
818 Pecan
McAllen, Texas 78502
(956) 682-5501 (voice)
(956) 686-6109 (fax)

Willem G.  Schuuman
Brian K.  Buss
Vinson & Elkins, L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701
(512) 236-3422 (fax)

Dated: January 3, 2000.

ChkPDF - www.fwsio.com

## CERTIFICATE OF SERVICE

I, VICTOR QUINTANILLA, the undersigned attorney of record, do hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Rehearing of Temporary Injunction Hearing was served in accordance with the Texas Rules of Civil Procedure on this 27TH day of December, 1999, to-wit:

Hon. Ray R. Marchan          **VIA FAX:  (956) 541-0255**
HARRIS & WATTS, P.C.
1926 E. Elizabeth Street
Brownsville, Texas  78520

Hon. Gary Gurwitz           **VIA FAX:  (956) 686-6109**
Hon. Charles C. Murray
ATLAS & HALL, L.L.P.
818 Pecan
P. O. Box 3725
McAllen, Texas  78502

Hon. Willem G. Schuuman      **VIA FAX:  (512) 236-3422**
Hon. Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas  78701-3200

VICTOR QUINTANILLA

5

RCV BY

From...
Law Offices of Ernesto  Gamez, Jr., P.C.
777 East Harrison, Brownsville, Texas 78520
TEL/ (956) 541-3820 Fax (956) 541-7694

**Associates:**
Yvonne Marie Gómez
Sean Belleville
Victor Quintanilla

# C O V E R

# FAX

# S H E E T

Date: 12/27/99

To:
1. Hon. Ray R. Marchan
   Fax: 541-0255

2. Hon. Gary Gurwitz
   Fax: (956) 686-6109

3. Hon Willem G. Schwman
   Fax: (512) 236-3422

4. _____
   Fax: _____

5. _____
   Fax: _____

6. BODY/CCM/F10
   Fax: _____

7. _____
   Fax: _____

8. _____
   Fax: _____

Time: 1:15  a.m. p.m.

You should receive 10 pages, including
this cover sheet.  If you do not receive
all of the pages , please call
_____Caroline_____ at
(956) 541-3820.

Original/Copy will follow via:
__✓__ Regular Mail
_____ Return Receipt Requested
_____ Certified Mail
_____ Overnight Delivery
_____ Hand Delivery
_____ Will Not Follow

This transmission is intended only for the use of the indicated recipient.  This transmission may contain
information that is privileged, confidential and exempt from disclosure under applicable law.  If the
reader of this transmission is not the intended recipient or the employee or agent responsible for
delivering the transmission to the intended recipient you are hereby notified that any distribution,
disclosure, or reproduction of this transmission is strongly prohibited.  If the intended recipient is not
an entity or individual within your office, please notify the sender named above  IMMEDIATELY, by
telephone at the number listed above.  Please return the transmission to the LAW OFFICE OF
ERNESTO  GAMEZ, JR., P.C. at the above listed address via U.S. Mail.  Thank you.

Comments:/Re: Cause No. 1999 -11-4513-A; Daniel E. Davis Vs.
Favelle Favco Cranes, USA, Inc.
- Plaintiff's Motion for Rehearing of Temporary Injunction
Hearing, Order Setting Emergency Hearing, and Order
Granting Plaintiff's Motion for Rehearing of Temporary

CAUSE NO. 1999-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| -vs.- | § | CAMERON COUNTY |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | 107 TH JUDICIAL DISTRICT |
| Defendant. | § | |

FILED __ E __ X __ A O'CLOCK _____

AURORA DE LA GARZA DIST CLE

NOV - 1 1999

DISTRICT COURT OF CAMERON COUNTY TE

PLAINTIFFS ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

Daniel E. Davis ("Davis") files his Original Petition and Application for Temporary Restraining Order against Favelle Favco Cranes USA Inc., ("Favco") as follows:

## PARTIES

Plaintiff, Daniel E. Davis, ("Davis") is an individual residing in and having his principal place of business in Cameron County Texas.

Defendant, Favelle Favco Cranes USA Inc., ("Favco") is a corporation, duly formed and existing under the laws of the State of Texas, having a place of business at 4 Mile East, FM 106, Port Of Harlingen, P.O. Box 3049, Harlingen, TX 78551-3049, and may be served with citation in this action by service of citation upon its registered agent, _____

## JURISDICTION

The court has jurisdiction over the defendant because the defendant is a Texas resident. The court has jurisdiction over the controversy because this is an action for injunction, breach of contract and declaratory judgment, arising under the laws of the State of Texas, namely, Declaratory Judgments, C.P.R.C. §§37.001-37.011; and under the common law of the State of Texas.

The causes of action asserted arose from, or are connected with, purposeful acts committed by the Defendant in Texas, and particularly in Cameron County.

## VENUE

Venue is proper in Cameron County, Texas. The office of Favelle Favco Cranes USA Inc., Defendant, is located in Cameron County, Texas, thus, venue is proper in Cameron County, Texas. C.P.R.C. §§15.002.

## FACTS

Davis has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. The unique crawler cranes conceived and developed by Davis use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (the "Davis Crawler Cranes"). Davis diligently pursued the development of this new concept of cranes. Davis has protected his manufacturing methodology and the Davis Crawler Cranes as trade secrets.

Before Davis' efforts, many people tried to develop such crawler cranes—all have failed. On information and belief, even Favco or its affiliated companies tried to make a crawler crane, but could not make it work and discontinued the project. The unique concept of a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper was known to have distinct advantages: the ability to mass produce, short lead-time for manufacturing, parts availability worldwide, warranties, distribution network, etc. However, before Davis, no one was able to build such a crane—not even Favco or its affiliated companies.

Davis filed for a patent with the United States Patent and Trademark Office to protect his new and unique Davis Crawler

Cranes. Davis plans to file for additional patents. The U. S. Patent and Trademark Office has allowed the application for the Davis Crawler Cranes, and a patent will ultimately issue. **Exhibit 1**, "Notice of Allowance and Issue Fee Due" from the U. S. Patent and Trademark Office. However, the patent may not issue for several months.

As patents issue, the information will be protected by the patent grant and will be known publicly. But, until the patents issue, even the U. S. Patent and Trademark Office must keep the information secret.

> "Applications for patents shall be kept in
> confidence by the Patent and Trademark Office
> and no information concerning the same given
> without authority of the applicant or owner…"
> 35 USC §122.

Even the "freedom of information" laws do not apply to pending or abandoned patent applications or Patent Office decisions relating to the applications. *Irons & Sears v. Dann*, 606 F.2d 1215, 202 U.S.P.Q. 798 (D.C. Cir. 1979), *cert. denied*, 444 U.S. 1075, 204 U.S.P.Q. 1060 (1980). <u>Thus, no information concerning the patent application or the associated technology can be disclosed or used without the permission of Davis, the inventor and owner</u>.

Favco and its affiliated companies make tower cranes and offshore cranes. Favco and its affiliated companies have been making tower cranes and offshore cranes for over 30 years, and are well known for tower cranes and offshore cranes. Prior to the relationship with Davis, neither Favco nor its affiliated companies made crawler cranes of any type. Neither Favco nor its affiliated companies have any expertise in crawler cranes of any type. Further, neither Favco nor its affiliated companies have any manufacturing experience in crawler cranes of any type. On

information and belief, even Favco or its affiliated companies tried to make a crawler crane, but could not make it work and discontinued the project.

On or about June 23, 1997, Davis entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen Texas. The contract was for thirty-six (36) months. Davis was to receive, among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Favco agreed to license the manufacture and sale of the Davis Crawler Cranes, and to pay Davis a royalty. Davis was to have sole direction and control over the manufacture and sale of the Davis Crawler Cranes. Davis received ten percent (10%) of the stock of Favco.

As of June 1997, no Davis Crawler Crane had ever been built because the design had not been finalized. Much public skepticism existed as to whether any crawler crane design would be functional. To perfect his crane design Davis, Davis needed to experiment with various aspects of the proposed cranes. It was understood that Davis was to finalize his design changes as soon as possible after becoming Managing Director and President of Favco. It was important to start the manufacture and sale of the Davis Crawler Cranes as soon as possible, and Davis did just that.

In August 1997, Favco submitted a Shareholders Agreement to Davis. On August 16, 1997, Davis signed Favco's Shareholders Agreement and returned it to Favco. **Exhibit 2**, "Favco Shareholder's Agreement."

In March 1999, Davis presented his new line of crawler cranes at Conexpo in Las Vegas, Nevada. The cranes where met with

extreme praise by the public.   Such cranes have not before been known or used.   However, much skepticism continued with respect to whether the Davis Crawler Cranes would function as required and as expected.

About April 1999, Favco requested Davis to agree to changes in the Shareholder's Agreement dated August 16, 1997, and to execute a "New Shareholders Agreement for FFC-USA."   Favco through its agents Yee requested that the New Shareholders Agreement for FFC-USA include, among other things, the following term:

> "3) Patent to Crawler crane design
> Mr. Daniel Davis is the inventor and the owner
> of the patents to the design.  The rights to
> use the designs and drawings are to be
> licensed to FFC-USA.  In return, Mr. Daniel
> Davis is to derive a royalty of _____
> over a period of _____ years."

**Exhibit 3**, "Issues to be incorporated in the New Shareholder's Agreement for FFC-USA" prepared by Yee/Favco and submitted to Davis.   Yee writes in his own handwriting "Danny, Attached the issues to be addressed in the new agreement."   Clearly, even Favco agrees that Davis is the owner of the Davis Crawler Cranes, the patent and all associated technology and drawings.

About May 1999, Davis through Favco sold three (3) Davis Crawler Cranes to Mustang Equipment in Houston, Texas.   Although there continues to be known skepticism as to whether the Davis Crawler Cranes work, the three Davis Crawler Cranes sold to Mustang Equipment have been and continue to work without problems. Thereafter, additional customers requested Davis Crawler Cranes. Davis sought to get funding and equipment from Favco to build the additionally requested Davis Crawler Cranes.   Favco refused to fund the manufacture of the Davis Crawler Cranes requested.

At the same time Favco refused to fund the manufacture of Davis Crawler Cranes requested by customers, Favco requested that Davis assign all or half of his patent rights to Favco. Davis refused the request, and referred Favco to its own Shareholder's Agreement dated August 16, 1997. The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Davis a royalty for cranes sold under Davis' patented invention. **Exhibit 2, "Favco Shareholder's Agreement."**

On September 8, 1999, the board of directors of Favco terminated Davis, without cause. Further, Favco sought to take for its own the intellectual property owned by Davis in the form of the Davis Crawler Cranes, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Davis' patent application. However, Favco knows that Davis is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler Cranes.

Many crane and excavator entities and engineers have tried to implement the type of crane design that Davis has successfully invented. None have been able to accomplish this prior to Davis. Many crane and excavator engineers still refuse to believe that the Davis Crawler Cranes are effective and reliable devices. Davis must consistently work to overcome this skepticism to insure that the concept of the crawler cranes as embodied in Davis' invention—the Davis Crawler Cranes—is accepted in industry practice. These efforts are absolutely essential to Davis, and the success of the Davis Crawler Cranes.

Davis sought to protect his invention by filing a patent application with the United States Patent and Trademark Office. Davis has diligently pursued his patent application with the

United States Patent and Trademark Office on September 24, 1999, the United States Patent and Trademark Office issued a "Notice of Allowance and Issue Fee Due" for Davis' invention entitled "Conversion Apparatus and Method for Use with Excavator and Crane Devices." However, it will be as long as six months before the patent issues. Further, there are many items which Davis shared with Favco which are outside the scope of the patent. These items are the trade secrets of Davis.

Favco is seeking to sell cranes which would violate Davis' trade secret rights and his potential patent rights. However, until those patent rights vest this court is the only forum in which Davis can seek help to preserve his valuable property rights.

APPLICATION FOR TEMPORARY RESTRAINING ORDER

It is probable plaintiff will recover from defendant after trial on the merits because Favco has agreed that Davis is the inventor and the owner of the patent application, the designs, the drawings and all technology related to the Davis Crawler Cranes. See, **Exhibit 2**, "Favco Shareholder's Agreement," ¶ 7.1; **Exhibit 3**, "Issues to be incorporated in the New Shareholder's Agreement for FFC-USA" prepared by Yee/Favco and submitted to Davis.

The harm that will result if the TRO is not issued is irreparable because Davis will suffer substantial, irreparable harm if Favco is permitted to continue making, selling, using or promoting the Davis Crawler Cranes including without limitation all information, designs, drawings and all technology related to the Davis Crawler Cranes. In addition to direct economic injury, the ssuccess of the Davis Crawler Cranes will be threatened. The valuable trade secrets for which patents have not yet been applied for will be lost. The value of such loss is incalculable and

without definition.   Still further, if Favco's customers are dissatisfied with the performance of the crawler cranes manufactured by Favco, they may not blame Favco for poor workmanship or design of the cranes.   Instead, they may blame the entire concept of crawler cranes using a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper, i.e., the Davis Crawler Cranes.   This would substantially irreparably harm Davis whose entire line of crawler cranes would forever be disparaged.   See, **Exhibit 4**, Affidavit of Davis. The TRO would maintain the status quo.

Alternately, Favco makes other types of cranes, particularly, tower cranes and offshore cranes.   The Davis Crawler Cranes represents, at present, only a very small portion of Favco's product line.   Thus, a TRO would not cause significant hardship to Favco.   The TRO would only maintain the status quo.   See, **Exhibit 4**, Affidavit of Davis.

There is insufficient time to serve notice on the defendant and to hold a hearing on the application.

If plaintiff's application is not granted, harm is imminent because Plaintiff Davis is being deprived of his very livelihood and the possible loss of his trade secrets and the disparagement of the Davis Crawler Cranes, all because of Defendants assertion of rights they admit they do not have.   See, **Exhibit 2**, "Favco Shareholder's Agreement," ¶ 7.1; **Exhibit 3**, "Issues to be incorporated in the New Shareholder's Agreement for FFC-USA" prepared by Yee/Favco and submitted to Davis.

The harm that will result if the TRO is not issued is irreparable because of the disruption of Plaintiff's business, the loss of trade secrets, and the depletion of Plaintiff's

credibility and integrity as the inventor of the Davis Crawler Cranes.

Davis has no adequate remedy at law because the disruption of Davis' business, the loss of trade secrets, and the associated disparagement of his livelihood, credibility and integrity as the inventor of the Davis Crawler Cranes are incalculable.

There is insufficient time to serve notice on the Defendant and to hold a hearing on the application.

Plaintiff is willing to post a bond.

## REQUEST FOR TEMPORARY INJUNCTION

Plaintiff asks the Court to set his application for temporary injunction for a hearing, and after hearing the application, issue a temporary injunction against defendant.

## REQUEST FOR PERMANENT INJUNCTION

Plaintiff asks the Court to set his request for a permanent injunction for trial, and after trial, issue a permanent injunction against defendant.

## AFFIDAVITS

The affidavit of Daniel E. Davis, which proves the allegations in the application for injunctive relief, is attached as **Exhibit 4** and incorporated by reference.

## DEMAND FOR JURY

Plaintiff requests a trial by jury.

---

PRAYER

Therefore, Defendant must be immediately ordered to stop asserting any claim to the valuable property rights of Davis. In order to preserve the status quo and rights of Plaintiff Davis during the pendency of this action, Defendant should be cited to appear and show cause why Defendant should not be temporally restrained from asserting any rights to the Davis Crawler Cranes and associated technology, including without limitation the patent application, the designs, the drawings and all technology related to the Davis Crawler Cranes.

WHEREFORE, Plaintiff Davis prays that the Court:

(1) issue a temporary restraining order without notice to Defendant, and everyone acting in concert with, associated with or affiliated with Defendant, including particularly related companies and all individuals associated therewith, to stop asserting any rights to the Davis Crawler Cranes and associated technology, and to cease and desist from selling or offering for sale the Davis Crawler Cranes and associated technology, including without limitation the patent application, the designs, the drawings and all technology related to the Davis Crawler Cranes.

(2) issue a temporary injunction, after notice to defendant, and everyone acting in concert with, associated with or affiliated with Defendant, including particularly related companies and all individuals associated therewith, and an evidentiary hearing, restraining Defendant during the tendency of this action from asserting any rights to the Davis Crawler Cranes and associated technology, and to cease and desist from selling or offering for sale the Davis Crawler Cranes and associated technology, including without limitation the patent application, the designs, the drawings and all technology related to the Davis Crawler Cranes.

(3)  upon  final  trial  on  this  cause,  issue  a  permanent injunction  enjoining  Defendant,  and  everyone  acting  in  concert with,  associated  with  or  affiliated  with  Defendant,  including particularly  related  companies  and  all  individuals  associated therewith,  from  asserting  any  rights  to  the  Davis  Crawler  Cranes and  associated  technology,  and  to  cease  and  desist  from  selling  or offering  for  sale  the  Davis  Crawler  Cranes  and  associated technology,  including  without  limitation  the  patent  application, the  designs,  the  drawings  and  all  technology  related  to  the  Davis Crawler  Cranes.

(4)  and  upon  final  trial  of  this  cause  issue  a  Declaratory judgment  holding  the  Davis  Crawler  Cranes  and  associated technology  are  the  sole  and  exclusive  property  of  Daniel  E.  Davis, including  without  limitation  the  patent  application,  the  designs, the  drawings  and  all  technology  related  to  the  Davis  Crawler Cranes.

(5)  and  such  other  and  further  relief  both  at  law  and inequity,  to  which  Plaintiff  may  show  his  self  justly  entitled

(6)  order  that  Plaintiffs  damages  be  assessed  and  charged against  Defendant  and  for  Plaintiff's  attorney's  fee.

Respectfully submitted,

Ray K. Marchan
Texas Bar No. 012969050
ATTORNEY FOR PLAINTIFF
DANIEL E. DAVIS


## VERIFICATION

STATE OF TEXAS            §
                          §   ss.
COUNTY OF Cameron         §

I, DANIEL E. DAVIS, after reading Plaintiff's Original
Petition for Injunction and Declaratory Judgment, state that the
factual allegations therein are true and correct based on
information and belief.

DANIEL E. DAVIS

SUBSCRIBED AND SWORN TO before me, the undersigned this
_____ day of OCTOBER, 1999.
            November

Notary Public



LETICIA FIERROS
MY COMMISSION EXPIRES
June 3, 2000



**UNITED STAT.  ._PARTMENT OF COMMERCE
Patent and Trademark Office**

# NOTICE OF ALLOWANCE AND ISSUE FEE DUE

PM82/0924

ALTON W PAYNE
SROUFE PAYNE LUNDEEN & D'AMBROSIO
1700 WEST LOOP SOUTH
SUITE 1230
HOUSTON TX 77027

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| | | 006 | PEZZUTO, R | 3671 | 09/24/99 |
| First Named Applicant | DAVIS, | 35 USC 154(b) term ext. = | | 0 Days. | |

TITLE OF INVENTION  CONVERSION APPARATUS AND METHOD FOR USE WITH EXCAVATOR AND CRANE DEVICES

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  FFC02 | 037-403.000 | B97 | UTILITY | YES | $605.00 | 12/27/99 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

  A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or

  B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

  A. Pay FEE DUE shown above, or

  B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

*Exhibit 1*

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

**YOUR COPY**

# SHAREHOLDERS' AGREEMENT

**THIS AGREEMENT** is made the .16th. day of August 19 97 Between:-

1.  **FAVELLE FAVCO CRANES (M) SDN. BHD.**, a company incorporated in Malaysia with its registered office at ..... ("the First Party") of the one part; and

2.  **DANIEL E. DAVIS]** (Passport No. .....) of USA ("the Second Party") of the other part.

IT IS AGREED as follows:-

1.1  The parties hereto shall within .... days from the date of this Agreement form a corporation in the State of Texas, United States of America ("the Company").

1.2  The Constitution of the Company shall be in the form and content of the draft annexed hereto and initialled by the parties for the purposes of identification. In the event of a conflict between the provisions of this Agreement and the Constitution of the Company, the provisions of this Agreement shall prevail and the parties shall cause the necessary amendments to be made to the Constitution.

1.3  The Company shall have an initial authorised share capital of United States Dollars Three Million (US$3,000,000/-) divided into 3,000,000 ordinary shares of the par value of United States Dollars One (US$1) per share. The initial issued and paid up capital of the Company shall be United States Dollars Five Hundred Thousand (US$500,000/-).

1.4  Unless otherwise varied by written agreement, the issued and paid up capital of the Company shall be held by the parties in the following proportions:

The First Party 90 %

The Second Party 10 %

1.5  If the Second Party is desirous of disposing any or all of his shares, the First Party hereby agrees to take up the said share within thirty (30) days of being so notified by the Second Party If the First Party is desirous of disposing any or all of hi shares, it must first make the offer to the Second Party and if th Second Party does not take up all or any of the said shares withi thirty (30) days of being so offered, then the First Party may sel them to a third party and in any event in accordance with the term of the Company's Constitution PROVIDED that if the First Party i desirous of disposing more than 50% of its total shareholdings i the Company it may not sell them to a third party unless the thir party also make an offer to the Second Party to purchase all hi shares. The parties hereto hereby agree that the purchase price fc

*Exhibit 2*

DED.

the sale and purchase of shares pursuant to this Clause 1.5 shall
be determined in accordance with Clause 6.4.2.

1.6  Any party will have a right of pre-emption in case any shares
are issued whether from the unissued authorised capital or from any
increase in the authorised capital.

2.1  The composition of the board of directors of the Company
("Board") shall be as follows:

The First Party .....

The Second Party .....

2.2  All resolutions of the Board shall be approved by a simple
majority of the Board.

3.1  All matters raised at a meeting of the Company shall, unless
otherwise required by the laws of the State of Texas, be decided by
a simple majority of the shareholders present at the meeting.

4.1  The parties hereto agree that unless otherwise varied in
writing, the business of the Company shall be restricted and
confined to the following:-

    (a)  sales and marketing arm for Favelle Favco Cranes (M) Sdn.
Bhd. ("FFC") in the United States of America, Mexico, Central
and South America;

    (b)  buy parts and materials for FFC and arrange for the
shipping thereof to Malaysia or such other location as
designated by FFC;

    (c)  if requested by FFC, buy used crawler cranes and or
foundation equipment for Asia and or the Middle East;

    (d)  quote manitex offshore spare parts and establish parts
supplier in the United States of America;

    (e)  quote new manitex offshore pedestal cranes;

    (f)  fabricate towers and booms and Kroll tower cranes for
FFC;

    (g)  sell the whole of the West Manitowoc cranes in Mexico,
Central and south America; and

    (h)  finalise, conceptualise, design and manufacture Excavato:
Upper and Variable Gauge Lower for the manufacture of Lattic
and Box Boom Crawler Crane.

5.1  The Second Party hereby agrees with the First Party that h
shall not, during the subsistence of this Agreement and for
period of three years after the determination of this Agreement fo

whatever reasons, directly or indirectly enter into any agreement, arrangement, partnership or otherwise in competition with the business carried on or proposed to be carried on by the Company unless the termination of this Agreement is pursuant to Clauses 6.2.2 or 6.3.

6.1   This Agreement shall continue in full force and effect until terminated in accordance with the provisions of this clause.

6.2   Either of the parties to this Agreement shall be entitled to terminate this Agreement immediately by notice in writing to the defaulting party ("Defaulting Shareholder(s)") if any of the events set out below shall occur. The said events are:-

   6.2.1      If the Defaulting Shareholder(s) shall commit any material breach of any of its obligations under this Agreement and shall fail to remedy such breach (if capable of remedy) within fourteen (14) days after being given notice by the other parties hereto so to do; or

   6.2.2      If one or more parties hereto (being a Company) shall go into liquidation whether compulsory or voluntary (except for the purposes of a bona fide reconstruction or amalgamation with the consent of the other parties hereto such consents not to be unreasonably withheld) or if one or more of the parties hereto shall have an administrator appointed or if a receiver administrative receiver or manager shall be appointed over any part of the assets or undertakings of that party or if a petition shall be presented or an order made for the appointment of a trustee in bankruptcy; or

   6.2.3      If one (1) party acquires all the shares of the Company.

6.3   This Agreement shall terminate immediately if an effective resolution is passed to wind up the Company or if a liquidator is otherwise appointed (but without prejudice to any rights of the parties hereto may have against the other party prior to such termination).

6.4.1      If either of the parties hereto shall serve a valid notice of termination under Clause 6.2 that party ("the Terminator(s)") shall be entitled by that notice to require the Defaulting Shareholder(s) ("the Terminatee(s)") either to purchase all (but not some only) of his or its shares in the Company of the Terminator(s) or to sell to the Terminator all (but not some only of the shares of the Terminatee(s) in the Company in either case a a price determined in accordance with the provisions of Claus 6.4.2. Upon exercise of any such right by the Terminator(s) it an the Terminatee(s) shall become bound respectively to sell c purchase on the terms set out below. If in a valid terminatic notice to such power of sale or purchase is exercised by th Terminator(s) the parties shall procure that the Company shall b immediately wound up.

D.W.

6.4.2    The purchase price of the shares to be bought and sold pursuant to Clauses 6.4.1 and 1.5 shall be their fair value as agreed between the parties to such sale and purchase or in default of agreement within fourteen (14) days after the service of the notice of termination such sum shall be certified (at the request of either such parties) by the auditors for the time being of the Company to be the fair value of such share on the date when the termination notice was served. In so certifying the auditors are irrevocably instructed to value the ordinary shares to be bought and sold as the same proportion of the market value of the Company as a whole on that date as the relevant ordinary shareholding bears to the whole issued ordinary share capital of the Company on that date but otherwise they shall take into accounts all such circumstances as shall seem to them relevant.    In so acting such auditors are instructed to act as experts and not as arbitrators and their decision shall (save in respect of manifest error) be final and binding on the parties to such sale and purchase for all purposes and their costs shall be borne in equal shares by such parties.

6.4.3    Completion of the sale and purchase of shares pursuant to the provisions of Clause 6.4.1 shall take place at the registered office of the Company on the 3rd business day after the price payable for such shares has been agreed or determined in accordance with the provisions of Clause 6.4.2 (or such other time and/or place in respect of which the provisions of 6.4.4, 6.4.5, 6.4.6 and 6.4.7 shall then have effect).

6.4.4    At any completion of the sale and purchase of shares pursuant to Clause 6 in return for bankers draft drawn on a United States clearing bank (or such other means of payment which is agreed by the seller) for the full amount of the purchase money for the shares being bought and sold and such other amounts as are referred to in Clause 6.4.5 the seller shall deliver to the purchaser duly executed share transfers for the shares being sold in favour of the purchaser or as it may direct together with the relevant share certificate(s).

6.4.5    The parties hereto shall exercise all voting and other rights available to them to ensure the implementation of the preceding provision of this clause and that any provisions contained in the articles of association of the Company restricting transfers of shares shall be waived or suspended to allow such sales and purchases to proceed as provided above and the shareholders shall procure the registration of any transfer of any shares in the Company pursuant to this Agreement accordingly.

7.1    The First Party shall for a period of three years from the date of this Agreement pay to the Second Party a royalty fee of 1% of the sale price for the sale of each crane manufactured or assembled pursuant to the Second Party's patented invention namely, the Excavator Upper and Variable Guage Lower for the makin of a Latice and Box Boom Crawler Crane, and whether or not the sal took place before or after the termination of this Agreement.

D.A.D.

8.1 This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, United States of America and the parties expressly submit to the non-exclusive jurisdiction of the courts of that country.

IN WITNESS WHEREOF the parties hereto have hereunto caused their respective duly authorised representatives to set their hands the day and year first above written.

SIGNED by     )
for and on behalf of )
FAVELLE FAVCO CRANES )
(M) SDN. BHD. in the )
presence of:    )


SIGNED by the said )
DANNIEL E. DAVIS  )
in the presence   )
of:-       )

D.S.D.



*FAVELLE FAVCO C____S (USA) INC.*

*Issues to be incorporated in the New Shareholders Agreement for FFC-USA*

### 1)  Capitalization of FFC-USA

FFC-USA will be recapitalized at an initial equity base of US$10m with Mr Daniel Davis holding 70% and FFC Holdings 30%. Mr Davis to inject up to $7m for his portion while FFC-Holdings' contribution to be capitalized from funds transfers made to FFC-USA by FFC-Malaysia. FFC-USA to repay FFC-Malaysia the remaining advances plus interest (based on interest rates paid by FFC Holdings in Malaysia) plus other amounts due to the other related companies.

Future increases in capitalization are subject to Board of Directors' Approval and both parties are to contribute additional capital in proportion to their respective equity holdings.

### 2)  Management of FFC-USA

Mr Daniel Davis to remain as President and Managing Director and shall assume management control of the company. He will report to the Board of Directors. FFC Holdings reserve the right to have an internal audit conducted on FFC-USA on an annual basis.

### 3)  Patent to Crawler crane design

Mr Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr Daniel Davis is to derive a royalty of_____ over a period of_____ years.

### 4)  Board of Directors

4 Directors to represent Mr Daniel Davis' interest and 1 to represent FFC Holdings.

### 5)  Bank borrowings

All bank borrowings are to be approved by the Board of Directors before being executed by officers of the company.

### 6)  Licensing Agreement

Manitex

FFC-Holdings will license the rights to use the designs and drawings of the Manitex offshore pedestal cranes to FFC-USA. Ownership of designs and drawings remains with FFC Holdings. FFC-USA will pay a royalty of 10% on sale associated with the Manitex range of cranes and related products.

Favelle Favco and Kroll

Exhibit
3

**FAVELLE FAVCO CI     (USA) INC.**

FFC-USA will be the appointed the sales representative for FFC Holdings on its range of Favelle Favco and Kroll cranes. Geographical markets will be in North, Central and South America only. Sales into markets outside these predefined markets will be subjected to approval from FFC Holdings. All drawings and designs associated with the Favelle Favco and Kroll range of offshore remains the property of Favelle Favco.

**Crawler cranes**
FFC-USA is to license the rights to assemble the cranes to FFC-Malaysia for a predefined market (to be specified) for a predefined period in return for a royalty of ___%.

**7)  Termination**
In the event of a termination of this agreement, the right to the name and all associated drawings and designs of Favelle Favco, Kroll and Manitex range of products are to be returned to FFC- Holdings. Likewise, all information and rights to the crawler cranes are to be returned to FFC-USA.

In the event that the termination was triggered by one party intending to sell out, the other party is to granted the first right of refusal to acquire the equity stake on the party that is selling out.

**8)  Non competition**
In the event of a termination, FFC-Holdings will undertake not to compete with FFC-USA on its range of crawler cranes (either through its own designs or through collaboration with new partners) for a period of ___years. Likewise, FFC-USA will undertake not to compete with FFC-Holdings on its range of offshore and tower cranes (either through its own design or through collaboration with new partners for the same period of years.

**9)  The name of FFC-USA**
Following the execution of this agreement, FFC-USA is to adopt a new name to reflect the new partnership.

As the owner of the patent to the crawler crane, Mr Daniel Davis will reserve the right the adopt a new name for the range of crawler cranes which may or may not adopt the new name of the company.

DANNY,
ATTACHED THE ISSUES TO
BE ADDRESSED IN THE
NEW AGREEMENT.
IF YOU HAVE OTHER
POINTS TO ADD, PLEASE
LET ME KNOW.
 I WILL THEN FAX THIS
LIST TO DENNIS TO
DRAFT THE AGREEMENT.
                    YEE

# PAYNE, LUNDEEN, D'AMBROSIO & ARISMENDI, L.L.P.

*Attorneys at Law*

1700 West Loop South, Suite 1230

Houston, Texas 77027

Telephone: (713) 840-8008

**Facsimile: 713-840-8088**

Email: alpayne@netropolis.net

## FAX COVER LETTER

**FROM:** Sender:     **Al Payne**

Our Ref:

Date:      October 31, 1999

**TO:**   Attention:   **Ray R. Marchan**

Company:    Harris & Watts, P.C.

Country/City: Brownsville

Your Ref.:

Fax No.:    **956-541-0255**

**No. of pages including this cover sheet:     10**

### WARNING

*The documents accompanying this facsimile transmission contain information from the law firm of Payne, Lundeen, D'Ambrosio & Arismendi, L.L.P. which is confidential or privileged. The information is for the use of the individual or entity named on this transmission sheet. Only the addressee may review its contents. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.*

Dear Ray,

Attached are the documents we discussed.

Al

CAUSE NO. 1999-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| -vs.- | § | CAMERON COUNTY, T E X A S |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | 107 TH JUDICIAL DISTRICT |
| Defendant. | § | |

FILED ___ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

## AFFIDAVIT OF DANIEL E. DAVIS

NOV - 1 1999

STATE OF T E X A S     §
                       §
COUNTY OF CAMERON      §

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By _____ DEPUTY

BEFORE ME, the undersigned authority, on this day personally appeared DANIEL E. DAVIS, who after being duly sworn on his oath, says and deposes:

"1.   My name is DANIEL E. DAVIS.   I am over 21 years of age, and I am fully competent to make this affidavit. I have personal knowledge of all the facts stated in this affidavit and they are true and correct.

2.   In Plaintiffs Original Petition And Application for Temporary Restraining Order, **Exhibit 1**, "Notice of Allowance and Issue Fee Due" from the U. S. Patent and Trademark Office is a true and correct copy of the document issued by the U. S. Patent and Trademark Office with the serial number and date deleted.

3.   In Plaintiffs Original Petition And Application for Temporary Restraining Order, **Exhibit 2**, "Favco Shareholder's Agreement" is a true and correct copy of Favco's Shareholders Agreement that was sent to me in August 19997, I signed on August 16, 1997 and returned to Favco.

4.   In Plaintiffs Original Petition And Application for Temporary Restraining Order, **Exhibit 3**, "Issues to be incorporated

Daniel E. Davis vs. Favelle Favco Cranes USA, Inc.                    PAGE - 1 -

in the New Shareholder's Agreement for FFC-USA" is a true and correct copy of the document prepared by Yee and submitted to me.

5.   I have been developing, and continue to develop, my ideas and concepts concerning new and unique crawler cranes.   My unique crawler cranes use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (the "Davis Crawler Cranes").   I have diligently pursued the development of my new concept of cranes.    I have protected my manufacturing methodology and the cranes as trade secrets.

6.   Before my efforts, many people tried to develop such crawler cranes.   All have failed.   Even Favco tried to make a crawler crane, but could not make it work and discontinued the project.   The unique concept of a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper has distinct advantages including, for example, the ability to mass produce, short lead-time for manufacturing, parts availability worldwide, warranties, distribution network.   Before me, no one was able to build such a crane—not even Favco.   I have become known as the inventor and driving force behind the crawler cranes. Several magazine articles have been printed identifying me as the inventor and driving force behind the crawler cranes.

7.   Many crane and excavator entities and engineers have tried to implement the type of crane design that I have successfully invented.   None have been able to.   Many crane and excavator engineers still refuse to believe that my crawler cranes are effective and reliable devices.   I must consistently work to overcome this skepticism to insure that the concept of the crawler cranes as embodied in my invention is accepted in industry practice.   These efforts are absolutely essential to the success of my crawler cranes.

8.   I will suffer substantial, irreparable harm if Favco is permitted to continue making, selling, using or promoting my cranes or the information, designs, drawings and technology related to my cranes.   In addition to direct economic injury, the success of my cranes will be threatened.   The valuable trade secrets for which patents have not yet been applied for will be lost.   The value of such loss is incalculable.   For example, if Favco's customers are dissatisfied with the performance of the crawler cranes manufactured by Favco, they may not blame Favco for poor workmanship or design of the cranes.   Instead, they may blame the entire concept of crawler cranes using a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper — my cranes.   This would substantially irreparably harm me because my entire line of crawler cranes would forever be disparaged.

9.   Favco makes other types of cranes.   Favco makes tower cranes and offshore cranes.   My cranes represent, at present, only a very small portion of Favco's product line.   Thus, to stop Favco would not cause significant hardship to Favco.   The TRO would only maintain the status quo.

10.   I have personal knowledge of the facts stated herein and have stated how I have personal knowledge thereof which facts are true and correct."

Further deponent sayeth not.

_____
DANIEL E. DAVIS

Subscribed and sworn to before me the undersigned authority on this 2~~0th day~~ of November 1, 1999.

Citation for Personal Service  - GENERAL_____     Lit. Seq. # 5.002.01

No. 1999-11-004513-A

COPY

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FAVELLE FAVCO CRANES USA, INC.
    SERVING ITS REGISTERED AGENT,
    4 MILE EAST, FM 106
    PORT OF HARLINGEN,
    P.O. BOX 3049, HARLINGEN, TEXAS 78551-3049

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on NOVEMBER 01, 1999 .  A copy of same accompanies this citation.

The file number of said suit being No. 1999-11-004513-A.

The style of the case is:

DANIEL E. DAVIS
VS.
FAVELLE FAVCO CRANES USA, INC.

Said petition was filed in said court by _____HON. RAY R. MARCHAN_____
Attorney for _____PLAINTIFF_____ ), whose address is
926 E. ELIZABETH BROWNSVILLE, TX  78520                           .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of NOVEMBER , A.D. 1999.

R  E  T U R N   O F   O F F I C E R

Came to hand the _1st_ day of _November_, _99_, at _12:10_ o'clock _P_.M., and

executed (not executed) on the _2_ day of _November_ _99_, by delivering to

_Favelle Favco Cranes USA Inc._

_serving its Registered Agent_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition and Application For_

_Temporary Restraining Order_

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy                    _C. P._ _____

Total....... $_____     ~~Sheriff/constable~~ _Cameron_ _____ County, TEXAS

Fees paid by:_____     By _____ ~~Deputy~~

~~recept to Serve                                    Lit. Seq. # 5.002.01

No. 1999-11-004513-A

COPY

T H E   S T A T E   O F   T E X A S

DANIEL E. DAVIS                                    In The District Court

VS.                                                107th Judicial District

FAVELLE FAVCO CRANES USA, INC.                     Cameron County, Texas

TO THE SHERIFF OR ANY CONSTABLE OF ANY COUNTY OF THE STATE OF TEXAS (OR ANY
OFFICER OR PERSON AUTHORIZED TO SERVE CITATIONS), GREETING:

YOU ARE HEREBY COMMANDED that you serve
    FAVELLE FAVCO CRANES USA, INC.
    SERVING ITS REGISTERED AGENT
    4 MILE EAST, FM 106
    PORT OF HARLINGEN
    P.O. BOX 3049, HARLINGEN, TX 78551-3049

the _____ DEFENDANT _____ in the above numbered and entitled cause with the

accompanying certified copy of

TEMPORARY RESTRAINING ORDER AND SHOW-CAUSE ORDER AND A COPY OF PLAINTIFFS
ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

HEREIN FAIL NOT, but of this Writ make due return showing how you have

executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the 1st day of

NOVEMBER , A.D. 1999.

                    ATTEST:   AURORA DE LA GARZA   , Clerk, District Courts
                              Cameron County, Texas

                                  By: Rosie Sctt_____ Deputy

          ATTORNEY:
HON. RAY R. MARCHAN
1926 E. ELIZABETH
BROWNSVILLE, TX   78520
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
              R E T U R N   O F   O F F I C E R

Came to hand the 1st day of November 99 , at 12:10 o'clock P.M., and

executed (not executed) on the 2 day of November, 99 , by delivering to
Favelle FAvco Crane USA, Inc
Serving its Registered Agent in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

CMsPDF - www.fast.fastio.com

CAUSE NO. <u>99-11-4513-A</u>   CERTIFIED COPY

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| FAVELLE FAVCO | § | |
| CRANES USA, INC. | § | <u>107th</u>  JUDICIAL DISTRICT |

## <u>TEMPORARY RESTRAINING ORDER AND SHOW-CAUSE ORDER</u>

On this day, Plaintiff presented an application for temporary orders to the Court.

Having examined the pleadings and affidavit of Plaintiff, the Court finds that Plaintiff's sworn statements show that Defendant should be immediately restrained as requested by Plaintiff to prevent immediate and irreparable injury, loss or damage to Plaintiff's rights. Plaintiff has no adequate remedy at law. The Court deems the orders set forth below to be necessary and equitable.

IT IS THEREFORE, ORDERED that a temporary restraining order be issued by the clerk of this Court to restrain Defendants and Defendants are hereby ORDERED immediately restrained from:

1. Threatening Plaintiff's privileges to utilizing his design and/or manufacture of Crawler Cranes;

2. Instituting any action in this or any other county, jurisdiction or forum attempting to obtain temporary or permanent order(s) concerning this litigation;

3. Molesting or disturbing the peace of the plaintiff by continuing to attempt to prevent him from utilizing his design and/or manufacture of crawler cranes;

4. Engaging in an unreasonable or unnecessary acts intending to interfere with  the conduct of the plaintiff in his usual business of utilizing his design and/or manufacturing of crawler cranes;

5. Doing anything calculated to embarrass, harass, molest, injure plaintiff's rights or humiliate plaintiff;

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION - Page 1**

6.     From interfering with or failing to continue the existing privileges of the plaintiff.

7.     From manufacturing, using, selling or offering for sale crawler cranes; and,

8.     From disclosing, using or in any way disseminating information concerning the crawler cranes, including without limitation patent documents, drawings, designs, models and all documents related to the crawler cranes.

     This restraining order is effective immediately and shall remain effective until further order of this Court or expiration by operation of law. The order is binding on Defendant on Defendant's agents, servants, employees, and attorneys and on any other person in active concert or participation with it who receives actual notice of this order by personal service or otherwise. Bond is set at $1,000.00.

     IT IS FURTHER ORDERED that the clerk shall issue notice and Defendants are ordered to appear before this Court in the Courthouse of Cameron County, Texas on the 15th day of *nov.*, 1999, at 8:30 o'clock a.m. in Brownsville, Texas.

     Signed this the ___1___ day of November, 1999.

_____
JUDGE PRESIDING

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _____ DEPUTY

FILED __11:00__ O'CLOCK ___a___ M
AURORA DE LA GARZA DIST. CLERK

NOV - 1 1999

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION - Page 2

CAUSE NO. <u>99-11-4513-A</u>

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| FAVELLE FAVCO | § | |
| CRANES USA, INC. | § | <u>107th</u> JUDICIAL DISTRICT |

<u>ORDER PERMITTING ATTORNEY TO SIGN AS SURETY</u>

On this the _____ day of _____, 1999, came on to be considered the foregoing

affidavit of solvency and the court is of the opinion that the same should be in all things granted;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Ray R. Marchan be

and he is hereby permitted to sign as surety.

Signed this the _1_ day of November 1999.

_____

JUDGE PRESIDING

FILED _11:00_ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

NOV - 1 1999

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____ DEPUTY

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION - Page 6

## CAUSE NO. <u>99-11-4513-A</u>

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| FAVELLE FAVCO | § | |
| CRANES USA, INC. | § | <u>107th</u>  JUDICIAL DISTRICT |

<u>ORDER PERMITTING ATTORNEY TO SIGN AS SURETY</u>

On this the _____ day of _____, 1999, came on to be considered the foregoing

affidavit of solvency and the court is of the opinion that the same should be in all things granted;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Maria Elena (Helen)

Ochoa Delgadillo be and he is hereby permitted to sign as surety.

Signed this the ___1___ day of _November_ 1999.

_____
JUDGE PRESIDING

FILED __11:00__ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

**NOV - 1 1999**

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
TEMPORARY INJUNCTION - Page 7

CAUSE NO. 99-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | 107TH JUDICIAL DISTRICT |

## ORDER SETTING TEMPORARY INJUNCTION AND ALL MATERS RELATED TO THE TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

BE IT REMEMBERED that on the 3rd day of November, 1999, came on to be heard

Defendants' Motion for Emergency Hearing. It is the opinion of the Court that such motion

should be granted and that the temporary injunction and all matters related to the

temporary restraining order and temporary injunction are hereby set for hearing on the 8th

day of November, 1999 at 8:30 a.m. in Brownsville, Texas.

SIGNED this _3rd_ day of November, 1999.



_____
JUDGE PRESIDING

11/3/99 COPIES TO;
HON. GARY GURWITZ (HAND DELIVERED WILL
FAX TO ALL PARTIES)

CAUSE NO. 99-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | 107TH JUDICIAL DISTRICT |

## ORDER SETTING TEMPORARY INJUNCTION AND ALL MATERS RELATED TO THE TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

BE IT REMEMBERED that on the 3rd day of November, 1999, came on to be heard

Defendants' Motion for Emergency Hearing. It is the opinion of the Court that such motion

should be granted and that the temporary injunction and all matters related to the

temporary restraining order and temporary injunction are hereby set for hearing on the 8th

day of November, 1999 at 8:30 a.m. in Brownsville, Texas.

SIGNED this _3rd_ day of November, 1999.

_____
JUDGE PRESIDING

11/3/99 COPIES TO;
HON. GARY GUEWITZ (HAND DELIVERED WILL
FAX TO ALL PARTIES)

8:30

NOV 3 1999



CAUSE NO. 99-11-4513-A

NO. 4 1999

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY_____ DEPUTY

DANIEL E. DAVIS                    §        IN THE DISTRICT COURT OF
                                   §
                                   §
        vs.                        §        CAMERON COUNTY, TEXAS
                                   §
                                   §
FAVELLE FAVCO CRANES USA, INC.     §        107th JUDICIAL DISTRICT

### Defendant Favelle Favco Cranes USA, Inc.'s Plea in Abatement

NOW COMES Favelle Favco Cranes USA, Inc. ("FAVCO USA"), defendant, and files this its Plea in Abatement asserting that this action be dismissed or, in the alternative, abated, and would respectfully show the court as follows:

1.    *Overview.*  This suit is the second of two suits between Daniel Davis ("Davis") and FAVCO USA.  The first suit was filed by FAVCO USA and against Davis on October 26, 1999, Cause No. 1999-10-4467-D, in the 103rd Judicial District Court, Cameron County, Texas (the "First Suit").   The suit pending in this court (the "Second Suit") was not filed until November 1, 1999.  Davis and FAVCO USA are parties in both cases and the issues to be decided in the First Suit are identical or substantially similar to those at issue in the Second Suit.  All of the issues involved in the Second Suit are also the subject of the First Suit.  Specifically, FAVCO USA alleges in the First Suit that it is the proper owner of certain propietary information and trade secrets associated with the design and manufacture of what are referred to as "crawler" cranes.  Davis makes the identical claim in this Second Suit, the only difference being that he asserts that he and not FAVCO USA is the proper owner of the information and trade secrets

and that he is entitled to a royalty from FAVCO USA.  FAVCO USA requests that this

Second Suit, including the TRO, be dismissed or, in the alternative, abated in deference

to the prior-filed suit.

2.     *Abatement is mandatory in light of First Suit*.  As described above, there is

a prior suit seeking adjudication of issues identical to those at issue in this Second Suit.

This Second Suit must therefore be abated pending resolution of the First Suit.  A true

and correct copy of the live pleadings is attached hereto as Exhibits A and B.   See also

Affidavit of Gary Gurwitz.

Generally, if two lawsuits are pending in courts of coordinate jurisdiction and the

suits concern the same subject matter and parties, the first court to acquire jurisdiction

has dominant jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)

(emphasis added).  Abatement is mandatory and not discretionary.  Mandatory

abatement is even required where the parties and issues are not identical. *Wyatt v.

Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988) (reversing trial court's decision

denying a plea in abatement where the parties and issues not identical) (emphasis

added).  In both the First Suit and in this Second Suit, the real parties in interest are

FAVCO USA and Davis.   Moreover, the parties are claiming ownership rights to the

very same designs, drawings and trade secrets in both cases.   In fact, FAVCO USA

has requested in the First Suit a declaratory judgment that all design work , technology

and drawings associated with the crawler crane are the property of FAVCO USA.

Davis has requested the identical relief in the Second Suit, the only difference being

that he seeks the declaratory judgment in his favor.  The Texas Rules of Civil

2

Procedure require that claims of this nature be brought, if at all, as compulsory

counterclaims.

> Rule 97.  Counterclaim and Cross-Claim
>
> > **(a) Compulsory Counterclaims.**  A pleading shall state as a counterclaim any claim within the jurisdiction of the court, <u>not the subject of a pending action</u>, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. . .

Tex. R. Civ. P. 97 (emphasis added).

Clearly, Davis' claims in the Second Suit <u>must</u> be brought, if at all, as compulsory

counterclaims in the First Suit. *Id.* at 248.     Where an inherent interrelationship exists

in two pending lawsuits, a plea in abatement in the later filed lawsuit should be granted.

*Id.*

> 3.     *This suit interferes with jurisdiction of the First Suit in the 103rd District*

*Court.* Davis' suit in this court interferes or attempts to interfere with the jurisdiction of

the 103rd District Court in the First Suit.  FAVCO USA is seeking injunctive relief in the

First Suit and Davis' effort to have this court issue a Temporary Restraining Order, as

well as a Temporary and Permanent Injunction, usurps the power of the 103rd to act on

matters that are properly before that court in the First Suit. *Curtis*, 511 S.W.2d at 267

(if the second court refuses to sustain a proper plea in abatement, or attempts to

interfere with the prior filed action, [the Supreme Court] has the power to act by

mandamus or other appropriate writ to settle the conflict of jurisdictions).  The 103rd has

dominant jurisdiction over all issues in the First Suit and the Second Suit.  Accordingly,

3

the Second Suit should be dismissed or abated, including the TRO and request for

Temporary Injunction, pending resolution of the First Suit by the 103rd District Court.

WHEREFORE, PREMISES CONSIDERED, FAVCO USA prays that after

hearing the court dismiss this lawsuit or, in the alternative, abate this lawsuit, including

the TRO, pending a final resolution of Cause No. 1999-10-4467-C, now pending in the

103rd Judicial District Court, and for such other and further relief, at law or in equity, to

which FAVCO USA may be justly entitled.

Respectfully submitted,
ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box. 3725
McAllen, Texas 78501/78502
956-682-5501 (phone)
956-686-6109 (fax)

By:_____
(Gary Gurwitz
State Bar No. 08631000
Charles C. Murray
State Bar No. 14719700
Daniel G. Gurwitz
State Bar No. 00787608
ATTORNEYS FOR DEFENDANT,
FAVELLE FAVCO CRANES USA, INC.

4

## Certificate of Service

I hereby certify that on November ___4th___, 1999, the foregoing document was faxed and sent certified mail, return receipt requested, to all counsel of record as follows:

Mr. Ray Marchan
1926 E. Elizabeth
Brownsville, Texas 78520

_____
Gary Gurwitz

## CAUSE NO. 99-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | 107TH JUDICIAL DISTRICT |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | CAMERON COUNTY, TEXAS |

---

## AFFIDAVIT OF GARY GURWITZ

---

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, on this day personally appeared GARY GURWITZ, known by me to be the person whose name is subscribed below, who, having first been duly sworn, stated under oath that he is the attorney of record for Defendant Favelle Favco Cranes USA, Inc., in the above cause; that he has read the foregoing plea in abatement; and that the statements and allegations in said plea in abatement are true and correct.

_____
GARY GURWITZ

SUBSCRIBED AND SWORN TO before me on the 4th day of November, 1999.

_____
Notary Public in and for the State of Texas

CHRISTY GARZA
Notary Public,
State of Texas My
Comm. Exp. 11-17-2001

Case 1:00-cv-00003   Document 1   Filed in TXSD on 01/03/2000   Page 50 of 83

CAUSE NO. 99-11-4513-A

FILED _____ __:__ O'CLOCK___ __
AURORA DE LA GARZA DIST. CLERK

NOV 0 5 1999

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____ DEPUTY

| | | |
|---|---|---|
| DANIEL E. DAVIS | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | CAMERON COUNTY, TEXAS |
| FAVELLE FAVCO CRANES USA, INC. | §<br>§ | 107th JUDICIAL DISTRICT |

### Defendant Favelle Favco Cranes USA, Inc.'s, Subject to its Plea in Abatement, Motion to Dissolve Temporary Restraining Order and Opposition to Application for Temporary Injunction

NOW COMES Favelle Favco Cranes USA, Inc. ("FAVCO USA"), defendant, and subject to its plea in abatement, files this its Motion to Dissolve Temporary Restraining Order and Opposition to Application for Temporary Injunction and would respectfully show the court as follows:

1.   *Summary.* FAVCO USA in a manufacturer of construction cranes. Daniel Davis ("Davis") was formerly president and a director of FAVCO USA. A company Davis controls remains a stockholder in FAVCO USA. This suit is the second of two suits between Davis and FAVCO USA. The first suit was filed by FAVCO USA and against Davis on October 26, 1999 in the 103rd Judicial District Court, Cameron County, Texas. The suit pending in this court was filed on November 1, 1999 and Davis obtained a Temporary Restraining Order ("TRO") on the same day. The TRO was wrongfully obtained because it issued without notice to FAVCO USA even though Davis knew that FAVCO USA was represented by counsel and further knew that a lawsuit already had been commenced in the 103rd District Court. Moreover, the requirement of

identifying specific facts in the application for the TRO, as well as in the TRO itself, was not complied with prior to the issuance of the TRO. FAVCO USA requests that the TRO issued by this court be dissolved and that no permanent or temporary injunction issue from this court.

**Temporary Restraining Order should be dismissed on procedural grounds**

2. The TRO should not have issued from this court because of the prior pending suit between the parties in the 103rd District Court. See FAVCO, USA's Plea in Abatement.

3. *The TRO was wrongfully issued without notice*. The TRO should be dismissed on procedural grounds because it was issued without notice to FAVCO USA or its attorneys under circumstances where FAVCO USA's counsel should have been given notice. This lawsuit was filed on November 1, 1999, after FAVCO USA had filed a lawsuit in the 103rd involving the very same issues and parties now before this court. See Exhibit A. Moreover, long before the first suit was filed, Davis knew that FAVCO USA was represented by counsel and, in fact, had been negotiating with FAVCO USA's attorneys. Despite knowing that FAVCO USA was represented by counsel and knowing the identity of FAVCO USA's attorneys and despite the clear requirements of the Texas Rules of Civil Procedure, the Texas Lawyer's Creed, and the Texas Disciplinary Rules of Professional Conduct, a TRO issued without notice to FAVCO USA or its attorneys.

3.1 *Notice is required under Texas Rules of Civil Procedure*. Texas Rule of Civil Procedure 680 clearly and expressly provides:

2

> No temporary restraining order shall be granted without
> notice to the adverse party unless it clearly appears from
> specific facts shown by affidavit or by the verified complaint
> that immediate and irreparable injury, loss, or damage will
> result to the applicant before notice can be served and a
> hearing had thereon.

TEX. R. CIV. P. 680 (emphasis added).   There is no attempt made by Davis, either by

affidavit or by verified petition, to show from specific facts that immediate and

irreparable injury, loss, or damage would result before notice could be served and a

hearing held.  Davis and his attorney were in contact with counsel for FAVCO USA –

and indeed participated in negotiations regarding the subject matter of the two lawsuits

– immediately prior to the time the TRO was requested and issued.  Moreover, FAVCO

USA continued both before, during and after the negotiations to manufacture the

crawler cranes with Davis' full knowledge.  See ¶ 8.4, below.  Nothing changed with

respect to FAVCO USA's production and sale of crawler cranes between the time the

negotiations occurred and the time the TRO was entered.  Since  nothing was

happening to cause Davis to seek an injunction during the negotiations and nothing

regarding the production or sale of the crawler cranes changed before the TRO issued,

there is simply no basis for Davis' request that the court enter the TRO without a

hearing and without notice to FAVCO USA.  Yet, even though no irreparable injury or

loss could have occurred, FAVCO USA's lawyers were not contacted or in any way

advised the application for TRO was going to be presented to this court.

      3.2    *Notice is required under the Texas Lawyer's Creed.*  The Texas

Lawyer's Creed requires that an attorney "not arbitrarily schedule a . . . court

3

appearance, or hearing until a good faith effort has been made to schedule it by agreement." TEX. LAWYER'S CREED ¶ III.14. The Creed further requires that an attorney "not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond," and that an attorney "not engage in any conduct which offends the dignity and decorum of proceedings." *Id.* ¶ III.7, IV.5. Failing to notify opposing counsel of the requested TRO, particularly when the parties had been involved in extensive negotiations regarding the subject of the TRO, clearly violates these mandates.

   3.3 *Notice is required under the Texas Disciplinary Rules of Professional Conduct.*–Rule 3.05 of the Texas Disciplinary Rules of Professional Conduct provides:

> A lawyer shall not:
> . . .
> (b) except as otherwise permitted by law and not prohibited by applicable rules of practice or procedure, communicate or cause another to communicate ex parte with a tribunal for the purpose of influencing that entity or person concerning a pending matter other than:
>> . . .
>> (3) orally <u>upon adequate notice to opposing counsel</u> or to the adverse party if he is not represented by a lawyer.

TEX. DISC. R. PROF. CONDUCT 3.05(b) (emphasis added). The ex parte actions resulting in the issuance of the TRO, taken without notice under the circumstances described above, clearly violate the Texas Rules of Disciplinary Procedure.

   3.4 *In violation of the Texas Rules of Civil Procedure, the TRO does not state why the order was granted without notice.* Texas Rule of Civil Procedure 680

requires that a restraining order "state why the order was granted without notice." TEX. R. CIV. P. 680. The TRO contains no such statement.

      3.5   *TRO does not specify acts sought to be enjoined.* Tex. R. Civ. P. 683 requires an injunction, including a TRO, to define, in reasonable detail, the acts sought to be enjoined. The injunction issued in this case does not define the specific conduct to be enjoined; rather, it described broadly and without specificity a range of things that FAVCO USA is prohibited from doing. The injunction therefore fails to strictly comply with the Texas Rules of Civil Procedure and is invalid.

      4.   *Davis failed to define injury and failed to allege specific facts establishing that the injury is irreparable or that he has no adequate remedy at law.* Texas Rule of Civil Procedure 680 further requires that a restraining order "define the injury and state why it is irreparable." TEX. R. CIV. P. 680. Similarly, Rule 683 requires that the TRO set forth the reasons for its issuance. TEX. R. CIV. P. 683. *See also Hermann Hospital v. Thu Nga Thi Tran,* 730 S.W. 2d 56, 57 (Tex. App.–Houston [14th Dist.] 1987, no writ); *Moreno v. Baker Tools,* 808 S.W. 2d 208, 210 (Tex. App.–Houston [1st Dist.] 1991, no writ) (the court must state the reasons why injury will be suffered if the interlocutory relief is not ordered). The requirements of Rule 683 are mandatory and must be strictly followed. *See, e.g., Interfirst v. Paz,* 715 S.W. 2d 640, 641 (Tex. 1986) (when a temporary injunction does not adhere to TRCP 683, the injunction order is subject to being declared void and dissolved); *Moreno v. Baker Tools,* 808 S.W. 2d 208, 210 (Tex. App.–Houston [1st Dist.] 1991, no writ) (a temporary injunction is invalid if it does not state the reason why its issuance was necessary to prevent injury to the applicant.).

The TRO here contains only conclusory statements. It contains none of the specific descriptions and statements required by the Rules of Civil Procedure.

**Davis not entitled to Temporary Restraining Order under facts of this case**

5.  *No legal claim stated that will support injunctive relief.* Davis' lawsuit does not state any claim upon which an injunction can properly issue. The evidence in this case is so clearly in favor of FAVCO USA and against Davis that he is estopped, as a matter of law, from asserting any type of trade secret lawsuit against FAVCO USA. The design, development, manufacture and sale of crawler cranes was done while Davis was president and a director of FAVCO USA, pursuant to contracts involving FAVCO USA and third parties, using FAVCO USA's money, credit, employees and property. Therefore, at a minimum, FAVCO USA has at least a "shop right" to use the inventions Davis claims he owns.[1] The only claim Davis could even potentially assert against FAVCO USA is one for royalties. However, non-payment of royalties, even if true, will not support the injunctive relief sought by Davis because Davis has an adequate remedy at law– a suit for money damages. See ¶ 7, below.

6.  *Davis alleges no facts that entitle him to the injunctive relief sought.* The TRO obtained by Davis, as well as the Temporary Injunction sought by Davis, enjoin or seek to enjoin activities that are hardly mentioned in plaintiff's petition, much less supported by sworn pleadings, affidavits or evidence.

---

[1] A shop right is in the nature of an implied license. Texas has long recognized the existense of this "shop right" doctrine in the employment context. Under this doctrine, an employer is afforded irrevocable, nontransferable rights to use the inventions the employee devises during his employment. *Atlas Brick Co. v. North*, 288 S.W.2d 146, 147 (Tex. Comm. App. 1926). FAVCO USA does not concede, however, that it is limited to shop rights in the crawler crane.

6

6.1    *FAVCO enjoined from "molesting or disturbing peace" of plaintiff.*
Davis has alleged no facts that would entitle him to this type of injunctive relief.  Davis

has not asserted in his petition, nor can he, that FAVCO USA has "molested or

disturbed the peace."  Since the evidence shows absolutely no intention on the part of

the defendant to do the things sought to be enjoined, an injunction should not issue.

*Luccous v.  J. C.  Kinley Co.*, 376 S.W.2d 336, 341 (Tex.  1964).

6.2    *FAVCO enjoined from "doing anything calculated to embarrass,*

*harass, molest, injure plaintiff's rights or humiliate plaintiff.*  Again, Davis has not alleged

any facts that would entitle him to this type of injunctive relief.  Not only is FAVCO USA

not engaging in such conduct, but such conduct isn't even mentioned in Davis' Petition

and Application for Injunctive Relief.   As stated above, an injunction cannot issue if

there is no evidence that the defendant intends to do the things sought to be enjoined.

*Id.*

6.3    *FAVCO enjoined from "instituting any action in this or any other*

*county, jurisdiction or forum attempting to obtain temporary or permanent order(s)*

*concerning this litigation."*  The relief identified above is commonly known as an "anti-

suit injunction."  As this court is aware, FAVCO USA filed a lawsuit against Davis in the

103rd before the instant action was filed.   If read literally, any action FAVCO USA takes

or asks the court to take in the first suit would not violate the terms of this court's TRO

since FAVCO USA would not be "instituting" a suit; rather, it would be proceeding with a

suit that was filed before the instant action.  Nevertheless, Davis is still not entitled to

the relief requested because anti-suit injunctions are only available under exceptional

7

circumstances.[2] Those exceptional circumstances do not exist in this case. Suits where what should be alleged as defensive pleadings in one suit are brought as the main claims in another suit are treated the same as parallel proceedings. In those cases, an anti-suit injunction is not appropriate based merely on the fact that there is more than one suit pending. *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex. 1986); *Total Minatome v. Santa Fe* Minerals, 851 S.W.2d 336, 339-341 (Tex. App. – Dallas 1993, no writ). There must be some other circumstance that renders an injunction necessary to prevent an irreparable miscarriage of justice. The risk of inconsistent judgments or the waste of party and judicial resources is not sufficient to support injunctive relief. *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651-652 (Tex. 1996). Davis has neither alleged nor presented evidence regarding the irreparable miscarriage of justice that will occur if the requested injunctive relief is not granted. Davis is therefore not entitled to an anti-suit injunction.

6.4   *FAVCO USA enjoined from threatening plaintiff's privileges to utilizing [sic] his design and/or manufacture of Crawler Cranes and engaging in unreasonable or unnecessary acts intending to interfere with plaintiff utilizing the design or manufacturing [sic] of crawler cranes.* Davis clearly is not entitled to this injunctive relief. First, Davis has offered no evidence regarding how or when FAVCO USA threatened Davis' privilege to utilize the crawler crane design. Moreover, the only

---

[2]An anti-suit injunction is appropriate in four instances: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation. *Gannon v. Payne*, 706 S.W.2d 304, 304 (Tex. 1986).

evidence offered by Davis indicates that, in fact, he should be prohibited from utilizing the crawler crane design.  See Plaintiff's Ex. 2 attached to petition, ¶ 5.1.[3]

7.    *In violation of the Texas Rules of Civil Procedure and applicable common law, Davis does not show facts demonstrating an "inadequate remedy at law."*  The plaintiff also must show an inadequate remedy at law.  *See generally Transport Co. v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953); *Navarro Auto-Park, Inc. v. City of San Antonio,* 574 S.W.2d 582, 585 (Tex. Civ. App.–San Antonio 1978), *writ ref'd n.r.e.,* 580 S.W.2d 339 (Tex. 1979); *Inex Industries, Inc. v. Alpar Resources, Inc.,* 717 S.W.2d 685, 687-88 (Tex. App.–Amarillo 1986, no writ) (relating to temporary injunction).  The plaintiff  cannot and does not show an inadequate remedy at law.  He makes only broad allegations that his damages are incalculable.  See Plaintiff's Petition, p.9.  His claims are spurious and his damage allegations are pure conjecture and speculation.[4]  Davis does seem to claim he is entitled to "royalties."  See Petition at p.  6.  However, he does not allege nor offer any proof that FAVCO USA cannot respond in damages to such a claim.  To the extent the court considers his claims, they are all compensable with money damages and no irreparable injury thus exists.

---

[3]Paragraph 5.1 reads as follows: "The Second Party hereby agrees with the First Party that he shall not, during the subsistence of this Agreement and for a period of three years after the determination of this Agreement for whatever reasons, directly or indirectly enter into any agreement, arrangement, partnership or otherwise in competition with the business carried on or proposed to be carried on by the Company unless the termination of this Agreement is pursuant to Clauses 6.2.2 or 6.3."  Davis is the only party that signed the Agreement.

[4]For example, he alleges that "valuable trade secrets will be lost" without identifying how or why this will occur absent the injunction.  He also speculates that "if Favco's customers are dissatisfied with the performance of the crawler cranes. . . they may not blame Favco." Plaintiff's Petition at p. 8.

9

8.      *In violation of the rules and common law, the TRO improperly grants relief to a party with unclean hands and disturbs the status quo*. One who seeks equity must do equity. *See generally Riley v. Davidson,* 196 S.W.22d 557, 559 (Tex. Civ. App.–Galveston 1946, writ ref'd n.r.e.). Similarly, one cannot obtain injunctive relief if he himself has unclean hands. *See generally* 4 Dorsaneo, TEXAS LITIGATION GUIDE § 50.02[3][e][ii] (1998); *Riley v. Davidson,* 196 S.W.2d 557, 559 (Tex. Civ. App.–Galveston 1946, writ ref'd n.r.e.); *Lucio v. McCrocklin,* 605 S.W.2d 370, 373 (Tex. Civ. App.--Beaumont 1980, writ ref'd n.r.e.) (the plaintiff "may not obtain equitable relief while they flaunt the very law they seek to enforce against others"). The plaintiff's conduct here presents a clear picture of attempts to flaunt the judicial process and established rules of procedure and conduct, and is unacceptable.

8.1.    *Davis has unclean hands because he violated duty owed to FAVCO USA as officer and director.* Corporate officers and directors are fiduciaries of the corporation. A corporate fiduciary is required to dedicate his or her uncorrupted business judgment for the sole benefit of the corporation. *International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 578 (Tex. 1963). It is clear from the evidence that Davis acted in his own self-interest and not in FAVCO USA's interest while he was president and a director of the company. Davis has unclean hands and as a result of his disloyalty is therefore not entitled to injunctive relief.

8.2     *The plaintiff's conduct disturbs the status quo and bars the relief requested.* Davis, while president and a director of FAVCO USA, spent millions of dollars of FAVCO USA's money on development of the crawler crane. He also ordered

10

an inventory of parts in excess of $1,000,000.00 and ordered power units, which are the base of the crawler cranes, costing over $6,000,000.00. Davis is now taking the position that FAVCO USA cannot utilize the millions of dollars of parts and inventory ordered by Davis on behalf of FAVCO USA which are now on hand or on order. A temporary restraining order may not disturb the status quo in the fashion done here. *See, e.g., Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978); *Garza v. City of Mission,* 684 S.W.2d 148, 153 (Tex. App.-Corpus Christi 1984, writ dism'd w.o.j.). The "status quo" to be preserved is "the last, actual, peaceable, non-contested status that preceded the pending controversy." *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526, 528 (Tex. 1975); *Edgewood Independent School Dist. v. Paiz,* 856 S.W.2d 269, 270-71 (Tex. App.--San Antonio 1993, no writ). Prior to the issuance of the TRO, FAVCO USA was manufacturing crawler cranes under contracts entered into by Davis on behalf of FAVCO USA using the very same parts and inventory purchased by Davis on behalf of FAVCO USA that FAVCO USA is now enjoined from using. The TRO requires FAVCO USA to immediately stop all production of and attempts to sell crawler cranes. The TRO therefore forces FAVCO USA not to complete transactions entered into by Davis on behalf of the company and forces FAVCO USA to layoff employees engaged in the manufacture and sale of the crawler cranes. Prohibiting FAVCO USA from manufacturing and selling these cranes, forcing it not to complete transactions and forcing it to layoff employees clearly alters the status quo and bars the requested relief.

8.3     *TRO barred.* The conduct of the plaintiff and his counsel, as described above, bars the granting of the TRO. The plaintiff and his counsel not only

11

do not do equity, they affirmatively flaunt the Texas Rules of Civil Procedure, the Texas Lawyer's Creed, and the Texas Disciplinary Rules of Professional Conduct. Their conduct is intolerable, and bars the relief requested. Moreover, courts are required to balance the equities when issuing injunctions. As a general rule, the court should consider the harm that may result to the defendant and to the public if the injunction issues. *Storey v. Central Hide & Rendering Co.*, 148 Tex. 509, 226 S.W.2d 615, 618-619 (1950). In this case, the harm that will result to FAVCO USA and its employees is great, particularly in light of the fact that Davis offered no evidence that he will be harmed in the absence of an injunction. The injunction prohibits FAVCO USA from manufacturing or selling crawler cranes and effectively ties up millions of dollars in parts and inventory and equipment. In addition, dozens of employees have been laid off as a direct result of the injunction. On balance, even if Davis could show irreparable injury and inadequate remedy at law, which he cannot do, the equities clearly weigh in favor of denying injunctive relief.

  8.4 *Waiver, estoppel and laches bar injunctive relief.* Even if Davis' pleaded and proved all elements necessary to the issuance of an injunction, which he has not and cannot do, he still would not be entitled to injunctive relief because of his conduct prior to seeking the injunction. For many months before Davis was dismissed and for many weeks that have passed since he was dismissed, FAVCO USA has, <u>with full knowledge of Davis</u>, been manufacturing and offering for sale crawler cranes. Davis knew that FAVCO USA was continuing to spend large sums of money on manufacturing the crawler cranes. Davis is totally unjustified in suddenly deciding that

12

FAVCO USA must be stopped from manufacturing and selling crawler cranes. The doctrines of waiver, laches and estoppel prohibit Davis, as a matter of law, from coming into court to seek an injunction prohibiting something about which he has had full knowledge for many months.

9. *In violation of the Texas Rules of Civil Procedure, no appropriate writ has been issued.*—The requisites of a writ of injunction are set out in Texas Rule of Civil Procedure 687. No writ meeting such criteria has been issued by the clerk here.

10. *Statute of Frauds.* Davis is not entitled to any of the requested injunctive relief because the agreements upon which the requested relief is premised are not manifested in writing and signed by FAVCO USA. These alleged agreements are therefore unenforceable.

11. *No patent infringement claim.* Davis has admitted in his petition that no patent has issued regarding the crawler cranes or related technology. Therefore, to the extent he alleges a patent infringement claim, it is premature and barred as a matter of law.

12. *Alternatively, bond is grossly in adequate.* As detailed above, the TRO should be dissolved and no further injunctions should issue from this court. However, should the court continue an injunction in any manner, the evidence clearly shows that the $1,000.00 posted by Davis is grossly inadequate to cover the damage caused by the injunction. FAVCO USA therefore requests that the bond be drastically increased.

WHEREFORE, PREMISES CONSIDERED, FAVCO USA prays that after the hearing the court dissolve the TRO and deny plaintiff's application for a temporary

13

injunction and for such other and further relief, at law or in equity, to which FAVCO USA

may be justly entitled.

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box. 3725
McAllen, Texas 78501/78502
956-682-5501 (phone)
956-686-6109 (fax)

By:_____
   Gary Gurwitz
   State Bar No. 08631000
   Charles C. Murray
   State Bar No. 14719700
   Daniel G. Gurwitz
   State Bar No. 00787608
   ATTORNEYS FOR DEFENDANT,
   FAVELLE FAVCO CRANES USA, INC.

14

## Certificate of Service

I hereby certify that on November _5th_, 1999, the foregoing document was faxed or sent certified mail, return receipt requested, to all counsel of record as follows:

Mr.  Ray Marchan
1926 E.  Elizabeth
Brownsville, Texas 78520

Gary Gurwitz

15



CAUSE NO.  99-11-4513-A

DANIEL E.  DAVIS § IN THE DISTRICT COURT OF

§

§ DISTRICT COURT, CAMERON COUNTY, TEXAS

vs. § DEPUTY

§ CAMERON COUNTY, TEXAS

§

FAVELLE FAVCO CRANES USA, INC. § 107th JUDICIAL DISTRICT

NOV – 8 1999

### Original Answer of Defendant Favelle Favco Cranes USA, Inc., filed Subject to its Plea in Abatement

NOW COMES Favelle Favco Cranes USA, Inc. ("FAVCO USA"), defendant, and

subject to its Plea in Abatement, files this its Original Answer and would respectfully

show the court as follows:

I.

### General Denial

Reserving the right to file other and further pleadings, exceptions, and denials,

the defendant denies each and every material allegation contained in Plaintiff's Original

Petition and demands that plaintiff be required to prove the same by a preponderance

of the evidence in accordance with the laws and the Rules of Civil Procedure of the

State of Texas.

II.

### Specific Denial

The court does not have jurisdiction of this matter because there is another case

pending in this State involving the same parties and the same claims filed prior to this

case.

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Print your name, address, and ZIP Code in this box



/999

**Diane Hargrove**
**Atlas & Hall, LLP**
**PO Box 3725**
**McAllen  TX  78502**

*Davis vs. FFC    Date: 11/8/99*
*Original Answer Subj. to Plea in*
*Abatement*

III.

## Affirmative Defenses

Defendant has denied and continues to deny plaintiff has any cause of action against defendant upon which he can prevail. Subject to its denials, defendant asserts the following affirmative defenses:

a.    Defendant asserts the affirmative defense of estoppel.

b.    Defendant asserts the affirmative defense of waiver.

c.    Defendant asserts the affirmative defense of laches.

d.    Defendant asserts the statute of frauds as an affirmative defense.

e.    Defendant owns the technology, trade secrets and information made the basis of this suit. In the alternative, defendant asserts that it has an irrevocable shop right and an express or implied license to use the technology, trade secrets and information made the basis of this suit.

f.    Defendant asserts that plaintiff, as an officer and director of defendant corporation, owed a fiduciary duty of loyalty to defendant and breached its fiduciary duty of loyalty to defendant.

WHEREFORE, PREMISES CONSIDERED, FAVCO USA prays that Plaintiff take nothing against Defendant and that Defendant go hence with its costs without day and for such other and further relief, at law or in equity, to which FAVCO USA may be justly entitled.

2

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan/P.O. Box. 3725
McAllen, Texas 78501/78502
956-682-5501 (phone)
956-686-6109 (fax)

By:_____
　　　Gary Gurwitz
　　　State Bar No.  08631000
　　　Charles C.  Murray
　　　State Bar No.  14719700
　　　Daniel G.  Gurwitz
　　　State Bar No.  00787608
　　　ATTORNEYS FOR DEFENDANT,
　　　FAVELLE FAVCO CRANES USA, INC.

## Certificate of Service

　　　I hereby certify that on November ___, 1999, the foregoing document was hand delivered and sent certified mail, return receipt requested, to all counsel of record as follows:

Mr.  Ray Marchan
1926 E.  Elizabeth
Brownsville, Texas 78520

_____
Gary Gurwitz

CAUSE NO. 99-11-4513-A

| DANIEL E. DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | 107th JUDICIAL DISTRICT |

---

### AFFIDAVIT OF GARY GURWITZ

---

| STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, on this day personally appeared GARY GURWITZ, known by me to be the person whose name is subscribed below, who, having first been duly sworn, stated under oath that he is the attorney of record for Defendant Favelle Favco Cranes USA, Inc., in the above cause; that he has read Paragraph II of the Original Answer of Defendant Favelle Favco Cranes USA, Inc., filed Subject to its Plea in Abatement; and that it is within his knowledge and true and correct.

_____
GARY GURWITZ


SUBSCRIBED AND SWORN TO before me, the undersigned notary public, on this the 8th day of November, 1999.

_____
Notary Public in and for the State of Texas

DIANE HARGROVE
Notary Public,
State of Texas My
Comm. Exp. 08-03-2002

NO. 99-11-4513-A

| DANIEL E. DAVIS | § | 107TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER OF REFERRAL FOR MEDIATION

This case is appropriate for mediation pursuant to Tex. Civ. Prac. & Rem. Code §§ 154.0001 et.

seq. _____ HON. LEONEL ALEJANDRO, 2025 CENTRAL BLVD., SUITE A, BRO., TX. 78520

(956) 542-0902

(individual or organization and phone number) is appointed Mediator in the above case and all

counsel are directed to contact Mediator to arrange the logistics of mediation within 3 business days.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the Mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the Court will be advised by the Mediator, parties and counsel, only that the case did or did not settle. The Mediator shall not be a witness nor may the Mediator's records be subpoened or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

Fees for the mediation are to be divided and borne equally by the parties unless agreed otherwise, and shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and their counsel shall complete the information forms as are furnished by the Mediator.

**Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement.** Counsel and parties shall proceed in a good faith effort to try to resolve this case and shall agree upon a mediation date within the next 30 days. If no agreed date can be scheduled within the next 30 days, then the Mediator shall select a date within the next 60 days and all parties shall appear as directed by the Mediator.

Referral to mediation is not a substitute for trial and the case will be tried if not settled.

SIGNED: _____ DECEMBER 6, _____ , 19 99 .

JUDGE PRESIDING

12/99/99 COPIES TO;
HON. RAY MARCHAN

cc:  Counsel of Record    HON. GARY GURWITZ
     Mediator            HON. LEONEL ALEJANDRO



CAUSE NO. 99-11-4513-A

DANIEL E. DAVIS        &   IN THE DISTRICT COURT OF

&

VS.                   &   107TH JUDICIAL DISTRICT

&

FAVELLE FAVCO CRANES USA, INC. &   CAMERON COUNTY, TEXAS

## PLAINTIFF'S MOTION FOR REHEARING OF TEMPORARY INJUNCTION HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DANIEL E. DAVIS**, Plaintiff in the above-styled and numbered cause of action, and files this his **Motion for Rehearing of Temporary Injunction Hearing**, and in support thereof would respectfully show unto the Court the following:

I.

### BACKGROUND FACTS

1.01 On **November 1, 1999**, Plaintiff **DANIEL E. DAVIS** filed his Plaintiff's Original Petition and Application for Temporary Restraining Order in the above-styled and numbered cause.  In his pleadings, **MR. DAVIS** contends that he has been developing, and continues to develop his ideas and concepts concerning a new and unique line of crawler cranes.  **MR. DAVIS** further contends that the unique crawler cranes conceived and developed by him use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper.  **MR. DAVIS** also contends that he has diligently pursued the development of this new concept of cranes and has protected his manufacturing methodology and the cranes as trade secrets.

1.02 In his pleadings, **MR. DAVIS** further contends that on September 8, 1999, he was terminated from his employment with

RECEIVED F' ... DEC 2 9 1999

Defendant **FAVELLE FAVCO CRANES USA, INC.**, without cause. Thereafter, Defendant has sought to take for its own the intellectual property owned by **MR. DAVIS**, including, but not limited to the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and other information contained in his patent application in regard to **MR. DAVIS'** unique line of crawler cranes.

1.03 **MR. DAVIS** also contends that Defendant is seeking to sell cranes which would violate his trade secret rights as well as his patent rights. (Note: The United States Department of Commerce, Patent and Trademark Office issued a patent to **MR. DAVIS** for said crawler cranes on **December 21, 1999**).

1.04 **MR. DAVIS** seeks an injunction against Defendant to prevent it from continuing to make, sell, use, or promote **MR. DAVIS'** crawler cranes, including without limitation all information, designs, drawings and all technology related to **MR. DAVIS'** unique line of crawler cranes **MR. DAVIS** has and will continue to suffer damages as a direct and proximate result of Defendant's actions. The failure of this Court to issue an injunction against Defendant to prevent it from engaging in the aforementioned conduct or actions will cause Plaintiff to suffer substantial and irreparable harm.

1.05 On **November 8, 1999**, this Honorable Court held a hearing on **MR. DAVIS'** application for temporary injunction. The Court received testimony and/or evidence from several witnesses, including exhibits offered by both parties. The Court concluded

2

the hearing and asked to speak to both counsel in chambers.

1.06 On **November 9, 1999**, counsel for the respective parties read into the record this Honorable Court's order with respect to the resolution of the temporary injunction issues.  Counsel for Defendant agreed to prepare a written order reflecting the Court's order and circulate it to Counsel for Plaintiff (i.e. the Honorable Ray R. Marchan).

1.07 Thereafter, the parties, by and through counsel, were unable to reach an agreement as to the resolution of the temporary injunction issues.  Plaintiff's counsel requests that this hearing be reconsidered since the parties in the above-styled and numbered cause were unable to reach an agreement.  Due to the fact that the parties have been unable to reach an agreement, and that there is no order resolving the temporary injunction issues, Plaintiff has suffered and will continue to suffer substantial and irreparable harm as alleged in his Application for Temporary Restraining Order. Thus, Plaintiff requests that the Temporary Injunction previously heard on November 8, 1999 be reconsidered and heard at a time and date specified by this Honorable Court.

1.08 In the meantime, **Plaintiff's Motion for Substitution of Counsel** is pending before this Court and the undersigned counsel is awaiting to secure copies of the entire file of Plaintiff **DANIEL E. DAVIS** and/or the above-styled and numbered cause so that it could be reviewed thoroughly and adequately in preparation for the upcoming hearing with the Court's approval of **Plaintiff's Motion for Reconsideration of Temporary Injunction Hearing**

3

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **DANIEL E. DAVIS,** respectfully prays that the Court set this motion for emergency hearing,. with notice to all parties, and further prays that this Court grant **Plaintiff's Motion for Rehearing of Temporary Injunction Hearing** and further prays that the Temporary Injunction sought by Plaintiff be granted, for such other and further relief to which this Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas  78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
County Id. No. 9901

VICTOR QUINTANILLA
State Bar No. 00786181
County Id. No. 9917

**ATTORNEYS FOR PLAINTIFF
DANIEL E. DAVIS**

4

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, the undersigned attorney of record, do hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Rehearing of Temporary Injunction Hearing was served in accordance with the Texas Rules of Civil Procedure on this _27TH_ day of December, 1999, to-wit:

| | |
|---|---|
| Hon. Ray R. Marchan<br>**HARRIS & WATTS, P.C.**<br>1926 E. Elizabeth Street<br>Brownsville, Texas  78520 | **VIA FAX:   (956) 541-0255** |
| Hon. Gary Gurwitz<br>Hon. Charles C. Murray<br>**ATLAS & HALL, L.L.P.**<br>818 Pecan<br>P. O. Box 3725<br>McAllen, Texas  78502 | **VIA FAX:   (956) 686-6109** |
| Hon. Willem G. Schuuman<br>Hon. Brian K. Buss<br>**VINSON & ELKINS, L.L.P.**<br>2700 One American Center<br>600 Congress Avenue<br>Austin, Texas  78701-3200 | **VIA FAX:   (512) 236-3422** |

VICTOR QUINTANILLA



## CAUSE NO. 99-11-4513-A

| | | |
|---|---|---|
| DANIEL E. DAVIS | & | IN THE DISTRICT COURT OF |
| | & | |
| VS. | & | 107TH JUDICIAL DISTRICT |
| | & | |
| FAVELLE FAVCO CRANES USA, INC. | & | CAMERON COUNTY, TEXAS |

## ORDER GRANTING PLAINTIFF'S MOTION FOR REHEARING OF TEMPORARY INJUNCTION HEARING

On the _____ day of _____, 1999, this cause came on to be considered **Plaintiff's Motion for Rehearing of Temporary Injunction Hearing**. The Court, after consideration of the motion, pleadings, evidence, and argument of counsel, it is the Court's decision that such motion should be granted;

IT IS **THEREFORE ORDERED, ADJUDGED and DECREED** that Plaintiff's **Motion for Reconsideration of Temporary Injunction Hearing** should be **GRANTED**.

IT IS **FURTHER ORDERED** that Plaintiff's **Request for Temporary Injunction**, as prayed for in his Plaintiff's Original Petition and Application for Temporary Restraining Order be **GRANTED** in its entirety.

SIGNED on this the _____ day of _____, 1999.

_____
JUDGE PRESIDING



## CAUSE NO. 99-11-4513-A

DANIEL E. DAVIS      **&**   IN THE DISTRICT COURT OF
                                 **&**
VS.                              **&**   107TH JUDICIAL DISTRICT
                                 **&**
FAVELLE FAVCO CRANES USA, INC.   **&**   CAMERON COUNTY, TEXAS

## <u>ORDER SETTING EMERGENCY HEARING</u>

**IT IS ORDERED** that Plaintiff's Motion for Rehearing of Temporary Injunction Hearing is set for emergency hearing on the _____ day of _____, 1999, at _____ a.m. in the 107th Judicial District Court, Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas.

**SIGNED** this _____ day of _____, 1999.


                             _____
                             **JUDGE PRESIDING**

## CAUSE NO. 99-11-4513-A

| | | |
|---|---|---|
| DANIEL E DAVIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | CAMERON COUNTY, TEXAS |

## ORDER SETTING EMERGENCY HEARING

   **IT IS ORDERED** that Plaintiff's Motion for Protective Order is set for emergency hearing on the ___7ᵀᴴ___ day of ___January___, ~~1999~~ 2000, at __9:00__ a.m. in the 107th Judicial District Court, Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas.

   SIGNED this __28__ day of __December__, 1999.

_____
JUDGE PRESIDING

COPIES TO: 12/29/99
xc: Hon. Ray R. Marchan
HARRIS & WATTS, P.C.
1926 E. Elizabeth Street
Brownsville, Texas  78520

Hon. Gary Gurwitz
Hon. Charles C. Murray
ATLAS & HALL, L.L.P.
818 Pecan
P. O. Box 3725
McAllen, Texas  78502

Hon. Willem G. Schuuman
Hon. Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas  78701-3200

   HON VICTOR QUINTANILLA

CAUSE NO. 99-11-4513-A

| | |
|---|---|
| DANIEL E. DAVIS | & IN THE DISTRICT COURT OF |
| | & |
| VS. | & 107TH JUDICIAL DISTRICT |
| | & |
| FAVELLE FAVCO CRANES USA, INC. | & CAMERON COUNTY, TEXAS |

## ORDER SETTING EMERGENCY HEARING

IT IS **ORDERED** that Plaintiff's Motion for Rehearing of Temporary Injunction Hearing is set for emergency hearing on the ____7th____ day of ___January___, ~~1999~~, at __9:00__ a.m. in the 107th Judicial District Court, Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas.

SIGNED this __28__ day of ___December___, 1999.

_____
JUDGE PRESIDING

COPIES TO: 12/28/99
HON VICTOR QUINTANILLA
HON RAY R MARCHAN
HON GARY GURWITZ
HON WILLEM G SCHUUMAN

FILED
AURORA DE LA GARZA DIST CLK
DEC 28 1999
DISTRICT COURT OF CAMERON COUNTY TEXAS

RECEIVED BY G.G.   JAN 03 1999

CAUSE NO. 1999-11-4513-A

DANIEL E. DAVIS      &   IN THE DISTRICT COURT OF

                                &

VS.                           &   CAMERON COUNTY, TEXAS

                                &

FAVELLE FAVCO CRANES USA, INC. &   107TH JUDICIAL DISTRICT

## ORDER ON MOTION TO SUBSTITUTE COUNSEL

On the _____ day of _____, 19_____, came

to be considered Plaintiff's Motion for Substitution of Counsel.

After hearing the arguments of counsel and evidence presented, it

is the opinion of this Court that this motion is well taken.

**IT IS THEREFORE ORDERED** that **HON. ERNESTO GAMEZ, JR.** and

**ASSOCIATES OF THE LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.** be

substituted in place of **HON. RAY R. MARCHAN** of **HARRIS & WATTS,**

**P.C.**.

IT IS FURTHER ORDERED that **HON. RAY R. MARCHAN** turn over the

complete file and/or all pertinent documents in his possession in

regard to **MR. DANIEL E. DAVIS** and/or the above-styled and

numbered cause to **HON. ERNESTO GAMEZ, JR.** and the **LAW OFFICES OF**

**ERNESTO GAMEZ, JR., P.C.**, instanter so that **MR. DAVIS'** claim can

continue to be prosecuted diligently.

SIGNED on this __2 8__ day of __December__, 19 __99__.

_____
JUDGE PRESIDING

FILE
ADDGRACE LA GARZA DIST. CLERK

DEC 29 1999

RECEIVED BY G.S.   JAN 0 3 1999

COPIES TO: 12/29/99

**AGREED TO:**

HARRIS & WATTS, P.C.
1926 E. Elizabeth Street
Brownsville, Texas   78520
VIA TELEPHONE NO.:   (956) 546-0333
VIA FACSIMILE NO.:   (956) 541-0255


RAY R. MARCHAN
State Bar No. 012969050


HON ERNESTO GAMEZ
HON GARY GURWITZ
HON WILLEM G SCHUUMAN

2

RUN DATE 01/03/00
RUN TIME 10:56 AM

PAGE:
1999-11-004513.

DANIEL E. DAVIS

VS

FAVELLE FAVCO CRANES USA, INC.

* * * * CLERK'S ENTRIES * * * *

(10)        11      01      9

TEMPORARY RESTRAINING ORDER

| Date | Entry |
|---|---|
| 11/01/99 | TRO ISSUED, HEARING SET 11/25/99 AT 8:30 A.M., BOND SET AT $1,000.00. B.EURESTI/R.SOTELO |
| 11/01/99 | ORDER PERMITTING MARIA ELENA (HELEN) OCHOA DELGADILLO AS SURETY. B.EURESTI/R.SOTELO |
| 11/01/99 | ORDER PERMITTING RAY R. MARCHAN TO SIGN AS SURETY. B.EURESTI/RS |
| 11/02/99 | ORDER SETTING TEMPORARY INJUNCTION AND ALL MATERS RELATED TO THE TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION SET FOR 11/8/99 AT 8:30 A.M. B.EURESTI/ESALAS |
| 11/03/99 | INC. |
| 11/03/99 | Both sides present; The court heard testimony; Plea in Abatement - DENIED. The court re-set hearing for 11/9/99 @ 9:00 a.m. BEUR/dse |
| 11/08/99 | All parties appeared; The court orders (read into the record) |
| 11/08/99 | Dissolving TRO & Denying Injunction. BEUR/dse |
| 11/09/99 | All parties appeared on hearing to enter previous order. The court ordered this case to be MEDIATED. Hon. Leonel Alejandro was appointed as mediator. Order was signed. BEUR/dse |
| 11/03/99 | ORDER OF REFERRAL FOR MEDIATION SIGNED BY RAY R MARCHAN AS PER |
| 12/02/99 | HON ERNESTO GAMEZ TO SUBSTITUTE HON RAY R MARCHAN AS PER BEURESTI JR/ESALAS |
| 12/06/99 | ORDER SIGNED FOR ENTRY BEURESTI JR/MGARCIA |
| 12/28/99 | PF'S MTN FOR PROTECTIVE ORDER SET 1/7/2000 AT 9:00 A.M. BEURESTI JR/MGARCIA |
| 12/28/99 | PF'S MTN FOR PROTECTIVE ORDER SIGNED FOR ENTRY BEURESTI JR/MGARCIA |
| 12/28/99 | PF'S MTN FOR REHEARING OF TEMPORARY INJUNCTION SET 1/7/2000 AT 9:00 A.M. BEURESTI JR/MARCIA |

| Date | Entry |
|---|---|
| 10/05/99 | OPPOSITION TO APPLICATION TO TEMPORARY INJUNCTION /ESALAS |
| | ORIGINAL PETITION FILED |
| 11/01/99 | BOND |
| 11/01/99 | AFFIDAVIT OF SOLVENCY |
| 11/01/99 | AFFIDAVIT OF SOLVENCY |
| 11/01/99 | CITATION: FAVELLE FAVCO CRANES USA, INC. |
| 11/01/99 | SERVED: 11/03/99     FILED: 11/04/99 PRECEPT: FAVELLE FAVCO CRANES USA, INC. |
| 11/01/99 | SERVED: 11/03/99     FILED: 11/04/99 |
| 11/03/99 | DEFT'S MTN FOR EMERGENCY HEARING /ESALAS |
| 11/04/99 | DEFT'S MTN FOR EMERGENCY HEARING /ESALAS |
| 11/04/99 | DEFT FAVELLE FAVCO CRANES USA, INC'S PLEA IN ABATEMENT /ESALAS |
| 11/05/99 | DEFT FAVELLE FAVCO CRANES USA INC.'S SUBJECT TO ITS PLEA IN ABATEMENT MTN TO DISSOLVE TEMPORARY |
| 11/05/99 | RESTRAINING ORDER AND ORIGINAL ANSWER: FAVELLE FAVCO CRANES USA, INC. |
| 11/08/99 | DEFT'S MTN FOR ENTRY OF ORDER /ESALAS |
| 11/17/99 | DEFT'S MOTION TO CONSOLIDATE(1GARCIA) |
| 12/10/99 | MTN FOR SUBSTITUTION OF COUNSEL /ESALAS |
| 12/22/99 | PLFF'S MTN FOR REHEARING OF TEMPORARY INJUNCTION HEARING /ES |
| 12/27/99 | PLFF'S MTN FOR PROTECTIVE ORDER /ESALAS |
| 12/27/99 | ATTORNEY WITHDRAWN: HON. RAY R. MARCHAN |
| 12/28/99 | SUBSTITUTED WITH: HON. ERNESTO GAMEZ |

Case 1:00-cv-00003   Document 1   Filed in TXSD on 01/03/2000   Page 83 of 83

DANIEL B. DAVIS

VS

FAVELLE FAVCO CRANES USA, INC.

* * * C L E R K ' S   E N T R I E S * * *

(10)    TEMPORARY RESTRAINING ORDER    11    01

PAGE: (

1999-11-004513-    99