UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 01 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| V. | § | CIVIL ACTION B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | |

### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

**COMES NOW, DANIEL E. DAVIS,** Plaintiff in the above-styled and numbered cause of action, (hereinafter referred to as **"MR. DAVIS"**), and files this his Motion to Remand, and in support thereof, would respectfully show this Honorable Court the following:

### I.

### EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

1.01 In support of his Motion to Remand, Plaintiff **DANIEL E. DAVIS** relies on the following:

(1) a copy of **Plaintiff's Original Petition and Application for Temporary Restraining Order, filed on November 1, 1999**, attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length;

(2) a copy of the **Temporary Restraining Order and Show Cause Order**, signed by the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County Texas on **November 1, 1998** attached hereto as **Exhibit "B"**, and incorporated by reference the same as if fully copied and set forth at length;

(3) a copy of **Defendant's Motion for Emergency Hearing, filed on November 3, 1999**, attached hereto as **Exhibit "C"**, and incorporated by reference the same as if fully copied and set forth at length;

(4)  a copy of the **Order Setting Temporary Injunction and All Matters Related to the Temporary Restraining Order and Temporary Injunction**, signed on **November 3, 1999**, attached hereto as **Exhibit "D"**, and incorporated by reference the same as if fully copied and set forth at length;

(5)  a copy of the **transcript** of the **Temporary Injunction hearing** held by the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County, Texas on **November 8, 1999**, attached hereto as **Exhibit "E"**, and incorporated by reference the same as if fully copied and set forth at length;

(6)  a copy of **Plaintiff's Motion for Rehearing of Temporary Injunction Hearing**, filed on **December 27, 1999**, attached hereto as **Exhibit "F"**, and incorporated by reference the same as if fully copied and set forth at length;

(7)  a copy of the **Order Setting Emergency Hearing**, signed on **December 28, 1999** attached hereto as **Exhibit "G"**, and incorporated by reference the same as if fully copied and set forth at length;

(8)  a copy of **Defendant Favelle Favco Cranes USA, Inc.'s Plea in Abatement, filed on November 4, 1999**, attached hereto as **Exhibit "H"**, and incorporated by reference the same as if fully copied and set forth at length; and

(9)  the case law and argument contained in the body of this Motion to Remand.

II.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

2.01  On **November 1, 1999**, Plaintiff **DANIEL E. DAVIS** filed his **Plaintiff's Original Petition and Application for Temporary Restraining Order** in the 107th Judicial District Court of Cameron County, Texas. In his pleadings, **MR. DAVIS** contends that he "... has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. This unique crawler cranes conceived and developed by Davis use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (the "Davis Crawler Cranes")..." **MR. DAVIS** further contends, in his pleadings, that he "... diligently pursued to development of this new concept of cranes. Davis has protected his manufacturing methodology and the Davis Crawler

2

Cranes as trade secrets..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 2).

2.02 In his pleadings, **MR. DAVIS** further contends that he "... filed for a patent with the United States Patent and Trademark Office to protect his new and unique Davis Crawler Cranes. Davis plans to file for additional patents. The U.S. Patent and Trademark office has allowed the application for the Davis Crawler Cranes and a patent will ultimately issue..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, p.3).

2.03 **MR. DAVIS** further contends, in his pleadings that "... On or about June 23, 1997, Davis entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen, Texas. The contract was for thirty-six (36) months. Davis was to receive among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Favco agreed to license the manufacture and sale of the Davis Crawler Cranes, and to pay Davis a royalty. Davis was to have sole direction and control over the manufacture and sale of the Davis Crawler Cranes. Davis received ten percent (10%) of the stock of Favco..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 4).

2.04 Additionally, **MR. DAVIS** contends that "... On September 8, 1999, the board of directors of Favco terminated Davis, without cause. Further, Favco sought to take for its own the intellectual property owned by Davis in the form of the Davis Crawler Cranes, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Davis' patent application. However, Favco knows that Davis is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler

3

Cranes..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 6).

2.05 Because Defendant FAVELLE FAVCO CRANES USA, INC. is seeking to sell cranes which would violate **MR. DAVIS'** trade secret rights, he made an application for a temporary restraining order (TRO), an application for temporary injunction, and a request for permanent injunction. **MR. DAVIS** seeks to prevent Defendant FAVELLE FAVCO CRANES USA, INC. from continuing to make, sell, use, or promote the "Davis Crawler Cranes" including without limitation all information, designs, drawings, and all technology related to the Davis Crawler Cranes. **MR. DAVIS** has resorted to the courts to help him preserve his valuable property rights and prevent direct economic injury to him.

2.06 On **November 1, 1999**, the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County, Texas signed a Temporary Restraining Order and show cause Order. (See Temporary Restraining Order and Show Cause Order, **Exhibit "B"**). Judge Euresti ordered that a temporary restraining order (TRO) be issued to restrain Defendant FAVELLE FAVCO CRANES USA, INC. from:

1. Threatening Plaintiff's privileges to utilizing his design and/or manufacture of Crawler Cranes;

2. Instituting any action in this or any other country, jurisdiction or forum attempting to obtain temporary or permanent order(s) concerning this litigation;

3. Molesting or disturbing the peace of the Plaintiff by continuing to attempt to prevent him from utilizing his design and/or manufacture of crawler cranes;

4. Engaging in an unreasonable or unnecessary acts intending to interfere with the conduct of the Plaintiff in his usual business of utilizing his design and/or manufacturing of crawler cranes;

5. Doing anything calculated to embarrass, harass, molest, injure Plaintiff rights or humiliate Plaintiff;

6. From interfering with or failing to continue the existing privileges of the Plaintiff;

7. From manufacturing, using, selling or offering for sale crawler cranes; and

8. From disclosing, using or in any way disseming information concerning the crawler cranes, including without limitation patent documents, drawings, designs, models and all documents related to the crawler cranes..." (See Temporary Restraining Order and Show Cause Order **Exhibit "B"**, pages 1 and 2).

2.07 Judge Euresti set a hearing for Plaintiff's application for temporary injunction on Monday, November 15, 1999 at 8:30 o'clock a.m.. However, at Defendant's counsel's request, this hearing was re-set to **Monday November 8, 1999.** (See Defendant's Motion for Emergency Hearing **Exhibit "C"**; and Order Setting Temporary Injunction and All Matters to the Temporary Restraining Order and Temporary Injunction, **Exhibit "D"**).

2.08 On **November 8, 1999,** the 107th Judicial District Court held a hearing on **MR. DAVIS'** application for temporary injunction and related matters. The Court heard argument of counsel for both parties, testimony from three (3) witnesses (Richard H. Robey, Andres Arismendi, Jr., and Mac Ngan Boon), and received several exhibits. (See **transcript** of the **Temporary Injunction hearing, Exhibit "E"**). After several hours of testimony, the Court asked to speak to counsel for both parties in chambers, and recessed for the day. (See transcript of the Temporary Injunction hearing, **Exhibit "E"**, page 115). Judge Euresti re-set the hearing for **Tuesday, November 9, 1999 at 9:00 o'clock a.m..**

2.09 On **November 9, 1999**, counsel for the respective parties read into the record the order of the 107th Judicial District Court of Cameron County, Texas with respect to the resolution of the temporary injunction issues. Counsel for Defendant agreed to prepare a written order reflecting the

5

Court's order and circulate it to Counsel for Plaintiff (i.e. the Honorable Ray R. Marchan).

2.10 Thereafter, the parties, by and through counsel, were unable to reach an agreement as to the resolution of the temporary injunction issues. The undersigned counsel (who has substituted for the Honorable Ray R. Marchan) requested that this hearing be reconsidered since the parties in the above-styled and numbered cause were unable to reach an agreement. Due to the fact that the parties have been unable to reach an agreement, and that there is no order resolving the temporary injunction issues, Plaintiff has suffered and will continue to suffer substantial and irreparable harm as alleged in his Application for Temporary Restraining Order. Thus, on December 27, 1999, Plaintiff filed a Motion for Rehearing in which Plaintiff is requesting that the Temporary Injunction previously heard on November 8, 1999 be reconsidered and heard at a time and date specified by the 107th Judicial Court of Cameron County, Texas. (See Plaintiff's Motion for Rehearing of Temporary Injunction Hearing, **Exhibit "F"**).

2.11 The 107th Judicial District Court of Cameron County, Texas set Plaintiff's Motion for Rehearing of Temporary Injunction Hearing for hearing on January 7, 2000 at 9:00 o'clock a.m. (See Order Setting Emergency Hearing, **Exhibit "G"**).

2.12 On **January 3, 2000**, Defendant FAVELLE FAVCO CRANES USA, INC. filed its Notice of Removal removing this case from the 107th Judicial District Court of Cameron County, Texas, where such case was pending, to this Honorable United States District Court for the Southern District of Texas.

III.

## **DEFENDANT'S BASIS FOR REMOVAL**

3.01 In its Notice of Removal, Defendant FAVELLE FAVCO CRANES USA, INC. alleges that this Honorable Court has original and/or exclusive jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 35 U.S.C. § 271 in that matters in controversy involve or relate to a United States patent and involve substantial questions of federal patent law.

3.02 Specifically, Defendant FAVELLE FAVCO CRANES, USA, INC. claims that **MR. DAVIS** alleged a patent infringement claim for the first time on December 27, 1999 in a document titled "Motion for Rehearing of Temporary Injunction Hearing". Defendant claims that paragraph 1.03 of Plaintiff's Motion for Rehearing of Temporary Injunction Hearing entitles Defendant to have this case removed to federal court because Plaintiff contends in said paragraph that Defendant is seeking to sell cranes in violation of a patent issued to him on December 21, 1999.

3.03 **MR. DAVIS** would show this Honorable Court that paragraph 1.03 of his Motion for Rehearing of Temporary Injunction Hearing reads as follows "... **MR. DAVIS** also contends that Defendant is seeking to sell cranes which would violate his trade secret rights as well as his patent rights. (Note: The United States Department of Commerce Patent and Trademark office issued a patent to **MR. DAVIS** for said crawler cranes on December 21, 1999)..." (See Plaintiff's Motion for Rehearing of Temporary Injunction Hearing, **Exhibit "F"**, page 2).

IV.

## NO FEDERAL QUESTION EXISTS

4.01 This Court is without jurisdiction to hear this action, in that Plaintiff's Original Petition does not state any claims arising under federal law, but simply seeks relief based upon the following causes of action:

1. Breach of Contract;

2. Wrongful Termination; and

3. Misappropriation of Trade Secrets.

Such causes of action are based upon and predicated upon state law. (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**). Therefore, there is no federal question for which the federal courts would have original jurisdiction.

4.02 Removal under **Section 1441(a)** is possible only if the federal courts have original jurisdiction [ 28 U.S.C. § 1441(a) ; see **Powers v. So. Cent. Un. Food & Comm. Workers Unions, 719 F.2d 760, 763 (5th Cir. [Tex.] 1983)]**. Jurisdiction may be based on diversity of citizenship [ 28 U.S.C. § 1332], the presence of a federal question [ 28 U.S.C. § 1331], or on some federal statute specially conferring original jurisdiction.

4.0.3 A case arises under federal law when a federal right or immunity is an essential element of the plaintiff's cause of action. Thus, a case is removable if federal law creates the cause of action, or if some substantial, disputed question of federal law is a necessary element of one of the plaintiff's state claims [**Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 9-11, 13, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)]**. *If the federal issue is collateral in nature, so that the primary legal issues involve matters of strong local interest, federal jurisdiction is not proper*

**[Willy v. Coastal Corp., 855 F.2d 1160, 1171 (5th Cir. [Tex.] 1988)].** A cause of action does not involve a federal question merely because a state law incorporates standards from federal statutes **[Gatlin v. Countryside Industries, Inc., 564 F. Supp. 1490, 1491, 1495 (N.D. Tex. 1983)--Texas Manufactured Housing Standards Act, R.C.S. Art. 5221f § 20, requiring compliance with National Manufactured Home Construction Safety Standards Act, 42 U.S.C. §§ 5401 et seq.].** Similarly, a suit on a contract was held to arise under state contract law, even though the contract stated that the rate of payment for natural gas would be the maximum allowed under federal law, so that determination of the applicable federal law would dominate the case **[Oliver v. Trunkline Gas Co., 789 F.2d 341, 342-343 (5th Cir. [Tex.] 1986)].**

    4.04 To determine whether a question of federal law is substantial for removal purposes, a court will look at whether jurisdiction would serve congressional purposes and the federal system. Thus, if Congress has provided no remedy for violation of a federal statute, federal interest in a state cause of action for violation of the federal statute is not great enough to support federal jurisdiction **[Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 814, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986)--tort claim based on violation of Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq.].** Although dismissal on jurisdictional grounds for want of substantiality should be applied hesitantly, a federal claim with no plausible foundation in federal law is insubstantial and cannot be removed **[Maroney v. University Interscholastic League, 764 F.2d 403, 406 (5th Cir. [Tex.] 1985)--claiming state rule concerning athletic eligibility was impermissibly vague under federal constitution].**

4.05 Under the "well-pleaded complaint" rule, the federal question must necessarily appear from the plaintiff's petition, unaided by the answer or notice of removal, and the petition must be confined to a statement of the plaintiff's cause of action without anticipation of any probable federal defense [Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 9-11, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); Ashley v. Southwestern Bell Tel. Co., 410 F. Supp. 1389, 1391 (W.D. Tex. 1976)]. Thus, if the federal question appears only as a defense and not as part of the plaintiff's case in chief, the case may not be removed even if both parties agree that the federal defense is the only question truly at issue [**Powers v. South Central Un. Food & Comm. Workers Unions, 719 F.2d 760, 764 (5th Cir. [Tex.] 1983); see also Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir. [La.] 1992)**]--defendant's pleadings may be examined in order to determine whether plaintiff's complaint is, in fact, "well pleaded"]. *Further, if the plaintiff's claim could be brought under either state or federal law, but the plaintiff chooses to pursue only the state action, removal is not possible, since the plaintiff is master of his or her case.* [**The Fair v. Kohler Die & S. Co., 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913)**].

4.06 Further, if the rights created by the state cause of action are not of central importance to the federal statute, and a federal cause of action is not supplied to replace the state cause, then the state cause of action is not preempted and removal is not possible even if the federal statute would in fact preclude enforcement of the state law under the particular circumstances of the case [Franchise Tax Bd. v. Laborers Vac. Trust, 463 U.S. 1, 9-11, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)--Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.; e Caterpillar v. Williams, 428 U.S. 386, 394-399, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)--§ 301 of Labor

**Management Relations Act, 29 U.S.C. § 185 ].**

4.07 Therefore, since no federal question is presented and any federal issue that may be perceived by the Defendant which will not be pursued by the Plaintiff is collateral in nature, so that the primary legal issues involve matters of strong local interest, federal jurisdiction is not proper.

V.

### DEFENDANT FILED ITS NOTICE OF REMOVAL THIRTY-TWO (32) DAYS TOO LATE

5.01 In the alternative, removal of this action was not timely in that Defendant's Notice of Remand was filed more than 30 days after the time the initial pleading was served on Defendant. Defendant was served on **November 2, 1999**, while the Notice of Removal was filed on **January 3, 2000.** Defendant's Notice of Removal was filed sixty-two (62) days after service of pleadings on Defendant, i.e. thirty-two (32) days late.

5.02 The Defendant must file the notice of removal within 30 days after receiving a copy of the initial pleading, through service or otherwise, or if such service is not required, within 30 days after service of the summons.

5.03 The time limitation is mandatory and must be strictly complied with; the period may not be extended by stipulation of the parties or by order of the court **[Albonetti v. GAF Corporation--Chemical Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981)].**

5.04 Therefore, since the Defendant did not file its notice of removal in a timely manner, this Honorable Court is without jurisdiction in this cause of action and jurisdiction should remain with the State District Court. Accordingly, this Honorable Court should enter an order remain this case to the 107th Judicial District Court of Cameron County, Texas, where this case was pending.

## VI.

## **DEFENDANT KNEW AND KNOWS THAT IT HAS NO RIGHT TO REMOVE CASE**

6.01 Further, Defendant in its Plea in Abatement filed in this cause of action states as follows:

> "The suit pending in this court (the "Second Suit") was not filed until November 1, 1999. Davis and FAVCO USA are parties in both cases and the issues to be decided in the First Suit are identical or substantially similar to those at issue in the Second Suit. All of the issues involved in the Second Suit are also the Subject of the First Suit." (See Defendant Favelle Favco Cranes USA, Inc.'s Plea in Abatement, **Exhibit "H"**, page 1)

6.02 Thus, Defendant FAVELLE FAVCO CRANES USA, INC. knew it had no basis to remove this case. Furthermore, Defendant waived its right of removal by proceeding in state court **[Brown v. Demco, Inc., 792 F.2d 478, 482 (5th Cir. [La.] 1986)]**. Thus, if the right to remove appears immediately before, at, or during trial, the Defendant must exercise the right without delay, even though the 30-day period may not have elapsed **[Walker v. American Tel. & Tel. Co., 684 F. Supp. 475, 477 (S.D. Tex. 1988)]**. Generally, the Defendant must ask the court to suspend trial as soon as the right to remove becomes apparent, since continuing with the trial after removal is possible invokes the further jurisdiction of the state court and thus waives the right to remove **[Ford v. Roxana Petroleum Corporation, 31 F.2d 765, 766 (N.D. Tex. 1929)]**. Even a 15-minute delay may waive the right to remove **[see Walker v. American Tel. & Tel. Co., 684 F. Supp. 475, 477 (S.D. Tex. 1988)]**.

6.03 Therefore, by filing its initial lawsuit against **DANIEL E. DAVIS** with same or similar causes of action, Defendant waived its right to remove such matters to federal court.

## VII.

## PLAINTIFF SEEKS RECOVERY OF COURT COSTS, EXPENSES, AND ATTORNEY FEES

7.01 **MR. DAVIS** hereby requests that, in the event this Honorable Court grants this Motion to Remand, he be awarded just costs and any actual expenses, including attorney's fees incurred as a result of the removal. **MR. DAVIS** seeks recovery of said just costs and any actual expenses, including attorney's fees pursuant to 28 U.S.C. § 1447 (c).

7.02 On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal..." 28 U.S.C § 1447(c); see **Morris v. Bridgestone/Firestone, Inc. 985 F.2d 238, 240 (6th.Cir. 1993)**. "Just costs" awardable under 28 U.S.C.§1447(c) include filing fees, service of process fees, and attorney fees... regardless whether plaintiff has in fact paid such fees (e.g. where case is being handled on a contingency fee or pro bono basis). See **Gotro v. R&B Realty Group, 69 F.3d 1485, 1488 (9th Cir. 1995)**.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **DANIEL E. DAVIS** respectfully prays that this Honorable Court set this Motion to Remand for **immediate** hearing with notice to all parties, and at the conclusion of said hearing enter an Order granting the Motion to Remand and ordering that this matter be remanded to the 107th Judicial District Court for Cameron County, Texas, and also award Plaintiff just costs and actual expenses, including attorney's fees, and award Plaintiff such other and further relief, at law or in equity to which Plaintiff may show himself to justly entitled.

Respectfully submitted,

LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694


BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id No. 8645

VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

Attorneys for Plaintiff
**DANIEL E. DAVIS**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 1st day of February, 2000 a true and correct copy of **Plaintiff's Motion to Remand** was served on Defendant's counsel of record **VIA CM RRR # Z 559 109 006**, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, P.O. Drawer 3725, 818 Pecan, McAllen, Texas 78502.

_____
VICTOR QUINTANILLA