United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

FEB 22 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS, plaintiff | § § § § § § § | |
| v. | | Civil Action No. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC., defendant | | |

### Defendant's Response to Plaintiff's Motion to Remand

Defendant Favelle Favco Cranes USA, Inc. ("Favco USA") files this response to Plaintiff's Motion to Remand, and in opposition to such motion would show:

1. *Summary of argument.* Davis argues incorrectly that the removal of this action was untimely. To the contrary, even Davis admits that the action as initially filed asserted only state law claims and was not removable. Indeed, patent law claims could not have been asserted until the patent issued, which did not occur until December 21, 1999. See section 3 below. Davis does not deny that patent law claims present federal questions which are exclusively within the jurisdiction of the federal court. Davis' argument that Favco USA waived its removal rights by taking action in state court are equally spurious: the only actions allegedly taken by Favco USA occurred <u>before</u> the case became removable. No waiver could possibly have occurred in regard to a right which did not then exist. See section 4 below.

2. *Background.* Defendant Favco USA is in the business of designing, developing, manufacturing, and selling industrial crawler cranes. While plaintiff Daniel Davis ("Davis") was president and a director of Favco USA, a type of crane generally called

a "crawler crane" was designed, developed, manufactured and sold by or on behalf of Favco USA. All funding for the project was provided by or on behalf of Favco USA. Davis's tenure as president and director of Favco USA was terminated in September 1999.

2.1.  *Favco USA suit.*  Favco USA believed that Davis was unlawfully usurping its interest in the crawler crane being developed. Favco USA filed suit in state court against Davis and others on October 26, 1999, alleging solely state-law claims, including that Davis misappropriated trade secrets and confidential and proprietary information and breached his fiduciary duty to Favco USA. No patent claim or other federal claim was alleged, nor could it have been: no patent had issued at that time. That suit is still pending in state court.

2.2  *Davis suit (this action).*  Davis later filed this action against Favco USA in state court on November 1, 1999, requesting (among other things) injunctive relief. The suit also alleged state law tort claims only: no patent infringement claim was made, nor could it have been. The parties took various actions in state court based on the existing state law claims. Davis obtained a temporary restraining order without notice in the Davis state-court suit and it expired, and the trial court considered, but did not grant, Davis's requested temporary injunction. The patent was to Davis issued on December 21, 1999. Shortly thereafter, Davis on December 27, 1999, filed in the Davis state court suit a motion for rehearing of his temporary injunction request. That motion, for the first time, alleged:

> Mr. Davis also contends that Defendant is seeking to sell cranes which would <u>violate</u> his trade secret rights as well as <u>his patent rights</u>.  (Note: The United States Department of Commerce, Patent and Trademark Office issued a patent to Mr. Davis for said crawler cranes on December 21, 1999).

2

Plaintiff's Motion for Rehearing of Temporary Injunction Hearing ¶ 1.03 (emphasis added; attached to notice of removal). Favco USA thereafter filed its notice of removal of the Davis suit to this court on January 3, 2000. That removal was filed only seven days after the filing of Plaintiff's Motion for Rehearing of Temporary Injunction Hearing.

    3.    *Removal was timely.* To be timely, a removal to federal court must be filed within thirty days of the time when the case becomes removable. Section 1446 of Title 28 provides, in part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through the service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446 (b) (West 1999) (emphasis added). This case was filed within thirty days of receipt of plaintiff's December 27, 1999, motion for rehearing which for the first time stated a federal claim.

3

3.1 *Initial petition was not removable.* The initial thirty-day removal period specified in section 1446(b) applies, by its terms, only if the case is removable initially. Even the plaintiff admits that his initial petition stated only state-law claims.

3.1.1 *Plaintiff admits that only state law claims were stated in initial petition.* Plaintiff's Original Petition and Application for Temporary Restraining Order ("Petition"), filed November 1, 1999, alleged that Favco USA's actions "would violate Davis' trade secret rights and his <u>potential</u> patent rights." Petition at 7. Although the Petition references the possibility that a patent would issue, only state law claims were stated. *Id.* Indeed, the Petition points out that "the patent may not issue for several months." *Id.* at 3. Plaintiff Davis in is motion to remand admits that he sought state court relief because he believed Favco's actions "would violate Mr. Davis' trade secret rights." Plaintiff's Motion to Remand ¶ 2.05. This claim, as stated in the initial petition, clearly seeks relief under state law, as the plaintiff admits. Davis' motion for remand goes on to state:

> 4.01 This Court is without jurisdiction to hear this action, in that <u>Plaintiff's Original Petition does not state any claims arising under federal law</u>, but simply seeks relief based upon the following causes of action:
>
> 1. Breach of contract;
>
> 2. Wrongful Termination; and
>
> 3. Misappropriation of Trade Secrets.
>
> <u>Such causes of action are based upon and predicated upon state law</u>. (See Plaintiff's Original Petition and Application for Temporary Restraining Order, Exhibit "A"). therefore, there is

4

no federal question for which the federal courts would have original jurisdiction.

Plaintiff's Motion to Remand ¶ 4.01 (emphasis added). Therefore, even according to the plaintiff, the action as initially filed was not removable.

        3.1.2 *Patent claims could not have been stated until the patent issued.* As plaintiff Davis points out, the patent in regard to the crawler crane at issue was not issued until December 21, 1999. Plaintiff's Motion to Remand ¶ 3.03. Until the patent was issued, no claim could have been made based on federal patent law.[1] *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185-86 (Fed. Cir. 1996) (referencing the "general rule that without a patent there can not be infringement" and holding that no claim for inducement of patent infringement existed prior to the issuance of the patent); *J.M. Huber Corp. v. Positive Action Tool of Ohio Co.*, 879 F.Supp. 705, 709 (S.D. Tex. 1995) ("There is no relief available under the patent laws where a product is not yet protected by a patent or a copyright"). Thus, the plaintiff's initial petition not only <u>did not</u> assert a claim under federal patent law, it <u>could not</u> have done so.

---

[1] The plaintiff admits this fact. Plaintiff's patent attorney Andres Arismendi, Jr. testified in the temporary injunction hearing:

    Q. (By Mr. Gurwitz) Mr. Arismendi, there is no patent protection until you have a patent issued; is that correct?
    A. That is correct.
    Q. So the fact that you've had an approval isn't the same as a patent?
    A. That is correct.
    Q. And you have no breach of patent lawsuit until the patent has been issued?
    A. As far as infringement, that is correct.

Transcript of Temporary Injunction Hearing, Exhibit E to Plaintiff's Motion to Remand at 68-69.

3.2  *Motion for rehearing triggered removability.*  The patent was issued on December 21, 1999, and plaintiff Davis thereafter on December 27 filed in the Davis state court case his Motion for Rehearing of Temporary Injunction Hearing.  That motion, for the first time, alleged:

> Mr. Davis also contends that Defendant is seeking to sell cranes which would violate his trade secret rights as well as his patent rights.  (Note: The United States Department of Commerce, Patent and Trademark Office issued a patent to Mr. Davis for said crawler cranes on December 21, 1999).

Plaintiff's Motion for Rehearing of Temporary Injunction Hearing ¶ 1.03 (emphasis added; attached to notice of removal).  That motion for the first time indicates Davis' intent to recover for patent violation.

3.2.1  *Patent infringement is a federal claim.*  Patents are created under federal law.  35 U.S.C. § 271.  Patent infringement is a claim within the exclusive original jurisdiction of the federal court.  Section 1338 of Title 28 provides:

> (a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338(a) (West 1999).

3.2.2  *Davis' motion was a "motion" or "paper" triggering removal rights.*  As discussed above, when a petition is not initially removable, a notice of removal "may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b) (emphasis added).

6

Plaintiff Davis' motion for rehearing, which for the first time asserted breach of patent, clearly falls within the purview of section 1446(b). Where removability can first be determined from a motion or other paper, the right of removal is triggered by such motion or paper. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-65 (5th Cir. 1992) (removal timely after receipt of interrogatory answers demonstrating amount in controversy). This principle includes cases in which a federal question is first asserted or determinable from a motion or other paper. *See, e.g., Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 776-79 (9th Cir. 1994) (plaintiffs' reply brief filed in state court raised federal question, triggering removal rights: "Although the original complaint did not set forth a removable claim, the reply brief did," *id.* at 779); *LeBoeuf v. Texaco*, 9 F.Supp.2d 661, 664-66 (E.D. La. 1998) (interrogatory answers, which stated that the common legal and factual issues to be determined by class action included liability under federal Oil Pollution Act, triggered removal right and notice of removal filed over thirty days after receipt of such answers was untimely).[2]

---

[2] *See also Richstone v. Chubb Colonial Life Insurance*, 988 F.Supp. 401, 402-04 (S.D.N.Y. 1997) (plaintiff's state-court response to defendant's motion to dismiss triggered right to remove under ERISA, and defendants did not waive removal by actions taken prior to that time); *Neal v. Trugreen Limited Partnership*, 886 F.Supp. 527, 528 (D. Md. 1995) (plaintiff's state court motion to dismiss stating that federal Title VII claim would be added by plaintiffs triggered removal period, and removal filed more than 30 days after that motion was untimely); *Troy v. Marquette National Life Insurance Co.*, 844 F.Supp. 1149, 1150-51 (N.D. Tex. 1994) (state-court deposition response that demonstrated ERISA removability triggered removal period); *Riggs v. Continental Baking Co.*, 678 F.Supp. 236, 238 (N.D. Ca. 1988) (state-court deposition response showing that plaintiff was member of union and implicating collective bargaining agreement triggered removal period); *Oseekey v. Spaulding Fibre Co.*, 655 F.Supp. 1119, 1120-22 (W.D.N.Y. 1987) (plaintiff's state-court response to motion to dismiss which raised ERISA triggered right to removal); *Jackson v. Brooke*, 626 F.Supp. 1215, 1217 (D. Co. 1986) (plaintiff's state-court response to motion for summary judgment that showed intent to make claim under 42 U.S.C. § 1983 triggered removal period; removal filed more than thirty days later was untimely); *Brooks v. Solomon Co.*, 542 F.Supp. 1229, 1230-31 (N.D. Al. 1982) (plaintiff's deposition response that showed that allegedly libelous statements occurred during union bargaining triggered removal). As the First Circuit stated in *Federal Deposit Insurance Corp. v. Otero*, 598 F.2d 627, 629 (1st Cir. 1979): "Appellant first argues that the 'mere substitution' of the FDIC as a party should not transform a suit into one arising under the laws of the United States. Appellant's primary argument is based upon the 'well pleaded complaint' rule . . . . Unfortunately for appellant, it is well established that when the plaintiff by a voluntary act

3.3   *Removal was timely filed.*  No federal patent claim could have been stated until December 21, 1999, when the patent was issued. No such claim was stated until the plaintiff's motion for rehearing, which clearly did raise the patent issue. That motion was filed December 27, 1999, and the notice of removal was filed on January 4, 2000, only seven days later. The removal therefore is timely.

4.   *Removal not waived.*  The plaintiff argues that defendant Favco USA took various actions in the Davis state court suit that waived the right of removal. All of such actions, however, occurred <u>before</u> the case because removable.[3] Waiver is an intentional relinquishment of a known right, and plaintiff cites no authority that any waiver can occur based on actions occurring before any right to remove existed. Indeed, Favco USA had no choice but to defend the state court action.[4] The plea in abatement merely requested abatement in favor of the first-filed state court suit, both of which suits at that time stated exclusively state-law claims. It was not until the plaintiff's motion for rehearing was later filed that the case became removable. Further, even if actions taken before removal was possible could be considered – which they cannot – such actions would be insufficient to constitute waiver. The applicable rule, as stated in *Gore v. Stenson,* 616 F. Supp. 895, 897-98 (S.D. Tex. 1984) (emphasis added; citations omitted), is as follows:

---

interposes a federal question that did not appear in the complaint as originally filed, the defendant may remove the case to federal court."

[3] Favco's own suit, like plaintiff Davis' suit, asserted only state law claims. Indeed, because the patent had not yet been issued, no federal claim could have been stated.

[4] Plaintiff's authorities are not to the contrary. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986) and *Walker v. American Telephone & Telegraph Co.,* 684 F.Supp. 475 (S.D. Tex. 1988), all involve actions taken after removability was ascertainable.

It has been recognized on numerous occasions that <u>actions which are preliminary and nonconclusive in character and which do not actually submit the merits of a claim for a binding decision do not waive defendant's right to remove</u>. ... An intent to waive the right to remove to federal court and submit to the jurisdiction of the state court must be clear and unequivocal, and the waiving party's actions must be inconsistent with his right to remove.

No waiver occurred here. Further, as discussed above, no federal patent claims were or could have been asserted in the Favco USA state court litigation. As discussed above, jurisdiction over patent claims lies <u>exclusively</u> with the federal courts.

5.  *Sanctions motion should be denied.*  For the reasons discussed above, removal of this matter was proper. The plaintiff's motion for sanctions, costs and fees therefore should be denied.

Wherefore, premises considered, defendant Favco requests that the plaintiff's motion to remand be in all respects denied. Defendant Favco requests such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

*/s/ Gary Gurwitz*

Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for defendant Favelle Favco Cranes, USA, Inc.

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200
(512) 495-8400 (phone)
(512) 236-3422 (facsimile)

Steve Borgman
VINSON & ELKINS, L.L.P.
First City Tower
Houston, Tx 77002

## Certificate of Service

I certify that on February 22, 2000, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | hand delivery |

Gary Gurwitz