7

United States District Court
Southern District of Texas
FILED

MAR 0 3 2000

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL E. DAVIS** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION B-00-003** |
| | § | |
| **FAVELLE FAVCO CRANES USA, INC.** | § | |

**PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON PLAINTIFF'S MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

**COMES NOW, DANIEL E. DAVIS,** Plaintiff in the above-styled and numbered cause of action, (hereinafter referred to as **"MR. DAVIS"**), and files this his Motion for Expedited Hearing on Plaintiff's Motion to Remand and for good cause would show this Honorable Court as follows:

**I.**

**EVIDENCE IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

1.01 In support of this Motion for Expedited Hearing on Plaintiff's Motion to Remand, Plaintiff **DANIEL E. DAVIS** relies on the following:

(1) a copy of **Plaintiff's Original Petition and Application for Temporary Restraining Order, filed on November 1, 1999**, attached hereto as **Exhibit "A"**, and incorporated by reference the same as if fully copied and set forth at length;

(2) a copy of the **Temporary Restraining Order and Show Cause Order**, signed by the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County Texas on **November 1, 1998** attached hereto as **Exhibit "B"**, and incorporated by reference the same as if fully copied and set forth at length;

(3) a copy of **Defendant's Motion for Emergency Hearing, filed on November 3, 1999**, attached hereto as **Exhibit "C"**, and incorporated by reference the same as if fully copied and set forth at length;

ClibPDF - www.fastio.com

(4) a copy of the **Order Setting Temporary Injunction and All Matters Related to the Temporary Restraining Order and Temporary Injunction**, signed on **November 3, 1999**, attached hereto as **Exhibit "D"**, and incorporated by reference the same as if fully copied and set forth at length;

(5) a copy of the **transcript** of the **Temporary Injunction hearing** held by the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County, Texas on **November 8, 1999**, attached hereto as **Exhibit "E"**, and incorporated by reference the same as if fully copied and set forth at length;

(6) a copy of **Plaintiff's Motion for Rehearing of Temporary Injunction Hearing**, filed on **December 27, 1999,** attached hereto as **Exhibit "F"**, and incorporated by reference the same as if fully copied and set forth at length;

(7) a copy of the **Order Setting Emergency Hearing**, signed on **December 28, 1999** attached hereto as **Exhibit "G"**, and incorporated by reference the same as if fully copied and set forth at length;

(8) a copy of **Defendant Favelle Favco Cranes USA, Inc.'s Plea in Abatement, filed on November 4, 1999**, attached hereto as **Exhibit "H"**, and incorporated by reference the same as if fully copied and set forth at length; and

(9) a copy of **Plaintiff's Motion to Remand, filed on February 1, 2000**, attached hereto as **Exhibit "I"**, and incorporated by reference the same as if fully copied and set forth at length; and

(10) a copy of **Shareholders Agreement** entered into by the Parties, attached hereto as **Exhibit "J"**, and incorporated by reference the same as if fully copied and set forth at length.

II.

## PROCEDURAL HISTORY

2.01 On **November 1, 1999**, Plaintiff **DANIEL E. DAVIS** filed his **Plaintiff's Original Petition and Application for Temporary Restraining Order** in the 107th Judicial District Court of Cameron County, Texas. In his pleadings, **MR. DAVIS** contends that he "... has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. This unique crawler cranes conceived and developed by Davis use a variable-gauge excavator bottom



ClibPDF - www.fastio.com

in conjunction with an enhanced standard excavator upper (the "Davis Crawler Cranes")..." **MR. DAVIS** further contends, in his pleadings, that he "... diligently pursued to development of this new concept of cranes. Davis has protected his manufacturing methodology and the Davis Crawler Cranes as trade secrets... (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 2).

2.02 In his pleadings, **MR. DAVIS** further contends that he "... filed for a patent with the United States Patent and Trademark Office to protect his new and unique Davis Crawler Cranes. Davis plans to file for additional patents. The U.S. Patent and Trademark office has allowed the application for the Davis Crawler Cranes and a patent will ultimately issue..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, p.3).

2.03 **MR. DAVIS** further contends, in his pleadings that "... On or about June 23, 1997, Davis entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen, Texas. The contract was for thirty-six (36) months. Davis was to receive among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Favco agreed to license the manufacture and sale of the Davis Crawler Cranes, and to pay Davis a royalty. Davis was to have sole direction and control over the manufacture and sale of the Davis Crawler Cranes. Davis received ten percent (10%) of the stock of Favco..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 4).

2.04 Additionally, **MR. DAVIS** contends that "... On September 8, 1999, the board of directors of Favco terminated Davis, without cause. Further, Favco sought to take for its own the intellectual property owned by Davis in the form of the Davis Crawler Cranes, including the trade



ClibPDF - www.fastio.com

secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Davis' patent application. However, Favco knows that Davis is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler Cranes..." (See Plaintiff's Original Petition and Application for Temporary Restraining Order, **Exhibit "A"**, page 6).

2.05 Because Defendant FAVELLE FAVCO CRANES USA, INC. is seeking to sell cranes which would violate **MR. DAVIS'** trade secret rights, he made an application for a temporary restraining order (TRO), an application for temporary injunction, and a request for permanent injunction. **MR. DAVIS** seeks to prevent Defendant FAVELLE FAVCO CRANES USA, INC. from continuing to make, sell, use, or promote the "Davis Crawler Cranes" including without limitation all information, designs, drawings, and all technology related to the Davis Crawler Cranes. **MR. DAVIS** has resorted to the courts to help him preserve his valuable property rights and prevent direct economic injury to him.

2.06 On **November 1, 1999**, the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County, Texas signed a Temporary Restraining Order and show cause Order. (See Temporary Restraining Order and Show Cause Order, **Exhibit "B"**). Judge Euresti ordered that a temporary restraining order (TRO) be issued to restrain Defendant FAVELLE FAVCO CRANES USA, INC. from:

1. Threatening Plaintiff's privileges to utilizing his design and/or manufacture of Crawler Cranes;

2. Instituting any action in this or any other country, jurisdiction or forum attempting to obtain temporary or permanent order(s) concerning this litigation;



ClibPDF - www.fastio.com

3. Molesting or disturbing the peace of the Plaintiff by continuing to attempt to prevent him from utilizing his design and/or manufacture of crawler cranes;

4. Engaging in an unreasonable or unnecessary acts intending to interfere with the conduct of the Plaintiff in his usual business of utilizing his design and/or manufacturing of crawler cranes;

5. Doing anything calculated to embarrass, harass, molest, injure Plaintiff rights or humiliate Plaintiff;

6. From interfering with or failing to continue the existing privileges of the Plaintiff;

7. From manufacturing, using, selling or offering for sale crawler cranes; and

8. From disclosing, using or in any way disseming information concerning the crawler cranes, including without limitation patent documents, drawings, designs, models and all documents related to the crawler cranes..." (See Temporary Restraining Order and Show Cause Order **Exhibit "B"**, pages 1 and 2).

2.07 Judge Eurest set a hearing for Plaintiff's application for temporary injunction on Monday, November 15, 1999 at 8:30 o'clock a.m.. However, at Defendant's counsel's request, this hearing was re-set to **Monday November 8, 1999.** (See Defendant's Motion for Emergency Hearing **Exhibit "C"**; and Order Setting Temporary Injunction and All Matters to the Temporary Restraining Order and Temporary Injunction, **Exhibit "D"**).

2.08 On **November 8, 1999,** the 107th Judicial District Court held a hearing on **MR. DAVIS'** application for temporary injunction and related matters. The Court heard argument of counsel for both parties, testimony from three (3) witnesses (Richard H. Robey, Andres Arismendi, Jr., and Mac Ngan Boon), and received several exhibits. (See **transcript** of the **Temporary Injunction hearing, Exhibit "E"**). After several hours of testimony, the Court asked to speak to counsel for both parties in chambers, and recessed for the day. (See transcript of the Temporary Injunction hearing, **Exhibit "E"**, page 115). Judge Eurest re-set the hearing for **Tuesday, November 9, 1999 at 9:00 o'clock a.m..**



ClibPDF - www.fastio.com

2.09 On **November 9, 1999**, counsel for the respective parties read into the record the order of the 107th Judicial District Court of Cameron County, Texas with respect to the resolution of the temporary injunction issues. Counsel for Defendant agreed to prepare a written order reflecting the Court's order and circulate it to Counsel for Plaintiff (i.e. the Honorable Ray R. Marchan).

2.10 Thereafter, the parties, by and through counsel, were unable to reach an agreement as to the resolution of the temporary injunction issues. The undersigned counsel (who has substituted for the Honorable Ray R. Marchan) requested that this hearing be reconsidered since the parties in the above-styled and numbered cause were unable to reach an agreement. Due to the fact that the parties have been unable to reach an agreement, and that there is no order resolving the temporary injunction issues, Plaintiff has suffered and will continue to suffer substantial and irreparable harm as alleged in his Application for Temporary Restraining Order. Thus, on December 27, 1999, Plaintiff filed a Motion for Rehearing in which Plaintiff is requesting that the Temporary Injunction previously heard on November 8, 1999 be reconsidered and heard at a time and date specified by the 107th Judicial Court of Cameron County, Texas. (See Plaintiff's Motion for Rehearing of Temporary Injunction Hearing, **Exhibit "F"**).

2.11 The 107th Judicial District Court of Cameron County, Texas set Plaintiff's Motion for Rehearing of Temporary Injunction Hearing for hearing on January 7, 2000 at 9:00 o'clock a.m. (See Order Setting Emergency Hearing, **Exhibit "G"**).

2.12 On **January 3, 2000**, Defendant FAVELLE FAVCO CRANES USA, INC. filed its Notice of Removal removing this case from the 107th Judicial District Court of Cameron County, Texas, where such case was pending, to this Honorable United States District Court for the Southern District of Texas.



ClibPDF - www.fastio.com

2.13 On **February 1, 2000**, Plaintiff Daniel E. Davis filed his **Motion to Remand** requesting that this Honorable Court remand this case back to the 107th Judicial District Court of Cameron County, Texas, where such case was pending. (See Plaintiff's Motion to Remand, **Exhibit "I"**) As of the date of the preparation of this Motion for Expedited Hearing, Plaintiff has been unable to secure a hearing date on his Motion to Remand.

III.

**FACTUAL ALLEGATIONS MADE BY PLAINTIFF**

3.01 **MR. DAVIS** has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. The unique crawler cranes conceived and developed by the **MR. DAVIS** use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (**MR. DAVIS'** crawler cranes). **MR. DAVIS** diligently pursued the development of this concept of cranes. **MR. DAVIS** has protected his manufacturing methodology and his crawler cranes as trade secrets.

3.02 Before **MR. DAVIS'** efforts, many people tried to develop such crawler cranes all have failed. On information and belief, even the Defendant or its affiliated companies tried to make a crawler cranes, but could not make it work and discontinued the project. The unique concept of a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper was known to have distinct advantages: the ability to mass produce, short lead-time for manufacturing, parts availability worldwide, warranties, distribution network, etc.. However, before **MR. DAVIS**, no one was able to build such a crane including the Defendant or its affiliated companies.



ClibPDF - www.fastio.com

3.03 Defendant and its affiliated companies make tower cranes and offshore cranes. Defendant and its affiliated companies have been making tower cranes and offshore cranes for over 30 years, and are well known for tower cranes and offshore cranes. Prior to the relationship with the Plaintiff, neither Defendant or its affiliated companies made crawler cranes of any type. Neither Defendant or its affiliated companies have any expertise in crawler cranes of any type. Neither Defendant or its affiliated companies have any manufacturing experience in crawler cranes of any type. On information and belief, even Defendant or its affiliated companies tried to make a crawler crane, but could not make it work and discontinued the project.

3.04 On or about June 23, 1997, **MR. DAVIS** entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen, Texas. The contract was for thirty-six (36) months. **MR. DAVIS** was to receive, among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Favco agreed to license the manufacture and sale of the Davis Crawler Cranes. **MR. DAVIS** received ten (10%) of the stock of Favco.

3.05 As of June 1997, no Davis Crawler Crane had ever been built because the design had not been finalized. Much public skepticism existed as to whether any crawler crane design would be functional. To perfect his crane design Davis, **MR. DAVIS** needed to experiment with various aspects of the proposed cranes. It was understood that **MR. DAVIS** was to finalize his design changes as soon as possible after becoming Managing Director and President of Favco. It was important to start the manufacture and sale of the Davis Crawler Cranes as soon as possible, and **MR. DAVIS** did just that.



ClibPDF - www.fastio.com

3.06 In August 1997, Favco submitted a Shareholders Agreement to **MR. DAVIS**. On August 16, 1997, **MR. DAVIS** signed Favco's Shareholders Agreement and returned it to Favco. (See Shareholders Agreement, **Exhibit "J"**).

3.07 In March 1999, **MR. DAVIS** presented his new line of crawler cranes at Conexpo in Las Vegas, Nevada. The cranes were met with extreme praise by the public. Such cranes have not before been known or used. However, much skepticism continued with respect to whether the Davis Crawler Cranes would function as required and as expected.

3.08 About April 1999, Favco requested **MR. DAVIS** to agree to changes in the Shareholder's Agreement dated August 16, 1997, and to execute a "New Shareholder's Agreement for FFC-USA." Favco through its agent Yee requested that the New Shareholder's Agreement for FFC-USA include, among other things, the following term:

> "3) Patent to Crawler crane design Mr. Daniel Davis is the inventor and the owner of the patents to the design. The rights to use the designs and drawings are to be licensed to FFC-USA. In return, Mr. Daniel Davis is to derive a royalty of _________ over a period of __________years."

"Issues to be incorporated in the New Shareholder's Agreement for FFC-USA" prepared by Yee/Favco and submitted to Davis. Yee writes in his own handwriting "Danny, Attached the issues to be addressed in the new agreement." Clearly, even Favco agrees that MR. DAVIS is the owner of the Davis Crawler Cranes, the patent and all associated technology and drawings.

3.09 About May 1999, **MR. DAVIS** through Favco sold three (3) Davis Crawler Cranes to Mustang Equipment in Houston, Texas. Although there continues to be known skepticism as to whether the Davis Crawler Cranes work, the three Davis Crawler Cranes sold to Mustang Equipment have been and continue to work without problems. Thereafter, additional customers requested Davis



ClibPDF - www.fastio.com

Crawler Cranes. **MR. DAVIS** sought to get funding and equipment from Favco to build the additionally requested Davis Crawler Cranes. Favco refused to fund the manufacture of the Davis Crawler Cranes requested.

3.10 At the same time Favco refused to fund the manufacture of Davis Crawler Cranes requested by customers, Favco requested that MR. DAVIS assign all or half of his patent rights to Favco. Davis refused the request, and referred Favco to its own Shareholder's Agreement dated August 16, 1997. The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Davis a royalty for cranes sold under Davis' patented invention. (See Shareholder's Agreement, **Exhibit "J"**).

3.11 On September 8, 1999, the board of directors of Favco terminated **MR. DAVIS**, without cause. Further, Favco sought to take for its own the intellectual property owned by **MR. DAVIS** in the form of the Davis Crawler Cranes, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Davis' patent application. However, Favco knows that **MR. DAVIS** is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler Cranes.

3.12 Many crane and excavator entities and engineers have tried to implement the type of crane design that **MR. DAVIS** has successfully invented. None have been able to accomplish this prior to **MR. DAVIS**. Many crane and excavator engineers still refuse to believe that the Davis Crawler Cranes are effective and reliable devices. **MR. DAVIS** must consistently work to overcome this skepticism to insure that the concept of the crawler cranes as embodied in Davis' invention - the Davis Crawler Cranes - is accepted in industry practice. These efforts are absolutely essential to Davis, and the success of the Davis Crawler Cranes. Defendant is seeking to sell cranes which would

violate MR. DAVIS' trade secret rights.

3.13 As can be evidenced by the exhibits attached hereto, the cause of action brought forth by **MR. DAVIS** is greatly contested by Defendant. This cause of action has involved temporary restraining orders and temporary injunctions for which a hearing was set for only days before Defendant filed its Notice of Removal to this Honorable Court. This cause of action is of the upmost urgency and concern to **MR. DAVIS** as evidenced by the exhibits attached hereto.

IV.

## PLAINTIFF'S HARM AND NEED FOR IMMEDIATE RELIEF

4.01 **MR. DAVIS** would show this Honorable Court that he has been harmed and continues to be harmed by each passing day with respect to the use of his trade secrets by the Defendant.

4.02 With respect to the economic harm **MR. DAVIS** suffered and continues to suffer, it takes vast amounts of money to fund the development and production of **MR. DAVIS'** trade secrets. Such funding is not available to **MR. DAVIS** without first determining the ownership of said trade secrets.

4.03 Further, every sale made by the Defendant of the product developed by **MR. DAVIS'** trade secret takes away one sale that rightfully belongs to **MR. DAVIS**, without just compensation.

4.04 In addition to direct economic injury, the success of the Davis Crawler Cranes will be threatened. In the event that Defendant's customers are dissatisfied with the performance of the crawler cranes manufactured by the Defendant, their dissatisfaction may be blamed on the concept and/or design of the crawler crane and not upon the Defendant's inability to properly manufacture the crawler crane. This would substantially and irreparable harm and disparage **MR. DAVIS'** entire line.



ClibPDF - www.fastio.com

4.05 Further, based upon information and belief, in addition to manufacturing and distributing **MR. DAVIS'** crawler cranes, Defendant is also releasing highly sensitive information, including the design, schematics and drawings with respect to **MR. DAVIS'** trade secrets and his crawler crane design. Such action, if true, severely hampers and diminishes the value of **MR. DAVIS'** current and future trade secrets.

4.06 Therefore, based upon all of the aforementioned, **MR. DAVIS** would request that this Honorable Court act within its discretion pursuant to Rule 78 of the Federal Rules of Civil Procedure and thereby provide an immediate emergency hearing on Plaintiff's Motion to Remand and remand this matter back to the 107th Judicial District Court of Cameron County, Texas.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED** Plaintiff prays that this Honorable Court grant him an immediate emergency hearing with respect to his Motion to Remand filed on February 1, 2000, and such other relief, at law or in equity to which Plaintiff may show himself to be justly entitled.



ClibPDF - www.fastio.com

Respectfully submitted,

LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: ______________________

ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id No. 8645

VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

Attorneys for Plaintiff
**DANIEL E. DAVIS**



ClibPDF - www.fastio.com

**CERTIFICATE OF SERVICE**

I, **VICTOR QUINTANILLA**, hereby certify that on this 3rd day of March, 2000 a true and correct copy of **Plaintiff's Motion for Expedited Hearing on Plaintiff's Motion to Remand** was served on Defendant's counsel of record **VIA CM RRR # Z 559 109 037**, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, P.O. Drawer 3725, 818 Pecan, McAllen, Texas 78502.

VICTOR QUINTANILLA

**CERTIFICATE OF CONFERENCE**

I, **VICTOR QUINTANILLA**, hereby certify that on this 2nd day of March, 2000, I conferred with Defendant's counsel, Hon. Charles Murray, via telephone, to discuss the filing of this Motion. Mr. Murray advised me that he is opposed to the filing of this Motion. Counsel for both parties cannot agree about the disposition of the Motion, and, as such, Court intervention is necessary.

VICTOR QUINTANILLA



ClibPDF - www.fastio.com