

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 8 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO | § | |
| CRANES USA, INC. | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on March 7, 2000, the Court considered Plaintiff's motion to remand (Dkt. No. 5) and motion for expedited hearing on Plaintiff's motion to remand (Dkt. No. 7). Both motions are DENIED for the following reasons.

## I. Factual summary.

FAVCO USA (Defendant) is in the business of designing, developing, manufacturing, and selling crawler cranes. DAVIS (Plaintiff) served as president and a director of FAVCO USA. During his tenure a particular type of crane was developed. The unique crawler crane consisted of a variable-gauge excavator bottom mated to an enhanced excavator upper. DAVIS asserts that he conceived of and developed this unique design of crawler crane. FAVCO USA on the other hand asserts that DAVIS usurped an interest in the crane.

## II. Procedural summary.

FAVCO USA filed a lawsuit on state-law claims ("FAVCO court"). Thereafter, DAVIS filed a second lawsuit, also solely on state-law claims, in a different state district court ("DAVIS court"). Defendant filed a motion to abate in favor of the earlier filed proceedings. In the meantime, Plaintiff obtained a patent on the unique crawler crane. Plaintiff moved the DAVIS court to rehear its motion for a temporary injunction. In that

motion Plaintiff asserted a claim for patent infringement.[1]  One week later, Defendant filed its notice of removal to this Court.

### III. Discussion.

#### A. Timeliness of notice of removal.

Generally, a defendant must file a notice of removal within thirty (30) days after receiving a copy of the initial pleading setting forth the claim for relief.  *See* 28 U.S.C. §1446 (b).  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.*

The Court finds that Plaintiff's initial pleading in state court did not state a removable case.  In his motion for rehearing, however, Plaintiff asserted a patent infringement claim which is removable.  Therefore, Defendant timely filed its notice of removal.

#### B. Jurisdiction.

Section 1338(a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws.  An action arises under the federal patent laws if the complaint includes allegations that federal patent law creates the cause of action or federal patent law is a necessary element of the claim.  *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).  Because Plaintiff is now alleging a patent infringement claim and because patent infringement claims fall within the exclusive jurisdiction of the federal courts, this Court has jurisdiction over the patent claim.  Furthermore, under 28 U.S.C. §1367 (a), the Court exercises supplemental jurisdiction over the related state law claims.

---

[1] "Mr. Davis also contends that Defendant is seeking to sell cranes which would violate his trade secret rights as well as his patent rights. (Note: The United States Department of Commerce, Patent and Trademark Office issued a patent to Mr. Davis for said crawler cranes on December 21, 1999)." (Plaintiff's motion for rehearing of temporary injunction hearing, ¶1.03).

## IV. Conclusion.

Defendant properly and timely removed this case to federal court. This Court has jurisdiction over this case.

1. Plaintiff's motions (Dkt. Nos. 5 & 7) are DENIED.

2. The Court INSTRUCTS Plaintiff to file a complaint detailing all of the claims it is asserting against Defendant. Plaintiff's complaint will conform to the dictates of Rule 8 (a) of the Federal Rules of Civil Procedure. Plaintiff's complaint will be filed no later than March 24, 2000. Defendant will have the usual time to answer.

3. The Court INSTRUCTS Plaintiff's counsel to refrain from filing repetitive motions and to desist from filing motions consisting primarily of exegesis on generally principles of law. Moreover, Plaintiff's counsel will not simply lift text from treatises. Rather, Plaintiff's counsel will cite appropriate and precedential legal authority that is factually on point, apply authority to the current factual dispute, discuss only the narrow issues before the Court, and incorporate exhibits from previous filings. Future filings not conforming with these instructions will be stricken.

4. Initial pretrial conference remains scheduled for April 27, 2000.

DONE at Brownsville, Texas, this _____ day of March 2000.

Hilda G. Tagle
United States District Judge

3