

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES, U.S.A. INC. | § | |

### DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
### AMENDED ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant FAVELLE FAVCO CRANES, U.S.A., INC., ("Defendant"), and amends its answer and counterclaim to the allegations contained in *Plaintiff's Original Petition and Application for Temporary Restraining Order*, ("Petition"), filed by Daniel E. Davis, ("Plaintiff"), as follows:

### PARTIES

1. **1st Paragraph**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first paragraph under the heading labeled "PARTIES" in the Petition.

2. **2nd Paragraph**: Defendant admits that it is a corporation duly formed and existing under the laws of the State of Texas and that it has a place of business at 4 Mile East, FM 106, Port of Harlingen, P.O. Box 3048, Harlingen, Texas 78551-3049, but denies the remaining allegations contained in the second paragraph under the heading labeled "PARTIES" in the Petition.

### JURISDICTION

3. **All Paragraphs**: Defendant denies all allegations contained in the paragraphs under the heading labeled "JURISDICTION" in the Petition.

## VENUE

4.  **1st and Only Paragraph**: Defendant admits that its offices are located in Cameron County, Texas but denies all of the remaining allegations of the paragraph under the heading labeled "VENUE" in the Petition.

## FACTS

5.  **1st and 2nd Paragraphs**: Defendant denies all of the allegations contained in the first and second paragraphs under the heading labeled "FACTS" in the Petition.

6.  **3rd Paragraph**: Defendant admits that Plaintiff apparently filed a patent application which resulted in a patent, but denies all of the other allegations contained in the third paragraph under the heading labeled "FACTS" in the Petition.

7.  **4th Paragraph**: Defendant admits that in the past, until a patent issued the U.S. Patent and Trademark Office kept the information secret but denies all of the remaining allegations contained in the fourth paragraph under the heading labeled "FACTS" in the Petition.

8.  **5th Paragraph**: Defendant admits that it and its affiliated companies make tower and offshore cranes and that its affiliated companies have been doing so for over thirty years but denies all of the remaining allegations contained in the fifth paragraph under the heading labeled "FACTS" in the Petition.

9.  **6th Paragraph**: Defendant admits that Favelle Favco Holdings entered into an employment contract with Plaintiff where Plaintiff was to be the Managing Director of Defendant and that the contract was for thirty-six months subject to the terms of the contract. Defendant admits that the contract provided that, subject to the terms of the contract, Plaintiff should receive a salary, a company car and a health plan but denies all of the remaining allegations contained in the sixth paragraph under the heading labeled "FACTS" in the Petition.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 2

10. **7th - 16th Paragraphs**: Defendant denies all of the allegations contained in the seventh through the sixteenth paragraphs under the heading labeled "FACTS" in the Petition.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

11. **1st - 8th Paragraphs**: Defendant denies all of the allegations contained in the first through the eighth paragraphs under the heading labeled "APPLICATION FOR TEMPORARY RESTRAINING ORDER" in Petition.

12. **9th Paragraph**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the ninth paragraph under the heading labeled "APPLICATION FOR TEMPORARY RESTRAINING ORDER" in the Petition.

13. Any statement or allegation not specifically addressed by Defendant in this, its Amended Answer, is hereby specifically denied.

## ADDITIONAL DEFENSES

14. Defendant has denied and continues to deny Plaintiff has any cause of action against Defendant upon which he can prevail. Subject to its denials, Defendant asserts the following affirmative defenses:

15. **First Additional Defense**: Defendant has not infringed, actively induced infringement or contributed to the infringement of any claim of U.S. Patent No. 6,003,252 ("the '252 Patent").

16. **Second Additional Defense**: Plaintiff was President, Managing Director, and a Director of FFC USA during the time the '252 Patent application was applied and prosecuted. In fact, Plaintiff was specifically required to participate in the development of the technology forming the subject matter of the '252 patent for Defendant and spent substantial amounts of Defendant's funds and utilized Defendant's resources in doing so. As a high level officer and a Director of Defendant, Plaintiff further owed Defendant fiduciary duties to act in Defendant's best interest in promoting its business. By virtue of Plaintiff's position as

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 3

President, Managing Director, and a Director of Defendant and his fiduciary duties to act in Defendant's best interest during the time the '252 Patent was applied for and prosecuted, Defendant is the true owner of U.S. Patent No. 6,003,252, as well as any other patents or patent applications applied for by Davis related to crawler cranes. In the alternative, Defendant has an irrevocable shop right and an express or implied royalty free license to use the technology that is the subject of U.S. Patent No. 6,003,252, as well as any other patent or patent application applied for by Davis that relates to crawler cranes.

17. **Third Additional Defense**: Defendant asserts the affirmative defense of estoppel.

18. **Fourth Additional Defense**: Defendant asserts the affirmative defense of waiver.

19. **Fifth Additional Defense**: Defendant asserts the affirmative defense of laches.

20. **Sixth Additional Defense**: Defendant asserts the statute of frauds as an affirmative defense.

21. **Seventh Additional Defense**: Defendant owns the technology, trade secrets and information made the basis of this suit. In the alternative, Defendant asserts that it has an irrevocable shop right and an express or implied license to use the technology, trade secrets and information made the basis of this suit.

22. **Eighth Additional Defense**: Defendant asserts that Plaintiff, as an officer and director of Defendant, owed a fiduciary duty of loyalty to Defendant and breached its fiduciary duty of loyalty to Defendant.

## COUNTERCLAIM

23. Defendant is in the business of designing, manufacturing and selling crawler cranes. The design of such crawler cranes was developed by Defendant at considerable expense, and constitutes valuable property which gives Defendant a competitive advantage. Defendant's information relating to the design and manufacture of such crawler cranes constitutes trade secrets and confidential information of Defendant.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 4

24. Plaintiff was formerly the President and a Director of Defendant. In violation of his obligations of confidence and fiduciary duties, he has pursued patent protection for inventions that belong to Defendant. In addition, he has sought to appropriate for himself designs, information, and technology which are Defendant's, not those of Plaintiff.

25. Upon information and belief, after Plaintiff no longer was President and a Director of Defendant, Plaintiff made false, misleading, or deceptive statements or representations to others that he is the designer and owner of the design of the Defendant's crawler cranes and '252 patent and/or has made false, misleading, or deceptive statements or representations regarding the nature, characteristics, qualities and/or origin of Defendant's crawler cranes in violation of 15 U.S.C. § 1125(a). Upon further information and belief, Plaintiff has made false, misleading, or deceptive statements or representations relating to the characteristics, qualities, and/or origins of what Plaintiff refers to as the "Davis Crawler Cranes" in violation of 15 U.S.C. § 1125(a).

26. As a direct and proximate result of Plaintiff's conduct, Defendant has suffered damages and, in all likelihood will suffer loss of its substantial investment and the loss of potential profits that would accrue to Defendant but for the conduct of Plaintiff. The total loss to Defendant cannot be measured accurately. However, unless Plaintiff is enjoined from misrepresenting to others the nature, characteristics, qualities, and origin of Defendant's crawler cranes, as well as what Plaintiff calls the "Davis Crawler Cranes," Defendant will suffer irreparable harm.

27. For the harm and loss suffered by Defendant, and for the harm and loss that will occur unless Plaintiff is enjoined by this Court, Defendant has no remedy at law. If Plaintiff is permitted to continue misrepresenting the nature, characteristics, qualities and origin of Defendant's crawler cranes, Plaintiff will profit by his own wrong and Defendant's business reputation will be ruined, resulting in damages to Defendant that are unpredictable and unending.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 5

28. Plaintiff has misused Defendant's proprietary information and trade secrets and unless Plaintiff is enjoined from using and disclosing Defendant's proprietary information and trade secrets, Defendant will be irreparably harmed.

29. Plaintiff's conduct makes this an exceptional case under 15 U.S.C. § 1117(a). Defendant is therefore entitled to recover its attorney's fees.

## DECLARATORY JUDGMENT

30. This is a counterclaim for a declaratory judgment under 28 USC § 2201 of noninfringement and ownership of the '252 patent as well as any other patent or patent application filed by Davis related to crawler cranes. This court has subject matter jurisdiction to hear and decide this counterclaim pursuant to 28 USC § 2201, § 2202, § 1338(a), and § 1367.

31. Defendant is the rightful owner of the '252 patent as well as any other patent or patent applications relating to crawler cranes, and has not infringed, induced infringement or contributed to the infringement of any of the claims of the '252 patent and is not currently infringing, inducing infringement or contributing to the infringement of any of the claims of the '252 patent.

## DEMAND FOR JURY TRIAL

32. Pursuant to Federal Rule of Civil Procedure 38, Defendant demands a jury trial on all issues triable of right by a jury.

WHEREFORE, Defendant prays for a judgment:

(a) that Plaintiff take nothing against Defendant and that Defendant go hence with its costs without day;

(b) that a preliminary and permanent injunction be issued against Plaintiff preventing him from directly or indirectly interfering in any way with Defendant's business, including misrepresenting the nature, characteristics, qualities and origin of

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 6

Defendant's crawler cranes and the ownership of the design of the Defendant's crawler cranes and the '252 Patent, and the so-called "Davis Crawler Cranes";

(c) that the Court declare that Defendant has not infringed, actively induced infringement or contributed to the infringement of any claim of the '252 patent, and that Defendant owns the technology, trade secrets and information made the basis of this suit as well as the '252 patent and any other patent or patent applications filed by Davis related to crawler cranes, the design of the Defendant's crawler cranes, and the so-called "Davis crawler cranes," or in the alternative, that the Court declare that Defendant has an irrevocable shop right or an express or implied royalty free license to use the technology, trade secrets and information made the basis of this suit, as well as the technology that is the subject of the '252 patent and any other patent or patent applications filed by Davis related to crawler cranes;

(d) that Defendant be awarded actual and punitive damages against the Plaintiff on the causes of action alleged herein;

(e) that Plaintiff be ordered to account to Defendant for any and all of Plaintiff's profits due to his acts in violation of 15 U.S.C. § 1117(a);

(f) that Defendant be awarded its attorneys' fees incurred in this action in accordance with 15 U.S.C. § 1117(a);

(g) that Plaintiff be enjoined preliminarily and permanently from continuing to use Defendant's proprietary information and trade secrets relating to crawler cranes, and from disclosing any such proprietary information or trade secrets, and that Plaintiff be ordered to return any such proprietary information and trade secrets to Defendant.

(h) that the damages awarded for Plaintiff's violations of 15 U.S.C. § 1125(a) be trebled pursuant to 15 U.S.C. § 1117(a);

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 7

(i)  that Defendant recover both pre-judgment and post-judgment interest as allowed by law; and

(j)  that Defendant be granted such other relief as the Court deems just and equitable.

Respectfully submitted,

_____
Gary Gurwitz
S.B. # 08631000/Fed. I.D. No. 1194
Charles C. Murray
S.B. # 14719700/Fed I.D. No. 1214
ATLAS & HALL, L.L.P.
818 Pecan - P.O. Drawer 3725
McAllen, Texas 78502
Tele: 956/682-5501   Fax 956/686-6109

**ATTORNEY IN CHARGE FOR DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.**

OF COUNSEL:

Willem G. Schuurman
S.B. # 17855200
Brian K. Buss
S.B. # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Tele: 512/495-8400
Fax: 512/495-8612

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 8

## CERTIFICATE OF SERVICE

  This will certify that a true and correct copy of this document was served on all counsel of record, by certified mail, return receipt requested, on the _21_ day of March, 2000, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

                            Gary Gurwitz

---

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
AMENDED ANSWER AND COUNTERCLAIM
PAGE 9