*18-*

United States District Court
Southern District of Texas
FILED

APR 0 6 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL E. DAVIS § | |
| VS. § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES, U.S.A. INC., § FAVELLE FAVCO CRANES (M) SDN § BHD, FAVELLE FAVCO HOLDINGS SDN § BHD, and MUHIBBAH ENGINEERING § | |

## DEFENDANTS' FAVELLE FAVCO CRANES, U.S.A., INC.'S ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FAVELLE FAVCO CRANES, U.S.A., INC., ("Defendant"), one of the defendants in the above-styled and numbered cause, and files this, its answer and counterclaim in response to the allegations contained in *Plaintiff's Original Complaint* ("Complaint"), filed by Daniel E. Davis, ("Plaintiff" or "Davis"), as follows:

### PARTIES

1. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. This defendant admits the allegations contained in paragraph 2 of the Complaint.

3. This defendant admits that Favelle Favco Cranes (M) SDN BHD is a corporation formed and existing under the laws of Malaysia. This defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. This defendant admits that Favelle Favco Holdings is a corporation formed and existing under the laws of Malaysia. This defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. This defendant admits that Muhibbah Engineering is a corporation formed and existing under the laws of Malaysia. This defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. This defendant admits that it does business in this judicial district. This defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. This defendant admits that the plaintiff asserts an action for patent infringement and that this court has jurisdiction as to this defendant. This defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. This defendant admits that venue is proper as to it.

## BACKGROUND OF THE LITIGATION

9. This defendant denies the allegations contained in paragraph 9 of the Complaint.

10. This defendant denies the allegations contained in paragraph 10 of the Complaint.

11. This defendant denies the allegations contained in paragraph 11 of the Complaint.

12. This defendant admits that it manufactures and sells crawler cranes. This defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 2

## PATENT INFRINGEMENT

13. This defendant admits that U.S. patent number 6,003,252 was issued to the plaintiff. This defendant denies the remaining allegations of paragraph 13.

14. This defendant denies the allegations contained in paragraph 14 of the Complaint.

## IRREPARABLE INJURY

15. This defendant denies the allegations contained in paragraph 15 of the Complaint.

16. This defendant denies the allegations contained in paragraph 16 of the Complaint.

## JURY

17. This defendant admits that both parties have timely demanded a jury trial.

## PRAYER

18. This defendant denies the allegations of the prayer.

19. All allegations of the Complaint not specifically addressed above are in all things denied.

## ADDITIONAL DEFENSES

20. This defendant has denied and continues to deny that the plaintiff has any cause of action against this defendant upon which he can prevail. Subject to its denials, this defendant asserts the following additional defenses:

21. **First Additional Defense:** This defendant has not infringed, actively induced infringement or contributed to the infringement of any claim of U.S. Patent No. 6,003,252 ("the '252 Patent").

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 3

22.  **Second Additional Defense:** The plaintiff was President, Managing Director, and a Director of this defendant during the time the '252 Patent application was applied for and prosecuted.  In fact, the plaintiff was specifically required to participate in the development of the technology forming the subject matter of the '252 patent for this defendant and spent substantial amounts of this defendant's funds and utilized this defendant's resources in doing so.  As a high level officer and a Director of this defendant, the plaintiff further owed this defendant fiduciary duties to act in this defendant's best interest in promoting its business.  By virtue of the plaintiff's position as President, Managing Director, and a Director of this defendant and his fiduciary duties to act in this defendant's best interest during the time the '252 Patent was applied for and prosecuted, this defendant is the true owner of U.S. Patent No. 6,003,252, as well as any other patents or patent applications applied for by Davis related to crawler cranes.  In the alternative, this defendant has an irrevocable shop right and an express or implied royalty free license to use the technology that is the subject of U.S. Patent No. 6,003,252, as well as any other patent or patent application applied for by Davis that relates to crawler cranes.

23.  **Third Additional Defense:** This defendant asserts the affirmative defense of estoppel.

24.  **Fourth Additional Defense:** This defendant asserts the affirmative defense of waiver.

25.  **Fifth Additional Defense:** This defendant asserts the affirmative defense of laches.

26.  **Sixth Additional Defense:** This defendant asserts the statute of frauds as an affirmative defense.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 4

27.  **Seventh Additional Defense:** This defendant owns the technology, trade secrets and information made the basis of this suit. In the alternative, this defendant asserts that it has an irrevocable shop right and an express or implied license to use the technology, trade secrets and information made the basis of this suit.

28.  **Eighth Additional Defense:** This defendant asserts that the plaintiff, as an officer and director of this defendant, owed a fiduciary duty of loyalty to this defendant and breached his fiduciary duty of loyalty to this defendant.

## COUNTERCLAIMS

## MISAPPROPRIATION OF TRADE SECRETS AND UNFAIR CONDITIONS

29.  This defendant is in the business of designing, manufacturing and selling crawler cranes. The design of such crawler cranes was developed by this defendant at considerable expense, is not known to this defendant's competitors, and constitutes valuable property which gives this defendant a competitive advantage. This defendant's information relating to the design and manufacture of such crawler cranes was treated as confidential and restricted information and constitutes trade secrets and confidential information of this defendant.

30.  The plaintiff was formerly the President and a Director of this defendant. In violation of his obligations of confidence and fiduciary duties, he has pursued patent protection for inventions that belong to this defendant. In addition, he has access to and has sought to appropriate for himself designs, information, and technology which are this defendant's, not those of the plaintiff.

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 5

31. Upon information and belief, after the plaintiff no longer was President and a Director of this defendant, the plaintiff made false, misleading, or deceptive statements or representations to others that he is the designer and owner of the design of this defendant's crawler cranes and '252 patent and/or has made false, misleading, or deceptive statements or representations regarding the nature, characteristics, qualities and/or origin of this defendant's crawler cranes in violation of 15 U.S.C. § 1125(a). Upon further information and belief, the plaintiff has made false, misleading, or deceptive statements or representations relating to the characteristics, qualities, and/or origins of what the plaintiff refers to as the "Davis Crawler Cranes" in violation of 15 U.S.C. § 1125(a).

32. When Davis was president and a director of defendant, Davis paid money to himself or his nominee from defendant allegedly as a royalty. Davis was not entitled to take such funds, and has wrongfully appropriated those funds. Defendant requests judgment against Davis for the funds wrongfully taken.

33. As a direct and proximate result of the plaintiff's conduct, this defendant has suffered damages and, in all likelihood will suffer loss of its substantial investment and the loss of potential profits that would accrue to this defendant but for the conduct of the plaintiff. The total loss to this defendant cannot be measured accurately. However, unless the plaintiff is enjoined from the use of this defendant's trade secrets and/or misrepresenting to others the nature, characteristics, qualities, and origin of this defendant's crawler cranes, as well as what the plaintiff calls the "Davis Crawler Cranes," this defendant will suffer irreparable harm.

34. For the harm and loss suffered by this defendant, and for the harm and loss that will occur unless the plaintiff is enjoined by this Court, this defendant has no remedy at law.

FFC  
VS.  
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S  
ANSWER AND COUNTERCLAIM  
PAGE 6

If the plaintiff is permitted to continue misrepresenting the nature, characteristics, qualities and origin of this defendant's crawler cranes, the plaintiff will profit by his own wrong and this defendant's business reputation will be ruined, resulting in damages to this defendant that are unpredictable and unending.

35. The plaintiff has misused this defendant's proprietary information and trade secrets and unless the plaintiff is enjoined from using and disclosing this defendant's proprietary information and trade secrets, this defendant will be irreparably harmed.

36. The plaintiff's conduct makes this an exceptional case under 15 U.S.C. § 1117(a). This defendant is therefore entitled to recover its attorney's fees.

## BREACH OF FIDUCIARY DUTY

37. This defendant incorporates the allegations paragraphs 1-35 above.

38. As a high-level officer and director of this defendant, Davis owed this defendant fiduciary duties to act in this defendant's best interests in promoting its business. By misappropriating this defendant's proprietary designs, drawings, trade secrets, proprietary information and confidential information and filing a patent application in his own name and refusing to assign it to this defendant, Davis acted in his own interests and contrary to those interests of this defendant, violating his fiduciary duties.

39. This defendant has suffered damages and will continue to suffer damages proximately caused by Davis' breach of his fiduciary duties to this defendant.

## THEFT

40. This defendant incorporates the allegations of paragraph 1-38 above.

41. Davis has committed theft as defined in the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code, § 134.01 *et seq.*

FFC  
VS.  
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S  
ANSWER AND COUNTERCLAIM  
PAGE 7

## CONVERSION

42. This defendant incorporates the allegations of paragraphs 1 - 40 above.

43. By failing to return all documents and copies thereof belonging to this defendant, including those containing this defendant's confidential information, proprietary information and trade secrets, and by his use of such confidential information, proprietary information and trade secrets, Davis has wrongfully and tortiously converted the property of this defendant to his own use and dominion.

44. This defendant has suffered injury and will continue to suffer injury as a result of Davis' conversion.

45. Davis' conversion was engaged in intentionally, knowingly, willfully and deliberately giving rise to the right to recover exemplary damages.

46. This defendant is entitled to recover its attorneys' fees.

## DECLARATORY JUDGMENT

47. This defendant incorporates the allegations of paragraphs 1 - 46 above.

48. This is a counterclaim for a declaratory judgment under 28 USC § 2201 of non-infringement and ownership of the '252 patent as well as any other patent or patent application filed by Davis related to crawler cranes. This court has subject matter jurisdiction to hear and decide this counterclaim pursuant to 28 USC § 2201, § 2202, § 1338(a), and § 1367.

49. This defendant is the rightful owner of the '252 patent as well as any other patent or patent applications relating to crawler cranes, and has not infringed, induced infringement or contributed to the infringement of any of the claims of the '252 patent and

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 8

is not currently infringing, inducing infringement or contributing to the infringement of any of the claims of the '252 patent.

## DEMAND FOR JURY TRIAL

50.     Pursuant to Federal Rule of Civil Procedure 38, this defendant demands a jury trial on all issues triable of right by a jury.

WHEREFORE, this defendant prays for a judgment:

(a)     that the plaintiff take nothing against this defendant and that this defendant go hence with its costs without day;

(b)     that a preliminary and permanent injunction be issued against the plaintiff preventing him from directly or indirectly interfering in any way with this defendant's business, including misrepresenting the nature, characteristics, qualities and origin of this defendant's crawler cranes and the ownership of the design of this defendant's crawler cranes and the '252 Patent, and the so-called "Davis Crawler Cranes";

(c)     that the Court declare that this defendant has not infringed, actively induced infringement or contributed to the infringement of any claim of the '252 patent, and that this defendant owns the technology, trade secrets and information made the basis of this suit as well as the '252 patent and any other patent or patent applications filed by Davis related to crawler cranes, the design of this defendant's crawler cranes, and the so-called "Davis crawler cranes," or in the alternative, that the Court declare that this defendant has an irrevocable shop right or an express or implied royalty free license to use the technology, trade secrets and information made the basis of this suit, as well as the technology that is the subject of the '252 patent and any other patent or patent applications filed by Davis related to crawler cranes;

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 9

(d) that this Court issue a preliminary and permanent injunction against plaintiff preventing plaintiff from directly or indirectly using or disclosing any of this defendant's confidential information, proprietary information and trade secrets, from interfering in any way with this defendant's business, including designing, manufacturing and selling crawler cranes and from competing or attempting to compete with this defendant in the crawler crane business;

(e) that this Court order Davis to return all property of this defendant in his possession or subject to his control;

(f) that this defendant be awarded actual and punitive damages against the plaintiff on the causes of action alleged herein;

(g) that the plaintiff be ordered to account to this defendant for any and all of the plaintiff's profits due to his acts in violation of 15 U.S.C. § 1117(a);

(h) that this defendant be awarded its attorneys' fees incurred in this action in accordance with 15 U.S.C. § 1117(a);

(i) that the plaintiff be enjoined preliminarily and permanently from continuing to use this defendant's proprietary information and trade secrets relating to crawler cranes, and from disclosing any such proprietary information or trade secrets, and that the plaintiff be ordered to return any such proprietary information and trade secrets to this defendant.

(j) that the damages awarded for the plaintiff's violations of 15 U.S.C. § 1125(a) be trebled pursuant to 15 U.S.C. § 1117(a);

(k) that this defendant recover both pre-judgment and post-judgment interest as allowed by law; and

ClibPDF - www.fastio.com

(l) that this defendant be granted such other relief as the Court deems just and equitable.

Respectfully submitted,

_____
Gary Gurwitz
S.B. # 08631000/Fed. I.D. No. 1194
ATLAS & HALL, L.L.P.
818 Pecan - P.O. Drawer 3725
McAllen, Texas 78502
Tele: 956/682-5501  Fax 956/686-6109

**ATTORNEY IN CHARGE FOR DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.**

**OF COUNSEL:**

Charles C. Murray
S.B. # 14719700/Fed I.D. No. 1214
ATLAS & HALL, L.L.P.
818 Pecan - P.O. Drawer 3725
McAllen, Texas 78502
Tele: 956/682-5501  Fax 956/686-6109

Willem G. Schuurman
S.B. # 17855200
Brian K. Buss
S.B. # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Tele: 512/495-8400
Fax: 512/495-8612

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 11

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record, by certified mail, return receipt requested, on the 6th day of April, 2000, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

Al Payne
Payne, Lundeen, D'Ambrosio & Arismendi, L.L.P.
1700 West Loop South, Suite 1230
Houston, Texas 77027

_Gary Gurwitz_

FFC
VS.
DAVIS

DEFENDANT FAVELLE FAVCO CRANES, U.S.A., INC.'S
ANSWER AND COUNTERCLAIM
PAGE 12