*17*

United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern ... ... ... ...

APR 2 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS,<br>plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC.,<br>defendant | §<br>§<br>§ | |

**Defendant Favelle Favco Cranes, U.S.A., Inc.'s Opposed
Motion to Disqualify Alton Payne and firm as Counsel for Plaintiff**

Gary Gurwitz
Charles C. Murray
ATLAS & HALL, L.L.P.
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200

# Contents

1.    *Summary.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

2.    *Background.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
    2.1.    *FFC USA.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1
    2.2    *Davis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    2.3    *The crawler crane dispute.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

3.    *Payne's representation of FFC USA.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    3.1    *Representation related directly to crane in dispute.* . . . . . . . . . . . . . . .  3
        3.1.1    *Review and discussion of patent issues.* . . . . . . . . . . . . . . . . . .  3
        3.1.2    *Review and filing of trademark applications.* . . . . . . . . . . . . . .  4
        3.1.3    *Review and discussion of engineering and related legal issues.* .  5
    3.2    *Representation was of FFC USA, not just of Davis.* . . . . . . . . . . . . . .  7
        3.2.1    *Davis acted for FFC.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
        3.2.2    *Payne represented to the U.S. government that he represented FFC USA.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
        3.2.3    *Payne billed FFC USA.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

4.    *Payne's representation of Davis individually, in violation of his duties to FFC USA.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

5.    *Payne disqualified.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
    5.1    *Substantial relation.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9
        5.1.1    *Payne's representation of FFC USA.* . . . . . . . . . . . . . . . . . . . .  10
        5.1.2    *Substantial relation.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10
    5.2    *Participation in Davis' breach of fiduciary duty.* . . . . . . . . . . . . . . . .  11
    5.3    *Witness.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

CickPDF - www.fastio.com

United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas

APR 2 6 2000

Michael N. Milby /
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| plaintiff | § | |
| | § | |
| v. | § | Civil Action No. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| defendant | § | |

### Defendant Favelle Favco Cranes, U.S.A., Inc.'s Opposed
### Motion to Disqualify Al Payne and firm as Counsel for Plaintiff

Defendant Favelle Favco Cranes, U.S.A., Inc.'s ("FFC USA") files this motion to disqualify Al Payne and the law firm of Payne, Lundee, D'Ambrosio & Arismendi, L.L.P., as counsel for plaintiff Daniel E. Davis ("Davis"), and would show:

1.   *Summary.*  Plaintiff's counsel Al Payne ("Payne") represented FFC USA in matters regarding the crawler crane that are subjects of this litigation and/or substantially related to the subject of this litigation.  Specifically, Payne had a long course of conduct concerning patent data and related trade secrets, confidentiality agreements, conferences, and advice, and filed the related trademark application on behalf of FFC USA.  He billed FFC USA for all of this.  Payne therefore is disqualified to represent Davis.

2.   *Background.*

   2.1.   *FFC USA.*  FFC USA is a Texas corporation, with its principal office in Harlingen, Texas.  It is the United States subsidiary of Favelle Favco Cranes Holdings Sdn Bhd ("FFC Holdings"), which also owns and/or has interests in other crane companies based in Malaysia and elsewhere.  FFC Holdings' subsidiaries have extensive experience

1

with the design, development, manufacture, and sale of cranes.  FFC USA's Harlingen

facility was established to market existing products and to develop, design, manufacture,

and sell the crawler crane at issue in this litigation. Reporter's Record ("RR") at 176-77

(Attachment A).[1]  FFC USA has spent some $6 million to $8 million in connection with the

crawler crane at issue.  RR at 172-73, 176.

      2.2   *Davis*. Davis, during all relevant times,  was president and a director

of FFC USA.  His duties for FFC USA included oversight of the development, design, and

manufacture of the crawler crane at issue.  RR at 170.  In fulfilling those duties, he would

have obtained additional information confidential and proprietary information regarding the

crawler crane at issue.  As president and director of FFC USA, Davis owed fiduciary duties

to that company.  RR 124.

      2.3   *The crawler crane dispute*. Davis claims that he owns the patent to

the crawler crane, and that FFC USA and others are infringing on that patent.  FFC USA

contends that the crane was designed, developed, and manufactured while Davis was

president and a director of FFC USA, and that FFC USA paid for such design,

development, and manufacture.  FFC USA also asserts herein various state and federal

claims relating to ownership of the patent on the crane, trade secrets relating to the crane.

---

[1] Attachment A consists of excerpts from the court reporter's record of a hearing held in *Favelle Favco Cranes USA, Inc. v. Daniel E. Davis, Davisco, Inc. and Cobum International, Ltd.,* Cause No. 1999-10-4467-C in the 197th District Court, Cameron County Texas, along with exhibits from such hearing. The court reporter's record will be referred to as "RR." The exhibits will be referred to as they were at the hearing, e.g., PX-2. The state court hearing related in part to Davis's motion to "qualify" Payne as his counsel in the state court proceeding. The remainder of the hearing not provided herewith dealt with FFC USA's motion to abate the state court proceeding pending the resolution of this federal case.

3.    *Payne's representation of FFC USA.*  Alton W. Payne was hired by Davis to represent FFC USA in connection with the crawler crane.  The bills sent by Payne to FFC USA reflect services for intellectual property matters[2] and related issues beginning on April 14, 1998, and continuing through August 1999.  PX-8.

    3.1    *Representation related directly to crane in dispute.*  Payne provided representation in connection with the crawler crane at issue in numerous respects.  These include:

       3.1.1  *Review and discussion of patent issues.*  Payne's September 30, 1998 bill to FFC USA (part of PX-8) reflects discussions on April 15, 1998, relating to the Austrian patent application on the crawler crane at issue.  Additionally, Payne's November 30, 1998 bill to FFC USA relating to services for November 10, 1998, reflects charges for "Lundeen office conference with Messrs Payne and Orgeron concerning Austrian patent situation."  PX-8.  Payne's representation, however, was not limited to the Austrian patent.  The September 30 bill also reflects a "[t]elephone conference with Mr. Danny Davis concerning search for crane devices."[3]  Such searches necessarily involve knowledge of the unique features of the matter to patented; that knowledge is necessary to the search.  Payne's October 31, 1998 bill to FFC USA(part of PX-8) also reflects preparation of a letter to Davis concerning intellectual property matters. That letter is faxed to FFC USA to the attention of Davis, and reports:

---

    [2] Payne also represented FFC USA consultant Orgeron in litigation ("Seatrax") pursuant to a written agreement between FFC USA and Orgeron. RR 120-21.

    [3] Payne admits that the "search for crane devices" could relate to a patent search in regard to the crane at issue.  RR 87.

3

> (5)     a patent application entitled "Conversion Apparatus and
>         Method for Use With Excavator and Crane Devises" has
>         been filed with the U.S. Patent and Trademark Office.
>         The U.S. Patent and Trademark Office assigned the
>         application serial number 09/129,279 (FFC02).

PX-9. Payne admits that the patent discussed in PX-9 is the one at issue in this litigation.

RR 81-82.    Payne thus also consults with FFC (through its president Daniel Davis) in

regard to the United States patent application.  *Id.*  *See also* RR 83 (Payne billed FFC

USA for PX-9, the letter to Davis re trademarks and patent, and related conference with

Davis).  It thus is clear that Payne provided representation to FFC USA in regard to patent

issues on the crawler crane at issue.

　　　　　　3.1.2  *Review and filing of trademark applications*.  On October 1,

1998, Payne filed four trademark applications on behalf of FFC USA.  PX-5; RR 51-53.

The applications list Payne as attorney for FFC USA.  *Id.*  (p. 5 of application).  Indeed,

paragraph 7 of each of the applications provides:

> Applicant hereby appoints Alton W. Payne [and law firm] . . . as
> its attorneys with full power of substitution and revocation, to
> prosecute this application, to make alterations and
> amendments therein, to handle all matters in the Patent and
> Trademark Office in connection therewith, to receive the
> registration certificate, and to handle all matters in connection
> with such mark after issuance of such registration.

PX-5 (Application ¶ 7).  *See also id.* ¶ 9 (directing notice to Payne).  Payne billed FFC USA

for the work on the trademark applications.  PX-8 (9/30/98 bill entries for 9/28/98 & related

disbursements).  Payne reported to FFC USA on the trademark applications in the same

letter in which he reported on the patent applications.  PX-9.  Further, the four "responses"

to the U.S. Patent and Trademark Office contained in PX-5 were filed by Payne on behalf

of FFC USA on about August 16, 1999, and were signed by Payne as attorney for FFC USA, the applicant. RR 52-53; PX-5. Payne admits that the crane used as the exemplar in the trademark applications is the crawler crane at issue herein. RR 55.

        3.1.3 *Review and discussion of engineering and related legal issues*. Payne also had numerous discussions, for which he billed FFC USA, relating to engineering on the crawler crane and related legal issues, as reflected in his bills. The cranes referenced in the intellectual property work done by Payne are the cranes that are the subject of this dispute, except for the Orgeron Seatrax dispute which is billed under separate heading. RR 92-93. These include (from various bills):

| | |
|---|---|
| 06/13/98 | Telephone conference with Mr. Danny Davis concerning search for crane devices[4]; Telephone conference with Mr. Keith Orizon concerning disclosure materials. |
| 06/19/98 | Office conference with Messrs. Danny Davis and Keith Orizon concerning additional disclosures and related matters. |
| 08/25/98 | Telephone conference with Mr. Danny Davis concerning intellectual property matters.[5] |
| 06/26/98 | Office conference with Messrs. Danny Davis and Keith Orizon concerning engineering disclosures. |
| 08/06/98 | Review agreements, Austrian law and Austrian documents; Prepare letter to Mr. Zimmermann[6] for review by Mr. Davis; Prepare agreement for Austrian engineer; Review, edit and revise document for transmittal to Mr. Zimmermann. |

---

[4] Payne admits that the "search for crane devices" could relate to a patent search in regard to the crane at issue. RR 87.

[5] Intellectual property matters include patents. RR 75-76.

[6] Zimmerman is a European engineer who was doing work on the cranes at issue in this litigation. RR 82-83.

5

08/24/98     Office conference with Mr. Keith Orgeron concerning evaluation of boom[7] support apparatus; telephone conference with Mr. Danny Davis concerning same;

08/25/98     Telephone conference with Mr. Danny Davis concerning intellectual property matters.

09/01/98     Office conference with Mr. Keith Orgeron concerning engineering on boom support crane apparatus.

10/22/98     Telephone conference with Mr. Davis concerning Zimmerman agreements.

10/27/98     Telephone conference with Mr. Davis concerning intellectual property matters; Prepare letter to Mr. Davis concerning status of intellectual property matters;[8] Prepare letter to Mr. Zimmerman concerning no response to prior requests.

10/29/98     Review counterproposal from Horst Zimmermann; Prepare letter to Mr. Davis concerning recommendation and providing Zimmermann proposal.

11/03/98     Telephone conference with Mr. Daniel Davis concerning contract matters in the United States and abroad; prepare letter to Mr. Zimmermann concerning same.

11/05/98     Review correspondence from Mr. Zimmermann; Prepare fax to Mr. Davis concerning same; Telephone conference with Mr. Daniel Davis concerning same; Extended telephone conference with Mr. Zimmermann concerning possible contract terms.

11/10/98     Lundeen office conference with Messrs. Payne and Orgeron concerning Austrian patent situation.

12/11/98     Telephone conference with Mr. Daniel Davis concerning Eccon[9] agreements.

---

[7] Payne admits that the boom relates to the crane at issue in this litigation.  RR 83-85.

[8] See PX-9 for letter, which specifically references patent status.

[9] Eccon did engineering work in connection with the patent at issue.

PX-8 (various bills).  *See also* RR 92-99 (all of the intellectual property work Payne did was in connection with cranes relates to cranes that are the subject of this litigation).

     3.2    *Representation was of FFC USA, not just of Davis.*  Payne has contended in the state court litigation that his representation really was of Davis, not of FFC USA.  That contention is untenable:

     3.2.1  *Davis acted for FFC.*  First, Payne clearly dealt with Davis, but he did so <u>in Davis' capacity as president and director of FFC USA</u>.  Davis was president of FFC USA at the inception of his dealings with Payne, and thereafter until September 1999.  RR 91.  Each of the four trademark applications, for example, is signed by Davis <u>as president of FFC USA</u>.  PX-5 (Application at 4).  By letter dated October 1, 1999, Payne indicates that he will take no further action on the trademarks and suggests that FFC USA have its "new attorney" take further action.[10]  PX-7.  Payne in that letter references work done as requested by Davis acting "as Managing Director." PX-7 at 3; RR 117-18.  Indeed, Davis individually could not have authorized Payne to take any action on behalf of FFC USA, nor could Davis individually have authorized FFC USA to pay Payne's bills to FFC USA.  Payne also admits that a consultation with Davis representing FFC USA would have

---

[10] Payne's position on whether he has represented FFC USA is totally inconsistent, apparently reflecting whatever position Payne feels would most benefit him at the time.  Payne billed FFC USA for his services.  PX-8.  Payne tells the U.S. government that he represents FFC USA in October 1998 and again in August 1999 in connection with the trademark applications.  PX-5.  Payne on October 26, 1999, states that "[t]he only matters for which I have been consulted by Favelle Favco Cranes (USA) Inc. is with respect to the filing of the captioned trademark applications."  PX-6.  Payne also notes that he has instructed FFC USA to acquire "new counsel," i.e., counsel other than Payne.  PX-6.

     On the other hand, Davis on March 22, 1999, for the first time informs Muhibbah Engineering (M) BHD (the owner of FFC Holdings) that "I represent Davis." PX-2.  Additionally, Davis on February 17, 2000 states "I do not, and have not, represented Favelle Favco Cranes (USA) Inc.," (PX-4), <u>a position contradicted even by his own internal documentation</u>.

shown up on the FFC USA bill, whereas a consultation with Davis on individual matters would show up on a separate bill to Davis at his home address. RR 71-72.

3.2.2 *Payne represented to the U.S. government that he represented FFC USA.* Payne admits the trademark applications (PX-5) represent to the U.S. Patent and Trademark Office that he is attorney for the applicant, FFC USA. RR 52-54. A patent attorney owes a duty of candor to the U.S. Patent and Trademark Office. RR 139-41. *See also* RR 58 (Payne admits that is not a reasonably prudent practice to misrepresent to the U.S. Patent and Trademark Office that you are attorney for an applicant.).

3.2.3 *Payne billed FFC USA.* Payne billed FFC USA – not Davis individually – for the work in question. PX-8. Indeed, Payne billed FFC USA over $86,000 for general and intellectual property matters from April 14, 1998 through August 25, 1999. PX-8. Payment was made by FFC USA, as authorized by Davis. RR 167-70. Matters on the FFC USA bills would be for work done for FFC USA. RR 71-75, 79. Consultations with Davis on individual matters would show up on a separate bill to Davis at his home address. RR 71-72.

4.     *Payne's representation of Davis individually, in violation of his duties to FFC USA.* Payne's contact at FFC USA was Davis. Davis was the only person he dealt with until on or after March 1999. RR 116-17 (Payne doesn't know who besides Davis "understood" that he was representing Davis; Davis is the only person Payne dealt with). Unbeknownst to anyone at FFC USA other than Davis, Payne did work for Davis individually during the time that Davis was president of and a director for FFC USA. Specifically, Payne in August 1998 filed a patent application on behalf of Davis individually

8

in connection with the crawler crane at issue. RR 91. *See also* RR 70-71 (Payne claims he sent the patent application bills to Davis personally, but no bills were in evidence). As discussed more fully below, Davis' application for the patent violated his fiduciary duty to FFC USA. RR 124, 127. Further, Payne's actions in that regard – taken while he was also representing FFC USA – constitute a gross breach of Payne's fiduciary duties to FFC USA. RR 128 (attorney would have the duty to advise the officer of the breach of duty); 149 (attorney should not file things for a company unless authorized by the company).

     5.    *Payne disqualified*. Payne should be disqualified from representing Davis in this matter for multiple independent reasons. This matter is substantially related to matters as to which Payne previously represented FFC USA; Payne likely will be a witness in this action; and Payne participated in Davis' breach of fiduciary to FFC USA.

     5.1    *Substantial relation*. At attorney is disqualified under the "substantial relationship" test where there exists: 1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify; and 2) a substantial relationship between the former and present representation. *In re American Airlines,* 972 F.2d 605, 614 (5th Cir. 1992), *cert. den.,* 507 U.S. 912 (1993); *Islander East Rental Program v. Ferguson,* 917 F.Supp. 504 (S.D. Tex. 1996) (disqualifying counsel in suit alleging service and trademark violations, unfair competition, and tortious interference where counsel in form previously had represented member of opposing party association in divorce); *City of El Paso v. Salas-Porras,* 6 F.Supp.2d 617 (W.D. Tex. 1998) (disqualifying counsel); *NCNB v. Coker,* 765 S.W.2d 398 (Tex. 1989) (Texas disqualification law). Once it is established that a substantial relationship exists an irrebutable presumption arises that

9

relevant confidential information was disclosed during the former representation.  *In re American Airlines,* 972 F.2d at 614; *NCNB,* 765 S.W.2d at 398.  The test, however, also is designed to protect the duty of loyalty an attorney has to a client.  *In re American Airlines,* 972 F.2d at 616, 618-19.   "That is, because the substantial relationship test is concerned with both a lawyer's duty of confidentiality *and* his duty of loyalty, a lawyer who has given advice in a substantially related matter must be disqualified, whether or not he haw gained confidences."  *Id.* at 619.

   5.1.1  *Payne's representation of FFC USA.*  Payne represented FFC USA in connection with the crawler crane, including related trademark, patent, trade secret and other issues, as shown above.  Payne billed FFC USA for such representation.  PX-8.  Payne represented to the U.S. Patent and Trademark Office that he represented FFC USA.   PX-5.   Payne's suggestion in the state court hearing that he was "really" representing Davis, not FFC USA, is untenable.  First, even "pro forma" representation is representation.  *Insurance Co. of N. American v. Westergren,* 794 S.W.2d 812, 815 (Tex. App.–Corpus Christi 1990) (mandamus granted to disqualify counsel despite counsel's argument that his signature on prior pleadings was merely pro forma).  Further, Payne's representation was real and substantive, involving substantial intellectual property, trade secret, patent, and other matters.  Regardless of whether or not Payne was asked to represent FFC USA by Davis (as president and director of FFC USA), he clearly represented FFC USA.

   5.1.2  *Substantial relation.*  The matters at issue here directly involve the crawler crane and related patent and trade secret issues, as discussed above.

CMaPDF - www.hewlia.com

Because Payne represented FFC USA on the very subject of this litigation, he is disqualified to represent Davis herein. *In re American Airlines,* 972 F.2d 605 (5th Cir. 1992), *cert. den.,* 113 S.Ct. 1262 (1993) (mandamus granted to disqualify American's former counsel from representing its competitor in antitrust case). Payne's prior representation of FFC in connection with the crawler crane at issue is, on its face, substantially related to Payne's representation of Davis in this matter: the patent issues and trade secret/engineering issues as to which Payne represented FFC USA are directly involved in FFC USA's patent claim, and the infringement thereof by Davis. Similarly, such matters are directly involved in, and evidentiary of, FFC USA's claim that Davis breached fiduciary duties to FFC USA. Therefore, an irrebutable presumption exists that confidential information exists that disqualifies Payne. *Id.* at 614; *Quark, Inc. v. Power Up Software Corp.,* 812 S.W.2d 178 (D. Colo. 1992) (trademark and copyright representation in regard to same product were "substantially related," resulting in disqualification of counsel); *Clarke v. Ruffino,* 819 S.W.2d947 (Tex. App.–Houston [14th Dist.] 1991, writ dism'd w.o.j.) (party to a real estate refinancing successfully disqualified his attorney in that transaction from representing an opposing party in a suit alleging breach of a joint venture agreement in connection with the same property). Further, such representation would violate Rule 1.09 of the Texas Rules of Disciplinary Procedure.

      5.2    *Participation in Davis' breach of fiduciary* duty. Payne represented FFC USA and therefore had ongoing fiduciary duties to FFC USA. A lawyer employed by an organization represents that entity, <u>not</u> the individual officers and directors. TEX. DISC.

R. PROF. CONDUCT 1.12(a)[11]; *see also* ¶ 3.2.2 above.  Further, a lawyer representing an entity is <u>required</u> "to take remedial actions" whenever the lawyer learns that an officer or employee of the organization has committed or intends to commit a violation of a legal obligation to the organization, the violation is likely to result in substantial injury to the organization, and the violation is related to a matter within the scope of the lawyer's representation.  *Id.* Rule 1.12(b).  As discussed above, Payne represented FFC USA for work in connection with the crawler crane.  Despite this, Payne undertook to represent Davis (the president and a director of FFC USA) individually in connection with applying for a patent on the crawler crane in Davis' name.  Davis's duties specifically included the development, designed, manufacture, and sale of the crawler cranes at issue.[12] RR 170. Any patent acquired by an employee for improvements which he invents or devises as part of his employment belong to his employer, *Davis v. ALWAC International, Inc.,* 369 S.W.2d 797 (Tex. Civ. App.–Beaumont 1963, writ ref'd n.r.e.), and hence FFC USA was the true owner of any patent that might be issued.  Payne's representation of Davis' individual

---

[11]                     (a) A lawyer employed or retained by an organization represents the entity.  While the lawyer in the ordinary course of working relationships may report to, and accept direction from, an entity's duly authorized constituents, in the situations described in paragraph (b) the lawyer shall proceed as reasonably necessary in the best interest of the organization without involving unreasonably risks of disrupting the organization and of revealing information relating to the representation to persons outside the organization.

         . . .

                    (e) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when it is apparent that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing or when explanation appears reasonably necessary to avoid misunderstanding on their part.

TEX. R. DISC. P. 1.12(a), (e).

[12] Until receipt of the March 22, 1999 letter, FFC USA had no knowledge that Payne was representing Davis adversely to FFC USA,  RR 173, or that Davis claimed the patent adversely to it.

interests was directly adverse to the interests of Payne's client FFC USA and in direct violation of Rule 1.12. For this independent reason, Payne should be disqualified from representing Davis in this matter.

     5.3 *Witness*. Under Rule 3.08 of the Texas Rules of Disciplinary Procedure, a lawyer may not accept or continue employment as an advocate before a tribunal if the lawyer knows or believes that he is or may be a witness necessary to establish an essential fact on his client's behalf, or if he will be compelled to furnish testimony that will be substantially adverse to his client. Tex. R. Disc. P. 3.08(a), (b). Payne will be a witness in this matter concerning, among other things, the patent application he filed and related statements concerning rights in the patent. As explained by FFC USA's expert, witnesses in a patent dispute typically include the attorney who prosecuted the patent. RR 139-41. The patent owner owes a duty of candor to the patent office, and has to tell the office everything he knows that could impact what the patent office decides on the patent, and that also runs to the attorney. *Id.* Therefore, in litigation, the company would have a right to find out what the patent owner knew and what the attorney who prosecuted the patent knew, and if the attorney knew something that he didn't disclose to the patent office the patent could be held unenforceable. *Id.* Therefore, usually the entire firm is disqualified. *Id.* For this further independent reason, Payne should be disqualified from representing Davis in this litigation.

     Wherefore, premises considered, FFC USA requests that this court disqualify attorney Al Payne and the law firm of Payne, Lundee, D'Ambrosio & Arismendi, L.L.P. from representing Davis in this litigation and in connection with the crawler crane that is the

13

subject of Patent No. 6,003,252 (the patent at issue). This defendant requests such further

relief to which it may be entitled, at law or in equity.

Respectfully submitted,

Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for defendant

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200

## Certificate of Conference

Pursuant to Local Rule 6.A.4, I certify that we have conferred with the other counsel in this matter and that counsel cannot agree about the disposition of the motion.

Gary Gurwitz

16

## Certificate of Service

I certify that on April 26, 2000, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | certified mail, return receipt requested |
| Al Payne<br>PAYNE, LUNDEEN, D'AMBROSIO &<br>ARISMENDI LLP<br>1700 W. Loop South, Suite 1230<br>Houston, Tx 77027 | | |

Gary Gurwitz

17

United States District Court
Southern District of Texas
Brownsville Division

DANIEL E. DAVIS,                          §
          plaintiff                       §
                                          §
v.                                        §              Civil Action No. B-00-003
                                          §
FAVELLE FAVCO CRANES USA, INC.,           §
          defendant                       §

### Affidavit of Gary Gurwitz

Before me, the undersigned notary, personally appeared Gary Gurwitz, who being by me duly sworn, deposed and said:

1.     My name is Gary Gurwitz. I am one of the attorneys of record for Favelle Favco Cranes USA, Inc. in the referenced cause. I am above the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am competent to make this affidavit. The facts stated herein are within my personal knowledge and are true and correct.

2.     Attachment A to Defendant Favelle Favco Cranes, U.S.A., Inc.'s Opposed Motion to Disqualify Alton Payne and firm as Counsel for Plaintiff is a true and correct copy of excerpts from the Reporter's Record in Cause No. 1999-10-4467-C in the 197th District Court, Cameron County, Texas, *Favelle Favco Cranes USA, Inc. v. Daniel E. Davis, et al.*

Gary Gurwitz

Subscribed and sworn to before me, the undersigned notary, on April 26, 2000.

Notary public, State of _____
My commission expires:

15