21

United States District Court
Southern District of Texas
FILED

MAY 0 4 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN BHD, | § | |
| FAVELLE FAVCO HOLDINGS SDN BHD, | § | |
| and MUHIBBAH ENGINEERING | § | |

**BRIEF IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FOR INSUFFICIENT SERVICE OF DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants FAVELLE FAVCO HOLDINGS SDN BHD ("Holdings"), and MUHIBBAH ENGINEERING (M) BHD ("Muhibbah"), and file this brief in support of their First Amended Motion to Dismiss for Lack of Jurisdiction and for Insufficient Service, and would show unto the Court the following:

### I.

### BACKGROUND INFORMATION

Favelle Favco Cranes USA, Inc., ("FFC USA"), manufacturers, designs and sells construction cranes, including crawler cranes of the type involved in this lawsuit. Daniel Davis ("Davis") was formerly president and a director of FFC USA. A company Davis controls remains a stockholder in FFC USA. This suit is the second of two suits between Davis and FFC USA. The first suit was filed by FFC USA against Davis on October 26, 1999 in the 103rd Judicial District Court of Cameron County, Texas. The suit pending in this court was filed on November 1, 1999 in

the 107th Judicial District Court of Cameron County, Texas and was removed to federal court on January 3, 2000, shortly after Plaintiff first asserted patent infringement claims. Daniel Davis' motion to remand has been overruled. In Daniel Davis' First Amended Complaint, Davis named as additional defendants, FFC Malaysia, Holdings and Muhibbah and attempted service on each of them by serving Cheam Tek Siong. Defendants FFC Malaysia, Muhibbah and Holdings, all Malaysian corporations, filed a motion to dismiss for lack of personal jurisdiction. FFC Malaysia voluntarily withdraws its objection to jurisdiction based on the due process clause of the 14th Amendment but Muhibbah objects to jurisdiction based on the due process clause and service and Holdings objects to jurisdiction based on the due process clause only.

## II.

## PERSONAL JURISDICTION

To exercise personal jurisdiction over a nonresident defendant, two requirements must be met. First, the nonresident defendant must be amenable to service of process under a State's long-arm statute. *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). Second, the assertion of in personam jurisdiction must be consistent with the 14th Amendment's due process clause. *Id.* Texas' long-arm statute has been interpreted to extend to the limits of due process, therefore, the only issue to be determined is whether subjecting Muhibbah and Holdings to suit in Texas would offend the due process clause of the 14th Amendment. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).

Due process requirements are satisfied when personal jurisdiction over a nonresident corporate defendant that has "certain minimum contacts with [Texas] such that the maintenance of

the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

a.   *Minimum Contacts*

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which the individual has established no meaningful "contact, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985), *citing International Shoe*, 326 U.S. at 319. In evaluating minimum contacts with the forum, one must determine whether the nonresident has purposely availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In analyzing minimum contacts, the Supreme Court has drawn a distinction between specific and general jurisdiction. *See Burger King*, 471 U.S. at 472; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 40, 413 (1984); *Coats v. Penrod Drilling*, 5 F.3d 877, 884 (5th Cir. 1993).

i.   *Specific Jurisdiction*

To establish specific jurisdiction, the defendant must have purposely directed his activities at the resident of the forum and, the litigation must result from the alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Burger King*, 471 U.S. at 474; *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992). The focus is on the relationship between the defendant, the forum, and the litigation. *Burger King*, 471 U.S. at 474. The "purposeful availment" element "ensures that a defendant will not be haled [sic] into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, ... or the 'unilateral activity of another party or a third person.'" *Burger King*, 417 U.S. at 475.

---

| DAVIS | BRIEF IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS FOR LACK OF |
| vs. | JURISDICTION AND FOR INSUFFICIENT SERVICE OF DEFENDANTS |
| FFC | PAGE 3 |

ClibPDF - www.fastio.com

Davis' allegations asserted in this cause do not arise out of or relate to any contact Muhibbah or Holdings have had with the State of Texas. Further, as established by the Affidavits of Shirleen Lee Poh Kwee and Cheam Tek Siong, attached to Defendant's First Amended Motion to Dismiss for Lack of Jurisdiction and for Insufficient Service, neither Muhibbah nor Holdings do business in the State of Texas; they do not own property or have contracts in Texas and do not maintain offices in Texas. Plaintiff cannot point to any activities on the part of Holdings or Muhibbah in the State of Texas that relate to the present cause of action. Muhibbah and Holdings have not engaged in any activities in the State of Texas that would sustain this Court's exercise of specific jurisdiction over them.

    ii.    *General Jurisdiction*

Where the cause of action is not related to or does not arise from the defendant's activities in the forum, the forum may still assert general jurisdiction over the defendant if the defendant's contacts with the forum are of a "continuous and systematic" nature. *Helicopteros*, 466 U.S. at 414-15. Due process requires "continuous and systematic" contacts because the forum state does not have a direct interest in the underlying dispute. *Helicopteros*, 466 U.S. at 415-16. When general jurisdiction is alleged, the minimum contacts inquiry is broader and more demanding, requiring a showing of "substantial activities" in the forum state. *Petty-Ray*, 954 F.2d at 1068.

As previously stated, Muhibbah and Holdings have not conducted any meaningful activities in the State of Texas. Neither has an office or place of business in Texas. Muhibbah has no employees in Texas and neither engages in any advertising specifically targeting the state. See Affidavits of Shirleen Lee Poh Kwee and Cheam Tek Siong, attached to Defendant's First Amended

Motion to Dismiss for Lack of Jurisdiction and for Insufficient Service. Plaintiff's original Employment Contract dated June 23, 1997, was with Holdings, which pre-dated FFC USA's incorporation. However, on September 3, 1997, FFC USA was incorporated and Plaintiff became President and a director of FFC USA. Plaintiff's contract with Holdings terminated and he was removed as President and a director of FFC USA on September 8, 1999.

In *Bearry v. Beech Aircraft Corp.,* 818 F.2d 370 (5th Cir. 1987), the Court determined that Beech, which was not registered to do business in Texas, had no facilities in Texas, and had no employees in Texas, but even had some sales of products in Texas, had not made continuous and systematic contacts on which general jurisdiction could be based. *Id.* at 374-376. Although Holdings owns 90% of the stock in FFC USA, the courts have made it clear that 100% ownership and identity of officers and directors, even together, is insufficient to confer jurisdiction on a parent company. *Gardemae v. Westin Hotel Company,* 186 F.3d 588, 593 (5th Cir. 1999) (citing *United States v. Jon-T Chemicals,* 768 F.2d 686, 691 (5th Cir. 1985). Further, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there; the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent. *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir. 1983). Muhibbah and Holdings' lack of substantial, systematic and continuous business activities within the State of Texas compels the conclusion that neither is "doing business" in Texas so as to subject them to general jurisdiction here. Accordingly, Muhibbah and Holdings' First Amended Motion to Dismiss should be granted.

DAVIS
vs.
FFC

BRIEF IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR INSUFFICIENT SERVICE OF DEFENDANTS
PAGE 5

*a.*     *Fairness.*

After a defendant's contacts are analyzed, the Court must determine whether imposing jurisdiction on Holdings and Muhibbah would offend "traditional notions of fair play and substantial justice." *Interational Shoe v. Washington*, 376 U.S. 310, 316 (1945). The factors to be considered are: (1) the burden upon the non-resident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining the most efficient resolution of controversies; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; (5) the shared interest of the several states in furthering fundamental substantive social policies. *Wilson v. Belin*, 20 F.3d 644, 647, n.3 (5th Cir. 1994). The burden on Holdings and Muhibbah of litigating in Texas would be substantial. It would be unfair and would subject both to unnecessary costs. Again, neither Holdings nor Muhibbah have contacts with Texas which would confer jurisdiction over them. Further, to do so would offend traditional notions of fair play and substantial justice.

Respectfully submitted,

*(signature)*

Gary Gurwitz
State Bar No. 08631000/Southern Dist. I.D. # 1194
Charles C. Murray
State Bar No. 14719700/Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

**ATTORNEYS IN CHARGE FOR DEFENDANTS**

DAVIS
vs.
FFC

BRIEF IN SUPPORT OF FIRST AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION AND FOR INSUFFICIENT SERVICE OF DEFENDANTS
PAGE 6

**OF COUNSEL:**

Willem G. Schuuman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record, by certified mail, return receipt requested, on the 4th day of May, 2000, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

Al Payne
PAYNE, LUNDEEN, D'AMBROSIO & ARISMENDI, L.L.P.
1700 West Loop South, Suite 1230
Houston, Texas 77027



ClibPDF - www.fastio.com