

```
IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF TEXAS
           BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JUL 21 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS | § § | |
| vs. | § § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC. FAVELLE FAVCO CRANES (M) SDN BHD, FAVELLE FAVCO HOLDINGS SDN BHD and MUHIBBAH ENGINEERING | § § § § § | |

**DEFENDANT FAVELLE FAVCO CRANES USA, INC.'S MOTION TO COMPEL PLAINTIFF DANIEL E. DAVIS TO RESPOND TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO DANIEL E. DAVIS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FAVELLE FAVCO CRANES USA, INC., ("Defendant"), asks the court to compel Plaintiff Daniel E. Davis to respond to Defendant's First Set of Requests for Production to Daniel E. Davis.

### A. Introduction

1.  Plaintiff is Daniel E. Davis ("Davis"). Defendants are Favelle Favco Cranes USA, Inc., ("FFC USA"), Favelle Favco Cranes (M) Sdn Bhd, ("FFC Malaysia"), Favelle Favco Holdings Sdn Bhd, ("Holdings"), and Muhibbah Engineering ("Muhibbah"). FFC USA and FFC Malaysia have appeared and answered; Holdings has appeared and answered subject to its motion to dismiss for lack of jurisdiction; and Muhibbah

has objected to jurisdiction and service in its motion to dismiss for lack of jurisdiction and insufficient service.

2. The discovery period in this case will end September 28, 2000.

3. Jury selection is set for February 5, 2001.

## B. Facts

4. On December 10, 1999, FFC USA served counsel for Davis with discovery requests in accordance with Rule 5 of the Federal Rules of Civil Procedure. A copy of the discovery requests together with the transmittal letter and hand delivery receipt are attached hereto as Exhibit A.

5. Davis' responses were due on January 10, 2000, and no request for an extension of time was ever made. Davis did not serve responses or objections to these requests on the date they were due and still has not responded to FFC USA's discovery requests. Therefore, the court should order Davis to file written responses.

6. After the deadline for Davis to serve responses or objections to these requests had passed, counsel for FFC USA made repeated demands on counsel for Davis to respond to the requests and produce the documents responsive to the requests. Davis never served a written response of any kind to these requests, however, he did produce documents as set forth below.

DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 2

7. On or about May 9, 2000, counsel for Davis produced 224 pages of documents. These documents were not produced organized as they are kept in the usual course of business nor were they organized and labeled according to each particular category or request as required by Rule 34(b) of the Federal Rules of Civil Procedure.

8. On or about May 10, 2000, counsel for Davis produced an additional approximately 440 pages. These documents also were not produced organized as they are kept in the usual course of business nor were they organized and labeled according to each particular category or request as required by Rule 34(b) of the Federal Rules of Civil Procedure.

9. On or about July 7, 2000, counsel for FFC USA received four boxes of documents from counsel for Davis. These documents were not produced organized as they are kept in the usual course of business nor were they organized and labeled according to each particular category or request as required by Rule 34(b) of the Federal Rules of Civil Procedure.

10. Davis never served a written response of any kind to FFC USA's discovery requests.

11. Davis has not produced, or as best as can be determined, has not produce any documents responsive to Request Nos. 16, 23, 24, 25, 26, 27, 30, 31, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 54, 55, 56 and 57.

DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 3

12. Because the documents produced were neither organized and labeled according to each particular category or request nor organized as they are kept in the usual course of business as required by Rule 34(b) of the Federal Rules of Civil Procedure, it is impossible for FFC USA to determine whether Davis has responded fully to any of FFC USA's requests. Specifically, Davis has not responded fully, or as best can be determined has not responded fully to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 18, 19, 20, 21, 22, 28, 29, 32, 33, 36, 46, 47, 51, 52 and 53.

### C. Argument & Authorities

13. The court may compel responses to discovery if a party does not respond to a request for production under Rule 34 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(a)(2)

### D. Waiver of Objections

14. If the responding party does not object to a request for production within the 30-day time limit of Rule 34(b) of the Federal Rules of Civil Procedure, the party's objections are waived, unless the party obtains an extension of time from the court or other party before the deadline. *Krewson vs. City of Quincy*, 120 F.R.D. 6,7 (D. Mass. 1988); *see Day vs. Boston Edison Co.*, 150 F.R.D. 16, 21 (D. Mass. 1993) (failure to file objections within 30 days waives claims of privilege, except 5th Amendment). Davis objections were due on January 10, 2000. Davis did not timely object to the discovery

nor did he obtain an extension of time before the deadline. Therefore, Davis waived his objections.

### E. Expenses of Motion

15. Davis' noncompliance with the discovery requests impedes FFC USA's discovery efforts, prevents effective trial preparation, and conceals relevant facts. FFC USA has incurred the cost of preparing and filing this motion to obtain relief. Under Rule 37(a)(4) of the Federal Rule of Civil Procedure, FFC USA is entitled to reasonable expenses incurred in obtaining the order, including attorney fees.

### F. Conclusion

16. Davis' written responses to FFC USA's First Set of Requests for Production were due on January 10, 2000. Davis failed to serve timely written responses and/or objections and did not produce any documents until May 9, 2000, almost four months after their due date. None of the documents that have been produced by Davis were organized as they are kept in the usual course of business nor were they organized and labeled according to each particular category or request. Davis' failure to produce the documents in the manner required by Rule 34(b) of the Federal Rules of Civil Procedure makes it impossible for FFC USA to determine conclusively to which request the documents are responsive. Davis' conduct in resisting discovery makes it necessary for FFC USA to seek an order compelling Davis to serve written

DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 5

responses to FFC USA's discovery requests and produce documents in the manner required by Rule 34(b) of the Federal Rules of Civil Procedure, finding that Davis waived his objections, and ordering Davis to pay FFC USA's reasonable expenses incurred in filing this motion, including attorney's fees.

### G. Request for Oral Argument

17. Defendant FFC USA requests oral argument to present this motion to the Court.

### H. Prayer

18. For these reasons, FFC USA asks the court to set this motion for hearing and, after the hearing, compel Davis to file complete responses to FFC USA's discovery requests, find that Davis waived his objections, and order Davis to pay to FFC USA $_____ for reasonable expenses incurred in filing this motion, including attorney fees.

DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 6

Respectfully submitted,

Gary Gurwitz
State Bar No. 08631000
Southern Dist. I.D. # 1194
Charles C. Murray
State Bar No. 14719700
Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuuman
State Bar No. 17855200
Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

By: _____

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on  7/21/00 , I conferred with counsel for the respondent and counsel cannot agree about the disposition of this motion.

Date: 7/21/00

_____
Gary Gurwitz

DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 7

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the ___21___ day of July, 2000, as follows:

Al Payne
Payne, Lundeen, D'Ambrosio & Arismendi, L.L.P.
1700 West Loop, South, Suite 1230
Houston, Texas 77027

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520



DAVIS
vs.
FFC

DEFENDANT FFC USA'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO
DEFENDANT'S FIRST SET OF REQUEST FOR PRODUCTION
PAGE 8