26

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
**ENTERED**

**JUL 2 5 2000**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on July 21, 2000, the Court considered Defendants' motion to disqualify Plaintiff's attorney (Dkt. No. 17) and Defendants' motion to dismiss for lack of jurisdiction and insufficient service (Dkt. No. 20).

### I. Factual summary

FAVCO USA (Defendant) is in the business of designing, developing, manufacturing, and selling crawler cranes. DAVIS (Plaintiff) served as president and a director of FAVCO USA. During his tenure a particular type of crane was developed. The unique crawler crane consisted of a variable-gauge excavator bottom mated to an enhanced excavator upper. DAVIS asserts that he conceived of and developed this unique design of crawler crane. FAVCO USA on the other hand asserts that DAVIS usurped an interest in the crane.

Mr. Alton Payne is an attorney with the law firm of Payne, Lundeen, D'Ambrosio, & Arismendi, L.L.P. (PLDA), in Houston, Texas. Payne was the intellectual property lawyer who filed patent and trademark application in the United States Patent and Trademark Office. Payne also litigated a previous lawsuit involving FAVCO USA. All billing statements relating to these matters were sent directly to FAVCO USA.

1

## II. Discussion

### A. Motion to disqualify Plaintiff's attorney

Defendants argue that Plaintiff's attorney must be disqualified for three reasons: that Payne represented Defendant in substantially related matters; that Payne participated in Plaintiff's breach of fiduciary duty; and that Payne will be a witness in this case.

### 1. Plaintiff's attorney's prior representation of Defendants in a substantially related matter

"Motions to disqualify an attorney are substantive motions resolved under federal law standards, *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992), and governed by the ethical rules in the state and national professions in light of the public interest and rights of the litigants. *Id.*; *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). As such, the ABA Model Rules of Professional Conduct (Model Rules), the ABA Model Code of Professional Responsibility (Model Code), and the Texas Rules of Professional Conduct (Texas Rules) are relevant to the Court's resolution of the disqualification issue. *See American Airlines*, 972 F.2d at 610; *Islander East Rental Program v. Ferguson*, 917 F. Supp. 504, 508 (S.D. Tex. 1996)." *El Paso v. Salas-Porras Soule*, 6 F. Supp.2d 616, 620-21 (W.D. Tex. 1998) (granting motion to disqualify a law firm based on conflict of interest arising out of prior representation).

In the Fifth Circuit, the test for disqualification of attorneys is articulated in *American Airlines*. To disqualify an attorney or firm under the *American Airlines* test, a moving party must show: "1) an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify and 2) a substantial relationship between the subject matter of the former and present representations." 972 F.2d at 614 (citations and quotations omitted); *see also El Paso*, 6 F. Supp.2d at 621. The test is not to be applied in a "mechanical" way such that an attorney can never represent an interest adverse to a former client. *American Airlines*, 972 F.2d at 614; *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1027-28 (5th Cir. 1981).

2

**-- an actual attorney-client relationship between the moving party and the attorney he seeks to disqualify**

Despite Plaintiff's insistence that "[i]t is undisputed that Payne was Davis' attorney at all times," the Court finds that an actual attorney-client relationship existed between Payne and Defendant. Payne worked on matters for Defendant – he filed patent and trademark applications and litigated at least one case involving FAVCO USA interests. Plaintiff's arguments to the contrary are unavailing in light of entries in Payne's billing statements. "Travel to Brownsville; Attend deposition of Messrs. Daniel Davis and FFC employee *on behalf of Favelle Favco*; Follow-up conference with Messrs. Dais and Orgeron concerning same; Return to Houston." Invoice No. 903020, p.2 (emphasis added). Moreover, the billing statements were sent to Favelle Favco Cranes USA, Inc, not Mr. Davis. On the other hand, Plaintiff presents affidavits and copies of correspondence to support his position that Payne was Davis's personal attorney at all times. Plaintiff's evidence is incredible. The evidence submitted makes clear that an actual attorney-client relationship existed between Payne and Defendant.

**-- a substantial relationship between the subject matter of the former and present representations.**

"The movant bears the burden of proving that the present and prior representations are substantially related. *See American Airlines*, 972 F.2d at 614; *Duncan*, 646 F.2d at 1028. At the same time, however, the party seeking disqualification is not required to point to specific confidences revealed to his former attorney that are relevant to the pending case. *Duncan*, 646 F.2d at 1028. Once the movant proves that the matters are substantially related, the Court will irrebuttably presume that relevant confidential information was disclosed during the former representation. *See American Airlines*, 972 F.2d at 614; *Duncan*, 646 F.2d at 1028." *El Paso*, 6 F. Supp.2d at 623.

At the heart of this case is the ownership of intellectual property. At the heart of Payne's earlier representation of Defendant was the ownership of related intellectual property. Plaintiff's attempt to distinguish trademarks and patents is unconvincing.

3

Both the present action and the prior representation concern the ownership of valuable property interests in the patented crane technology. Thus, the Court irrebuttably presumes that relevant confidential information was disclosed during the former representation.

### 2. Attorney as witness

Based on the nature of the case and Payne's prior involvement with the parties, it is likely that he will be a witness in this case. As such, Payne is disqualified from representing Plaintiff. *See F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995); *see also* SUPREME COURT OF TEXAS, STATE BAR RULES, Art. X, §9 (Texas Disciplinary Rules of Professional Conduct) Rule 3.08 (1994). Clearly, Payne, although not necessarily PLDA, would be disqualified under 3.08.

Based on the briefs, the law, and the evidence submitted by the parties, the Court holds that Mr. Payne is disqualified from representing Plaintiff in this case. Moreover, PLDA, Payne's law firm, is disqualified.

### B. Motion to dismiss for lack of subject matter jurisdiction and insufficient service of process

On May 4, 2000, Defendants filed their motion to dismiss for lack of jurisdiction and insufficient service. Plaintiff has not responded. Under Local Rule 6E a "[f]ailure to respond will be taken as a representation of no opposition."

Defendant FAVELLE FAVCO HOLDINGS SDN BHD ("Holdings") and MUHIBBIDAH ENGINEERING (M) BHD ("Muhibbida") are DISMISSED.

However, Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia") is not dismissed. FFC Malaysia explicitly withdrew its objection to personal jurisdiction and service of process then, in the same pleading, requested that it be dismissed from the case. Defendants submit no evidence supporting dismissal of FFC Malaysia. All of the evidence submitted relates to Holdings and Muhibbida. The Court accepts FFC Malaysia's withdrawal of objection and DENIES its request for dismissal.

4

## III. Conclusion

Defendants' motion to disqualify Plaintiff's attorney (Dkt. No. 17) is GRANTED. Defendants' motion to dismiss for lack of jurisdiction and insufficient service (Dkt. No. 20) is GRANTED in part and DENIED in part. Defendants FAVELLE FAVCO HOLDINGS SDN BHD ("Holdings") and MUHIBBIDAH ENGINEERING (M) BHD ("Muhibbida") are DISMISSED. Defendant FFC Malaysia is not dismissed.

DONE at Brownsville, Texas, this _____ day of July 2000.

Hilda G. Tagle
United States District Judge

5