United States District Court
Southern District of Texas
FILED

NOV 17 2000

Michael N. Milby
Clerk of Court

In the United States District Court
for the Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| v. | § | Civil Action B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC. | § | |

## FAVELLE FAVCO CRANES USA, INC.'S
## MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FAVELLE FAVCO CRANES USA, INC. ("FAVCO"), and files this Motion for Protective Order and would respectfully show the Court as follows:

1. Davis noticed the telephonic deposition of James E. Hopkins for November 20, 2000. FAVCO received the notice no earlier than November 13, 2000. See Exhibit 1.

2. FAVCO objects to the deposition of Hopkins because it was noticed in violation of the Federal Rules of Civil Procedure, this court's pre-trial discovery order, and the parties' Rule 11 agreement. FAVCO also objects because the deposition results in violation of international treaty and Chinese law.

3. *Deposition noticed in violation of Court's discovery order.* This court's April 27, 2000, pre-trial discovery/case management order set September 28, 2000, as the deadline to complete all discovery in this case. See Exhibit 2. The deposition of Hopkins is clearly outside the court ordered discovery deadline and should therefore be quashed. Moreover, the court affirmed in an October 26, 2000, Order that the discovery deadline in this case has passed. See Exhibit 3.

4. *Deposition noticed in violation of parties' written agreement.* In addition to the court ordered discovery deadline, Davis' counsel signed an agreement with counsel for FAVCO

which provided that discovery would end in this case on October 13, 2000. See Exhibit 4. The court should enforce the parties written agreement regarding discovery and protect FAVCO from Davis' attempts to depose Hopkins outside of the agreed discovery deadline.

5.  *Deposition noticed in violation of Federal Rules of Civil Procedure.* Davis' deposition notice is unreasonable and violates Rules 28(b) and 30(b)7 of the Federal Rules of Civil Procedure.

    5.1  *Notice is unreasonable.* The deposition notice is unreasonable under the circumstances because, if enforced, it would require FAVCO to prepare for and attend a deposition of a witness located in China on less than one week's notice. As this court is aware, the parties in this case are also litigating in state district court in Cameron County. In that case, Davis made FAVCO aware on November 16, 2000 of new factual allegations, new witnesses and witness information and brought into issue hundreds of pages of additional documents, much of which would be fertile cross-examination ground for FAVCO <u>in this case</u>, should Hopkins be deposed. However, it is not possible, prior to the deposition as currently noticed, for FAVCO to: (1) analyze Davis' new factual allegations; (2) compare the new allegations to what was previously asserted by Davis as his evidence on these issues; (3) identify, locate and assemble all of the documents about which FAVCO would need to cross-examine Hopkins; and (4) deliver those documents to Hopkins in China (assuming FAVCO can determine from the notice to whom and the location where the documents should be delivered) so that he can be cross-examined about them. Under the circumstances, the deposition notice is unreasonable and this court should enter an order pursuant to Rule 26 (c) protecting FAVCO from Davis' improper attempts to obtain Hopkins' deposition.

    5.2  *Davis has not obtained a court order pursuant to Rule 30(b)(7) to take a telephone deposition.* Davis' deposition notice states that the deposition will be taken by telephone. Telephone depositions may only be taken (a) upon written stipulation of the parties or (b) upon order of the court (upon a proper motion). FED. R. CIV. P. 30(b)(7).

Davis has obtained neither a stipulation nor an order in this case. Moreover, there is authority that, even upon a proper motion, telephone depositions of persons in foreign countries are impermissible. *Jahr v. IU Intern Corp.*, 109 F.R.D. 429, 432 (M.D.N.C. 1986)(last sentence of Rule 30(b)(7), which omits reference to Rule 28(b), was likely intentional in recognition of problems in conducting foreign depositions).

  5.3 *Davis' notice demonstrates that the deposition will not be taken in compliance Rule 28(b)*. Depositions in foreign countries may only be taken if the requirements of Rule 28(b) are met.[1] Rule 28 states that a foreign deposition may be taken: (1) pursuant to any applicable treaty or convention; or (2) pursuant to a letter of request; or (3) on notice before a person authorized to administer oaths in the place where the examination is held; or (4) by a person commissioned by the court. FED. R. CIV. P. 28(b). As discussed in detail at paragraph 6 below, Davis' request does not comply with any convention to which China and the U.S. are signatories. In addition, Davis has not sought from this court either a letter of request or a commission for Hopkins' deposition. Furthermore, Davis' notice does not demonstrate that the person before whom the deposition will be taken is authorized to administer oaths in China. In fact, counsel for Davis informed counsel for FAVCO that the court reporter taking the deposition would be in Davis' counsel's office in Brownsville and that he assumed Hopkins would be alone in China during the deposition. Proceeding with a foreign deposition in this manner is improper and a protective order should therefore issue protecting FAVCO from Davis' attempts to obtain Hopkins' deposition through improper means.

---

[1] Rule 28 is the general rule for foreign depositions. Commentators have suggested that non-party witnesses can only be deposed in accordance with the laws and procedures of the foreign country. *See* D. Hittner, FEDERAL CIVIL PROCEDURE BEFORE TRIAL §11:584 at 11-138 (Rutter 2000) ("To depose a resident of a foreign country who is *not* a party to the local action [or officer, director, managing agent or employee of an entity party], the party seeking discovery must proceed under the laws and procedures of the foreign country"); 8C C. Wright, et al, FEDERAL PRACTICE & PROCEDURE §2083 at 673, 679 (1994) (rule 28 only helps if foreign country allows taking of deposition in manner prescribed).

3

6.  *Deposition noticed in violation of international treaty and Chinese law.* Hopkins resides in Tauan Jin, China. The deposition notice is for a telephone deposition and states that it "will be taken before an officer authorized by law to take deposition." The notice does not specifically identify the person before whom the deposition will be taken. See Exhibit 1. China and the United States are both signatories to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Convention"). 23 UST 2555, TIAS 7444. See Exhibit 5. The Convention describes the manner in which evidence may be obtained in countries that are parties thereto, including issuing letters of request for obtaining depositions and appointment of consular agents and/or diplomatic officers for the purpose of taking depositions. See Convention, arts. 1–22. Even though China is a party to the Convention, it has specifically opted out of Articles 16–22 of the Convention, which apply to taking depositions, among other things. China has communicated its views on the subject of obtaining evidence, including depositions, in a series of diplomatic notes. China's position is best summed up as follows: (1) if a party desires to take a deposition in China, it must request the deposition through a letter rogatory through proper diplomatic channels; (2) a deposition conducted before a consular agent of the U.S., although allowed by the Convention, does not conform to other China-US bilateral conventions and is therefore ill advised; and (3) participating in a deposition as either a witness or as the person asking questions or administering the oath could be seen as a violation of China's judicial sovereignty and result in arrest, detention, expulsion or deportation.[2] *See generally* Diplomatic Note 106 (November 6, 1981); Diplomatic Note 88 (April 14, 1988); Circular Diplomatic Note 77 (September 11, 1996): and http://travel.state.gov/china_legal.html. (Exhibit 7). In this case, Davis has not requested that the court issue a letter rogatory, much

---

[2]The risks to the deponent may be a reason that Hopkins' employer previously refused to allow him to voluntarily attend the deposition. See Exhibit 6. The risk to the deponent (i.e. imprisonment, deportation) can easily be characterized as undue burden. Even though the subpoena issued to Hopkins is ineffective under the law, this court still has the power and should quash the subpoena because it clearly subjects Hopkins, at the very least, to undue burden. *See* FED. R. CIV. P. 45 (c)(3)(A)(iv).

4

less begun the process of serving the letter rogatory through proper diplomatic channels. For these reasons, the court should protect FAVCO from Davis' improper attempts to require FAVCO and others to participate in a deposition improperly noticed and which may be illegal under the laws of the country where the deposition is to take place.

7.    *Conclusion.* The deposition of Hopkins is improperly noticed and, under the circumstances, proceeding with it would be inappropriate, as well as illegal under the laws of China. This motion for protective order is filed promptly after receipt of the notice and prior to the deposition and in response to a notice served less than eleven (11) days before the deposition. Any deposition of Hopkins pursuant to the objectionable notice therefore cannot be used against FAVCO. FED.R.CIV.P. 32 (a)(3)(E).

WHEREFORE, PREMISES CONSIDERED, FAVCO prays that the Court set this motion for hearing and, following such hearing, enter an order quashing the deposition notice for James Hopkins and protecting FAVCO from Davis' improper attempts to obtain the deposition of James Hopkins and for such other and further relief, at law or in equity, to which FAVCO may be justly entitled.

Respectfully submitted,

ATLAS & HALL, L.L.P.
818 Pecan (Zip: 78501)
P.O. Box 3725
McAllen, Texas  78502
Telephone:  956/682-5501
Fax:  956/686-6109

By_____
Gary Gurwitz
State Bar No. 08631000    SDOT # 1194
Charles C. Murray
State Bar No. 14719700    SDOT # 12314

ATTORNEYS FOR PLAINTIFF,
FAVELLE FAVCO CRANES USA, INC.

**OF COUNSEL:**

Mr. Willem G. Schuurman
State Bar No. 17855200
Mr. Brian K. Buss
State Bar No. 00798089
VINSON & ELKINS L.L.P.
2700 One American Center
600 Congress Avenue
Austin, Texas 78701-3200
Telephone: 512/495-8663
Telecopy: 512/236-3422

6

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Davis regarding the substance of this motion and was advised the he is OPPOSED to the motion. The parties are unable to resolve the issues in the motion without court intervention.

_____
Daniel G. Gurwitz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by fax or certified mail, return receipt requested, on this 17th day of November, 2000, to opposing counsel as follows:

Mr. Ernesto Gamez, Jr.
Mr. Victor Quintanilla
LAW OFFICES OF ERNESTO GAMEZ, JR.
777 E. Harrison
Brownsville, Texas 78520

_____
Daniel G. Gurwitz