41

```
IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF TEXAS
          BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

DEC 2 1 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS | § |
| | § |
| VS. | §   CIVIL ACTION B-00-003 |
| | § |
| FAVELLE FAVCO CRANES USA, INC. | § |

## OPPOSED PLAINTIFF'S PLEA IN ABATEMENT AND MOTION FOR STAY PENDING RESOLUTION OF FIRST FILED CLAIMS

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

**COMES NOW, DANIEL E. DAVIS**, Plaintiff in the above-styled and numbered civil action, and files this his **Opposed Plea In Abatement and Motion for Stay Pending Resolution of First-Filed Claims**, and in support thereof, would respectfully show the Court the following:

### I.

### NOTICE TO THE COURT

1.01   The undersigned counsel would point out to this Honorable Court that some of the facts and/or procedural history set forth in the following paragraphs have been brought to this Honorable Court's attention in previously filed Motions and/or pleadings.  While the undersigned counsel apologize to this Honorable Court for reiterating some of these background facts and/or procedural history, the undersigned counsel reasonably believe it is essential to include said information herein so this Honorable Court can have a full and thorough understanding of Plaintiff's position in this **Plea in Abatement.**

## II.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

2.01 On October 26, 1999, **FAVELLE FAVCO CRANES USA, INC.** filed its Plaintiff's Original Petition in the 197th Judicial District Court of Cameron County, Texas. (<u>NOTE</u>: **These are the first-filed claims between the parties herein.**). **FAVELLE FAVCO CRANES USA, INC.** sued **DANIEL E. DAVIS** and two (2) companies with which **MR. DAVIS** is associated, i.e. **DAVISCO, INC.** and **COBURN INTERNATIONAL LTD.**. **FAVELLE FAVCO CRANES USA, INC.** made claims of misappropriation of trade secrets, proprietary information and confidential information, breach of fiduciary duty, theft, and conversion against **MR. DAVIS**.

2.02 On **November 1, 1999**, Plaintiff **DANIEL E. DAVIS** filed his **Plaintiff's Original Petition and Application for Temporary Restraining Order** in the 107th Judicial District Court of Cameron County, Texas. (NOTE: **This is the case that was removed to this United States District Court on January 3, 2000 and is now this pending civil action**). In his pleadings, **MR. DAVIS** contended that he "... has been developing, and continues to develop, his ideas and concepts concerning a new and unique line of crawler cranes. This unique crawler cranes conceived and developed by Davis use a variable-gauge excavator bottom in conjunction with an enhanced standard excavator upper (the **"Davis Crawler Cranes"**)..." **MR. DAVIS** further contended, in his pleadings, that he "... diligently pursued to development of this new concept of cranes. Davis has protected his manufacturing methodology and the Davis Crawler Cranes as trade secrets...".

2

2.03 In his pleadings, **MR. DAVIS** further contended that he "... filed for a patent with the United States Patent and Trademark Office to protect his new and unique Davis Crawler Cranes. Davis plans to file for additional patents. The U.S. Patent and Trademark office has allowed the application for the Davis Crawler Cranes and a patent will ultimately issue...".

2.04 **MR. DAVIS** further contended, in his pleadings that "... On or about June 23, 1997, Davis entered an employment contract with Favelle Favco Holdings to be Managing Director and President of Favco in Harlingen, Texas. The contract was for thirty-six (36) months. Davis was to receive among other things, the right to purchase ten percent (10%) of the stock of Favco, a monthly salary, a company car, medical benefits and a royalty for any sales of the Davis Crawler Cranes. Favco agreed to license the manufacture and sale of the Davis Crawler Cranes, and to pay Davis a royalty. Davis was to have sole direction and control over the manufacture and sale of the Davis Crawler Cranes. Davis received ten percent (10%) of the stock of Favco...".

2.05 Additionally, **MR. DAVIS** contended that "... On September 8, 1999, the board of directors of Favco terminated Davis, without cause. Further, Favco sought to take for its own the intellectual property owned by Davis in the form of the Davis Crawler Cranes, including the trade secrets embodied in the manufacturing processes, drawings, engineering, know how, designs, and information contained in Davis' patent application. However, Favco knows that Davis is the inventor and the owner of the patent, the designs, the drawings and all technology related to the Davis Crawler Cranes...".

2.06 Because Defendant **FAVELLE FAVCO CRANES USA, INC.** was seeking to sell cranes which would violate **MR. DAVIS'** trade secret rights, he made an application for a temporary restraining order (TRO), an application for

temporary injunction, and a request for permanent injunction. **MR. DAVIS** sought to prevent Defendant **FAVELLE FAVCO CRANES USA, INC.** from continuing to make, sell, use, or promote the Davis Crawler Cranes' including without limitation all information, designs, drawings, and all technology related to the Davis Crawler Cranes. **MR. DAVIS** resorted to the courts to help him preserve his valuable property rights and prevent direct economic injury to him.

2.07 On **November 1, 1999**, the Honorable Benjamin Euresti, Presiding Judge of the 107th Judicial District Court of Cameron County, Texas signed a Temporary Restraining Order and show cause Order. Judge Euresti ordered that a temporary restraining order (TRO) be issued to restrain Defendant **FAVELLE FAVCO CRANES USA, INC.** from:

1. Threatening Plaintiff's privileges to utilizing his design and/or manufacture of Crawler Cranes;

2. Instituting any action in this or any other country, jurisdiction or forum attempting to obtain temporary or permanent order(s) concerning this litigation;

3. Molesting or disturbing the peace of the Plaintiff by continuing to attempt to prevent him from utilizing his design and/or manufacture of crawler cranes;

4. Engaging in an unreasonable or unnecessary acts intending to interfere with the conduct of the Plaintiff in his usual business of utilizing his design and/or manufacturing of crawler cranes;

5. Doing anything calculated to embarrass, harass, molest, injure Plaintiff rights or humiliate Plaintiff;

6. From interfering with or failing to continue the existing privileges of the Plaintiff;

7. From manufacturing, using, selling or offering for sale crawler cranes; and

8. From disclosing, using or in any way disseming information concerning the crawler cranes, including without limitation patent documents, drawings, designs, models and all documents related to the crawler cranes...".

2.08 Judge Euresti set a hearing for Plaintiff's application for temporary injunction on Monday, November 15, 1999 at 8:30 o'clock a.m.. However, at Defendant's counsel's request, this hearing was re-set to **Monday November 8, 1999.**

2.09 On **November 8, 1999,** the 107th Judicial District Court held a hearing on **MR. DAVIS'** application for temporary injunction and related matters. The Court heard argument of counsel for both parties, testimony from three (3) witnesses (Richard H. Robey, Andres Arismendi, Jr., and Mac Ngan Boon), and received several exhibits. After several hours of testimony, the Court asked to speak to counsel for both parties in chambers, and recessed for the day. Judge Euresti re-set the hearing for **Tuesday, November 9, 1999 at 9:00 o'clock a.m..**

2.10 On **November 9, 1999,** counsel for the respective parties read into the record the order of the 107th Judicial District Court of Cameron County, Texas with respect to the resolution of the temporary injunction issues. Counsel for Defendant agreed to prepare a written order reflecting the Court's order and circulate it to Counsel for Plaintiff (i.e. the Honorable Ray R. Marchan).

2.11 Thereafter, the parties, by and through counsel, were unable to reach an agreement as to the resolution of the temporary injunction issues. The undersigned counsel (who substituted for the Honorable Ray R. Marchan) requested that this hearing be reconsidered since the parties were unable to reach an agreement. Due to the fact that the parties have been unable to reach an agreement, and that there was no order resolving the temporary injunction issues, on December 27, 1999, Plaintiff filed a **Motion for Rehearing** in which he requested that the Temporary Injunction previously heard on November 8, 1999 be reconsidered and heard at a time and date specified by the 107th Judicial Court of Cameron County, Texas.

2.12 The 107th Judicial District Court of Cameron County, Texas set Plaintiff's Motion for Rehearing of Temporary Injunction Hearing for hearing on **January 7, 2000 at 9:00 o'clock a.m.**.

2.13 On **January 3, 2000**, Defendant **FAVELLE FAVCO CRANES USA, INC.** filed its Notice of Removal removing this case from the 107th Judicial District Court of Cameron County, Texas, where such case was pending, to this Honorable United States District Court for the Southern District of Texas.

2.14 In the meantime, the parties herein proceeded to litigate the issues and claims made in the 197th Judicial District Court case. By way of an Original Counterclaim, **MR. DAVIS** made claims of breach of contract, tortious interference with a business relationship, tortious interference with trade secrets, breach of fiduciary duty, fraud, and malice against **FAVELLE FAVCO CRANES USA, INC.**. **MR. DAVIS** filed his **Defendant's Original Counterclaim** on **March 21, 2000**. **MR. DAVIS** would show this Honorable Court that he did not make any claims in his Counterclaim based on Federal laws, statutes, and/or doctrines.

2.15 On **May 23, 2000**, the Honorable Migdalia Lopez, Presiding Judge of the 197th Judicial District Court, signed an Order Setting Trial and Discovery Deadlines. By said Order, Judge Lopez set the case for trial on the merits on **November 13, 2000**.

2.16 Between **March 21, 2000 and November 6, 2000**, the parties herein engaged in substantial pre-trial discovery, took numerous depositions, and filed several Motions. This work was done in preparation for trial on **November 13, 2000**.

2.17 On **November 13, 2000**, Judge Lopez continued the trial of the first-filed claims on account of **MR. DAVIS** filing his **Defendants' First Amended Counterclaim** and the addition of two (2) party Counter-Defendants, i.e.

**FAVELLE FAVCO CRANES (M) SDN BHD**, and **FAVELLE FAVCO HOLDINGS SDN BHD's** and their counsel's argument that they needed additional time to prepare their defenses for the newly added party Counter-Defendants.

2.18  On **December 4, 2000**, **FAVELLE FAVCO HOLDINGS SDN BHD** filed its **Notice of Removal** in the United States District Court for the Southern District of Texas, Brownsville Division. **FAVELLE FAVCO HOLDINGS SDN BHD** erroneously argues that **MR. DAVIS'** claims arise under federal law because 28 U.S.C. § 1338(a) grants exclusive jurisdiction to the federal district courts in cases arising under the patent laws. That case is now identified as Civil Action No. B-00-184. That case has been assigned by United States District Judge Filemon B. Vela to United States Magistrate Judge John William Black. **MR. DAVIS** anticipates filing a **Motion for Remand** in that case no later than January 3, 2001.

### III.

### DISMISSAL OR STAY IS REQUIRED UNDER THE COLORADO RIVER DOCTRINE

3.01  In the interest of **"wise judicial administration"**, this Court should dismiss or stay this action because the **First Filed Claims** are pending in which the identical issues are raised. Colorado River Water Conservation Dist. vs. United States, 424 U.S. 800, 815, 96 S.Ct. 1236, 1245 (1976). Further, this Federal patent infringement lawsuit may be moot depending on the outcome of the **First Filed Claims**. The Colorado River Doctrine provides Federal courts with a **"virtually unflagging obligation"** to exercise the jurisdiction conferred upon them. The Doctrine is based upon **"wise judicial administration, giving regard to conservation of judicial resources."** Id., 424 US. at 817, 96 S.Ct at 1246.

### A.   Exceptional Circumstances Require Dismissal or a Stay

3.02   Federal Courts have a **"virtually unflagging obligation"** to exercise the jurisdiction conferred upon them.  The present case requires application of the Colorado River abstention because of the **"exceptional circumstances."** <u>Colorado River Water Conservation Dist. v. United States</u>, supra, 424 US at 813, 96 S.Ct. at 1244; <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720-1721 (1996).

3.03   In determining whether to stay or dismiss its proceedings, federal courts have considered the following factors:

- (1)   whether jurisdiction was first obtained in state court or federal court.  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. at 818, 96 S.Ct. at 1247;

- (2)   whether state or federal law provides the rule of decision on the merits.  <u>Yowell v. Exxon Corp.</u>, 74 F.3d 373, 375 (2nd Cir. 1996).

- (3)   whether the state and federal suits are substantially similar <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416 (9th Cir. 1989) (**"exact parallelism between parties and claims is not required"**);

- (4)   whether the state proceeding is adequate to protect the parties' rights.  <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 25-26, 103 S.Ct. 927 942 (1983).

- (5)   the risk of conflicting results.  <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. at 818, 96 S.Ct. at 1247; <u>American Int'l Underwriters v. Continental Ins. Co.</u>, 843 F2d 1253, 1257-1258 (9th Cir. 1988);

- (6)   whether **"piecemeal"** litigation can be avoided.  <u>Romine v. CompuServe Corp.</u>, 160 F.3d 337, 341 (6th Cir. 1998); and

- (7)   the convenience or inconvenience of the federal forum.

All the appropriate factors require a stay or dismissal of the present action pending the outcome of **FAVELLE FAVCO CRANES USA, INC.'s First Filed Claims.**

8

B. **Jurisdiction Was First Obtained In State Court By Defendants**

3.04   It is undisputed that Defendant's **First Filed Claims** initiated the present actions. Jurisdiction was first obtained in state court (i.e. the 197th Judicial District Court) by **FAVELLE FAVCO CRANES USA, INC.**. In such situations, the federal court should stay or dismiss the federal action in favor of the state court action. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. at 818, 96 S.Ct. at 1247.

C. **State Law Provides The Rule of Decision On The Merits With Respect To Ownership Of The Patent**

3.05   State court law controls the outcome of the present litigations by determining the ownership of the patent-in-suit. Patent ownership is a state court issue. Clearly, if the recently-removed case is remanded to the 197th Judicial District Court, and Defendant **FAVELLE FAVCO CRANES USA, INC.** is found to own the patent-in-suit, then Defendant **FAVELLE FAVCO CRANES USA, INC.** cannot be an infringer. Since the state court law could provide the rule of decision on the merits of the present case, this Court should stay or dismiss the federal action in favor of the state court action. <u>Yowell v. Exxon Corp.</u>, 74 F.3d 373, 375 (2nd Cir. 1996).

D. **The State And Federal Suits Are Substantially Similar**

3.06   Defendant's **First Filed Claims** initiated the present suits by stating, as the plaintiff, the same causes of action presented to this Court in their counterclaims. When the state and federal suits are substantially similar, the federal court should stay or dismiss the federal action in favor of the state court action. Even though parallelism is present in the case at bar, it is important to note that exact parallelism between parties and claims is not required to stay or dismiss. <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1416 (9th Cir. 1989) **("exact parallelism between parties and claims is not required").**

9

E.  **The State Court Proceeding Must Be Adequate To Protect The Parties' Rights Because Defendants Have Chosen The State Court As Its Preferred Forum**

3.07  The state court proceeding must be adequate to protect the Defendant's rights because Defendant **FAVELLE FAVCO CRANES USA, INC.** chose the state court as its preferred forum.  Defendant's initially filed **Defendant's First Filed Claims** in state court (i.e. the 197th Judicial District Court), and before this action was removed to federal court.  It would be illogical for Defendant **FAVELLE FAVCO CRANES USA, INC.** to now take the position that its rights would have been better protected in a court they did not select, but could have.

3.08  At the beginning of this litigation, Defendant **FAVELLE FAVCO CRANES USA, INC.** preferred the state courts as the forum, because Defendant filed first, and, filed in the 197th Judicial District Court of Cameron County, Texas.  When the state proceeding is adequate to protect the parties' rights, the federal court should stay or dismiss the federal action in favor of the state court action.  <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 25-26, 103 S.Ct. 927 942 (1983).

F.  **A Risk Of Conflicting Results Is Inherent By Proceeding In Both State Court And Federal Court On The Same Issues With The Same Parties**

3.09  Except for the single question of patent infringement, all the issues of law are state law issues.  The present litigation is complicated.  Many issues of fact and Texas law are in question.  Defendant **FAVELLE FAVCO CRANES USA, INC.** preferred the state court as a forum to resolve the complicated state law issues, because Defendants filed first, and filed in the 197th Judicial District Court of Cameron County, Texas.

10

3.10 To proceed on parallel tracks, in both state and federal courts, with many complicated state court issues has many inherent risks. Of particular concern in the present case is the risk of conflicting results on the state law issues. When the risk of conflicting results exists, the federal court should stay or dismiss the federal action in favor of the state court action. <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. at 818, 96 S.Ct. at 1247; <u>American Int'l Underwriters v. Continental Ins. Co.</u>, 843 F.2d 1253, 1257-1258 (9th Cir. 1988).

G. **If Both Actions Are Allowed To Continue, "Piecemeal" Litigation Cannot Be Avoided**

3.11 To proceed in both state and federal courts, with many complicated state court issues, can only lead to **"piecemeal"** litigation. Simultaneous appeals on the same state law issues are eminent. The proliferation of **"lets try it over here to see if it may work over there"** can be expected. The waste of money, time and judicial resources is eminent, even without the purposeful intent by any party to create **"piecemeal"** litigation. When the risk of **"piecemeal"** litigation can be avoided, the federal court should stay or dismiss the federal action in favor of the state court action. <u>Romine v. CompuServe Corp.</u>, 160 F.3d 337, 341 (6th Cir. 1998).

H. **The Federal Forum Was Considered To Be Inconvenient And The State Court Convenient By Defendant Because They Selected The State Court As Their Preferred Forum**

3.12 It is undisputed that **Defendant's First Filed Claims** initiated the present actions. To the extent Defendant **FAVELLE FAVCO CRANES USA, INC.** was forum-shopping, it considered the state courts to be more convenient than the federal courts. In the present case, forum shopping justifies application of Colorado River abstention. <u>Fireman's Fund Inc. Co. v. Quackenbush</u>, 87 F3d 290, 297 (9th Cir. 1996) (**"forum-shopping can in some cases justify Colorado**

11

River abstention"). As previously mentioned, Defendant **FAVELLE FAVCO CRANES USA, INC.** first selected the state courts by filing its claims against **MR. DAVIS** in the 197th Judicial District Court of Cameron County, Texas.

I. **This Civil Action Should Be Abated Until Such Time The United States Magistrate Judge Can Rule On The Motion For Remand In The Recently-Removed Case**

3.13 As mentioned beforehand, on **December 4, 2000, FAVELLE FAVCO HOLDINGS SDN BHD** filed its Notice of Removal in the first-filed claims case (i.e. the 197th Judicial District Court) removing the case to the United States District Court for the Southern District of Texas, Brownsville Division. The case has now been assigned to United States Magistrate Judge John William Black. **MR. DAVIS** anticipates filing a **Motion for Remand** in said case. In the interest of **"wise judicial administration"**, this civil action should be abated until such time United States Magistrate Judge Black can review and rule on the **Motion for Remand**.

IV.

## CONCLUSION

4.01 In conclusion, Plaintiff **DANIEL E. DAVIS** respectfully requests that this civil action be abated, or in the alternative, stayed by this Honorable Court in an effort to effectuate wise judicial administration and to conserve judicial resources.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **DANIEL E. DAVIS** prays that the Court set his **Opposed Plea in Abatement and Motion for Stay Pending Resolution of First Filed Claims** for hearing, with notice to all parties, and at the conclusion of said hearing, the Court enter an Order granting **Plaintiff's Plea in Abatement and Motion for Stay** in its entirety, and grant such other and further

relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
Telephone No.: (956) 541-3820
Facsimile No.: (956) 541-7694

BY: _/s/ Victor Quintanilla_
ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id. No. 8645

VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

**OF COUNSEL FOR PLAINTIFF
DANIEL E. DAVIS**

## CERTIFICATE OF CONFERENCE

I, **VICTOR QUINTANILLA**, hereby certify that on the 21st day of December, 2000, I conferred with Hon. Gary Gurwitz, Counsel for Defendant **FAVELLE FAVCO CRANES USA, INC.** about the filing of this **Plea In Abatement and Motion for Stay Pending Resolution of First Filed Claims**, and he indicated that he opposes this **Plea in Abatement and Motion for Stay Pending Resolution of First Filed Claims**.

_/s/ Victor Quintanilla_
VICTOR QUINTANILLA

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 22nd day of December, 2000 a true and correct copy of the foregoing **Opposed Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of First Filed Claims** was served in accordance with the Texas Rules of Civil Procedure to-wit:

Hon. Gary Gurwitz  
**ATLAS & HALL, L.L.P.**  
818 Pecan  
P. O. Box 3725  
McAllen, Texas  78502

VIA FAX:  (956) 686-6109  
& CM RRR # 7099 3220 0006 2777 5752

_____  
**VICTOR QUINTANILLA**

14