46

United States District Court
Southern District of Texas
Brownsville Division

United States Distr̲
Southern Distri.
FILE
JAN 1
Michael N.
Clerk of Cour

| | | |
|---|---|---|
| DANIEL E. DAVIS, et al, | § | |
| plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. B |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| et al., | § | |
| defendants | § | |

## Defendants' Response to Plaintiff's Plea in Abatement
## and Motion for Stay Pending Resolution of First Filed Claims

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA"), Favelle Favco Cr

(M) SDN BHD ("FFC Malaysia") (collectively "FFC Parties") file this respons

Opposed Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of Firs

Filed Claims filed by plaintiff Daniel E. Davis ("Davis"), and would show:

1.      *Summary.* Davis' motion makes no sense.  First, the motion is pred

its entirety on *Colorado River Water Conservation District v. United States,* 424 U

96 S.Ct. 1236, 47 L.Ed.2d. 483 (1976).   That doctrine relates to the potenti

dismissal or stay of a federal court proceeding in favor of a pending state court prou

something which does not exist here.  As Davis recognizes, the case previously

in the 197th District Court of Texas has been removed, and is now pending as

B-00-184.  Second, Davis filed this suit and proceeded with discovery for almos

he should not now be heard to request abstention or stay.  Third, even if the rem

B-00-184 had not occurred and the case were still pending in state court, abstentio

stay under *Colorado River* would be inappropriate in that 1) this case involves

patent infringement which are within the exclusive jurisdiction of the federal c

which could not be resolved by the state courts; 2) federal law provides the rule of decision on the patent infringement and federal unfair competition claims in this suit;  3) this case is prepared and ready for trial, with final pretrial set for February 1, 2001 and jury selection for February 5, 2001, and hence is considered the "prior" case under the *Colorado River* doctrine (and, contrary to Davis' statement, it was Davis and not the FFC Parties who requested a continuance of the November trial setting in B-00-184 when the case was pending in state court); and 4) judicial economy does not favor abstention.

2. *Overview.*   Davis' motion contains numerous factual misstatements. Because the only stated basis of the motion -- the *Colorado River* abstention doctrine -- does not apply to concurrent federal proceedings, most of the misstatements are irrrelevant.  For that reason, the FFC Parties do not attempt herein to correct all of the factual misstatements in Davis' motion.

3. *Colorado River* *abstention only relates to concurrent state and federal proceedings, and no state proceeding exists here.*   *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813-20, 96 S.Ct. 1236, 1244-28, 47 L.Ed.2d. 483 (1976), relates to federal/state relations and the potential abstention of a federal court in favor of a pending state court proceeding.  There is no pending state proceeding here: as Davis himself points out, the proceeding which was pending as cause no. 1999-10-4467-C in the 197th District Court of Hidalgo County, Texas, has been removed and is now pending in federal court as cause no. B-00-184.  Thus, *Colorado River* abstention is inappropriate.

4. *Colorado River* *abstention would be inappropriate even if a state proceeding still existed.*  Even if B-00-184 had not been removed, abstention and/or stay under the

2

*Colorado River* doctrine would be inappropriate. Although many of the issues involved herein also are involved in B-00-184, the other *Colorado River* factors do not support abstention and/or dismissal. The *Colorado River* factors include:

> • Whether either court has taken control of a res or property that is the subject of the litigation;
>
> • Whether the state and federal suits are substantially similar;
>
> • The convenience or inconvenience of the federal forum;
>
> • Whether the state and federal proceedings involve different parties and issues that could expose one or more parties to the risk of conflicting results;
>
> • The priority of the proceedings;
>
> • Whether state or federal law provides the rule of decision on the merits; and
>
> • The adequacy of state proceedings.

1 D. Hittner, FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶ 2:1321 et seq. (2000). Only in "exceptional circumstances" may abstention be ordered. *Colorado River,* 96 S.Ct. at 1244. No such "exceptional circumstances" are presented here.

      4.1 *No court has control over any "res" or property.* This case involves issues of patent ownership and infringement and related issues. No "res," as such, is involved, and this factor does not favor abstention.

      4.2 *Although the suits are similar, issues of patent infringement are within the exclusive jurisdiction of the federal courts and the state courts therefore are inadequate to fully protect the parties' rights.* The claims involved in this suit (B-00-003) and in B-00-184 do overlap.[1] However, Davis argues incorrectly that the state proceedings are

---

[1] Both suits involve issues of patent ownership and unfair competition; FFC USA also alleges unfair competition under federal law. Davis in B-00-184 recently made clams

3

adequate to fully protect the parties' rights. One of the primary issues involved in this suit is that of patent infringement. See Defendants' Favelle Favco Cranes, U.S.A., Inc.'s Answer and Counterclaim ("FFC USA Counterclaim") ¶¶ 47 - 49. Questions of patent infringement are within the <u>exclusive</u> jurisdiction of the federal courts. 28 U.S.C. § 1338(a). Because <u>only</u> the federal court can determine the issue of patent infringement, proceedings in state court are insufficient to protect the parties' rights and abstention therefore is inappropriate.

      4.3   *Federal law provides the rule of decision for an important part of this case.* As discussed above, issues relating to patent infringement are governed by federal law and are within the exclusive jurisdiction of the federal courts. Further, FFC USA has requested relief under federal unfair competition law, 15 U.S.C. § 1125. See FFC Counterclaim ¶¶ 29 - 36. Federal law thus provides the rule of decision for many portions of this case, although other issues will be governed by state law. Therefore, Davis incorrectly argues that the "applicable law" factor favors abstention.

      4.4   *Priority is measured by progress, and in any event jurisdiction over federal claims was first obtained in this suit.* Davis also argues incorrectly that this suit (B-00-003) should be stayed because B-00-184 was "first filed." Davis misstates the test. As the United States Supreme Court has pointed out, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has

---

necessarily raising issues of patent infringement, resulting in the removal. (As discussed below, the state court could not address the infringement claim because that is within the exclusive jurisdiction of the federal court). There are differences in parties: FFC Malaysia is a party to this suit but not to B-00-184. Favelle Favco Holdings SDN BHD is a party to B-00-184 but not to this suit.

CVAPDF - www.fastio.com

been made in the two actions." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 21, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983).

      4.4.1 *This case is set for trial and has priority.* This case is set for final pretrial on February 1, 2001. Jury selection is set for February 5, 2001. The case is ready for trial. A motion for partial summary judgment has been filed by FFC USA. In contrast, B-00-184 (previously cause no. 1999-10-4467-C, in the 197th District Court, Hidalgo County, Texas) was just removed on or about November 8, 2000, and the initial pretrial is not set until January 25,2001. Davis states incorrectly that a delay in trial setting in B-00-184 (when the case was pending in state court) was because FFC USA needed additional preparation time. To the contrary, it was Davis who requested the continuance, although FFC USA originally did not oppose the motion. The trial court initially denied Davis' motion for continuance. On the trial date of November 13, 2000, FFC USA announced ready for trial, but Davis re-urged his motion for continuance. See Attachment A (original transcription of hearing). The trial court at that time granted Davis' motion for continuance over FFC USA's objection. Davis' motion for continuance was based on the filing of his amended counterclaim. Although discovery was taken concurrently in both this case and in the case that is now B-00-184, this case has an existing trial setting, is ready for trial, and should be considered the prior suit under *Moses H. Cone.*

      4.4.2 *Jurisdiction over federal claims was first obtained in this suit.* The case that has become B-00-184 was filed by FFC USA against Davis, Davisco, Inc. and Coburn International Ltd. on October 26, 1999. The claims asserted therein by FFC USA, however, were based solely in state law; those claims included allegations that Davis misappropriated trade secrets and confidential and proprietary information, and breached

his fiduciary duty to FFC USA.  See Plaintiff's Original Petition.  <u>The patent at issue</u> ʰ⸱ <u>had not been issued at the time that suit was filed, and hence federal patent infring</u>⸱ <u>claims *could not* have been filed</u>.  Because diversity did not exist, federal jurisdicti⸱ ⸱ not then available.[2]  No removable federal claims were asserted in B-00-184 until th⸱⸱ of Defendants' First Amended Counterclaim on or about November 8, 2000.[3]  At th⸱ the case was removed by third party defendant Favelle Favco Holdings SDN BH⸱ contrast, this case was removed  on or about January 3, 2000, some 11 months ⸱ ⸱ when federal claims were first asserted herein.  In terms of the claims that are with⸱ exclusive jurisdiction of the federal courts, this case is the "prior" suit.

> 4.5     *Convenience and judicial economy factors do not favor abste*⸱⸱

Convenience and judicial economy factors do not favor abstention.  First, Davis ⸱ ⸱⸱ incorrectly that state court must be "convenient" for the FFC Parties because B-00-18⸱ ⸱⸱ ⸱ filed in state court by FFC USA.  First, "convenience" as such is not an issue in this ca⸱ ⸱ – both suits are in Cameron County.  Further, as discussed above, the suit wa⸱ ⸱ ⸱ state court because the patent had not been issued, diversity did not exist, and fe⸱ ⸱

---

[2]*See generally* Defendant's (FFC USA) Response to Plaintiff's Motion to Re⸱ filed herein, addressing issues of when patents were issued and when federal jurisdⁱ⸱⸱ became available.

[3] Davis, Davisco, Inc., and Coburn International Ltd. alleged in an am⸱ counterclaim/third party claim in the case that has become B-00-184 that FFC US⸱ third party defendants breached a shareholders' agreement whereby Davis would ⸱ a royalty fee for each crane manufactured or assembled pursuant to a patent a⸱ held by Davis.  Such claims necessarily involve matters within the exclusive jurisdⁱ⸱⸱ the federal court.  *Scherbatskoy v. Halliburton Co.,* 125 F.3d 288 (5th Cir. 1997).

[4] Even had patent infringement claims been asserted earlier, the state cou⸱ ⸱ have lacked jurisdiction to decide them.  Such issues are exclusively within the jur⸱⸱ of the federal court.  28 U.S.C. § 1338(a).

jurisdiction thus was not then available.  After the removal of this action, FFC USA did request that the state court action be abated in favor of this case:  All matters at issue between the parties can be resolved in this court, but they cannot all be resolved in state court because patent infringement is within the exclusive jurisdiction of the federal courts. Judicial economy therefore favored abatement in favor of this suit.  The abatement requested by FFC USA was denied by the state court.  Case No. B-00-184 was removed as soon as removable federal claims were alleged.  Further, judicial economy is not furthered by remanding to state court a case that involved issues of patent infringement which can only be resolved by a federal court.  Remand would inevitably result in piecemeal litigation. Considerations of convenience and judicial economy therefore do not favor abstention.

5. *Davis has waived his abstention argument*.  The 197th suit (now B-00-184) has been pending since October 1999.  This case (now B-00-003) was filed by Davis shortly thereafter, and was removed in January 2000.  Further, Davis proceeded with discovery and other matters in this case for about a year, without making any suggestion that abstention in favor of the state suit would be appropriate.  If Davis had any valid argument for abstention and/or dismissal under *Colorado River* – which he does not – that argument has long been waived.

Wherefore, premises considered, the FFC Parties request that Davis' motion to abstain or dismiss this suit be in all respects denied. The FFC parties request such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted,

Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for defendant

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DANIEL E. DAVIS                           §
                                          §
VS.                                       §        CIVIL ACTION NO. B-00-003
                                          §
FAVELLE FAVCO CRANES, U.S.A. INC.,        §
and FAVELLE FAVCO CRANES (M) SDN          §
BHD                                       §

---

AFFIDAVIT OF GARY GURWITZ
IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S
PLEA IN ABATEMENT AND MOTION FOR STAY PENDING
RESOLUTION OF FIRST FILED CLAIMS

---

STATE OF TEXAS              §
                            §
COUNTY OF HIDALGO           §

Before me, the undersigned notary, on this day, personally appeared GARY GURWITZ, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said:

1.      My name is Gary Gurwitz. I am above the age of eighteen, have never been convicted of a felony or crime of moral turpitude, and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am one of the attorneys representing defendant Favelle Favco Cranes USA, Inc. ("FFC USA") in the above-captioned matter and in *Favelle Favco Cranes, USA, Inc. vs. Daniel E. Davis, Davisco, Inc. and Coburn International Ltd.*, originally pending as Cause No. 1999-10-4467-C in the 197th District Court of Cameron County, Texas

("the state court action"), and now pending as Civil Action No. B-00-184 in the United States District Court for the Southern District of Texas, Brownsville Division.

3.    The attached transcript titled *Hearing on Defendants' Motion for Continuance* in Cause No. 1999-10-4467-C in the 197th District Court of Cameron County, Texas, styled *Favelle Favco Cranes USA, Inc. vs. Daniel E. Davis, Davisco, Inc. and Coburn International, Ltd.*, is the fully-executed original of said transcript referenced as Attachment A to *Defendants' Response to Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of First Filed Claims.*

Gary Gurwitz

SWORN TO and SUBSCRIBED before me by Gary Gurwitz on the 10th day of January, 2001.

DIANE HARGROVE
Notary Public,
State of Texas My
Comm. Exp. 08-03-2002

Notary Public in and for the State of Texas

My Commission expires: 8-3-0 1

1

1        REPORTER'S RECORD

2     TRIAL COURT CAUSE NO. 1999-10-4467-C

3  - - - - - - - - - - - - - - - x
                                 :
4  FAVELLE FAVCO CRANES USA, INC.  :  IN THE DISTRICT COURT
                                 :
5  VS.                           :  CAMERON COUNTY, TEXAS
                                 :
6  DANIEL E. DAVIS, DAVISCO, INC.  :
   AND COBURN INTERNATIONAL, LTD.  :  197TH JUDICIAL DISTRICT
7                                 :
   - - - - - - - - - - - - - - - x
8

9     **************************************************

10        HEARING ON DEFENDANTS' MOTION FOR CONTINUANCE

11    **************************************************

12

13        On the 13th day of November, 2000, the following

14  proceedings came on to be heard in the above-entitled and

15  numbered cause before the Honorable Migdalia Lopez, Judge

16  Presiding, held in Brownsville, Cameron County, Texas.

17        Proceedings reported by computerized stenotype

18  machine.

19

20

21

22

23

24

25

# ORIGINAL

**Attachment A**
**to Dfs' Response to Plf's Plea in Abatement**
**and Motion for Stay Pending Resolution of**
**First Filed Claims**

Davis vs. FFC                    B-00-003

```
 1                    A P P E A R A N C E S

 2       Mr. Gary Gurwitz
         ATLAS & HALL, L.L.P.
 3       SBOT NO. 08631000
         818 Pecan/P.O. Box 3725
 4       McAllen, Texas  78501/78502
         Telephone:  (956) 682-5501
 5       ATTORNEY FOR THE PLAINTIFF FAVELLE FAVCO CRANES USA,
         INC.
 6
                   -AND-
 7
         Mr. Charles C. Murray
 8       ATLAS & HALL, L.L.P.
         SBOT NO. 14719700
 9       818 Pecan/P.O. Box 3725
         McAllen, Texas  78501/78502
10       Telephone:  (956) 682-5501
         ATTORNEY FOR THE PLAINTIFF FAVELLE FAVCO CRANES USA,
11       INC.

12                 -AND-

13       Mr. Ernesto Gamez, Jr.
         LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
14       SBOT NO. 07606600
         777 E. Harrison Street
15       Brownsville, Texas 78520
         Telephone:  (956) 541-3820
16       ATTORNEY FOR THE DEFENDANTS DANIEL E. DAVIS,
         DAVISCO, INC., AND COBURN INTERNATIONAL, LTD.
17
                   -AND-
18
         Mr. Victor Quintanilla
19       LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
         SBOT NO. 00786181
20       777 E. Harrison Street
         Brownsville, Texas 78520
21       Telephone:  (956) 541-3820
         ATTORNEY FOR THE DEFENDANTS DANIEL E. DAVIS,
22       DAVISCO, INC., AND COBURN INTERNATIONAL, LTD.

23

24

25
```

1              A P P E A R A N C E S

2              (CONTINUED)

3   Mr. Sean P. Belleville
    LAW OFFICES OF ERNEST GAMEZ, JR., P.C.
4   777 E. Harrison Street
    Brownsville, Texas 78520
5   Telephone:  (956) 541-3820
    ATTORNEY FOR THE DEFENDANTS DANIEL E. DAVIS,
6   DAVISCO, INC., AND COBURN INTERNATIONAL, LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    P R O C E E D I N G S

2                (Open court, 10:23 a.m.)

3                    THE COORDINATOR:  All rise.  This court is

4    now in session.

5                    THE COURT:  Okay.  Favelle Favco Cranes

6    USA, Inc. v. Daniel E. Davis, et al, 99-10-4467-C.

7                    MR. GAMEZ:  Judge, defendant and counter-

8    plaintiffs have filed November 9th, which was Friday, at

9    that time, Your Honor --

10                   THE COURT:  You mean Thursday, because

11   Friday we were closed.

12                   MR. GAMEZ:  Thursday, yes, Judge.  At that

13   time filed an unopposed first motion for continuance.

14   This case is 13 months old.  It was unopposed, Judge,

15   because the other side didn't oppose the continuance.

16   From what I understand, the first available date that the

17   court has is in January, Judge, that we got from your

18   court coordinator.

19                   Now, one, it's not a surprise that we

20   included the holding company, Judge, because they have

21   known of the holding company.  It's not a surprise that

22   we've included the Chinese corporation in Malaysia, the

23   parent company, Judge.  It's no surprise.  It's not

24   sought for delay, Your Honor.  It's simply sought,

25   please, Judge, so that the interest of justice be served.

1    There is no prejudicial effect.  There is no surprise.

2            They may allege, Judge, well, it cost them

3    a little money to bring Mr. Mac down.  Hopefully we can

4    serve him this morning.  He represents the Malaysia

5    company.  But he does come down often, Judge.

6            They may be arguing, Judge, we can set

7    that past February because in federal court there is a

8    patent infringement case.  If this case is heard, most

9    important, Judge, in January before February -- the issue

10   before a jury is that they find that Danny owns the

11   patent -- then the case is over, everything is over.

12            I would respectfully request that in the

13   interest of justice, Judge, that you allow us to serve

14   the additional parent company, defendant and holding

15   company -- it's no surprise, it's been mentioned through

16   all of our discovery, Judge -- and we set this at the

17   first available date which is, as I understand, in

18   January, and we can move forward, Judge, with this case.

19   It is imperative that we do so.  We do need that

20   additional time, Judge.

21            MR. GURWITZ:  Your Honor, Gary Gurwitz for

22   Favelle Favco USA, Inc.  With all due respect to

23   Mr. Gamez who was not here when this was done, that is

24   not what happened.  They had named two parties, new

25   parties, who are not now parties in this lawsuit.  He

1    can't simply get a setting.  Those people must      ose

2    companies must be served.  They have to be served

3    properly with citation.  Then they have the req      e

4    time to answer.  Then the court can only set the      e

5    pursuant to the statutes and the rules of the St      of

6    Texas.  The court cannot set now this hearing f      uary

7    the 8th.  So Mr. Gamez is incorrect about that.

8              When the court can set it is goi.      have

9    to be pursuant to the rules of this court as wel      hich

10   means after they have answered and after prelimi

11   matters have been determined and after the law h      en

12   complied with, then it has to be set according to   e

13   local rules.  It cannot be set now.  We did not object

14   Thursday, but since then we have incurred a grea      l of

15   expense.

16             The knowledge that these two comp       --

17   about these two companies has been known to the      ver

18   because Mr. Davis was the one who signed the docum

19   back in 1997.  So they could have filed this an

20   they wanted instead of at the last minute, actua       t

21   the last minute, after the last minute.

22             All of these issues are before th      ral

23   court.  And in addition before the federal court

24   patent infringement case.  It can all be dispose

25   federal court.  In addition, one of the parties           y

Case 1:00-cv-00003   Document 46   Filed in TXSD on 01/11/2001   Page 17 of 21

1  want to serve here is in federal court.  The other party

2  they tried to bring into federal court, that party has

3  already been dismissed because of lack of personal

4  jurisdiction over the body of that company.  They do not

5  do business in the United States.

6          Your Honor, I suggest that the way out of

7  their dilemma is we have filed a plea in abatement.

8  Everything has been done pursuant to the scheduling order

9  of the federal court.  It is set for trial in February.

10  With all due respect, if they are allowed this

11  continuance and they have to serve everyone, they won't

12  get to trial before February anyway.  And what I would

13  suggest as a way out of this dilemma, if it is going to

14  be put off, is to abate this lawsuit and let it go to

15  trial in federal court and all the issues can be decided.

16          THE COURT:  The continuance will be

17  granted.

18          Give me a status hearing date.

19          THE COORDINATOR:  A status date for this

20  year or next year, Your Honor?

21          THE COURT:  They are going to have to have

22  at least 30 days, so give them --

23          MR. GAMEZ:  Judge, they will be served

24  this morning, so they will have 20 days from service from

25  today.

1              THE COORDINATOR:  We can go for a status

2     hearing only on December the 13th.

3              MR. GAMEZ:  That will be fine, Judge.

4              MR. GURWITZ:  Your Honor --

5              THE COURT:  That won't be enough time.

6              MR. GURWITZ:  No, Your Honor.  It will not

7     be enough time.  And I respectfully submit that if the

8     court is going to grant them a continuance and allow them

9     to bring in new parties, the court can't set anything

10    until those parties are in.

11             THE COURT:  That's why I'm saying for a

12    status hearing.  It's not for a trial on the merits

13    hearing.

14             MR. GURWITZ:  Same thing, Your Honor.

15             MR. GAMEZ:  Judge, it will probably be the

16    same lawyer, the same issues, and no surprise.

17             THE COURT:  Okay.  It will be set for

18    January 13th -- I'm sorry -- for December 13th for a

19    status hearing at 9 o'clock.

20             MR. GAMEZ:  Thank you, Judge.

21             MR. GURWITZ:  What time, Your Honor?

22             THE COURT:  9 o'clock.

23             MR. GURWITZ:  And status -- I'm not

24    familiar with the court's procedures.  A status

25    conference is simply to advise the court --

1               THE COURT:  Where are we at.

2               MR. GURWITZ:  -- as to the parties --

3               THE COURT:  On that day we will decide on

4   a trial date.

5               MR. GURWITZ:  -- as to the parties who are

6   then before the court?

7               THE COURT:  Yes.

8               MR. GURWITZ:  Okay.  Thank you.  May we be

9   excused, Your Honor?

10              THE COURT:  Yes.

11              MR. GAMEZ:  Thank you, Judge.

12              **(The hearing was concluded at 10:28 a.m.)**

13

14

15

16

17

18

19

20

21

22

23

24

25

1  THE STATE OF TEXAS:

2  COUNTY OF CAMERON:

3      I, KARY RICHARDSON, Official Court Reporter in and

4  for the 197th District Court of Cameron County, State of

5  Texas, do hereby certify that the above and foregoing

6  contains a true and correct transcription of the hearing

7  on Defendants' Motion for Continuance in the above-

8  entitled and numbered cause, all of which occurred in

9  open court and was reported by me.

10      I further certify that this Reporter's Record of the

11  proceedings truly and correctly reflects the exhibits, if

12  any, admitted by the respective parties.

13      WITNESS MY OFFICIAL HAND on this the 8th day of

14  January, 2001.

15                         *Kary Richardson*

16                      KARY RICHARDSON, Texas CSR 1952
                        Expiration Date:  12/31/2002

17                      Official Court Reporter
                        197th District Court

18                      Cameron County, Texas
                        974 East Harrison Street

19                      Brownsville, Texas 78520
                        (956) 544-0874

20

21

22

23

24

25

## Certificate of Service

I certify that on January 11, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br><br>Victor Quintanilla<br><br>Law Offices of Ernest Gamez, P.C.<br><br>777 E. Harrison St.<br><br>Brownsville, Tx 78520 | plaintiff | Certified Mail |

Gary Gurwitz