48

United States District Court
Southern District of Texas
FILED

JAN 1 2 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC., FAVELLE FAVCO CRANES | § | |
| (M) SDN BHD, FAVELLE FAVCO | § | |
| HOLDINGS SDN BHD, AND | § | |
| MUHIBBAH ENGINEERING | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FAVELLE FAVCO**
**CRANES USA, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

COMES NOW, **DANIEL E. DAVIS**, Plaintiff in the above-styled and numbered cause of action, and files this his Response to Defendant **FAVELLE FAVCO CRANES USA, INC.'s** Motion for Partial Summary Judgment, and in support thereof, would respectfully show this Honorable Court the following:

**I.**

The evidence obtained in discovery conducted to date in this cause indicates that reasonable inferences should be drawn from said evidence indicating that the Defendants, should be held liable under the theory of patent infringement. Further, there exists genuine issues of material fact which would preclude granting the Defendant FAVELLE FAVCO CRANES USA, INC.'S Motion for Partial Summary Judgment.

## II.

### PLAINTIFF'S EXHIBIT LIST

Plaintiff relies on the following Summary Judgment evidence as part of the Plaintiff's Response to Defendant **FAVELLE FAVCO CRANES USA, INC.'S** Motion for Partial Summary Judgment :

Exhibit 1: Plaintiff's Original Complaint;

Exhibit 2: Plaintiff's Employment Contract;

Exhibit 3: Shareholders Agreement; and

Exhibit 4: Document entitled "Issues to be Incorporated in the New Shareholders Agreement for FFC-USA".

## III.

### PLAINTIFF'S CONTENTIONS

On **March 24, 2000,** Plaintiff **DANIEL E. DAVIS** filed his Plaintiff's Original Complaint in the above-styled and numbered civil action. This is an action for patent infringement. The **patent infringement** claims stem from Defendants' illegal manufacturing, use and sale of crawler cranes covered by the patent owned by Plaintiff, who is the inventor. Plaintiff contends that he is the inventor and owner of U.S. Patent No. 6,003,252 **(" the 252 patent")** issued on December 21, 1999 and entitled "Conversion Apparatus and Method for Use with Excessive and Crane Devices. (See Exhibit "1").

Plaintiff further contends that on or about June of 1997, he and Defendants entered into an agreement by which he was hired as the President and Managing Director of **FAVELLE FAVCO CRANES USA, INC.** in Harlingen, Texas. (See Exhibit "2").  Plaintiff agreed to bring to **FAVELLE FAVCO CRANES USA, INC.** a line of new and unique crawler cranes (i.e. the **"Davis**

Crawler Cranes"). The **Davis Crawler Cranes** were, and are unique because, among other things, they can be manufactured quicker, and less expensively resulting in a more stable crane for its overall size. Plaintiff contends that he brought the crane know-how, designs, concept and/or idea with him when he became employed by **FAVELLE FAVCO HOLDINGS SDN BHD** and **FAVELLE FAVCO CRANES USA, INC.**.

Plaintiff further contends that **FAVELLE FAVCO CRANES USA, INC**. is ninety percent (90%) owned by **FAVELLE FAVCO HOLDINGS (M) SDN BHD,** which also serves as a holding company for **FAVELLE FAVCO CRANES (M) SDN BHD**, which in turn, is also one hundred percent (100%) owned by **MUHIBBAH ENGINEERING**.

Plaintiff further contends that the Defendants have infringed and continue to infringe on the **252 patent** by manufacturing, using, and selling crawler cranes covered by the **252 patent**. As a direct and proximate result of Defendants' patent infringement Plaintiff has suffered and continues to suffer irreparable injury.

## IV.

## ADMISSIONS OF FACT

A.   **PLAINTIFF**

(1)   Plaintiff admits that he signed the Employment Contract between him and Favelle Favco Holdings on June 23, 1997.

(2)   Plaintiff admits that he was hired by Favelle Favco Holdings on or about June 23, 1997 to serve as the President and Managing Director of Favelle Favco Cranes USA, Inc. in Harlingen, Texas.

(3)   Plaintiff admits that he signed the Shareholder's Agreement between him and Favelle Favco Cranes (M) SDN BHD on August 16, 1997.

**(4)**     Plaintiff admits that prior to being hired by Favelle Favco Holdings he was employed by Manitowoc.

**(5)**     Plaintiff admits that he is the owner of United States Patent No. 6,003,252 entitled "Conversion Apparatus and Method for Use with Excavator and Crane Devices.

**(6)**     Plaintiff admits that the United States Patent and Trademark Office issued him Patent No. 6,003, 252 on or about December 21, 1999.

**(7)**     Plaintiff admits that he is the inventor of the "Conversion Apparatus and Method for Use with Excavator and Crane Devices" as descried in United States No. 6,003,252.

**(8)**     Plaintiff admits that prior to being hired by Favelle Favco Holdings he conceived the idea and concept of the crawler cranes subject of United States No. 6,003,252.

**(9)**     Plaintiff admits that in the summer of 1995 he discussed his idea and concept of the crawler cranes with Richard Robey.

**(10)**    Plaintiff admits that he served as the President and Managing Director of Favelle Favco Cranes USA, Inc. until September 8, 1999.

## V.

## CONTESTED ISSUES OF FACT

A.     **PLAINTIFF**

(1)     Plaintiff disputes Defendants' contention that its information relating to the design and manufacture of the subject crawler cranes constitutes trade secrets and confidential information of **FAVELLE FAVCO CRANES USA, INC.**.

(2)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that he has pursued patent protection for inventions that belong to it.

(3)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that he has misappropriated trade secrets belong to it.

(4)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that he made false, misleading, or deceptive statements or representations regarding the nature, characteristics, qualities and/or origin of its crawler cranes in violation of 15 U.S.C. § 1125 (a).

(5)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that he made false, misleading, or deceptive statements or representations regarding the nature, characteristics, qualities and/or origins of what the plaintiff refers to as "Davis Crawler Cranes" in violation of 15 U.S.C. § 1125 (a).

(6)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that he acted in his own interests and contrary to those interests of **FAVELLE FAVCO CRANES USA, INC.** violating his fiduciary duties.

(7)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention that it is the rightful owner of the United States Patent No. 6,003,252.

(8)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention and/or assertion that he breached his duty of loyalty to it.

(9)     Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention and/or assertion that it is the true owner of U.S. Patent No. 6,003,252 as well as any other patent applications applied for by him related to crawler cranes.

(10)    Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.'s** contention and/or assertion that, in the alternative, it has an irrevocable shop right and an express or implied royalty free license to use the technology that is the subject

of U.S. Patent No. 6,003,252, as well as any other patent or patent application applied for by him that relates to crawler cranes.

(11)   Plaintiff disputes Defendant **FAVELLE FAVCO CRANES USA, INC.**'s contention and/or assertion that it owns the technology, trade secrets and information made the basis of this civil action.

## VI.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) requires that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue," the nonmovant must "go beyond the pleadings by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designating 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The court's review of the record on summary judgment focuses not on whether "some evidence has been introduced by the party having the burden of proof," but on "whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

"When the record--taken as a whole--could not lead a rational trier of fact to find for the

nonmoving party, then there is no genuine issue for trial." *Davis v. Chevron*, 14 F.3d 1082, 1084 (5th Cir. 1994) (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In deciding whether a genuine issue as to material fact precludes summary judgment, the Court must consider all evidence together with all inferences to be drawn therefrom in light most favorable to the party opposing the motion. *Pierzynowski v. P.D. City of Detroit*, 941 F.Supp 633, 641 (E.D. Mo. 1996).

## VII.

## ARGUMENT

A patent issued by the United States Patent Office is presumed to be valid.  35 U.S.C. §272 In order to rebut the presumption that a patent issued by the United States Patent Office is valid, the defendant must establish by clear and convincing evidence that Plaintiff's patent or any claim in the patent is not valid.  N.V. Akzo v. E.I. DuPont de Nemours, 810 F.2d. 1148, 1150 (Fed. Cir. 1987).

At no point within the Employment Contract (See Exhibit "2") between the parties and the Shareholders' Agreement (See Exhibit "3") is it ever mentioned that Plaintiff will assign his patent rights over to Defendant.  Further, the Shareholders' Agreement drafted by Defendants provides for a three year license to be granted to Defendant, for which Plaintiff would receive a royalty of 1% which was signed by Plaintiff on August 16, 1997. (See Exhibit "3").

At all times the Shareholders' Agreement was relied on by Plaintiff. (See Exhibit "4")  Said Shareholders' Agreement was Plaintiff's incentive to develop his patent, in that after three years he would own his patent free of any licenses.  Defendant, however, argues that it is entitled to an assignment of all of Plaintiff's ownership interest in the patent or in alternative shop rights as to the use of said patents.  However, it is quite clear that  Defendant merely owns a three year license.  In

pertinent part paragraph 7.1 of the Shareholders' Agreement states;

> "The First Party shall for a period of three years from the date of this Agreement pay to the Second Party a royalty fee of 1% of the sale price for the sale of each crane manufactured, or assembled pursuant to the Second Party's patented invention, namely, the Excavator Upper and Variable Gauge Lower for the making of a Latice and Box Boom Crawler Crane, and whether or not the sale took place before or after the termination of this agreement." (See Exhibit "3").

Hence, said paragraph of the Shareholders' Agreement places limits on the rights of the Defendant as they pertain to any assignment of the patent's ownership to the Defendant as well as to the Defendant's claim for shop rights and as to Defendant's claim as to ownership of the design drawings, trade secrets, specifications and all technology related to the crawler cranes.. Therefore, it must be determined whether or not the Shareholders' Agreement is binding on the parties as a valid contract.

Valid contracts come into being when one party tenders contractual promises to another in the form of an "offer" and the other party "accepts" the offer [see, e.g., Farley v. Clark Equipment Company, 484 S.W.2d 142, 147 (Civ. App.--Amarillo 1972, ref. n.r.e.)--primary and essential element of express or implied contract is meeting of minds of parties by offer and acceptance; see also Balderma v. Western Cas. Life Ins. Co., 794 S.W.2d 84, 90 (Tex. App.--San Antonio 1990), rev'd on other grounds, 825 S.W.2d 432 (Tex. 1991)--binding and enforceable contract is formed when offer is made, it is unconditionally accepted, and valuable consideration passes between parties].

An offer is a clear and definite proposal to enter into a contract immediately once the offer is accepted. A proposal qualifies as an offer when it is sufficiently definite so that, if accepted, it clearly and definitely establishes the promises and performances to be rendered by each party. Thus, an offer that may ripen into a contract differs an mere expression of desire or hope that the

parties may, at some time in the future, come to an agreement. An offer that may ripen into a contract also differs from mere preliminary negotiations [see Redman v. Whitney, 541 S.W.2d 889, 891-892 (Civ. App.--Austin 1976, ref. n.r.e.); Farley v. Clark Equipment Company, 484 S.W.2d 142, 147 (Civ. App.--Amarillo 1972, ref. n.r.e.). In the matter before us it is quite clear that Defendants made an offer to Plaintiff by drafting the Shareholders' Agreement.

A contract is formed when an offer is "accepted" [see, e.g., Sutton v. Shanley, 192 S.W.2d 567, 572 (Civ. App.--Waco 1946, no writ)]. An acceptance means that the offeree agrees to the offer on an unconditional basis. There is no acceptance when there is an attempt to change or qualify the terms of the offer [United Concrete Pipe Corp. v. Spin-Line Co., 430 S.W.2d 360, 364 (Tex. 1968)]. It is also quite clear that the Defendant's offer, the shareholders' agreement was accepted by the Plaintiff as evidenced by his signature, attested to by Willie Jones, of the shareholders' agreement.

A contract requires something of legal value to move from one person to another, and the thing of legal value that is transferred under a contract is known as "consideration" [see Williams Mfg. Co. v. Prock, 86 F. Supp. 447, 448 (N.D. Tex. 1949)]. Consideration is the "something of value" given to induce the making of a contract [Lemon v. Walker, 482 S.W.2d 713, 715 (Civ. App.--Amarillo 1972, no writ); Merchants' Nat. Bank v. Voudouris, 248 S.W. 810, 812 (Civ. App.--Dallas 1923, no writ)]. Consideration may consist of a right, interest, profit, or benefit that accrues to one party. Alternatively, it may consist of a forbearance, loss, or responsibility that is undertaken or incurred by the other party [Champlin Petroleum Co. v. Pruitt, 539 S.W.2d 356, 361 (Civ. App.--Fort Worth 1976, ref. n.r.e.); Lassiter v. Boxwell Brothers, Inc., 362 S.W.2d 884, 886 (Civ. App.--Amarillo 1962, no writ)]. Further, in this case it is quite clear consideration was given in that Defendant obtained a three year license and Plaintiff obtained royalties due upon said license.

Defendants contend that they did not sign the Shareholders' Agreement therefore there is no valid contract. However, since the Defendants prepared the Shareholders' Agreement (the offer) which was signed by the Plaintiff (the acceptance) which granted to the Defendants a license to sell and manufacture the patented product while paying a 1% royalty to the Plaintiff (the consideration) it is quite clear that an enforceable contract exists. In summation, Defendants made an offer which was accepted by the Plaintiff and valuable consideration was exchanged between the parties. Therefore, all that Defendants are entitled to with respect to the patent is a three year license irrespective of the time and money invested in the project by Defendants as well as no ownership interest in the design drawings, trade secrets, specifications and all technology related to the crawler cranes.

Lastly, the question whether the parties reached an agreement is usually one for the trier of fact when the existence of the agreement is disputed [Preston Farm & Ranch Supply v. Bio-Zyme Ent., 625 S.W.2d 295, 298 (Tex. 1981); see Haws & Garrett G. Con., Inc. v. Gorbett Bros. Weld. Co., 480 S.W.2d 607, 609-610 (Tex. 1972)].

Therefore, in deciding whether a genuine issue as to material fact precludes summary judgment, the Court must consider all evidence together with all inferences to be drawn there from in light most favorable to the party opposing the motion. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in the favor on the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d, 546 548-49 (Tex. 1985), and when this is done material fact issues clearly remain as to the shareholders agreement and the limits said agreement may have as to what rights each party has with respect to ownership of the patent as well as the ownership interest in the design drawings, trade secrets, specifications and all

technology related to the crawler cranes.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, **DANIEL E. DAVIS** respectfully prays that Defendant **FAVELLE FAVCO CRANES USA, INC.'S** Motion for Partial Summary Judgment be in all respects denied, and for any further relief for which he may show himself justly entitled either at law or in equity.

Respectfully submitted,

**OF COUNSEL**
**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas   78520
TEL/(956) 541-3820
FAX/(956) 541-7694

**ERNESTO GAMEZ, JR.** (Of Counsel)
**SBOT NO.** 07606600
**FED. ID NO.** 8645

**VICTOR QUINTANILLA**
(Of Counsel)
**SBOT NO.** 00786181
**FED. ID NO.** 16073

**OF COUNSEL FOR PLAINTIFF**
**DANIEL E. DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Response was served via Hand-Delivery on Defendants Attorney-in-Charge, Hon. Gary Gurwitz on this the 12th day of January, 2001.

_____
Victor Quintanilla (Of Counsel)

Gary Gurwitz
Atlas & Hall, L.L.P.
P.O. Drawer 3725
818 Pecan
McAllen, Tx. 78502-3725

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DANIEL E. DAVIS                                    §
                                                   §
                                                   §
VS.                                                §        CIVIL ACTION NO. B-00-003
                                                   §
FAVELLE FAVCO CRANES                               §
USA, INC., FAVELLE CRANES                          §
(M) SDN BHD, FAVELLE FAVCO                         §
HOLDINGS SDN BHD, and                              §
MUHIBBAH ENGINEERING                               §

# EXHIBIT "1"



**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC.,FAVELLE FAVCO CRANES | § | |
| (M) SDN BHD, FAVELLE FAVCO | § | |
| HOLDINGS SDN BHD, and | § | |
| MUHIBBAH ENGINEERING | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW, DANIEL E. DAVIS, (hereinafter referred to as "Plaintiff" or "MR. DAVIS"), complaining of FAVELLE FAVCO CRANES USA, INC., (hereinafter referred to as "Defendant FAVCO CRANES, USA,") FAVELLE FAVCO CRANES (M) SDN BHD (hereinafter referred to as "Defendant FAVCO CRANES (M)"), FAVELLE FAVCO HOLDINGS SDN BHD, hereinafter referred to as "Defendant FAVCO HOLDINGS", and MUHIBBAH ENGINEERING (hereinafter referred to as "Defendant MUHIBBAH") and collectively referred to as "Defendants FAVCO", and for cause of action would respectfully show this Honorable Court and Jury the following:

### PARTIES

1. Plaintiff DANIEL E. DAVIS, is an individual residing in Cameron County, Texas.

2. Defendant FAVELLE FAVCO CRANES (USA), INC., is a corporation formed and existing under the laws of the State of Texas, having a place of business in Cameron County, Texas,

and may be served with summons by serving its General Manager, Cheam Tek Siong, at 4 Mile East, FM 106, Port of Harlingen, Cameron County, Harlingen, Texas pursuant to Rule 4(c) of the Federal Rules of Civil Procedure by delivering to Cheam Tek Siong the summons together with a copy of this Plaintiff's Original Complaint attached thereto. This Defendant has, however, been duly served with citation in state court, and has made an appearance in this cause. As such, service of citation on this Defendant is not necessary at this time.

3. Defendant **FAVELLE FAVCO CRANES (M) SDN BHD.**, is a corporation, upon information and belief, formed and existing under the laws of Malaysia and may be served with citation in this action by service of summons by serving its agent, Mr. Chem Tek Siong, at Favelle Favco Cranes (USA), Inc., 4 Mile East, FM 106, Port of Harlingen, Cameron County, Harlingen, Texas pursuant to Rule 4(c) of the Federal Rules of Civil Procedure by delivering to Cheam Tek Siong the summons together with a copy of this Plaintiff's Original Complaint attached hereto.

4. Defendant **FAVELLE FAVCO HOLDINGS**, is upon information and belief a corporation formed and existing under the laws of the Malaysia and may be served with summons by serving Favelle Favco Cranes (USA), Inc., 4 Mile East, FM 106, Port of Harlingen, Cameron County, Harlingen, Texas pursuant to Rule 4(c) of the Federal Rules of Civil Procedure by delivering to Cheam Tek Siong the summons together with a copy of this Plaintiff's Original Complaint attached hereto.

5. Defendant **MUHIBBAH ENGINEERING**, is upon information and belief a corporation formed and existing under the laws of the Malaysia and may be served with citation in this action by service of summons upon its agent, Mr. Chem Tek Siong, at Favelle Favco Cranes (USA), Inc., 4 Mile East, FM 106, Port of Harlingen, Cameron County, Harlingen, Texas pursuant to Rule 4(c) of

2

the Federal Rules of Civil Procedure by delivering to Cheam Tek Siong the summons together with

a copy of Plaintiff's Original Complaint attached hereto.

## NATURE OF THIS ACTION: JURISDICTION AND VENUE

6.   Defendants have been doing business in this judicial district and have built and sold

infringing products in this judicial district.

7.   This is an action for patent infringement.   The patent infringement claims stems from

Defendants' illegal manufacturing, use and sale of cranes covered by the claims of a patent owned

by **MR. DAVIS**, who is the inventor.   The district court has federal question jurisdiction under 28

U.S.C. §1331 and has original jurisdiction over the actions relating to **DAVIS** patent under 28 U.S.C.

§1338(a).

8.   Venue is proper in this Court pursuant to 28 U.S.C.§1391.

## BACKGROUND OF THE LITIGATION

9.   **MR. DAVIS** is the inventor and owner of U.S. Patent No. 6,003,252 ("the 252 patent")

issued December 21, 1999 and entitled "Conversation Apparatus and Method for Use with Excessive

and Crane Devices."

10.   In or about June 1997, **MR. DAVIS** and Defendants **FAVCO** and **FAVELLE**

**MALAYSIA/FAVELLE HOLDINGS/MUHIBBAH** entered an agreement that **MR. DAVIS**

would be managing director of a new company, **FAVELLE USA**, with a primary place of business

at 4 Mile East, FM 106, Port of Harlingen, Cameron County, Harlingen, Texas   7855-3049.

11. **MR. DAVIS** would bring to **FAVELLE USA** a line of new and unique crawler cranes,

the "Davis Crawler Cranes".   The Davis Crawler Cranes were, and are, unique because, among

other things, the **Davis Crawler Cranes** can be manufactured quicker, and less expensively resulting

3

in a more stable crane for its overall size.  MR. DAVIS brought the crane designs with him when he became employed by Defendant FAVELLE CRANES USA.

12.  Defendants are engaging in the manufacture, use and sale of Davis Crawler Cranes covered by the 252 patent.

### PATENT INFRINGEMENT

13.  On December 21, 1999, U.S. Patent No. 6,003,252 issued to MR. DAVIS.  Since the date, MR. DAVIS, has been and still is the inventor and exclusive owner of the 252 patent.

14.  Defendants are infringing the 252 patent by making, using and selling cranes covered by the 252 patent and will continue to do so unless enjoined by this Court.  Defendants knew or should have known that the manufacture, use and sale of the MR. DAVIS patented cranes would constitute patent infringement.

### IRREPARABLE INJURY

15.  The acts of Defendants complained of above are infringing MR. DAVIS 252 patent, and such acts have caused, and are causing irreparable injury to MR. DAVIS and to the public.

16.  Unless the acts and potential acts complained of are restrained by this Court, such acts will come to fruition, and they will continue to cause, and will cause further irreparable injury for which there is no adequate remedy at law.

### JURY

17. DAVIS demands a jury trial.

4

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants FAVCO

CRANES (M), FAVCO HOLDINGS, and MUHIBBAH be cited to appear and answer, and that

a trial by jury be had on the merits and that on final trial, Plaintiff have the following:

(a)     For a judgment that Defendants, and Defendant's officers, agents, servants,
employees, attorneys, related companies, and those in concert, privity or participation
with Defendants be preliminarily and permanently enjoined from infringement of
DAVIS' U.S. Patent No. 6,003,252;

(b)     That Defendants, and those controlled by Defendants, be required to deliver up to the
Court for transfer to Plaintiff or destruction, or to show proof said transfer to
Plaintiff or destruction of, any and all products, displays, labels, signs, circulars,
packages, wrappers, receptacles, advertisements, sales ads, and other matters in
Defendants' possession or control which infringe the 252 patent or represent
ownership in DAVIS 252 patent;

©     That Defendants be directed to file with this Court within thirty (30) days after entry
of any injunction in this cause, a written statement under oath, setting forth in detail
the manner in which Defendants have complied with that injunction;

(d)     That Plaintiff recover his damages resulting from Defendants' infringement;

(e)     That Plaintiff recover Defendants' wrongful profits resulting from Defendants'
infringement;

(f)     That Plaintiff recover his court cost; and

(g)     That Plaintiff recover such other and further relief, in law or equity, as this Court
may deem just and appropriate.

5

Respectfully submitted,

PAYNE, LUNDEEN, D'AMBROSIO
& ARISMENDI, L.L.P.
1700 West Loop South, Suite 1230
Houston, Texas   77027
TEL/(713) 840-8008
FAX/(713) 840-8088


BY: _____

AL PAYNE      ( BY PERMISSION)
State Bar No. 15649450
Federal Id. No. 2025

Attorney-in-charge for Plaintiff
DANIEL E. DAVIS

Of Counsel:

ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id No. 8645

VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

6

## CERTIFICATE OF SERVICE

I, VICTOR QUINTANILLA, hereby certify that on this 24th day of March, 2000 a true and

correct copy of Plaintiff's Original Complaint was served on Defendants' counsel of record VIA

CM RRR # Z 559 109 040 to  Gary Gurwitz, ATLAS & HALL, L.L.P., P.O. Drawer 3725, 818

Pecan, McAllen, Texas   78502.

VICTOR QUINTANILLA

7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DANIEL E. DAVIS

## DEFENDANTS

FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M)
SDN BD, FAVELLE FAVCO HOLDINGS SDN BD, and
MOHIBBAH ENGINEERING

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    CAMERON
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    CAMERON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SEE ATTACHED EXHIBIT "A"

ATTORNEYS (IF KNOWN)

SEE ATTACHED EXHIBIT "A"

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAIN AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
☐ 5 another district
(specify)

☐ 6 Multidistrict
Litigation

Appeal to Dis
Judge from
☐ 7 Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. SEC. 1331, and 28 U.S.C. SEC. 1338(a); Patent Infringement case

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ Over
$75,000.00

CHECK YES only if demanded in compl
JURY DEMAND:    ☒ YES    ☐ I

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE

DOCKET NUMBER

DATE    03/24/00

SIGNATURE OF ATTORNEY OF RECORD

Victor Quintanilla

FOR OFFICE USE ONLY

RECEIPT #

CSsPDF — www.fawo.com

EXHIBIT "A"

Hon. Al Payne
PAYNE, IINDEEN, D'AMERSIO
& ARISMENDI, L.L.P.
1700 West Loop, South, Suite 1230
Houston Texas  77027
TEL/(713) 840-8008

Hon. Ernesto Gamez, Jr.   (Of Counsel)
LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison
Brownsville, Texas  78520
TEL/(956) 541-3820

Hon. Victor  Quintanilla (Of Counsel)
LAW  OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison
Brownsville, Texas  78520
TEL/(956) 541-3820

Attorneys for Plaintiff DANIEL  E. DAVIS


Hon. Gary Gurwitz
ATLAS & HALL, L.L.P.
P.O. Drawer 3725
818 Pecan
McAllen, Texas  78502
TEL/(956)682-5501


Attorney for Defendant FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO
CRANES (M) SDN BHD, FAVELLE FAVCO HOLDINGS SDN BHD, and MOHIBBAH
ENGINERRING

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC., FAVELLE CRANES | § | |
| (M) SDN BHD, FAVELLE FAVCO | § | |
| HOLDINGS SDN BHD, and | § | |
| MUHIBBAH ENGINEERING | § | |

# EXHIBIT "2"

THIS EMPLOYMENT CONTRACT, made and entered into, between FAVELLE FAVCO HOLDINGS (herein sometimes " Employer ") and Daniel E. Davis (hereinafter " Employee ") employed as a Managing Director to perform on behalf of Employer work at its facility in USA, herein provides for the employment of Employee on the following terms and conditions to which Employer and Employee hereby agree

## 1. ASSIGNMENT OF WORK

Employee shall be employed in the above named country by Employer in the classification above specified. Employee expressly represents to Employer that he is fully qualified to perform that class of work and that he is bondable.

Employer may require Employee to render services in a classification other than that specified above, provided that Employee's salary rate shall not be reduced below that provided herein. However, if Employee is not, in the sole judgement of Employer's Managing Director qualified to perform the work falling within the classification stated above, this Employment Contract may be terminated by Employer or the parties may agree in writing upon the assignment of Employee to a classification of work carrying a lower salary rate.

## 2. TERM OF AGREEMENT

This Employment Contract is for a period of thirty-six (36) months, except as provided in the following subparagraphs (a) and (b). Employee's actual  assignment in USA will take place approximately

(a) Renewal of Agreement

This agreement shall be automatically renewed for a term of twelve (12) months unless either party gives the other written notice received three (3) months prior to the expiration of this Employment Contract.

(b) Termination by Employer

(1) If Employer gives written notice of termination for its convenience (including medical discharge as provided in Article 10 hereof), this Employment Contract shall terminate upon the date specified in that notice, Employee shall thereupon be entitled to any accrued salary and home leave, and other benefits which may have accrued prior to that date and, in addition, Employer shall pay cost of return transportation and expenses. However, should the Employer give notice of termination for its convenience prior to completion of this contract, the Employee will receive twenty four (24) months base salary or payment of Employee's base salary through the end of this Contract, whichever is less. This separation payment will be the full and final settlement of all wages due Employee.



000070

3

(2) If Employer discharges Employee for cause, this Employment Contract shall terminate at the moment of discharge, and Employee shall thereupon be entitled to salary, home leave and other benefits accrued prior to that date and, in addition, Employer shall pay cost of return transportation and expenses as prescribed in Appendix "A" hereto. Discharge for cause shall include but not be limited to incompetence; participation in any black market activity; wilful or grossly negligent misconduct the use of narcotics trafficking in illicit drugs or other contraband; the contraction of venereal diesel insubordination; failure to observe safety rules after written warning; refusal to work; engaging in conduct prejudicial to the interests of the Employer or the Governments of the United States or China; or any other act of substantial misconduct.

(c)  Termination by Employee

(1) If Employee has completed his scheduled assignment and elects not to reconstruct, Employee shall be paid return transportation to his point of origin.

(2) If Employee quits before completing his assignment, this Employment Contract shall terminate on the date the Employee quits. Payments of salary, home leave and other benefits therefore accrued will not be made until Employer is satisfied that all Employee's obligations to Employer have been fulfilled.

3.  WAGES, ALLOWANCE AND HOURS

(a) Employee shall be compensated at a monthly salary of US$8,000.00 .

(b) The compensation shall be payable monthly in US$ and deposited in the bank of Employer's choice for the account of the Employee. The Employer my make payments through a third party payroll administrator if the Company deems appropriate. Deductions will be made for required or authorised deductions.

(c) Income Tax imposed shall be the responsibility of the employee.

(d) The payments provided for in the foregoing subparagraph (a) shall constitute the entire compensation (except as otherwise provided in this Employment Contract) for the entire period of service unless otherwise agreed to in writing between the parties.

(e) Employee shall work such days, hours and shifts as may be required by Employer and shall be on 24 hour call in case of emergency as determined by Employer. Employee is aware that the workweek is Monday through the ensuing Friday, however, the workweek is subject to change as may be determined by Employer.

000071

2

## 4. ABSENCES

Deductions from Employee's compensation will be made in the event of unexcited absences, including but not limited to injury or illness occasioned by neglect of Employee, use of alcohol or narcotics, or other unexcited failure or refusal to work or other cause for which termination could result.

## 5. COMPANY VEHICLE

(a) Employer shall provide company car. ·
(b) Employee shall be responsible for it's traffic offences fine.

## 6. PERSONAL PROPERTY

Employer shall not be responsible for Employee's clothing or other personal effects, and any loss thereof or casualty thereto, whether occurring in transit or otherwise, shall be for the account of Employee. Employee and Employer specifically agree that in no event, notwithstanding the foregoing, shall Employer reimburse Employee for such losses or casualties in an amount exceeding $500.00 in the aggregate.

## 7. COMPLIANCE WITH LAWS AND REGULATIONS

(a) Employee understands that he shall not engage in black market or other illegal transactions in currency or to the commodities and that he must conform to all laws and controls of the country in which he is working. Employer shall have no responsibility for the conduct of defence of any prosecution of Employee brought about by his alleged violation of those laws. If Employee is arrested by reason of any such alleged violation, upon his release by the authorities Employer may return him to point of origin at his own expense.

(b) Employee shall comply with such rules and regulations as Employer may establish from time to time with respect to personnel employed by Employer. Employee agrees to account for all property which may be issued to him to work and live in harmony with his co-workers employed on the work, and at all times to conduct himself in an orderly manner, which due regard to the comfort and convenience of his co-workers.

## 8. COMPENSATION DURING ILLNESS OR INJURY

Employer will provide Worker's Compensation benefits. Workers' Compensation benefits will be provided for any injury or illness arising out of or in the course of employment tuned this Employment Contract, in accordance with provisions of the Employer's contract's with FAVELLE FAVCO CRANES HOLDING SDN BHD.

000072

3

## 9  MEDICAL DISCHARGE OF EMPLOYEES

Should the health of Employee become impaired, as determined by Employer based upon such examinations and tests as Employer may require, and that impaired health is due to no fault of Employee, Employer may terminate Employee's services for Employer's convenience in accordance with the provisions of Article 2 hereof.

## 10.  GROUP HOSPITAL-MEDICAL

Employee will be provided for a health plan in USA.

## 11.  DISPOSITION OF EMPLOYEE'S REMAINS

If Employee dies during the term of this Agreement, Employer shall use its best efforts to dispose of Employee's remains in compliance with any known directives or desires of Employee and, lacking any such knowledge, in accordance with instruction of Employee's nest of kin, and shall pay the cost of any necessary transportation of remains to the Point of Origin or any equally distant point indicated by the next of kin.

## 12.  ALLOTMENT OF DEPOSITS

By execution of an appropriate instrument furnished by Employer, Employee may authorise all or any part of his earnings under this Contract to be paid to a designated beneficiary. Only one such authorisation shall be in effect any time; once such instrument has been executed by Employee and accepted in writing by Employer, it shall remain in effect until cancelled or superseded by another instrument similarly executed and accepted. Except as above provided or required by law, no allotments, assignments or transfers of any amounts payable to Employee hereunder will be accepted or recognised by Employer.

Employee shall also by execution of an appropriate instrument, arrange with Employer for the deposit by Employer of the portion of his salary payable in U.S Dollars in a bank designated by Employee in the United States for this purpose.

## 13.  CLAIMS

Any claims arising out of this Contract or in  connection with employment under this Contract, expect claims for Workers' Compensation as provided in Article 9 hereof, shall be submitted by Employee by written notice to Employer within sixty (60) days after such claim or claims arise. Such written notice shall set forth in detailed the nature of the claim and the amount claimed by Employee. The giving of such written notice in the manner and at the time herein provided shall be a condition precedent to any rights of action on any claim arising out of this Contract in connection with employment under this Contract and any such right of action shall be limited to the matter setter forth in said written notice. Any right of legal action for a determination a

4

000073

claim under this section shall waived unless such legal action shall be commenced within six (6) months after termination of employment under this Contract.

On the termination of the Contract and payment to Employee of all amounts due to him hereunder, Employee shall execute and deliver to Employer upon form prepared by him, a receipt for said amounts and a release of all claims other than those claims which may have been submitted to Employer pursuant to the provisions hereof and which may still remain unsettled.

14. POINT OF HIRE : CHOICE OF LAW

The parties agree that this Employment Contract has been formed in the United States of America, which is Employee's point of hire, notwithstanding that his point of origin may be located elsewhere; and that this Employment Contract shall be interpreted and construed according to the laws of the United States of America, and more specifically, the State of Texas.

15. PASSPORTS, VISAS, HEALTH REQUIREMENTS

Employee shall obtain a passport. Any necessary visa in connection therewith will be the responsibility of the Employer. Medical examination, inoculations, and vaccinations, as specified by Employer, are also required. The cost of all such requirements, including 6th passport shall be borne by Employer.

16. CERTIFICATE OF EMPLOYMENT

EMPLOYEE HEREBY CERTIFIES THAT HE HAS READ THE FOREGOING EMPLOYMENT CONTRACT, AND THAT HE FULLY UNDERSTAND ITS TERMS AND CONDITIONS, AND EMPLOYEE FURTHER CERTIFIES THAT :

THE FOREGOING TERMS AND CONDITONS CONSTITUTE HIS ENTIRE EMPLOYMENT CONTRACT WITH FAVELLE FAVCO CRANES HOLDING SDN BHD AND THAT

NO STATEMENTS, PROMISES OR UNDERSTANDING, EITHER ORAL OR WRITTEN, HAVE BEEN MADE OTHER THAT THOSE STATED ABOVE.

THIS CONTRACT SHALL BE SUBJECT TO MODIFICATION ONLY BY WRITTEN INSTRUMENT SIGNED BY BOTH EMPLOYEE AND EMPLOYER.

000074

5

IN WITNESS WHEREOF, this Employment Contract is executed by the parties named herein.


MAC NGAN BOON

DANIEL E. DAVIS
23/6/97


WITNESSETH
CHEAM TEK SIONG
( 670329-10-5063 )
23/6/97 .


009075

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

DANIEL E. DAVIS

§
§
§

VS.

§
§

CIVIL ACTION NO. B-00-003

§

FAVELLE FAVCO CRANES
USA, INC., FAVELLE CRANES
(M) SDN BHD, FAVELLE FAVCO
HOLDINGS SDN BHD, and
MUHIBBAH ENGINEERING

§
§
§
§
§
§
§

# EXHIBIT "3"

## SHAREHOLDERS' AGREEMENT

THIS AGREEMENT is made the .10th. day of August 19 Between:-

1.   FAVELLE FAVCO CRANES (M) SDN. BHD., a company incorporated in Malaysia with its registered office at ..... ("the First Party") of the one part; and

2.   DANIEL E. DAVIS] (Passport No. .....) of USA ("the Second Party") of the other part.

IT IS AGREED as follows:-

1.1  The parties hereto shall within .... days from the date of this Agreement form a corporation in the State of Texas, United States of America ("the Company").

1.2  The Constitution of the Company shall be in the form and content of the draft annexed hereto and initialled by the parties for the purposes of identification. In the event of a conflict between the provisions of this Agreement and the Constitution of the Company, the provisions of this Agreement shall prevail and the parties shall cause the necessary amendments to be made to the Constitution.

1.3  The Company shall have an initial authorised share capital of United States Dollars Three Million (US$3,000,000/-) divided into 3,000,000 ordinary shares of the par value of United States Dollars One (US$1) per share. The initial issued and paid up capital of the Company shall be United States Dollars Five Hundred Thousand (US$500,000/-).

1.4  Unless otherwise varied by written agreement, the issued and paid up capital of the Company shall be held by the parties in the following proportions:

   The First Party 90 %

   The Second Party 10 %

1.5  If the Second Party is desirous of disposing any or all of his shares, the First Party hereby agrees to take up the said shares within thirty (30) days of being so notified by the Second Party. If the First Party is desirous of disposing any or all of his shares, it must first make the offer to the Second Party and if the Second Party does not take up all or any of the said shares within thirty (30) days of being so offered, then the First Party may sell them to a third party and in any event in accordance with the terms of the Company's Constitution PROVIDED that if the First Party is desirous of disposing more than 50% of its total shareholding in the Company it may not sell them to a third party unless the third party also make an offer to the Second Party to purchase all his shares. The parties hereto hereby agree that the purchase price for

the sale and purchase of shares pursuant to this Clause 1.5 shall
be determined in accordance with Clause 6.4.2.

1.6  Any party will have a right of pre-emption in case any shares
are issued whether from the unissued authorised capital or from any
increase in the authorised capital.

2.1  The composition of the board of directors of the Company
("Board") shall be as follows:

The First Party .....

The Second Party .....

2.2  All resolutions of the Board shall be approved by a simple
majority of the Board.

3.1  All matters raised at a meeting of the Company shall, unless
otherwise required by the laws of the State of Texas, be decided by
a simple majority of the shareholders present at the meeting.

4.1  The parties hereto agree that unless otherwise varied in
writing, the business of the Company shall be restricted and
confined to the following:-

    (a)  sales and marketing arm for Favelle Favco Cranes (M) Sdn.
Bhd. ("FFC") in the United States of America, Mexico, Central
and South America;

    (b)  buy parts and materials for FFC and arrange for the
shipping thereof to Malaysia or such other location as
designated by FFC;

    (c)  if requested by FFC, buy used crawler cranes and or
foundation equipment for Asia and or the Middle East;

    (d)  quote manitex offshore spare parts and establish parts
supplier in the United States of America;

    (e)  quote new manitex offshore pedestal cranes;

    (f)  fabricate towers and booms and Kroll tower cranes for
FFC;

    (g)  sell the whole of the West Manitowoc cranes in Mexico,
central and south America; and

    (h)  finalise, conceptualise, design and manufacture Excavator
Upper and Variable Gauge Lower for the manufacture of Lattice
and Box Boom Crawler Crane.

5.1  The Second Party hereby agrees with the First Party, that he
shall not, during the subsistence of this Agreement and for a
period of three years after the determination of this Agreement for

whatever reasons, directly or indirectly enter into any agreement, arrangement, partnership or otherwise in competition with the business carried on or proposed to be carried on by the Company unless the termination of this Agreement is pursuant to Clauses 6.2.2 or 6.3.

6.1   This Agreement shall continue in full force and effect until terminated in accordance with the provisions of this clause.

6.2   Either of the parties to this Agreement shall be entitled to terminate this Agreement immediately by notice in writing to the defaulting party ("Defaulting Shareholder(s)") if any of the events set out below shall occur. The said events are:-

> 6.2.1      If the Defaulting Shareholder(s) shall commit any material breach of any of its obligations under this Agreement and shall fail to remedy such breach (if capable of remedy) within fourteen (14) days after being given notice by the other parties hereto so to do; or

> 6.2.2      If one or more parties hereto (being a Company) shall go into liquidation whether compulsory or voluntary (except for the purposes of a bona fide reconstruction or amalgamation with the consent of the other parties hereto such consents not to be unreasonably withheld) or if one or more of the parties hereto shall have an administrator appointed or if a receiver administrative receiver or manager shall be appointed over any part of the assets or undertakings of that party or if a petition shall be presented or an order made for the appointment of a trustee in bankruptcy; or

> 6.2.3      If one (1) party acquires all the shares of the Company.

6.3   This Agreement shall terminate immediately if an effective resolution is passed to wind up the Company or if a liquidator is otherwise appointed (but without prejudice to any rights of the parties hereto may have against the other party prior to such termination).

6.4.1      If either of the parties hereto shall serve a valid notice of termination under Clause 6.2 that party ("the Terminator(s)") shall be entitled by that notice to require the Defaulting Shareholder(s) ("the Terminatee(s)") either to purchase all (but not some only) of his or its shares in the Company of the Terminator(s) or to sell to the Terminator all (but not some only) of the shares of the Terminatee(s) in the Company in either case at a price determined in accordance with the provisions of Clause 6.4.2. Upon exercise of any such right by the Terminator(s) it and the Terminatee(s) shall become bound respectively to sell or purchase on the terms set out below. If in a valid termination notice to such power of sale or purchase is exercised by the Terminator(s) the parties shall procure that the Company shall be immediately wound up.

D.W.

6.4.2    The purchase price of the shares to be bought and sold pursuant to Clauses 6.4.1 and 1.5 shall be their fair value as agreed between the parties to such sale and purchase or in default of agreement within fourteen (14) days after the service of the notice of termination such sum shall be certified at the request of either such parties) by the auditors for the time being of the Company to be the fair value of such share on the date when the termination notice was served. In so certifying the auditors are irrevocably instructed to value the ordinary shares to be bought and sold as the same proportion of the market value of the Company as a whole on that date as the relevant ordinary shareholding bears to the whole issued ordinary share capital of the Company on that date but otherwise they shall take into accounts all such circumstances as shall seem to them relevant.    In so acting such auditors are instructed to act as experts and not as arbitrators and their decision shall (save in respect of manifest error) be final and binding on the parties to such sale and purchase for all purposes and their costs shall be borne in equal shares by such parties.

6.4.3    Completion of the sale and purchase of shares pursuant to the provisions of Clause 6.4.1 shall take place at the registered office of the Company on the 3rd business day after the price payable for such shares has been agreed or determined in accordance with the provisions of Clause 6.4.2 (or such other time and/or place in respect of which the provisions of 6.4.4, 6.4.5. 6.4.6 and 6.4.7 shall then have effect).

6.4.4    At any completion of the sale and purchase of shares pursuant to Clause 6 in return for bankers draft drawn on a United States clearing bank (or such other means of payment which is agreed by the seller) for the full amount of the purchase money for the shares being bought and sold and such other amounts as are referred to in Clause 6.4.5 the seller shall deliver to the purchaser duly executed share transfers for the shares being sold in favour of the purchaser or as it may direct together with the relevant share certificate(s).

6.4.5    The parties hereto shall exercise all voting and other rights available to them to ensure the implementation of the preceding provision of this clause and that any provisions contained in the articles of association of the Company restricting transfers of shares shall be waived or suspended to allow such sales and purchases to proceed as provided above and the shareholders shall procure the registration of any transfer of any shares in the Company pursuant to this Agreement accordingly.

7.1    The First Party shall for a period of three years from the date of this Agreement pay to the Second Party a royalty fee of 1% of the sale price for the sale of each crane manufactured or assembled pursuant to the Second Party's patented invention, namely, the Excavator Upper and Variable Guage Lo in for the making of a Latice and Box Boom Crawler Crane, and whether or not the sale took place before or after the termination of this Agreement.

D.I.D.

Case 1:00-cv-00003 Document 48 Filed in TXSD on 01/12/2001 Page 35 of 37

8.1 This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, United States of America and the parties expressly submit to the non-exclusive jurisdiction of the courts of that country.

IN WITNESS WHEREOF the parties hereto have hereunto caused their respective duly authorised representatives to set their hands the day and year first above written.

SIGNED by                )
for and on behalf of )
FAVELLE FAVCO CRANES )
(M) SDN. BHD. in the )
presence of:             )


SIGNED by the said )
DANIEL F. DAVIS       )
in the presence      )
of:-                      )

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DANIEL E. DAVIS

VS.

FAVELLE FAVCO CRANES
USA, INC., FAVELLE CRANES
(M) SDN BHD, FAVELLE FAVCO
HOLDINGS SDN BHD, and
MUHIBBAH ENGINEERING

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. B-00-003

EXHIBIT "4"

FAVELLE FAVCO CO. (USA) INC.

FFC-USA will be the appointed the sales representative for FFC Holdings on its range of Favelle Favco and Kroll cranes. Geographical markets will be in North, Central and South America only. Sales into markets outside these predefined markets will be subjected to approval from FFC Holdings. All drawings and designs associated with the Favelle Favco and Kroll range of offshore remains the property of Favelle Favco.

<u>Crawler cranes</u>
FFC-USA is to license the rights to assemble the cranes to FFC-Malaysia for a predefined market (to be specified) for a predefined period in return for a royalty of ___%.

7) **Termination**
In the event of a termination of this agreement, the right to the name and all associated drawings and designs of Favelle Favco, Kroll and Manitex range of products are to be returned to FFC- Holdings. Likewise, all information and rights to the crawler cranes are to be returned to FFC-USA.

In the event that the termination was triggered by one party intending to sell out, the other party is to granted the first right of refusal to acquire the equity stake on the party that is selling out.

8) **Non competition**
In the event of a termination, FFC-Holdings will undertake not to compete with FFC-USA on its range of crawler cranes (either through its own designs or through collaboration with new partners) for a period of __years. Likewise, FFC-USA will undertake not to compete with FFC-Holdings on its range of offshore and tower cranes (either through its own design or through collaboration with new partners for the same period of years.

9) **The name of FFC-USA**
Following the execution of this agreement, FFC-USA is to adopt a new name to reflect the new partnership.

As the owner of the patent to the crawler crane, Mr Daniel Davis will reserve the right the adopt a new name for the range of crawler cranes which may or may not adopt the new name of the company.______. ——

DANNY,
ATTACHED THE ISSUES TO
BE ADDRESSED IN T[illegible]
NEW AGREEMENT.
IF YOU HAVE OTHER
POINTS TO ADD, PLEASE
LET ME KNOW.
I WILL THEN FAX THE
LIST TO DENNIS TO
DRAFT THE AGREEMENT.
YEE

ClibPDF - www.fastio.com