52

United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

DANIEL E. DAVIS, et al, §
    plaintiffs §
§
v. §   Civil Action No. B-00-003
§
FAVELLE FAVCO CRANES USA, INC., §
et al., §
    defendants §

**Defendants' Response to Counter-Plaintiffs' Motion to Remand**

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA") and Favelle Favco Holdings SDN BHD ("FFC Holdings") (collectively "FFC Parties") file this response to the Counter-Plaintiffs' Motion to Remand filed by Daniel E. Davis ("Davis"), Davisco, Inc. and Coburn International, Ltd. (collectively, "Davis Parties"), and would show:

    1.    *Summary.* In light of the court's consolidation order of January 18, 2001, the Davis Parties' motion to remand may be moot. In any event, the removal was proper. Case No. B-00-184 was removed by third party defendant FFC Holdings after the filing of claims against it by the Davis Parties arising under federal law. The third party claim was alleged in a pleading called Defendants' First Amended Counterclaim. The Fifth Circuit allows removal of federal claims by third party defendants, and the Davis Parties incorrectly cite the authority they argue is to the contrary. The Fifth Circuit in *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 327 n. 22 (5th Cir. 1998), expressly recognizes that "a third-party defendant may remove a case to federal court based on the third-party claim." Removal of B-00-184 by third party defendant FFC Holdings therefore was proper, and remand should be denied.

2.  *Consolidation.* This court on January 18, 2001, ordered consolidation of Case No. B-00-184 and Case No. B-00-003. Although this response is styled as being in B-00-003 pursuant to the consolidation order, the motion to remand was filed in B-00-184. For ease of reference in connection with this motion, the FFC Parties herein refer to the now consolidated cases by their initially assigned federal case numbers.

3.  *Third party defendants may remove cases presenting separate federal question claims against them.* The Fifth Circuit allows third party defendants to remove claims against them. In *Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury,* 622 F.2d 133, 136 (5th Cir. 1980), for example, the plaintiff sued Lafourche Parish on a public road contract. The defendant then filed a third party clam against an insurer for indemnity. The insurer removed the entire case to federal court, and the Fifth Circuit affirmed the propriety of the removal.[1] As the court stated:

> If the third party complaint states a separate and independent claim which if sued upon alone could have ben brought properly in federal court, there should be no bar to removal.
>   Here, the claim for indemnity by Lafourche against Maryland [insurer] presents a real controversy, not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered. Such actions can be and often are brought in a separate suit from that filed by the original plaintiff in the main claim. If filed in the original suit, therefore, a claim essentially seeking indemnity should be considered separate and independent.

---

[1] The *Carl Heck* removal was based on diversity. *Carl Heck Engineers,* 622 F.2d at 135. The removal statute subsequently has been amended to limit supplemental jurisdiction to federal question cases. However, the principle involved in *Carl Heck* remains applicable to third party clams asserting a federal question, as is the case here.

2

622 F.2d at 136. The rule allowing removal by third party defendants has been affirmed repeatedly by the Fifth Circuit. *See, e.g., State of Texas v. Walker,* 142 F.3d 813 (5th Cir. 1998), *cert. den.,* 525 U.S. 1102 (1999); *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061 (5th Cir.), *cert. den.,* 506 U.S. 867 (1992).

    4. *The Davis Parties' third party claim against Holdings presents a separate federal claim.* FFC USA's claim against the Davis Parties asserts: 1) misappropriation of trade secrets, proprietary information, and confidential information; 2) breach of fiduciary duty; 3) the right to a declaratory judgment regarding ownership of Patent No. 6,003, 252; 4) theft; 5) conversion; and 6) shop rights. Defendants' First Amended Counterclaim, in contrast, requires proof of patent infringement.

    4.1 *An action arises under federal patent law if federal patent law is a necessary element of the claim.* An action arises under the federal patent laws if the complaint includes allegations that federal patent law creates the cause of action <u>or</u> if federal patent law is a necessary element of the claim. *Scherbatskoy v. Halliburton Co.,* 125 F.3d 288, 291 (5th Cir. 1997).[2] In that case, Scherbatskoy granted a license for the use of a patent to Halliburton Company. Under the contracts of the parties, Scherbatskoy was to receive royalties at an agreed rate, but Halliburton was to pay additional royalties if it

---

[2] *Christianson v. Cold Industries Operating Corp.,* 486 U.S. 800 (1988), is cited in the notice of removal for the proposition that an action arises under the federal patent laws if the complaint includes allegations that federal patent law creates the cause of action <u>or</u> if federal patent law is a necessary element of the claim. The Davis parties do not (and cannot) deny the correctness of that proposition. Contrary to the Davis Parties' argument, the removal petition does not allege that a state law claim supported federal jurisdiction. Rather, as the notice of removal itself points out, federal jurisdiction exists because federal patent law is <u>a necessary element of</u> the FFC Parties' third party claim.

acquired a "new company" which did not meet certain criteria. 125 F.3d at 289. When Halliburton acquired Smith International, Inc., a dispute arose concerning royalties due to Scherbatskoy. The Fifth Circuit held that jurisdiction existed because the issue of patent infringement was necessarily raised by the royalty claim: "Clearly, determining whether Smith International infringed the Scherbatskoys' patents is a necessary element to recovery of additional royalties or a finding that Halliburton breached the Patent License Agreement." *Id.* at 291. The Fifth Circuit therefore determined that the district court properly exercised jurisdiction under section 1338 and that the Court of Appeals for the Federal Circuit had exclusive jurisdiction[3] over the appeal. *Id. See also Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed. Cir. 1993) (federal court had jurisdiction over business disparagement claim where proof of falsity of statements required proof of patent infringement).

  4.2 *The Davis Parties' claim is predicated on patent infringement.* Defendants' First Amended Counterclaim alleges that FFC Holdings agreed to license the manufacture and sale of crawler cranes and that the Shareholders Agreement was breached because Davis has not been paid royalties for cranes manufactured and sold pursuant to Davis' alleged patented invention:

> The Favco Shareholder's Agreement recites in paragraph 7.1 that Favco shall pay Mr. Davis a royalty for cranes sold under Davis' patented invention . . . . . Counter-Defendants' refused to pay any royalties to Counter-Plaintiff Daniel E. Davis.

---

[3] Under 28 U.S.C. § 1295(a)(1), the Court of Appeals for the Federal Circuit has exclusive jurisdiction over an appeal from a final decision of a district court of the United States if the jurisdiction of that court was based, in whole or in part, on 28 U.S.C. § 1338.

Counter-Plaintiffs contend that this conduct on the part of Counter-Defendants amounts to a breach of the Shareholders' Agreement.

Defendants' First Amended Counterclaim ¶ 3.09. The alleged Shareholders' Agreement on which Davis bases his claim for lost royalties plainly states that he is only entitled to a royalty if cranes built and sold were made pursuant to Davis' patented invention. Shareholder's Agreement ¶ 7.1. See Exhibit B-2 to Defendant Favco USA's Motion for Partial Summary Judgment (filed in B-00-003, incorporated herein). Thus under the terms of the alleged Shareholder's Agreement, Davis is entitled to a royalty, if at all, only if the cranes were manufactured pursuant to or covered by his alleged patented invention. In other words, exactly like the royalty claim at issue in *Scherbatskoy,* Davis must prove as a necessary element of his claim for royalties that his patent covers and is infringed by the manufacture and sale of the cranes in question. Federal jurisdiction thus exists, as was the case in *Scherbatskoy*.

  4.3 *The patent infringement claim is separate from FFC USA's claims against the Davis Parties.* Clearly, most of the disputes among the parties relate to the crawler cranes at issue. Patent infringement, however, is a claim that exists separately under federal law. *See* 35 U.S.C. § 281. The issue of patent infringement is governed by federal law. *See, e.g., 3D Systems, Inc. v. Aarotech Laboratories, Inc.,* 160 F.3d 1373, 1379 (Fed. Cir. 1998). Patent infringement, by its terms, necessarily involves issues of whether sale of particular items violates (or infringes on) the patent, necessitating a comparison of the patent with the allegedly infringing objects. Jurisdiction of patent infringement claims lies exclusively with the federal court. 28 U.S.C. 1338(a). In contrast,

5

patent <u>ownership</u> generally is a matter of state law, and suit to determine patent ownership may be brought in state court. *See generally* 15 J. Moore, MOORE'S FEDERAL PRACTICE § 104.44[1] at 104-80 (3d ed. 2000) ("A cause of action will arise under federal law if it involves the . . . infringement of a patent . . . . [A] suit to resolve a dispute concerning the ownership of a patent . . . ordinarily does not *arise under* federal law because the outcome of the case turns on issues of state law governing the ownership of property"). Like the claim asserted in *Carl Heck Engineers,* the third party claim asserted by the Davis Parties is "not unrelated to the main claim, but sufficiently independent of it that a judgment in an action between those two parties alone can be properly rendered." *Id.* at 136. Patent infringement involves an obligation distinct from the other claims in the case, and is an actionable wrong in and of itself. Thus, B-00-184 was properly removed.[4]

    5.    *Metro Truck supports removal of this action.* Contrary to the argument of the Davis parties, *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320 (5th Cir. 1998), actually supports removal of this action. In *Metro Ford*, the plaintiff (Metro) initially filed suit against the defendant (Ford), alleging state law claims. The defendant answered and filed

---

[4] In contrast, the indemnity claim asserted in *In re Wilson Industries, Inc.,* 886 F.2d 93, 96 (5th Cir. 1989), cited by the Davis Parties, was a common law indemnity claim and therefore was wholly derivative of which party's negligence (as otherwise alleged) was the true cause of the plaintiff's injuries. The claim in *Wilson* was not based on contract or a separate cause of action. As discussed above, patent infringement is a separate cause of action. *Murjani v. Allstate Insurance Co.,* 679 F.Supp.601 (M.D. La. 1988) and *Soper v. Kahn,* 568 F.Supp. 398 (D. Md. 1983), like *Wilson*, both involved derivative common law indemnity claims. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 7 S.Ct. 534 (1951), does not involve a third party claim at all; rather it involved a claim by the plaintiff against an insurance agent for two companies, only one of which was an out of state insurer, and the claims were based on the actions of the common agent.

6

a claim against a third party defendant alleging claims under state law. *Id.* at 323. The plaintiff subsequently amended its petition alleging price discrimination against the defendant. The defendant (not a third party defendant) then removed the case, alleging that the plaintiff's price discrimination claim necessarily asserted a claim under federal antitrust law. *Id.* The federal district court agreed that a federal claim was stated, and denied remand. *Id.* Subsequently, after the federal claim on which jurisdiction was based was decided by summary judgment, the district court exercised its discretion under 28 U.S.C. § 1442(c) to remand the remainder of the claims to state court, finding that "state law predominated," even though the defendant had amended its third party claim to include a federal RICO cause of action. *Id.* at 324, 326 n. 19. The Fifth Circuit in *Metro Ford* merely rejected the defendant's argument that the court was required to keep jurisdiction over the third party action which it (the defendant) had filed. In so holding, the court merely determines that the defendant could not take advantage of that defendant's own pleadings to require the district court to keep the case, as opposed to exercising its right to discretionary remand.

No such situation is presented here. In contrast, B-00-184 involves a removal by the third party defendant (Favco Holdings). This is not a situation, such as that in *Metro Ford*, where a defendant attempted to force discretionary retention of federal jurisdiction based on that defendant's own pleadings. Indeed, the Fifth Circuit in *Metro Ford* expressly recognized that "a third-party defendant may remove a case to federal court based on the third-party claim." *Id.* at 327 n. 22 (emphasis added). That is exactly what occurred here.

7

## Certificate of Service

I certify that on January 22, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | hand delivery |

                                                        Gary Gurwitz

a claim against a third party defendant alleging claims under state law. *Id.* at 323. The plaintiff subsequently amended its petition alleging price discrimination against the defendant. The defendant (not a third party defendant) then removed the case, alleging that the plaintiff's price discrimination claim necessarily asserted a claim under federal antitrust law. *Id.* The federal district court agreed that a federal claim was stated, and denied remand. *Id.* Subsequently, after the federal claim on which jurisdiction was based was decided by summary judgment, the district court exercised its discretion under 28 U.S.C. § 1442(c) to remand the remainder of the claims to state court, finding that "state law predominated," even though the defendant had amended its third party claim to include a federal RICO cause of action. *Id.* at 324, 326 n. 19. The Fifth Circuit in *Metro Ford* merely rejected the defendant's argument that the court was required to keep jurisdiction over the third party action which it (the defendant) had filed. In so holding, the court merely determines that the defendant could not take advantage of that defendant's own pleadings to require the district court to keep the case, as opposed to exercising its right to discretionary remand.

No such situation is presented here. In contrast, B-00-184 involves a removal by the third party defendant (Favco Holdings). This is not a situation, such as that in *Metro Ford*, where a defendant attempted to force discretionary retention of federal jurisdiction based on that defendant's own pleadings. Indeed, the Fifth Circuit in *Metro Ford* expressly recognized that "a third-party defendant may remove a case to federal court based on the third-party claim." *Id.* at 327 n. 22 (emphasis added). That is exactly what occurred here.

7

6. *Davis Parties' motion for sanctions and costs should be denied.* For the reasons stated herein, removal of this action was proper and remand should be denied. The Davis Parties' request for sanctions and costs similarly should be denied.

7. *Factual misstatements.* Davis' motion contains numerous factual misstatements, most of which are irrelevant to the issue of remand. The FFC Parties therefore do not attempt herein to correct all of such misstatements. However, the Davis Parties by implication suggest that this removal is merely an effort of delay. Such is not the case. The statement by the Davis Parties that discovery was done "in preparation for trial [in this case] on November 13, 2000" fails to inform the court that, by agreement, discovery was done both in the state court proceeding (removed as assigned No. B-00-184) and in Case No. B-00-003. Case No. B-00-003 is set for final pretrial on February 1, 2001; jury selection is set for February 5, 2001. Further, the Davis Parties fail to inform the court that continuance of the state court trial in this case (B-00-184), which was to begin in November 2000, was based on the motion of the Davis Parties, following their choice to add additional parties and claims (including the federal claim on which removal is based). See transcription of November 13, 2000, continuance hearing, Attachment A to Defendants' Response to Plaintiff's Plea in Abatement and Motion for Stay Pending Resolution of First Filed Claims (filed in B-00-003, incorporated herein). Further, the Davis Parties incorrectly state that service of citation has been effectuated on third party defendant Favelle Favco Cranes (M) SDN BHD: citation to such party was never requested by Davis nor issued by the district clerk.

8

Wherefore, premises considered, the FFC parties request that the motion to remand be in all respects denied. The FFC parties request such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted,

_____
Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for defendant

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200

9

## Certificate of Service

I certify that on January 22, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | hand delivery |

                                                                              /s/ Gary Gurwitz

10

ClibPDF - www.fastio.com