

United States District Court
Southern District of Texas
ENTERED

JAN 2 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC. and FAVELLE FAVCO CRANES (M) SDH BHD, | § | |
| Defendants | § | |
| FAVELLE FAVCO CRANES USA, INC. | § | |
| Plaintiff, | § | |
| v. | § | |
| DANIEL E. DAVIS, DAVISCO INC., and COBURN INTERNATIONAL | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that the Court previously **DENIED** [Dkt. No. 50] Favelle Favco Cranes, USA's Motion for Summary Judgment and Brief in Support Thereof. The Court hereby gives a fuller explanation of its reasons for denying Favelle Favco Cranes, USA's Motion for Summary Judgment [Dkt. No. 28], and also **DENIES** Daniel E. Davis' Motion for Leave to File a Response [Dkt. No. 47] as **MOOT**.

1

## I. Facts in the summary judgment record

Muhibbidah Engineering (M) BHD has a holding company, Favelle Favco Holdings SDH BHD ("Holdings") for its many subsidiaries, including Favelle Favco Cranes (M) SDH BHD ("FFC Malaysia") and Favelle Favco Cranes, USA ("FFC USA"). FFC USA designs, develops, manufactures, and sells crawler cranes. The Plaintiff Daniel E. Davis served as president and managing director of FFC USA. During his tenure a particular type of crane was developed. Mr. Davis asserts that he conceived of and developed this unique design of crawler crane. FFC USA on the other hand asserts that Mr. Davis usurped its interest in the crane.

Holdings employed Mr. Davis under a written employment contract to be a managing director of FFC USA. Mr. Davis' employment contract with Holdings contained no information regarding the ownership of patents from the development of crawler cranes; in fact, it does not mention crawler cranes at all.

In addition to the aforementioned employment contract, Mr. Davis claims that the terms of his employment were also contained in a Shareholder's Agreement (the "Agreement"), signed by Mr. Davis on August 16, 1997. The Agreement states that Mr. Davis was responsible for finalizing, conceptualizing, and designing a unique crawler crane design. The Agreement further states that FFC Malaysia would pay Mr. Davis a royalty fee of 1% of the sale price from the sale of each crane manufactured pursuant to Mr. Davis' patented invention. The Agreement recites that FFC USA would be held 90% by FFC Malaysia and 10% by Mr. Davis. Although there was a signature line for a representative for FFC Malaysia, neither it nor FFC USA signed the Agreement. The signature line is blank.

The summary judgment record also contains a document entitled "Issues to be Incorporated in the New Shareholder's Agreement for FFC USA" [Dkt. No. 49, Exh. A]. This document has a handwritten note from Y.C. Yee, an individual who was sent to assist Mr. Davis in the operation of FFC USA, indicating that the issues contained in the document were to be addressed in a new Shareholder's Agreement [Dkt. No. 49, Affidavit of Daniel E. Davis]. Among the issues to be incorporated was the express

2

acknowledgment that Mr. Davis was the "inventor and owner of the patents to the design," and that FFC USA licensed the right to use the design and drawings in exchange for royalties [Dkt. No. 49, Exh. A at ¶ 3]. However, there is no indication that a draft of this new agreement was ever reduced to a finalized writing.

## II. Summary judgment standard

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). If the moving party meets this burden, the non-movant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994).

In this case, the Plaintiff did not file a response to the Defendants' motion for summary judgment. "The nonmovant's failure to respond to a summary judgment motion in conformity with the requirements of Rule 56(e) does not automatically entitle the moving party to judgment." SCHWARZER, HIRSCH & BARRANS, THE ANALYSIS AND DECISION OF SUMMARY JUDGMENT MOTIONS, p. 48-49 (Federal Judicial Center 1991); see Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988). Instead, summary judgment shall be entered only "if appropriate." Fed. R. Civ. P. 56(e).

## III. Relevant Contract Law

In order to constitute a contract in writing, a writing does not necessarily have to be signed by both parties, so long as the party not signing accepts the contract by its acts, conduct, or acquiescence. Karl Rove. & Co. v. Thornburgh, 824 F.Supp. 662, 673 (W.D. Tex. 1993), aff'd in part, 39 F.3d 1273 (5th Cir. 1994), citing Augusta Dev. Co. v. Fish Oil Well Serv. Co., Inc., 761 S.W.2d 538, 544 (Tex.App. -- Corpus Christi 1988, no writ).

## IV. A material issue of fact exists as to whether FFC USA or FFC Malaysia acknowledged Mr. Davis as the owner of the crawler crane design and agreed to license its use from Mr. Davis.

FFC USA contends that because the Agreement was unsigned, it is not binding. Therefore, since Mr. Davis created the crawler crane design for FFC USA while he was its president and managing director, FFC USA owns the design. At the very least, FFC USA argues, it is entitled to a shop right, which is a defense to any alleged patent infringement in its use of the design.

However, the Agreement need not have been signed by FFC Malaysia or FFC USA for it to be effective; the companies need only have conformed its actions to the terms of the Agreement concerning Mr. Davis for there to be an enforceable agreement between them. The evidence in the summary judgment record that FFC Malaysia or FFC USA acted pursuant to the Agreement is: (1) Mr. Davis was held responsible for, among other duties, finalizing, conceptualizing, and designing a unique design for crawler cranes, as stated in the Agreement; (2) Mr. Davis was paid a royalty fee of 1% of the sale price from the sale of each crawler crane as outlined in the Agreement; (3) ownership of FFC USA was 90% FFC Malaysia, 10% Mr. Davis, as expressed in the Agreement; (4) a document indicating that a new shareholder's agreement was being discussed between FFC USA and Mr. Davis explicitly acknowledges that Mr. Davis was the owner of a patent for the crawler crane design; and (5) the document further indicates that FFC USA agreed to license the designs in exchange for a royalty.

4

Based on the evidence in the summary judgment record, a material issue of fact exists as to whether FFC USA or FFC Malaysia recognized that Mr. Davis would be the owner of any patents from the crawler crane design. Furthermore, a material issue of fact exists as to whether FFC USA or FFC Malaysia agreed to license the patent design from Mr. Davis in exchange for royalties. Therefore, summary judgment is **DENIED**.

DONE at Brownsville, Texas, this 23rd day of January, 2001.

Hilda G. Tagle
United States District Judge