54

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 2 9 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC. and FAVELLE FAVCO CRANES (M) SDH BHD, | § | |
| Defendants | § | |
| AND | § | |
| FAVELLE FAVCO CRANES USA, INC., et. al., | § | |
| Plaintiff, | § | |
| v. | § | |
| DANIEL E. DAVIS, DAVISCO INC., and COBURN INTERNATIONAL | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on January 25, 2001, the Court **DENIED** Daniel E. Davis, Davisco, Inc., and Coburn International's Motion to Remand [Dkt. No. 4].

## I. Background

Favelle Favco Cranes USA, Inc. ("FFC USA") filed a petition in state court alleging, inter alia, misappropriation of trade secrets, proprietary information and confidential information, breach of fiduciary duty, theft and conversion against Daniel E. Davis, Davisco, Inc., and Coburn International (collectively "Davis"). Davis

counterclaimed against FFC USA alleging various causes of action. Thereafter, Davis amended its claims to add Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia") and Favelle Favco Holdings SDN BHD ("Holdings") as third-party defendants to the lawsuit. Holdings then removed the action to federal court with the consent of FFC USA (FFC Malaysia had not yet been served). It alleged that Davis' third-party claim against it for breach of a Shareholder's Agreement (the "Agreement") necessarily involved a question which arises under patent law such that the federal district court has exclusive jurisdiction. The case, formerly Number B-00-184, has since been consolidated into the current matter.

Davis argues that removal is improper because third-party claims cannot be considered for removal purposes. Even if they could be considered, Davis argues that its third-party claim for breach of the Agreement does not arise under federal patent law, such that this Court does not have original jurisdiction.

## II. The Court May Consider Davis' Third-Party Claim Against Holdings for Removal Purposes

A third-party defendant may remove a case to federal court. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 fn. 22 (5th Cir. 1998), citing Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury, 622 F.2d 133, 135 (5th Cir. 1980). In the instant matter, FFC USA brought suit against Davis in state court. Davis subsequently made a third-party claim against Holdings for breach of the Agreement. As a third-party defendant, Holdings could properly remove the action to federal court. Since Holdings properly based removal on the third-party claim for breach of the Agreement, the Court will now address whether the claim arises under the patent laws to confer exclusive jurisdiction in federal district court.

## III. Davis' Claim for Breach of the Agreement Arises Under Patent Law

Any case filed in a State court may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). Federal district courts have

2

exclusive jurisdiction in cases arising under the patent laws. 28 U.S.C. § 1338(a). An action arises under the federal patent laws if they create the cause of action or if the right to relief necessarily depends on resolution of a substantial question of federal patent law in that patent law is a necessary element of one of the claims. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988); Scherbatskoy v. Halliburton Co., 125 F.3d 288, 291 (5th Cir. 1997). Since neither side contends that patent law in any sense created Davis' cause of action for breach of the Agreement, the dispute centers around whether patent law "is a necessary element" of the breach of the Agreement claim.

The Halliburton case is particularly instructive. 125 F.3d 288. In this case the plaintiffs, the Scherbatskoys, granted Halliburton a license to use its patent in exchange for royalties. Their agreement provided that if Halliburton acquired a new company which utilized its patent without a license, then Halliburton would pay additional royalties. Halliburton subsequently acquired a company which seemed to have been utilizing the Scherbatskoy patent without a license. However, Halliburton disputed that additional royalties were due. 125 F.3d at 289-90.

The Scherbatskoys brought suit in state court against Halliburton for breach of contract. Halliburton removed based on federal question jurisdiction, asserting that the claim invoked patent law. The case ultimately remained in federal court because the parties conceded that they were diverse; however, it was later found that removal based on diversity jurisdiction was improper. Meanwhile, the court granted summary judgment in favor of Halliburton, and the Scherbatskoys appealed. 125 F.3d at 290.

The Scherbatskoys alleged that the Fifth Circuit did not have jurisdiction over their appeal because, since the district court's jurisdiction derived from the implication of the patent laws and not from diversity, the Court of Appeals for the Federal Circuit has exclusive jurisdiction.[1] Thus, the Fifth Circuit had to determine whether the case was

---

[1] The Court of Appeals for the Federal Circuit has exclusive appellate jurisdiction over actions arising under patent law. 28 U.S.C. § 1295.

3

properly in the district court because it arose under federal patent laws in order to decide whether it had to transfer the appeal to the Federal Circuit.  Id.

The Fifth Circuit found that federal patent laws would necessarily be implicated in the dispute because the Scherbatskoys would have to prove that the new company utilized its patents to show that Halliburton breached the agreement.  Therefore, the suit was properly in the district court due to the nature of the claim arising under federal patent law, and the Federal Circuit had exclusive jurisdiction over the appeal.  125 F.3d at 291.

Similarly, Davis alleges in its third-party claim that FFC Holdings breached the Agreement by failing to pay royalties for cranes sold under Davis' patented invention.  First Amended Counterclaim, Dkt. No. 1, Exh. Z, ¶ 3.08.  To prove this, Davis would necessarily have to show that the cranes sold by Holdings were manufactured pursuant to Davis' patented invention, thereby entitling Davis to any royalties.  Therefore, since a necessary element of Davis' third-party claim implicates patent laws, this Court has jurisdiction pursuant to the grant of exclusive jurisdiction to district courts over cases arising under patent laws.

## IV. Conclusion

The Court may consider third-party claims for removal purposes.  In reviewing the third-party claim for breach of the Agreement, the Court finds that a necessary predicate for recovery is proof that Holdings manufactured and sold cranes pursuant to Davis' patent.  Since proof that cranes were made pursuant to the patent registered in Davis' name is a necessary element to prove breach of the Agreement, the third-party claim arises under the federal patent laws such that this case is properly in this Court.

For the foregoing reasons, the Court **DENIES** Davis' Motion to Remand [Dkt. No. 4].

DONE at Brownsville, Texas, this 25 day of January 2001.

_____
Hilda G. Tagle
United States District Judge

5