60

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS | § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD | § § § § | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § § | |
| VS. | § § § | |
| DANIEL E. DAVIS, DAVISCO INC. and COBURN INTERNATIONAL | § § § § § | CIVIL ACTION NO. B-00-184 |
| VS. | § § § | |
| FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD, and FAVELLE FAVCO HOLDINGS SDN BHD | § § § § § | |

**PLAINTIFF/COUNTER-PLAINTIFFS' OBJECTIONS TO AND REQUEST FOR
AUTHENTICATION OF DEFENDANTS' EXHIBITS AS LISTED
<u>ON THE AMENDED EXHIBIT LIST ATTACHED TO</u>
<u>THE AMENDED JOINT PRETRIAL ORDER</u>**

TO:   FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD, FAVELLE FAVCO HOLDINGS SDN BHD, Defendants by serving their attorney of record,

   Gary Gurwitz
   ATLAS & HALL, L.L.P.
   818 Pecan
   P.O. Box 3725
   McAllen, Texas 78502

via facsimile on this the 14th day of February, 2001.

COME NOW, DANIEL E. DAVIS, ET AL., Plaintiff/Counter-Plaintiffs in the above-styled and numbered civil actions, and make the following objections to and requests for authentication of Defendants' Exhibits as listed on the Amended Exhibit List attached to the Amended Joint Pretrial Order:

1.01 **Plaintiff objects to Defendants' Exhibit 8** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.02 **Plaintiff objects to Defendants' Exhibits 10-15** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore

hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.03 **Plaintiff objects to Defendants' Exhibits 17-22** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.04 **Plaintiff objects to Defendants' Exhibits 26-29** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.05 **Plaintiff objects to Defendants' Exhibits 31-33** as said exhibit is hearsay which has

not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

    1.06 **Plaintiff objects to Defendants' Exhibits 53-56** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

    1.07 **Plaintiff objects to Defendants' Exhibits 59-62** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet

further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.08 **Plaintiff objects to Defendants' Exhibits 68-80** as said exhibit is hearsay which has not been properly shown to fall under one of the exceptions to the hearsay rule. It has not been established that said exhibit is a record of any act, event, condition, opinion, or diagnoses. Further, it has not been established that it was the regular practice of Defendants to record said exhibit. Yet further, said exhibit is not admissible until testimony is received as to the mode of its preparation. Also, this said exhibit has not been shown to be based upon the personal knowledge of a person having the business duty to observe and report the record. Therefore, said exhibit is hearsay. Further said exhibit contains information within it that would be considered hearsay and is therefore hearsay within hearsay. Further, pursuant to FRE 403 the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

1.09 **Plaintiff furter objects to Defendants' Exhibits No. 10, 13, 14-14U, 15, 17-21, 29, 59-59U, 74-77 as said documents contain hearsay within hearsay.**

Respectfully submitted,

OF COUNSEL
LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas   78520
TEL/(956) 541-3820
FAX/(956) 541-7694

_____
ERNESTO GAMEZ, JR.(Of Counsel)
SBOT NO. 07606600
FED. ID NO. 8645

VICTOR QUINTANILLA
(Of Counsel)
SBOT NO. 00786181
FED. ID NO. 16073

OF COUNSEL FOR PLAINTIFF
DANIEL E. DAVIS


CERTIFICATE OF SERVICE

On this the 14th day of February, 2001 I certify that a true and correct copy of this document was served via facsimile on the Hon. Gary Gurwitz lead attorney for the Defendants.

_____
Victor Quintanilla (Of Counsel)