

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 27 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS, ET AL. § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. B-00-003 |
| § | |
| FAVELLE FAVCO CRANES § | |
| USA, INC., ET AL. § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' AMENDED LIST OF WITNESSES

Defendants FAVELLE FAVCO CRANES, U.S.A., INC., FAVELLE FAVCO CRANES (M) SDN BHD AND FAVELLE FAVCO HOLDINGS SDN BHD, ("Defendants"), file the following Objections to Plaintiffs' Amended List of Witnesses, and in connection therewith would respectfully show unto the Court the following:

1. Defendants make the following objections to the witnesses listed by the Plaintiffs:

2. **Witness No. 1: Daniel E. Davis.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

3. **Witness No. 3: Cheam Tek Siong.** Defendants object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend

to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

4. **Witness No. 4: Mac Ngan Boon.** Defendants object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

5. **Witness No. 5: Greta Sullivan.** Defendants object to this witness to the extent that she attempts to testify as an expert witness because she was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

6. **Witness No. 7: Willie C. Jones.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

7. **Witness No. 8: Keith Orgeron.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to

be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

8. **Witness No. 9: Andres Garcia.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

9. **Witness No.10: Ernesto Gamez.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

10. **Witness No. 11: Victor Quintanilla.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

11. **Witness No. 12: Alton W. Payne.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

12. **Witness No. 13: Richard Robey**. Defendants object to this witness because he is proffered as an expert, but his testimony does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, Robey does not offer scientific, technical or other specialized knowledge that will assist the trier of fact and his testimony is not based upon sufficient facts or data. Defendants also object to this witness to the extent he attempts to testify to any matter outside of his report of July 31, 2000. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

13. **Witness No. 14: Loren Helmreich**. Defendants object to this witness because he is proffered as an expert, but his testimony does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, Helmreich does not offer scientific, technical or other specialized knowledge that will assist the trier of fact, his testimony is not based upon sufficient facts or data, his testimony is not the product of reliable principles and methods, and he has not applied reliable principles and methods to the facts of this case. In addition, Helmreich did not give a proper report under Rule 26 of the Federal Rules of Civil Procedure. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

14. **Witness No. 15: Jim Rusk.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

15. **Witness No. 16: Jim Hopkins.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

16. **Witness No. 17: Joe Conway.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

17. **Witness No. 18: Dennis Sanchez:** Defendants object to this witness because he has never been designated as a witness with knowledge of relevant facts. This witness is an attorney for one or more of the Defendants, representing them in matters involved in this case, and any testimony would violate the attorney-client privilege, privileges of confidentiality and the attorney work product privilege. The Defendants should not be placed in a position to object to testimony of their attorney or to cross-examine him. The Plaintiffs have attempted to use Alton W. Payne as their attorney of record but he was disqualified. If the Plaintiffs are allowed to call Dennis Sanchez as a witness, it is an attempt to violate applicable privileges notwithstanding the Plaintiffs' protestations to the contrary.

18. **Witness No. 19: Kenneth Wayne Dunkum.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

19. **Witness No. 20: Ralph Barrera.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

20. **Witness No. 21: Mike Metcalf.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

21. **Witness No. 22: Pete Reeves.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

22. **Witness No. 23: Tomas Muniz.** Defendants object to this witness to the extent that he attempts to testify as an expert witness because he was never designated as nor disclosed to be an expert witness nor have the Defendants been furnished with a report from this witness as an expert, all as required by pretrial/discovery orders of the state and federal courts.

23. **Witness No. 24: Stephen M. Horner.** The Defendants object to this witness because he is proffered as an expert, but his testimony does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, Horner's testimony is not based upon sufficient facts or data. Defendants further object to the use of the deposition testimony of this witness as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

Respectfully submitted,

_____
Gary Gurwitz, Attorney in Charge
Bar #08631000/Southern Dist. I.D. #1194
Charles C. Murray
Bar #14719700/Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuurman
Bar #17855200
Brian K. Buss
Bar #00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

**ATTORNEYS FOR FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD AND FAVELLE FAVCO HOLDINGS SDN BHD**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the _27_ day of _____February_____, 2001, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520



---

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 8