United States District Court
Southern District of Texas
FILED

FEB 27 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| DANIEL E. DAVIS, ET AL. | § |
| | § |
| | § |
| VS. | § CIVIL ACTION NO. B-00-003 |
| | § |
| FAVELLE FAVCO CRANES | § |
| USA, INC., ET AL. | § |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

TO:   DANIEL E. DAVIS, Plaintiff, by serving his attorney of record,

Ernesto Gamez, Jr.
Victor Quintanilla
Law Office of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

Defendants FAVELLE FAVCO CRANES, U.S.A., INC., FAVELLE FAVCO CRANES (M) SDN BHD AND FAVELLE FAVCO HOLDINGS SDN BHD, ("Defendants"), pursuant to Rule 11(B) of the Local Rules for the Southern District of Texas and §11(C) of this Court's *Civil Procedures*, make the following objections to Plaintiff's Trial Exhibits as listed on the Exhibit List attached to the Amended Joint Pretrial Order.

Respectfully submitted,

_____
Gary Gurwitz, Attorney in Charge
Bar #08631000/Southern Dist. I.D. #1194
Charles C. Murray
Bar #14719700/Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuurman
Bar #17855200
Brian K. Buss
Bar #00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

**ATTORNEYS FOR FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD AND FAVELLE FAVCO HOLDINGS SDN BHD**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the 27 day of February, 2001, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520



# OBJECTIONS TO PLAINTIFFS' TRIAL EXHIBITS

## EXHIBIT NO. 4:

Shareholders' Agreement (08/16/97)

### OBJECTION:

Defendants object to the use of a copy of this Shareholders' Agreement purportedly signed by Daniel E. Davis. The original has never been produced and the Defendants never received a copy purportedly signed by Davis. Defendants have no objection to the use of a copy of such document that does not bear Daniel E. Davis' purported signature or any information filled in by Daniel E. Davis.

## EXHIBIT NO. 11:

Laser Photograph of 28 Ton Crane (Caterpillar Power Module)

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used. The Defendants have never seen it before.

## EXHIBIT NO. 16:

Laser Photograph of 38 Ton Crane (Caterpillar Power Module)

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used. The Defendants have never seen it before.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 4

## EXHIBIT NO. 21:

Laser Photograph of 50 Ton Crane (Caterpillar Power Module)

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used. The Defendants have never seen it before.

## EXHIBIT NO. 26:

FIG. 8 200105

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used.

## EXHIBIT NO. 27:

FIG. 9 and FIG. 10 200106

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used.

## EXHIBIT NO. 28:

FIG. 12 200107

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used.

DAVIS  
vs.  
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF  
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER  
PAGE 5

## EXHIBIT NO. 29:

FIG. 13 and FIG. 14 200108

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used.

## EXHIBIT NO. 30:

FIG. 15 and FIG.16 200109

### OBJECTION:

Defendants object to the use of this exhibit as evidence because there is no proof as to what it purports to be, when it was prepared and by whom or how it was used.

## EXHIBIT NO. 31:

Resume of Loren G. Helmreich

### OBJECTION:

Defendants object to the use of this resume as evidence because it is hearsay, unsworn and is not properly evidence in the case.

## EXHIBIT NO. 32:

Expert Report of Loren G. Helmreich (08/03/00) (Federal Court)

### OBJECTION:

Defendants object to the use of this report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data, is not the product of reliable principles and methods and reliable

principles and methods have not been applied to the facts of this case. In addition, it is not a proper report under Rule 26 of the Federal Rules of Civil Procedure.

## EXHIBIT NO. 33:

Report from Richard Robey (07/31/00)

### OBJECTION:

Defendants object to the use of this report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data.

## EXHIBIT NO. 34:

Transcript of the Oral Deposition of Cheam Tek Siong (07/11/00) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Cheam Tek Siong as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 35:

Transcript of the Oral Deposition of Mac Ngan Boon (07/12/00) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Mac Ngan Boon as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 36:

Transcript of the Telephonic Video Deposition of Richard Howard Robey (10/12/00) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the telephonic video deposition of Richard Howard Robey as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 37:

Transcript of the Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Loren G. Helmreich as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 38:

Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/11/00)(Volume I) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Daniel E. Davis (5/11/00) (Volume I) as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 8

## EXHIBIT NO. 39:

Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Daniel E. Davis (5/12/00) (Volume II) as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 40:

Transcript of the Oral Deposition of Greta Sullivan (08/17/00) with Exhibits.

### OBJECTION:

Defendants object to the use of the transcript of the oral deposition of Greta Sullivan (8/17/00) as direct testimony because the portions of the deposition that Plaintiffs intend to introduce in their case in chief, if they so intend, have not been identified pursuant to §15(B) of this Court's *Civil Procedures*.

## EXHIBIT NO. 41:

First Amended Expert Report of Loren G. Helmreich (08/18/00)

### OBJECTION:

Defendants object to the use of this report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data, is not the product of reliable principles and methods and reliable principles and methods have not been applied to the facts of this case. In addition, it is not a proper report under Rule 26 of the Federal Rules of Civil Procedure.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER

PAGE 9

# EXHIBIT NO. 42:

Certified copy of the Prosecution History of U.S. Patent No. 6,003,252

### OBJECTION:

Defendants object to the use of the prosecution history because Plaintiffs did not provide a copy of same at the time of the parties' exchange of trial exhibits pursuant to §11(A) of this Court's *Civil Procedures* and subsequently have refused to provide Defendants with a copy of same after repeated requests.

# EXHIBIT NO. 52:

Distribution Agreement (FFC USA and Mustang Tractor & Equipment Company) (05/12/99)

### OBJECTION:

Defendants object to the use of this document as evidence because it is not complete as every other page is missing and it is either missing a signature page or it is not fully executed.

# EXHIBIT NO. 54:

Draft documents (06/10/97) (Michael Chen to Favelle Favco Cranes (M) (Sdn Bhd) (Re: Shareholders' Agreement)

### OBJECTION:

Defendants have no objection to the cover letter, however, Defendants do object to the use of a copy of the attached Shareholders' Agreement purportedly signed by Daniel E. Davis. The original documents in the possession of this Defendant do not contain any signatures or handwritten entries and the Defendants never received a copy purportedly signed by Davis. Defendants have no objection to the use of a copy of such document that does not bear Daniel E. Davis' purported signature or any information filled in by Daniel E. Davis.

# EXHIBIT NO. 55:

May 28, 1997 letter (Daniel E. Davis to Mac Ngan Boon) (Re: Shareholders' Agreement).

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 10

## OBJECTION:

Defendants object to the use of this exhibit as evidence because the document is not signed and there is no proof of delivery.

## EXHIBIT NO. 56:

First Amended Expert Report of Loren G. Helmreich (09/15/00)

### OBJECTION:

Defendants object to the use of this report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data, is not the product of reliable principles and methods and reliable principles and methods have not been applied to the facts of this case. In addition, it is not a proper report under Rule 26 of the Federal Rules of Civil Procedure.

## EXHIBIT NO. 57:

Issues to be Incorporated in the New Shareholders' Agreement of FFC USA

### OBJECTION:

Defendants object to the use of this document as evidence because it is one draft in a series of drafts that were part of the negotiations for Daniel Davis to buy all or a substantial portion of the stock of FFC USA which transaction was never consummated. Defendants further object because the document violates the Statute of Frauds, is ambiguous in that it is offered out of context because it is one of a series of drafts of similar documents, none of which were ever agreed upon nor executed by anyone and because the document obviously is a draft and is not relevant or material evidence on any issue in the case, the probative value is outweighed by the danger of unfair prejudice, confusion or being misleading pursuant to Rule 403, Federal Rules of Evidence. In the alternative, it violates the Parole Evidence Rule in that it attempts to vary the terms of a written document on which the Plaintiffs rely, which document is not binding on the Defendants.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER

PAGE 11

# EXHIBIT NO. 58:

Curriculum Vitae of Stephen M. Horner, Ph.D.

### OBJECTION:

Defendants object to the use of this Curriculum Vitae as evidence because it is hearsay, unsworn and is not properly evidence in the case.

# EXHIBIT NO. 59:

Report and Amended Report from Stephen M. Horner, Ph.D.

### OBJECTION:

Defendants object to the use of this Report and Amended Report as evidence because they are hearsay, unsworn and are not properly evidence in the case. Defendants further object to the use of these reports as evidence because they have been proffered as expert reports but do not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the reports are not based upon sufficient facts or data.

# EXHIBIT NO. 60:

Report from Stephen M. Horner, Ph.D. (08/17/00)

### OBJECTION:

Defendants object to the use of this Report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data.

## EXHIBIT NO. 61:

Appendix B to Dr. Horner's report.

### OBJECTION:

Defendants object to the use of Appendix B to Dr. Horner's report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this appendix as evidence because it has been proffered as part of an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, it is not based upon sufficient facts or data.

## EXHIBIT NO. 62:

Business Plan from Davco, Inc. (March 2000)

### OBJECTION:

Defendants object to the use of this business plan as evidence because Plaintiffs did not provide a copy of same at the time of the parties' exchange of trial exhibits pursuant to §11(A) of this Court's *Civil Procedures* and subsequently have refused to provide Defendants with a copy of same after repeated requests.

## EXHIBIT NO. 63:

Business Plan from Davco, Inc. (June 2000)\

### OBJECTION:

Defendants object to the use of this business plan as evidence because Plaintiffs did not provide a copy of same at the time of the parties' exchange of trial exhibits pursuant to §11(A) of this Court's *Civil Procedures* and subsequently have refused to provide Defendants with a copy of same after repeated requests.

DAVIS  
vs.  
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF  
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER  
PAGE 13

## EXHIBIT NO. 67:

Article from Cranes Today (August 2000)

### OBJECTION:

Defendants object to the use of this article as evidence because Defendants do not know where the information came from. It is not in the business records of Favelle Favco USA and it appears to be hearsay. Defendants further object to this exhibit as not relevant or material evidence on any issue in the case and the probative value is outweighed by the danger of unfair prejudice, confusion or being misleading pursuant to Rule 403, Federal Rules of Evidence.

## EXHIBIT NO. 77:

Letter to Anker B. Henningsen from Jim E. Hopkins (11/19/98)

### OBJECTION:

Defendants object to the authenticity and that it is unsigned, unverified and purports to be between persons or entities not parties to this lawsuit. There is no proof that it was ever sent or received and it is not proved to be a business record. Defendants further object because it is and contains hearsay. In addition, Defendants object because the document violates the Statute of Frauds, the probative value is outweighed by the danger of unfair prejudice, confusion or being misleading. Rule 403, Federal Rules of Evidence. In the alternative, it violates the Parole Evidence Rule in that it attempts to vary the terms of a written document on which the Plaintiffs rely, which document is not binding on the Defendants.

## EXHIBIT NO. 78:

Cranes Today Article (10/00).

### OBJECTION:

Defendants object to the use of this article as evidence because Defendants do not know where the information came from. It is not in the business records of Favelle Favco USA and it appears to be hearsay. Defendants further object to this exhibit as not relevant or material evidence on any issue in the case and the probative value is outweighed by the danger of unfair prejudice, confusion or being misleading pursuant to Rule 403, Federal Rules of Evidence.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 14

# EXHIBIT NO. 80:

Letter to Daniel Davis from Jim Rusk

### OBJECTION:

Defendants object to the use of this document as evidence because it is not signed, not dated and not in the business records of Favelle Favco USA. Furthermore, the document is hearsay.

# EXHIBIT NO. 82:

Expert Report of Loren G. Helmreich (08/14/00) (State Court)

### OBJECTION:

Defendants object to the use of this Report as evidence because it is hearsay, unsworn and is not properly evidence in the case. Defendants further object to the use of this report as evidence because it has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence. Specifically, the report is not based upon sufficient facts or data, is not the product of reliable principles and methods and reliable principles and methods have not been applied to the facts of this case. In addition, it is not a proper report under Rule 26 of the Federal Rules of Civil Procedure.

# EXHIBIT NO. 83:

Letter from Joe Conway, Manitex to Daniel E. Davis, FFC USA

### OBJECTION:

Defendants object to the use of this document as evidence because Daniel Davis appears to have added signature lines later. This document is not in the business records of Favelle Favco USA, and it is a matter done in secret by Daniel Davis adverse to the business of FFC USA.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF
PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 15

# EXHIBIT NO. 84:

May 1999 *Cranes Today* Article (Trucks and booms)

## OBJECTION:

Defendants object to the use of this document as evidence because the Defendants do not know where the information came from. It is not in the business records of Favelle Favco USA and it appears to be hearsay. Defendants further object to this exhibit as not relevant or material evidence on any issue in the case and the probative value is outweighed by the danger of unfair prejudice, confusion or being misleading pursuant to Rule 403, Federal Rules of Evidence.

DAVIS
vs.
FFC

DEFENDANT'S OBJECTIONS TO AND REQUEST FOR AUTHENTICATION OF PLAINTIFF'S EXHIBIT LIST AS ATTACHED TO THE JOINT PRETRIAL ORDER
PAGE 16