75

United States District Court
Southern District of Texas
FILED

MAY 0 2 2001

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
Brownsville Division

| | |
|---|---|
| DANIEL E. DAVIS, et al,<br>plaintiffs<br><br>v.<br><br>FAVELLE FAVCO CRANES USA, INC.,<br>et al.,<br>defendants | §<br>§<br>§<br>§   Civil Action No. B-00-003<br>§<br>§<br>§<br>§ |

---

### Defendant FFC Parties' Supplemental Response to Plaintiffs Motion for Reconsideration

---

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA" or "Favco USA"), Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia"), and Favelle Favco Holdings SDN BHD ("FFC Holdings") (collectively "FFC Parties") file this response to the supplemental response to the Motion for Reconsideration filed by Daniel E. Davis ("Davis"), DavisCo, Inc. ("DavisCo."), and Coburn International Ltd. ("Coburn") (collectively "Davis") and to Davis' Reply to Defendants' Response to Motion for Reconsideration ("Davis' Reply"), and would show:

   1.   Davis' Reply represents an unfounded rehash of matters previously addressed. In response to Davis' accusations of misrepresentation and misstatement, the FFC Parties refer to court to the evidence cited, all of which was discussed in detail in prior briefs and most of which was actually quoted by the FFC Parties.

   2.   Davis' "new" summary judgment evidence (Exhibits S - U to Davis' Reply) is untimely and may not be considered: materials which were available to a plaintiff when he

opposed a summary judgment motion (as Davis' clearly were[1]) cannot be considered in connection with a motion for reconsideration. *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 275-76 & n. 4 (5th Cir. 2000); *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989). *See also Matador Petroleum v. St. Paul Surplus Lines Insurance Co.*, 174 F.3d 653, 658 n. 1 (5th Cir. 1999); *Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991). More importantly, the "new" evidence does not affect the matters previously presented and ruled on. For example:

- It does not matter what, if anything, was assigned to Davis (Davis' "new" Exhibit S): Daniel Davis himself has admitted that:

  ▸ He brought nothing with him to FFC USA, from <u>any</u> source (Davis Depo. at 35-36, 50, FFC USA MSJ Ex. A);

  ▸ He later told the FFC Parties that the ECCON agreement needed to be signed because "[w]e cannot file for a Pat. Pending or Patent unless we have a design" (Memo ¶ 4 at 2, FFC MSJ Ex. B 29);

  ▸ "<u>All</u> work done on the crawler cranes manufactured and sold by Favco USA was done after Davis became President and Managing Director of Favco USA." Agreed facts, Amended Joint Pretrial Order ¶ 6(18) (emphasis added); *see also* Amended Joint Pretrial Order ¶ 6(admitted fact: "Favco USA made every payment for every aspect of the entire crawler crane project");

  ▸ The concept he had at Manitowoc was different than the concept on which the cranes at issue are based (Davis Depo. at 34-35, 183-84 & Ex. 10 (FFC MSJ Ex. A)), and although Rusk had done some work for Manitowoc, it was with regard to <u>different</u> crawler cranes (Davis Depo. at 253-54).

---

[1] The discovery deadline in this case was September 28, 2001 (extended to October 13, 2000 per agreement, to coincide with the state court discovery deadline). Trial was set for February 5, 2001, although continued to March 5. Prior to removal, the state court had set the discovery deadline in the suit that became in B-00-184 (consolidated herein) for October 13, 2000; trial was set for November 13, 2000. In any event, the "new" materials cited by Davis consist of correspondence <u>to Davis</u> and clearly were available to him prior to the submission of FFC USA's summary judgment motion.

2

• Even assuming *arguendo* that FFC USA had spent "only" $8 million up to February 1999 (Davis "new" Exhibit T), there's still no reason for FFC USA to have done so unless it was in fact developing the crane.

• The fax from Muhibbah Engineering (Davis' "new" Exhibit U) specifically requests information "so that we can proceed to finalized the agreement, i.e., . . . Shareholders' Agreement." This is not under any construction a recognition of an existing agreement.

3. The authorities previously cited by the FFC Parties demonstrate that a mere idea is not patentable, that Davis had an obligation to assign the patent to FFC USA under Texas law,[2] and that summary judgment was justified. Davis' citation of a Pennsylvania district court case (apparently relying on Pennsylvania law) cannot and does not impact the propriety of the summary judgment entered in favor of the FFC Parties. Further, Davis misses the point in regard to his duty to assign: Davis was not merely an employee -- he was FFC USA's president and managing and director. Davis, as an officer and director, had fiduciary duties to FFC USA which, under Texas law, required him to assign the patent to FFC USA. *Davis v. Alwac,* 369 S.W.2d 797, 801 (Tex. Civ. App.–Beaumont 1963, writ ref'd n.r.e.); *see also* FFC USA MSJ at 18. Even authorities cited by Davis recognize that this principle may exist under state law. 8 D. Chisum, CHISUM ON PATENTS § 22.03 at 22-12 (Lexis 2000) ("Employment relations aside, a person who occupies a position of responsibility, such as an officer or director of a corporation, may be under a fiduciary duty to transfer rights in patentable inventions"); LIPSCOMB'S WALKER ON PATENTS § 19:43 at 477

---

[2] Ownership (as opposed to infringement or validity) of patents is an issue of state law. 8 D. Chisum, CHISUM ON PATENTS § 22.03[5] at 22-60 (Lexis 2000).

3

("An employee occupying a position of trust and confidence may be equitably bound to assign to the employer").

Wherefore, premises considered, the FFC Parties request that Davis' motion for reconsideration be in all respects denied. The FFC Parties request such other and further relief to which they would be entitled, at law or in equity.

Respectfully submitted,

_____
Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for FFC Parties

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200
(956) 498-8580 (phone)

4

ClibPDF - www.fastio.com

## Certificate of Service

I certify that on May 2, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | hand delivery |

Gary Gurwitz

5

ClibPDF - www.fastio.com