IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS | § § § | |
| VS. | § § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC., and FAVELLE CRANES (M) SDN BHD, | § § § | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § § | |
| VS. | § § | |
| DANIEL E. DAVIS, DAVISCO INC. and COBURN INTERNATIONAL | § § § | CIVIL ACTION NO. B-00-184 |
| VS. | § § | |
| FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD, and FAVELLE FAVCO HOLDINGS SDN BHD | § § § § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
MOTION FOR LEAVE TO TAKE DEPOSITION OF DENNIS SANCHEZ AND
REPLY TO SUPPLEMENTAL RESPONSE TO MOTION FOR RECONSIDERATION**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COME NOW, DANIEL E. DAVIS, DAVISCO, INC. and COBURN INTERNATIONAL, LTD. Plaintiffs in the above-styled and numbered civil action, and file this their Reply to Defendants' Response to Motion for Leave to Take the Deposition of Dennis Sanchez and Reply to Supplemental Response to Motion for Reconsideration, and in support thereof would respectfully show this Honorable Court the following:

I.

## THE NEED TO TAKE SANCHEZ' DEPOSITION

1.01 Dennis Sanchez was listed as a trial witness, and his testimony is no surprise. But for Defendants misstatements to the Court in the summary judgment motions, Sanchez would have testified at trial.

1.02 Mr. Sanchez was hired by Davis to be FFC USA's corporate attorney and to form FFC/USA based upon the Shareholder's Agreement. (**Exhibit "D"**). Sanchez is the only person that can corroborate the dealings among the parties, and particularly, Davis, Mac, Yee and Cheam with respect to the relationship of the parties. Sanchez has factual, non-privileged, information that no other person has. Sanchez has information concerning the negotiation and finalization of the Shareholders' Agreement (**Exhibit D**), Davis' request to be paid a royalty by FFC, the negotiation of a new License Agreement between Davis and FFC USA (**Exhibit O**), the issues to be incorporated in the New Shareholders' Agreement for FFC USA (**Exhibit E**), and facts concerning the ownership of the patent. Sanchez is the single source for much of the identified information. Defendants and their counsel continue to misstate the facts

1.03 Further, Mr. Sanchez can harmonize the facts among Rusk's affidavit (**Exhibit "M"**), Rusk's 2/20/97 proposal (**Attachment to Exhibit "M"**), Rusk's drawings (**Exhibits "P," "Q" and "R"**), Robey's deposition testimony (**Exhibit "B"** at 25:6-28-25; 97:13-100:1), Robey's report (**Exhibit "A"**), Robey's 11/8/99 testimony (**Exhibit "L"** at 31:20-33:5, 33:21-37:4, 48:10-21 and 51:18-52:10) and Mac Boon's 11/8/99 testimony (**Exhibit "L"** at 93:4-94:14 and 102:12-103:12). Mr. Sanchez' testimony will confirm and verify the evidence before this court.

II.

## REPLY TO SUPPLEMENTAL RESPONSE TO MOTION FOR RECONSIDERATION

2.01 Davis presented no "new" evidence. The evidence relied upon in the Motion for Reconsideration was the same evidence that was before the Court on the cross motions for summary judgment. Rather, Defendants and their counsel continue to misstate the facts, when they know the statements to be untrue.

2

2.02 Although Defendants' counsel did not question Davis about Manitex at Davis' deposition, Davis' relationship with Manitex is very important to this case and was raised by Davis. **Exhibit M**, Affidavit of James Alan Rusk, dated February 19, 2001; **Exhibit R**, Drawings made by James Rusk for Manitex, dated February 20, 1997; and **Exhibit S**, Letter from Joe E. Conway, General Manager of Manitex, to Davis assigning the engineering work completed in 1997 to Davis.

2.03 Mr. Davis clearly brought his completed designs with him to FFC. **(Davis Deposition, 35:15-37:4.)** Quite simply, Defendants' counsel asked the wrong questions of Davis at his deposition, and now misleads the Court with respect to the scope of those answers. Defendants' counsel repeatedly asked what Davis brought <u>from Manitowoc, never mentioning Manitex</u>. Mr. Davis correctly answered "nothing" and continues to answer "nothing."

2.04 FFC spent only $500,000 on every aspect of the crawler cranes. **Exhibit T**, fax letter dated February 10, 1999 from Mac Boon to Davis detailing all money expended by FFC USA totaling $8 million, including buying the Harlingen plant and all monthly expenses. Defendants acknowledge a possible $2 million misstatement, which was really a $9.5 million misstatement to this Court. **Exhibit T** is not Davis' new evidence, it is the testimony of Mr. Mac, the person in charge of all defendants!

2.05 Mr. Davis had, in hand, his crawler crane design which was engineered and patentable when he began work for FFC USA: **Exhibits A and B**, Robey testimony; **Exhibit K**, Affidavit of Daniel E. Davis dated February 21, 2001; **Exhibit M**, Affidavit of James Alan Rusk, dated February 19, 2001; **Exhibit N**, Affidavit of Willie C. Jones, dated February 17, 2001; **Exhibits P, Q and R**, 1997 drawing by Rusk.

2.06 Since a patent is a creature of federal statutory law, it may be transferred only in the manner provided by such law. *See* Lipscomb, Walker on Patents § 19:4, at 333 (3d ed. 1986). An assignment of a patent must be in writing. 35 U.S.C. § 261. The relationship between the parties in the present case was defined by an agreement, the Employment Contract (**Exhibit "C"**). Where a party's own agreement defines its fiduciary relationship with another and the agreement is silent of a duty, then that duty is not within the scope of the fiduciary relationship. *Fuqua v. Taylor*, 683 S.W.2d 735, 737 (Tex.App. 1984). As a matter of law and by written agreement of the parties, Davis had no fiduciary duty to assign his prior developed crawler crane designs or

3

patent.

2.07 FFC was not in the business of crawler cranes. Mac 11/8/99 testimony (**Exhibit L** at 102:12-103:12), Davis Affidavit (**Exhibit K** at p. 3), and Robey 11/8/99 testimony (**Exhibit L** at 33:21-37:4). FFC needed and wanted to have a line of crawler cranes. Davis brought his previously developed crawler cranes to FFC/USA when he was hired. Thus, pursuant to *Davis v. Alwac Int'l Inc.*, 369 S.W.2d 797 (Tex. Civ.App 1963), the case relied upon in the March 8, 2001 order, even if the Davis crawler cranes were developed after Davis was hired, which they were not, crawler cranes were not part of FFC's business, and no assignment was required.

2.08 In its order entered March 8, 2001, this Honorable Court considered only Davis' deposition testimony, p. 35, line 15 through p. 37, line 4 and Exh.29, as distorted and misstated by Defendants' counsel, to mean that Mr. Davis brought nothing from anywhere concerning crawler cranes when he came to FFC. A clear reading of Mr. Davis' deposition testimony establishes that the questions asked of him were limited to what was brought from Manitowoc, and only Manitowoc. This Honorable Court should not allow Defendants' counsel to belie his own futile questions to misrepresent facts.

2.09 Additionally, Defendants misstate that Mr. Davis uses Pennsylvania law which is not appropriate. The position misstated was that the "general rule is that an individual owns the patent rights in the subject matter of which he is an inventor even though he conceived of the subject matter or reduced it to practice during the course of employment."

> "The general rule is that an individual owns the patent rights in the subject matter of which he is an inventor even though he conceived of the subject matter or reduced it to practice during the course of employment. *Chisum, supra* § 22.03. The "mere existence of an employer-employee relationship does not of itself entitle the employer to an assignment of any inventions which the employee devises during the employment." *Aetna-Standard, supra*, at 69 (citing *United States v. Dubilier Condenser Corp.*, 289 U.S. 178, 53 S. Ct. 554, 77 L. Ed. 1114 (1933)); *Marshall v. Colgate-Palmolive-Peet Co.*, 175 F.2d 215, 217 (3d Cir. 1949). This is true even where the employee uses the time and facilities of the employer. *Colgate, supra*, at 217. Even where "one is employed . . . to work in a particular line in which he is an expert, there is no inference that inventions which he makes while working belong to the employer." *Mosser Industries Inc. v. Hagar*, 200 U.S.P.Q. (BNA) 608, 612 (C.P. Lehigh 1978) (quoting

4

Restatement (Second) of Agency § 397, comment a)." *University Patents, Inc. v. Kligman*, 762 F. Supp. 1212, 1222, 20 U.S.P.Q.2D 1401 (D. Pa. 1991).

Had defendants bothered to check, this very Court adopted the *University Patents* **case.** *Heden v. Hill,* 937 F. Supp. 1230, 1236 (S.D. Tex. 1996).

## III.
## CONCLUSION

3.01 Defendants and their counsel continue to misstate the facts, when they know the statements to be untrue. Specifically, the Defendants have misled, and continue to mislead, this court by making assertions known to be untrue. The relevant facts remain undisputed in favor of summary judgment for Mr. Davis. Mr. Sanchez' deposition is needed to finally resolve the issues before this court. Mr. Sanchez has factual, non-privileged, information that no other person has. Summary judgment should have been in favor of Mr. Davis, not FFC/USA. In the alternative, genuine issues of material fact exist, and Defendants' Motion for Partial Summary Judgment cannot and should not be sustained and/or granted. Modification of the March 8, 2001 order is respectfully requested by Plaintiffs Davis.

A proposed order was previously submitted.

Respectfully submitted,

LAW OFFICES OF
ERNEST GAMEZ, JR., P.C.
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: /s/ Ernesto Gamez, Jr.
ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id No. 8645

Attorney in charge for Plaintiffs

*VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

(*Signed with permission of Attorney in charge)

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 8th day of May, 2001 a true and correct copy of a **Plaintiffs Reply to Defendants' Response to Motion for Leave to Take Deposition of Dennis Sanchez and Reply to Supplemental Response to Motion for Reconsideration** was served **VIA FAX: (956) 686-6109** on Defendants' counsel of record Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, P.O. Drawer 3725, 818 Pecan, McAllen, Texas 78502.

_____
VICTOR QUINTANILLA

6