United States District Court
Southern District of Texas
FILED

MAY 1 5 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC., and FAVELLE CRANES | § | |
| (M) SDN BHD, | § | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO INC. and | § | |
| COBURN INTERNATIONAL, LTD | § | |
| | § | CIVIL ACTION NO. B-00-184 |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN BHD, | § | |
| and FAVELLE FAVCO HOLDINGS SDN BHD | § | |

DAVIS' REQUEST FOR THE COURT TO TAKE
DENNIS SANCHEZ' DEPOSITION *IN CAMERA*

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DANIEL E. DAVIS, ET AL, due to the extreme importance of the evidence with respect to patent ownership and the existence of a shareholder's agreement, and respectfully request that this Honorable Court take the deposition of Dennis Sanchez *in camera*.

*In camera* procedures are used by the courts in similar cases. *GAI Audio v. Columbia Broadcasting Sys., Inc.*, 340 A.2d 736, 750 (Md. Ct. App. 1975) (specifically approving in camera testimony relating to royalties paid by performing artists, total income, and cost data);

*College Water Color Group, Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 204 (Pa. 1976) (rejecting claim that excluding party from in camera hearing was reversible error); *Air Prods. & Chem., Inc. v. Johnson*, 442 A.2d 1114, 1126 (Pa. Super. Ct. 1982) (affirming preliminary injunction against assigning certain duties to employee with knowledge of trade secrets from former employer; no error to take injunction testimony in camera without permitting defendant to be present).

Dennis Sanchez was listed as a trial witness, and his testimony is no surprise. But for Defendants' misstatements to the Court in the summary judgment motions, Sanchez would have testified at trial.

Sanchez was hired by Davis to be FFC USA's corporate attorney and to form FFC/USA based upon the Shareholder's Agreement. (**Exhibit "D"**). Sanchez is the only person that can corroborate the dealings among the parties, and particularly, Davis, Mac, Yee and Cheam with respect to the relationship of the parties. Sanchez has factual, non-privileged, information that no other person has. Sanchez has information concerning the negotiation and finalization of the Shareholders' Agreement (**Exhibit D**), Davis' request to be paid a royalty by FFC, the negotiation of a new License Agreement between Davis and FFC USA (**Exhibit O**), the issues to be incorporated in the New Shareholders' Agreement for FFC USA (**Exhibit E**), and facts concerning the ownership of the patent. Sanchez is the single source for much of the identified information. Defendants and their counsel continue to misstate the facts.

Further, Sanchez can harmonize the facts among Rusk's affidavit (**Exhibit "M"**), Rusk's 2/20/97 proposal (**Attachment to Exhibit "M"**), Rusk's drawings (**Exhibits "P," "Q" and "R"**), Robey's deposition testimony (**Exhibit "B"** at 25:6-28-25; 97:13-100:1), Robey's report

(**Exhibit "A"**), Robey's 11/8/99 testimony (**Exhibit "L"** at 31:20-33:5, 33:21-37:4, 48:10-21 and 51:18-52:10) and Mac Boon's 11/8/99 testimony (**Exhibit "L"** at 93:4-94:14 and 102:12-103:12). Sanchez' testimony will confirm and verify the evidence before this court.

    Defendants and their counsel continue to misstate the facts, when they know the statements to be untrue. Particularly, Defendants have misled, and continue to mislead, this court by making assertions known to be untrue. The relevant facts remain undisputed in favor of summary judgment for Davis. Sanchez' deposition is needed to finally resolve the issues before this court. Sanchez has factual, non-privileged, information that no other person has. Summary judgment should have been in favor of Davis, not FFC/USA. In the alternative, questions of fact exist and defendants summary judgment can not be sustained. Modification of the March 8, 2001 order is respectfully requested.

    For the reasons stated herein, Plaintiffs/Counter-Plaintiffs respectfully request that this Honorable Court take the deposition of Dennis Sanchez in camera.

    A proposed order was previously submitted.

*Respectfully submitted,*

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
TEL/(956) 541-3820
FAX/(956) 541-7694

BY: /s/ Victor Quintanilla

**ERNESTO GAMEZ, JR.**
State Bar No. 07606600
Federal Id. No. 8645
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS**

**VICTOR QUINTANILLA**
State Bar No. 00786181
Federal Id. No. 16073
**SIGNED WITH
PERMISSION OF
ATTORNEY-IN-CHARGE**

CERTIFICATE OF SERVICE

I, hereby certify that on this the 15th day of May, 2001 a true and correct copy of this Motion was sent in accordance with the Rules of Civil Procedure to the attorney-in-charge for the Defendants.

/s/ Victor Quintanilla
VICTOR QUINTANILLA

4