81

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 1 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS §<br>§<br>§<br>VS. §<br>§<br>FAVELLE FAVCO CRANES §<br>USA, INC., and FAVELLE CRANES §<br>(M) SDN BHD, § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC. §<br>§<br>VS. §<br>§<br>DANIEL E. DAVIS, DAVISCO INC. and §<br>COBURN INTERNATIONAL, LTD §<br>§<br>VS. §<br>§<br>FAVELLE FAVCO CRANES USA, INC., §<br>FAVELLE FAVCO CRANES (M) SDN BHD, §<br>and FAVELLE FAVCO HOLDINGS SDN BHD § | CIVIL ACTION NO. B-00-184 |

### DAVIS' RESPONSE TO FFC'S OBJECTION TO TAKING DENNIS SANCHEZ' DEPOSITION *IN CAMERA*

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

Due to the extreme importance of the evidence with respect to patent ownership and the existence of a shareholder's agreement, Plaintiff Davis respectfully requested that the court take the deposition of Dennis Sanchez *in camera*. FFC objected saying Davis had delayed, and that Sanchez' testimony is privileged.

Davis did not delay, but rather appropriately listed Sanchez as a trial witness. Since this Court *sue sponte* amended its deadline for filing dispositive motions originally set for October 18, 2000 by order of the Court entered May 4, 2000. (See, Dkt #19 setting deadline for filing dispositive motions to October 18, 2000, and see, Dkt #58.) Since the Court *sue sponte* amended

its time for filing dispositive motions, and Davis appropriately named Sanchez as a witness, the Court should allow the testimony. Davis points out to this Honorable Court that Mr. Sanchez was dismissed by FFC as their counsel on September 8, 1999.

Further, Sanchez' testimony is not privileged because continuing to prevent such testimony is perpetrating a fraud on this Court. FFC and its lawyers cannot continue to hide behind a privilege to deceive the Court on the issues of patent ownership and the existence of a shareholder's agreement. FFC could have deposed Sanchez, Joe Conway/Manitex, Jim Rusk and Andres Garcia, but did not because all these witnesses will testify that Davis had developed the crawler cranes before he got to FFC. To ignore the overwhelming evidence supporting Davis, in lieu of the misstatements and out of context quotes offered by FFC would be a judicial travesty.

Sanchez was hired by Davis to be FFC USA's corporate attorney and to form FFC/USA based upon the Shareholder's Agreement. (**Exhibit "D"**). Sanchez is the only person that can corroborate the dealings among the parties, and particularly, Davis, Mac, Yee and Cheam with respect to the relationship of the parties. Sanchez has factual, non-privileged, information that no other person has. Sanchez has information concerning the negotiation and finalization of the Shareholders' Agreement (**Exhibit D**), Davis' request to be paid a royalty by FFC, the negotiation of a new License Agreement between Davis and FFC USA (**Exhibit O**), the issues to be incorporated in the New Shareholders' Agreement for FFC USA (**Exhibit E**), and facts concerning the ownership of the patent. Sanchez is the single source for much of the identified information. Defendants and their counsel continue to misstate the facts.

Further, Sanchez can harmonize the facts among Rusk's affidavit (**Exhibit "M"**), Rusk's 2/20/97 proposal (**Attachment to Exhibit "M"**), Rusk's drawings (**Exhibits "P," "Q" and "R"**), Robey's deposition testimony (**Exhibit "B"** at 25:6-28-25; 97:13-100:1), Robey's report (**Exhibit "A"**), Robey's 11/8/99 testimony (**Exhibit "L"** at 31:20-33:5, 33:21-37:4, 48:10-21 and 51:18-52:10) and Mac Boon's 11/8/99 testimony (**Exhibit "L"** at 93:4-94:14 and 102:12-103:12). Sanchez' testimony will confirm and verify the evidence before this court.

The *in camera* deposition of Sanchez will protect any alleged privileged communications. If there is no fraud being perpetrating on this Court, then FFC should not oppose the motion to depose its attorney, *in camera*.

The relevant facts remain undisputed in favor of summary judgment for Davis. Sanchez' deposition is needed to finally resolve the issues before this court. Sanchez has factual, non-privileged, information that no other person has. Summary judgment should have been in

2

favor of Davis, not FFC/USA. In the alternative, questions of fact exist and defendants summary judgment can not be sustained. Modification of the March 8, 2001 order is respectfully requested.

                                      Respectfully submitted,

                                      LAW OFFICES OF
                                      ERNESTO GAMEZ, JR., P.C.
                                      777 E. Harrison Street
                                      Brownsville, Texas 78520
                                      TEL/ (956) 541-3820
                                      FAX/ (956) 541-7694

                          BY: _____
                                      ERNESTO GAMEZ, JR.
                                      State Bar No. 07606600
                                      Federal Id No. 8645

                                      ATTORNEY-IN-CHARGE FOR
                                      PLAINTIFFS

                                      *VICTOR QUINTANILLA
                                      State Bar No. 00786181
                                      Federal Id. No. 16073

                                      ***(Signed with Permission of
                                      Attorney-in-Charge)**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this 21st day of May, 2001 a true and correct copy of Davis' Response to FFC's Objection to Taking Denis Sanchez' Deposition in Camera was served **VIA FAX: (956) 686-6109** on Defendant's counsel of record Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, P.O. Drawer 3725, 818 Pecan, McAllen, Texas 78502.

                                      _____
                                      VICTOR QUINTANILLA

3