*84*

United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

MAY 2 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DANIEL E. DAVIS, et al, § | |
| plaintiffs § | |
| § | |
| v. § | Civil Action No. B-00-003 |
| § | |
| FAVELLE FAVCO CRANES USA, INC., § | |
| et al., § | |
| defendants § | |

---

### Defendant FFC Parties' Reply to
### Davis' Response to FFC's Objections to Taking
### Dennis Sanchez' Deposition in Camera

---

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA" or "Favco USA"), Favelle
Favco Cranes (M) SDN BHD ("FFC Malaysia"), and Favelle Favco Holdings SDN BHD
("FFC Holdings") (collectively "FFC Parties") file this Reply to Davis' Response to FFC's
Objection to Taking Dennis Sanchez' Deposition *in Camera*, filed by Daniel E. Davis
("Davis"), DavisCo, Inc. ("DavisCo."), and Coburn International Ltd. ("Coburn") (collectively
"Davis"), and would show:

1.    Davis' request for an *in camera* deposition of Dennis Sanchez should be
denied for the same reasons that their initial request for deposition should be denied. The
discovery deadline in this case was September 28, 2000 (extended to October 13, 2000
by agreement[1]), and has long since passed. There was no "new" issue involved in FFC

---

[1] Prior to removal, the state court had set the discovery deadline in B-00-184 (now consolidated in this
matter) for October 13, 2000; the parties by agreement extended the discovery deadline to October 13, 2000 in
this case to coincide with the state court deadline. Prior to removal, trial in the state court action was set for
November 13, 2000.

USA's summary judgment motion. This court has previously denied requests for additional discovery and has never "sua sponte" extended such deadline.[2] Trial was set for February 5, 2001, although continued to March 5. Davis had ample opportunity to notice the deposition of attorney Dennis Sanchez, and still provides no valid excuse for not doing so in a timely fashion.

2.    Sanchez was the attorney for FFC USA, as Davis admits. Sanchez' testimony would be privileged.

3.    Further, Davis' stated purpose for wanting to take Sanchez' deposition is for use in connection with the summary judgment previously granted by this court.  But Sanchez' deposition – even if taken – would be of no use to Davis.  Materials which were available to a plaintiff when he opposed a summary judgment motion cannot be considered in connection with a motion for reconsideration. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir. 1989). *See also Weber v. Roadway Express, Inc.,* 199 F.3d 270, 275-76 & n. 4 (5th Cir. 2000); *Matador Petroleum v. St. Paul Surplus Lines Insurance Co.,* 174 F.3d 653, 658 n. 1 (5th Cir. 1999); *Russ v. International Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  Davis could have timely noticed Sanchez' deposition had he desired to do so.  The fact that he may have listed Sanchez as a trial witness is irrelevant to this issue.

4.    Further, despite the rhetoric, Davis identifies no *unprivileged* information held by Davis that is not also known to the FFC Parties and/or Davis.  Davis has had discovery

---

[2] The court did allow the filing of the FFC Parties' motion for summary judgment, but the issues involved there were known to the parties, had been pleaded, and were included in the joint pretrial order. See Defendants' Favelle Favco Cranes, U.S.A., Inc.'s Answer and Counterclaim ¶ 26; Defendant Favelle Favco Cranes (M) SDN BHD's Answer and Counterclaim ¶ 25; Amended Pretrial Order § 5(B)33. Davis was fully aware of such issues, and could have conducted discovery in that regard had he chosen to do so.

from the FFC Parties. As this court has previously ruled, the statute of frauds bars Davis' claims. The documents speak for themselves, and parole evidence should not be admissible in any event. Additionally, most of the evidence on which this court and the FFC Parties relied in connection with the summary judgment was *Davis' own testimony*: there is no basis on which Sanchez could "reconcile" what Davis himself has admitted. Davis shows no basis for re-opening discovery.

5.     Additionally, Davis shows no factual or procedural basis for an *in camera* deposition in federal court. Even if the deposition were to be taken, Davis cites no reason to take up the *court's* time to listen to the deposition. Davis appears to suggest incorrectly that Sanchez would testify fully as to all privileged issues without objection merely because the deposition is taken before the court. That, however, is not the case: the FFC Parties will urge all appropriate objections, including privilege. Davis admits that Sanchez represented FFC USA, not Davis. Privilege objections would be proper. Davis is not entitled to privileged communications.

6.     Davis' suggestion that there is "fraud being perpetrat[ed] on the court" is wholly without basis. There is no "fraud" involved in Davis' failure to avail himself of discovery.

3

Wherefore, premises considered, the FFC Parties request that Davis' motion for in camera deposition of attorney Dennis Sanchez be in all respects denied. The FFC Parties request such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted,

Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for FFC Parties

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200
(956) 498-8580 (phone)

4

## Certificate of Service

I certify that on May 24, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | certified mail, return receipt requested |

Gary Gurwitz

5