United States District Court
Southern District of Texas
FILED

MAY 30 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | & | |
| | & | |
| VS. | & | CIVIL ACTION NO. B-00-003 |
| | & | |
| FAVELLE FAVCO CRANES USA, INC., and FAVELLE CRANES (M) SDN BHD, | & & | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | |
| | & | |
| VS. | & | |
| | & | |
| DANIEL E. DAVIS, DAVISCO INC. and COBURN INTERNATIONAL | & & & | |
| VS. | & & | CIVIL ACTION NO. B-00-184 |
| FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD, and FAVELLE FAVCO HOLDINGS SDN BHD | & & & & | |

**DAVIS' REPLY TO FFC'S OBJECTION TO TAKING DENNIS SANCHEZ' DEPOSITION IN CAMERA**

Due to the extreme importance of the evidence with respect to patent ownership and the existence of a shareholder's agreement, the Davis parties respectfully requested that this Honorable Court take the deposition of Dennis Sanchez in camera. FFC objected saying Davis had delayed, and that Sanchez' testimony is privileged.

Davis did not delay. This Court sua sponte amended its deadline for filing dispositive motions. (See Dkt #58). Originally the deadline for filing dispositive motions was set for October 18, 2000. See, Dkt #19, scheduling order entered 5/4/00. Since the Court sua sponte amended its time for filing dispositive

motions, and Davis appropriately named Sanchez as a witness, the Court should allow the testimony.

Sanchez' testimony is not privileged. FFC and its lawyers continue to misstate to the court the law and the facts. The attorney-corporate client privilege is a limited privilege and cannot be asserted in the present case. The law in this jurisdiction is:

> Under <u>Garner</u>, a corporation may invoke only a limited attorney-client privilege against the discovery demands of a shareholder. [It is undisputed that Davis is a 10% shareholder]. After all, "management is not managing for itself," but rather on behalf of the shareholder. <u>Id.</u> at 1101. We outlined the scope of this limited attorney-corporate client privilege as follows:
>
>> The attorney-client privilege still has viability for the corporate client. The corporation is not barred from asserting it merely because those demanding information enjoy the status of stockholders. But where the corporation is in suit against its stockholders on charges of acting inimically to stockholder interests, protection of those interests as well as those of the corporation and of the public require that the availability of the privilege be subject to the right of the stockholders to show cause why it should not be invoked in the particular instance. <u>Garner v. Wolfinbarger</u>, 430 F.2d 1093, 1103-4 (5th Cir. 1970).

<u>In Re Occidental Petroleum Corporation</u>, 217 F.3d 293, 297 (5th Cir. 2000).

FFC and its lawyers cannot continue to hide behind an invalid privilege to deceive the Court on the issues of patent ownership and the existence of a shareholder's agreement. FFC could have deposed Sanchez, Joe Conway/Manitex, Jim Rusk and Andres Garcia, but did not because all these witnesses will testify that Davis had developed the crawler cranes before he got to FFC. To ignore the overwhelming evidence supporting Davis, in lieu of the misstatements and out of context quotes offered by FFC would be a judicial travesty.

2

Sanchez was hired by Davis to be FFC USA's corporate attorney and to form FFC/USA based upon the Shareholders' Agreement. (**Exhibit "D"**). Sanchez is the only person that can corroborate the dealings among the parties, and particularly, Davis, Mac, Yee and Cheam with respect to the relationship of the parties. Sanchez has factual, non-privileged, information that no other person has. Sanchez has information concerning the negotiation and finalization of the Shareholders' Agreement (**Exhibit "D"**), Davis' request to be paid a royalty by FFC, the negotiation of a new License Agreement between Davis and FFC USA (**Exhibit O**), the issues to be incorporated in the New Shareholders' Agreement for FFC USA (**Exhibit E**), and facts concerning the ownership of the patent. Sanchez is the single source for much of the identified information.

Sanchez will testify that:

1. Davis had the technology before he came to FFC. See, Rusk's affidavit (**Exhibit "M"**), Rusk's 2/20/97 proposal (**Attachment to Exhibit "M"**), Rusk's drawings (**Exhibits "P", "Q", and "R"**), Robey's deposition testimony (**Exhibit "B"** at 25:6-28:25; 97:13-100:1), Robey's report (**Exhibit "A"**), Robey's 11/8/99 testimony (**Exhibit "L"** at 31:20-33:5, 33:21-37:4, 48:10-21 and 51:18-52:10) and Mac Boon's 11/8/99 testimony (**Exhibit "L"** at 93:4-94:14 and 102:12-103:12).   2. FFC, and Mac particularly, knew the patent was owned by Davis. Because FFC spent $500,000 (not the $10 million now asserted by FFC's attorneys) building the first 3 Davis crawler cranes, Mac wanted to recoup the money by claiming the patent.

3. FFC, and Mac particularly, knew there was a shareholder's agreement. Sanchez set up FFC USA pursuant to the very shareholder's agreement that FFC now denies existed. No one ever contested the shareholder's agreement until after FFC found out the value of the Davis patent.

Sanchez' testimony will confirm and verify the evidence which was before the court, but the court elected not to consider. The court erred in not considering all the evidence because Davis testified in deposition that he did not bring anything with him from Manitowac; and Davis did not bring the technology from Manitowac, he developed the technology with Manitex.

The <u>in camera</u> deposition of Sanchez will protect any alleged privileged communications. If there is no fraud being perpetrating on this Court, then FFC should not oppose the motion to depose its attorney, <u>in camera</u>.

3

The relevant facts remain undisputed in favor of summary judgment for Davis. Sanchez' deposition is needed to finally resolve the issues before this court. Sanchez has factual, non-privileged, information that no other person has. Summary judgment should have been in favor of Davis, not FFC/USA. In the alternative, questions of fact exist and FFC parties' summary judgment can not be sustained.

Now that FFC has admitted that the case will be required to go to trial, regardless of the outcome of the motion for reconsideration; it is appropriate for the entire case, including the issues addressed in the motion for reconsideration, to be set for trial. Modification of the March 8, 2001 order is respectfully requested.

Respectfully submitted,

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
TEL/ (956) 541-3820
FAX/ (956) 541-7694

BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
County Id. No. 9901

**ATTORNEY-IN-CHARGE FOR DANIEL E. DAVIS, DAVISCO INC., and COBURN INTERNATIONAL**

*VICTOR QUINTANILLA
State Bar No. 00786181
County Id. No. 9917

(*Signed with permission of Attorney-in-Charge)

4

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, the undersigned attorney of record, do hereby certify on this 30th day of May, 2001, that a true and correct copy of the foregoing **DAVIS' REPLY TO FFC'S OBJECTION TO TAKING DENNIS SANCHEZ' DEPOSITION IN CAMERA** was served Via Facsimile No. (956) 686-6109 in accordance with the Federal Rules of Civil Procedure to opposing counsel, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, 818 Pecan, P. O. Box 3725, McAllen, Texas, 78502.

*[signature]*

VICTOR QUINTANILLA

5