91

CV No. 00-003

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Davis et al., §
§
*versus* § CIVIL ACTION 00-003
§
Favelle Favco Cranes USA Inc., et al. §

United States District Court
Southern District of Texas
FILED

JUL 0 6 2001

Michael N. Milby
Clerk of Court

## STATUS CONFERENCE MEMORANDUM

*Appearances*:

Counsel:                                    Representing:

Victor Quintanilla                          Plaintiffs

Gary Gurwitz                                Defendants

*Date*: July 6, 2001                        *Reporter*: ____Breck Record____

*Time*: 10:45 a.m.                          *Law Clerk*: ____Fajardo____

*Trial*:

■   Jury          Estimated _____ days to try (at 5.5 hours per day):

☐   Bench

■   Trial set:                              Time:

    Joint PTO due:      July 20, 2001

☐   Scheduling Order signed

*Comments*:

 Mr. Gurwitz argued that the two issues that remained to be tried may be disposed of by the Court on summary judgment. For the first issue, breach of employment contract, the record from Mac and Cheam's deposition would show that Davis was fired for good cause b/c the FFC Parties own the Patent. If for some reason the Court should find that Davis was fired w/o cause, then there is a clear calculation to be made according to the employment contract. Therefore, this issue need not go to trial.

 The second issue that would be triable is attorneys fees for the Favelle Parties

1

*CV No. 00-003*

under Patent law and the declaratory judgment statute. Attorneys fees are within the discretion of the Court, and can be decided upon submission of affidavits by counsel. Therefore, this issue also need not go to trial.

  Mr. Quintanilla argued that the breach of employment contract issue and attorneys fees were jury issues. He also argued that there is a fraud in the inducement cause of action that was filed in the Original Petition in state court (197th District) in that Davis was misled by the Favelle Parties that he would receive a certain percentage of money which led him to come from another company to start FFC USA in Harlingen.

  Mr. Quintanilla indicated that trial would take 3 days, and would call at least Davis, Mac, Cheam, Willie Jones and Greta Sullivan as witnesses. On the other hand, Mr. Gurwitz indicated that trial would only last hours, given that there is deposition testimony w/respect to the breach of employment contract issue and specifically why Mac and Cheam fired Davis. However, the Court realized that if trial were necessary for the fraud in the inducement issue, it would take 1-2 days of testimony from Davis, etc. The Court also felt that the issue of attorneys fees could be disposed of after the disposition of these two issues.

  The Court **ORDERED** the Favelle Parties to submit a motion for summary judgment regarding the breach of employment contract and fraud in the inducement issues by 3:00 p.m. on Friday, July 27, 2001. The Court **ORDERED** the Davis Parties to respond by 3:00 p.m. on Friday, August 3, 2001. The Court also **ORDERED** the Parties to appear before jury selection on Monday, August 6, 2001 at 9:00 a.m. to re-visit the issue of whether this case would be set for trial at the end of August pending its decision on the summary judgment motion, and **EXCUSED** the Parties from appearing at Docket Call on Thursday, August 2, 2001.

2