IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC., and FAVELLE CRANES | § | |
| (M) SDN BHD, | § | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO INC. and | § | |
| COBURN INTERNATIONAL | § | |
| | § | CIVIL ACTION NO. B-00-184 |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN BHD, | § | |
| and FAVELLE FAVCO HOLDINGS SDN BHD | § | |

## MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COME NOW, DANIEL E. DAVIS, DAVISCO, INC., and COBURN INTERNATIONAL, LTD., Plaintiffs in the above-styled and numbered civil action, and file this their **Motion to Remand** requesting this Honorable Court to remand the remaining causes of action in this civil action, and in support thereof, would respectfully show this Honorable Court the following:

1

## I.

## BRIEF BACKGROUND

1.01 Plaintiff **DANIEL E. DAVIS** originally filed this case in the 107th Judicial Court of Cameron County, Texas on **November 1, 1999.** Thereafter, the Defendants removed Plaintiff's claims to this Honorable Court on **January 3, 2000.[Dkt. No. 1].** The Defendants removed this case to this Honorable Court soley based on an alleged claim of patent infringement. Plaintiffs denied ever alleging patent infringement[**Dkt. No. 5, Motion to Remand**], but this Honorable Court nonetheless, determined that they had unknowingly alleged patent infringement and asserted jurisdiction.[Dkt. No. 8]. A second state court case ( from the 197th Judicial District Court of Cameron County was consolidated with the present case on **January 18, 2001. [Dkt. No. 50]**

1.02 The patent infringement claim was disposed of by this court by granting Defendants FFC Parties' Supplemental Motion for Partial Summary Judgment and denying Plaintiffs' Cross-Motion for Partial Summary Judgment on Patent Ownership and Shop Rights. **[Dkt. Nos. 69, 70, Order Granting Summary Judgment; Dkt. No. 88, Order Denying Motion To Reconsider].**

1.03 The only causes of action remaining in the present case are the state law causes of breach of employment contract, fraud, and attorney's fees. The Employment Contract subject of Plaintiffs' claims indicates that it shall be specifically interpreted and construed according to the laws of the State of Texas. As such, because the remaining causes are all state law causes and because diversity does not exist, this court must remand the remaining causes. 28 U.S.C. § 1447(c).

## II.

## THE STATUTE REQUIRES REMAND

2.01 The present Motion To Remand is required under 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), this Honorable Court is required to remand this case to the 107th Judicial Court of Cameron County Texas. This Honorable Court cannot entertain any additional summary judgment motions, especially those requested sua sponte by the court on July 6, 2001, because this Honorable Court has lost jurisdiction to do so. Indeed, this Honorable Court has lost all power to act in any way with respect to the pending causes of action.

2

2.02   28 U.S.C. § 1447(c) states unequivocally "<u>If at any time</u> before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded." [emphasis added]. The only cause which allowed this Honorable Court to have jurisdiction was the patent infringement claim. As mentioned beforehand, the patent infringement claim was disposed of by this Honorable Court requesting the filing of, and thereafter, granting, Defendants FFC's Supplemental Motion for Summary Judgment on patent ownership. **[Dkt. No. 70, Order Granting Summary Judgment; Dkt. No. 88, Order Denying Motion To Reconsider].**

2.03   The remaining causes of action are state law claims and this Honorable Court is now without jurisdiction to address any aspect of those issues because "the Court's only recourse is to remand." *American National Insurance Co. v. Travelers Casualty and Surety Co.,* 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998).

### III.

### <u>THE LAW OF THIS COURT REQUIRES REMAND</u>

3.01   The law of this court, the United States District Court for the Southern District of Texas, requires that the remaining state court causes be remanded. At any time during a case, the primary question is: Does the court have jurisdiction to act? In the Southern District of Texas (and any other Federal District Court), if the court does not have jurisdiction, the court's `only` recourse is remand.

> ... the *first* question for the Court is always jurisdiction. If subject matter jurisdiction is lacking, the Court never reaches the merits of the controversy to determine whether a cognizable claim is stated; indeed, it lacks the power to do so. As in this case, if the lawsuit has come before the Court *via* removal, upon determining that subject matter jurisdiction is lacking, the Court's only recourse is remand. See 28 U.S.C. § 1447.

*American National Insurance Co. v. Travelers Casualty and Surety Co.*, 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998).

3.02     When this court disposes of the Federal claims, and diversity is not complete between parties, then the action cannot be retained. It must be remanded pursuant to 28 U.S.C. § 1447(c). *Walters v. IBM,* 818 F. Supp. 1012 (S.D. Tex. 1993).

## IV.

## WHEN JURISDICTION IS BASED SOLELY UPON A FEDERAL QUESTION, AND THE FEDERAL QUESTION CAUSE IS DISPOSED OF BY SUMMARY JUDGMENT, THE REMAINING STATE LAW CAUSES MUST BE REMANDED

4.01     When jurisdiction is based solely upon a federal question, and the federal question cause is disposed of by summary judgment, the remaining state law causes must be remanded. *Rains v. Dinges*, 769 F. Supp. 353 (Kan. 1991); *American National Insurance Co. v. Travelers Casualty and Surety Co.*, 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998).

4.02     Federal question jurisdiction is appropriate for patent infringement under 28 U.S.C. §§ 1331, 1338, 1367 and 35 U.S.C. § 271. In the present case, the only basis for jurisdiction was the claim associated with the patent statute, 35 U.S.C. §§ 1, *et seq.*. All matters associated with the patent statute have been resolved by the Court. **[Dkt. No. 70, Order Granting Summary Judgment; Dkt. No. 88, Order Denying Motion To Reconsider].** There remains no basis for federal question jurisdiction. Further, diversity of citizenship is lacking as Plaintiff Daniel E. Davis and Defendant Favelle Favco Cranes USA, Inc. (Plaintiff's former employer) are citizens of the State of Texas. Thus, this Honorable Court lacks subjectjurisdictionsdiction. The remaining causes of action must be remanded to the 107th Judicial Court of Cameron County Texas. *Rains v. Dinges*, 769 F. Supp. 353 (Kan. 1991); *American National Insurance Co. v. Travelers Casualty and Surety Co.*, 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998).

## V.

## CONCLUSION

5.01 No basis exists for federal question jurisdiction. No basis exists for diversity jurisdiction. Thus, this court lacks subject matter jurisdiction. The remaining causes of action must remanded.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that this Motion for Remand be in all things granted and that this Honorable Court remand the remaining causes of action to the 107th Judicial District Court of Cameron County, Texas.

Respectfully Submitted,

**LAW OFFICES OF**

**ERNESTO GAMEZ, JR, P.C.**

777 East Harrison Street
Brownsville, Texas 78520
Telephone No.:(956)541-3820
Facsimile  No.:(956) 541-7694

BY: _/s/ Victor Quintanilla_

**ERNESTO GAMEZ, JR.**
State Bar No. 07606600
Federal Id. No. 8645

**ATTORNEY IN-CHARGE FOR PLAINTIFFS**

**\*VICTOR QUINTANILLA**
State Bar No. 00786181
Federal Id. No. 1607

**(\* SIGNED WITH PERMISSION OF ATTORNEY IN-CHARGE)**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA,** hereby certify that on this 10th day of July, 2001 a true and correct copy of **Motion to Remand** was served **VIA CM RRR # 7099 3220 0006 2779 6740** on the Attorney-in-Charge for Defendants, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.,** P.O. Drawer 3725, 818 Pecan, McAllen, Texas 78502.

VICTOR QUINTANILLA