96

United States District Court
Southern District of Texas
FILED

JUL 2 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES | § | |
| USA, INC., and FAVELLE CRANES | § | |
| (M) SDN BHD | § | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| DANIEL E. DAVIS, DAVISCO INC. and | § | |
| COBURN INTERNATIONAL | § | |
| | § | CIVIL ACTION NO. B-00-184 |
| VS. | § | |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN BHD, | § | |
| and FAVELLE FAVCO HOLDINGS SDN BHD | § | |

## SECOND AMENDED JOINT PRETRIAL ORDER
## REGARDING BREACH OF CONTRACT AND FRAUD ISSUES

### 1. APPEARANCE OF COUNSEL

1.   Plaintiff:              DANIEL E. DAVIS
     (Plaintiffs and         (Both Cases)
     Counter-Defendants)     DAVISCO INC.
     (Collectively the Davis (B-00-184)
     parties or Plaintiffs)  COBURN INTERNATIONAL, LTD.
                             (B-00-184)

Plaintiffs' Counsel:          Ernesto Gamez, Jr. **(Attorney-in-Charge)**
State Bar No. 07606600
Southern District of Texas No. 8645

                                      **Victor Quintanilla**
State Bar No. 00786181
Southern District of Texas No. 16073
**LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.**
777 East Harrison Street
Brownsville, Texas 78520
Telephone No.: (956) 541-3820
Facsimile No.: (956) 541-7694

2.      Defendants:              **FAVELLE FAVCO CRANES USA, INC.**
(Counter-Plaintiffs and     **(Both Cases)**
Third Party Defendants)     **FAVELLE FAVCO CRANES (M) SDN. BHD**.
(Collectively Favco         **(B-00-003)**
parties or Defendants)       **FAVELLE FAVCO HOLDINGS SDN BHD**
                                      **(B-00-184)**

Defendants' Counsel:      **Gary Gurwitz**
State Bar No. 08631000
Southern District of Texas No. 1194
**Charles C. Murray**
State Bar No. 14719700
Southern District of Texas No. 1214
**ATLAS & HALL, L.L.P.**
818 Pecan - P.O. Drawer 3725
McAllen, Texas 78502
Telephone No.: (956) 682-5501

**OF COUNSEL:**

**Willem G. Schuurman**
State Bar No. 17855200
Southern District of Texas No.
**Brian K. Buss**
State Bar No. 00798089
Southern District of Texas No.
**VINSON & ELKINS, L.L.P.**
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone No.: (512) 495-8400
Facsimile No.: (512) 495-8612

---

**DAVIS**
**vs.**
**FFC**
                                 **SECOND AMENDED JOINT PRETRIAL ORDER**
                                             **PAGE 2**

## 2. STATEMENT OF THE CASE
## (AMENDED)

FAVELLE FAVCO CRANES, USA, INC., ("Favco USA") is a Texas Corporation that was organized on September 3, 1997, to manufacture, assemble and sell, primarily in the United States market, an existing line of products of subsidiaries of Favco Holdings in other countries, and to design, develop, manufacture, assemble and sell a type of crane referred to as a crawler crane, which is a mobile crane that moves on tracks like a tank. The 9 ton model is on rubber tires instead of tracks but to keep things simple it may be included in the generic reference to "crawler cranes" in this case.

DANIEL E. DAVIS, ("Davis"), was President and Managing Director and a Director of Favco USA from the date of its beginning until he was discharged on September 8, 1999. The stock of Favco USA is owned ninety percent (90%) by FAVELLE FAVCO HOLDINGS, SDN BHD, ("Favco Holdings"), a Malaysian company, and ten percent (10%) by COBURN INTERNATIONAL, LTD., a British Virgin Islands Company owned by Davis.

Plaintiff Daniel E. Davis (hereinafter referred to as **"Mr. Davis"**) was previously employed as the President and Managing Director of Favelle Favco Cranes USA, INC., (hereinafter referred to as **"FFC USA"**) at its plant in Harlingen, Cameron County, Texas. Mr. Davis was employed by FFC USA from the date of its beginning until he was discharge on September 8, 1999.

Mr. Davis and Favco Holdings entered into an Employment Contract on June 23, 1997. Plaintiffs contend that Mr. Davis agreed to become President and Managing Director of FFC USA, and bring to FFC USA a line of new and unique crawler cranes (i.e. **"Davis Crawler Cranes"**). Plaintiffs contend that Mr. Davis was terminated from his employment with FFC USA **without cause.**

Plaintiffs contend that at the time of the signing of the Employment Contract, Defendants knowingly made false representations as to material facts or knowingly concealed all or part of material information from Mr. Davis with the intent of inducing Mr. Davis to enter and/or sign said Employment Contract. Plaintiffs also contend that Defendants knew the representations made to Mr. Davis were false when they made them or made them recklessly without any knowledge of their truth and as positive assertions. Furthermore, Plaintiffs contend that Defendants, by and through their agents, employees, and/or representations, made said representations with the intention that they be acted upon by Plaintiffs, including Mr. Davis. Plaintiffs contend that Mr. Davis did, in fact, act and signed the said Employment Contract in reliance upon such representations.

Plaintiffs contend that Defendants made the following representations or knowingly concealed the following information; including, but not limited to:

(a) Mr. Davis was to be employed as Managing Director and President of **FFC USA**;

(b)Mr. Davis was to be paid his salary, home leave benefits, and other benefits accrued if he was discharged for cause;

(c)Mr. Davis would have a ten percent (10%) ownership in **FFC USA**;

(d)Mr. Davis would receive a royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to his patented invention, namely, the Excavator Upper and Variable Gauge Lower for the making of a lattice and box boom Crawler Crane, and whether or not the sale took place before or after the termination of the Shareholders' Agreement;

(e)Mr. Davis would be acknowledged as the inventor of and owner of the trade secrets to the **DAVIS CRAWLER CRANES**; and

(f)Mr. Davis would be acknowledged as the owner of all technology and drawings associated with the **Davis Crawler Cranes**.

Plaintiffs further contend that each and every one of the representations set forth above were more than mere opinions, predictions, or expectations, but concerned material facts for the reason that Mr. Davis would not have signed the Employment Contract. Each and every one of the representations was relied on by Mr. Davis to his detriment. Plaintiffs contend that they sustained damages and/or injuries as a direct and proximate result of Defendants' fraudulent representations and/or actions. As such, Plaintiffs seek damages from Defendants, **jointly and severally.**

Plaintiffs further contend that as a further result of Defendants' actions and practices, Plaintiffs were compelled to engage the services of the attorneys who are prosecuting their claims and have agreed to pay such attorneys for legal services rendered in the preparation and trial of this cause. As such, Plaintiffs seek to recover reasonable attorney's fees in relation to the work performed and to be performed in this case.

The Employment Contract provided that Mr. Davis could be fired with or without cause. The Defendants claim that there was good cause for firing Mr. Davis because, among other things, Mr. Davis was engaging in conduct prejudicial to the interests of Favco USA, including Mr. Davis' claiming as his own a patent to certain crawler cranes that should belong to Favco USA. This Court has now determined, as a matter of law, that the patents in question are the property of and belong to Favco USA and that Davis breached his fiduciary duty of loyalty and good faith that he owed to

Favco USA by claiming as his own the patents in question and all of the design drawings, trade secrets, and other confidential information related to the crawler crane design.

The Favco Parties deny that any of them breached the Employment Contract. The Favco Parties deny that Mr. Davis was induced into signing the Employment Contract by any misrepresentations made to Mr. Davis, deny that Mr. Davis relied on any representations and deny that Favco Parties are in any manner liable to Mr. Davis for any reason.

The Favco Parties contend that Mr. Davis can not recover damages for breach of the Employment Contract even if discharged without cause, because he did not file a claim as required by the Employment Contract.

The Favco parties deny that Davis has suffered damages or that he is entitled to recover anything from any of the Favco Parties.

## 3. JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties; If there is an unresolved jurisdictional question, state it.

Originally, the parties herein indicated that this Honorable Court had jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441(b) (federal question jurisdiction). However, since this Honorable Court granted summary judgment in favor of the Defendants on all but two (2) causes of action and subsequently denied Plaintiffs' Motion for Reconsideration, Plaintiffs contend that this Honorable Court does not have jurisdiction over the remaining causes of action.

The Favco Parties contend this Court continues to have supplemental jurisdiction over state law matters that are related to a federal claim which arises under federal law. 28  U.S.C. §1367. Considerations of judicial economy, convenience, fairness and comity support this Court's continued jurisdiction.  In addition, the Plaintiffs have availed themselves of federal court jurisdiction and have waived any claim to remand. There also is pending by Mr. Davis a Second Motion to Reconsider and Request for Permission to Appeal Interlocutory Orders so the federal questions issues technically remain pending in this court at the present time.

## 4. MOTIONS

List pending motions.

> Plaintiffs filed a Request of Permission to Appeal Interlocutory Orders **on July 6, 2001.** The Orders subject of Plaintiffs' intended appeal were signed by this Honorable Court on July 3, 2001 and March 7, 2001, respectively.

> Plaintiffs also filed a Motion to Remand on **July 10, 2001.** This Motion is in regard to the remaining causes of action which Plaintiffs contend are based on state law.

> Plaintiffs also filed Objections to the Court's Orders and Second Motion for Reconsideration on **July 13, 2001** and Supplemental Objections to the Court's Orders and Second Motion for Reconsideration on **July 16, 2001.**

> Plaintiffs may file objections to and Request for Authentication of Defendants' Exhibits as listed on Defendants' Amended Exhibit List attached to this Second Amended Joint Pretrial Order.  Plaintiffs intend to file an Amended Motion in Limine.

> The Favco Parties intend to file motions for summary judgment on both Employment Contract and fraud issues by the Court's deadline of July 27, 2001.

## 5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

## (A)   PLAINTIFFS'/COUNTER-PLAINTIFFS' CLAIMS:

(1)   Plaintiffs contend that on or about **June 23, 1997**, Mr. Davis and Defendants entered into an agreement by which he was hired as the President and Managing Director of Favco USA in Harlingen, Texas. Mr. Davis agreed to bring to Favco USA a line of new and unique crawler cranes (i.e., the **"Davis Crawler Cranes"**). The Davis Crawler Cranes were, and are unique because, among other things, they can be manufactured quicker and less expensively resulting in a more stable crane for its overall size. Plaintiffs contends that Mr. Davis brought the crane know-how, designs, concept and/or idea with him when he became employed by Favco Holdings and Favco USA.

(2)   Plaintiffs further contend that Favco USA is ninety percent (90%) owned by Favco Holdings, which also serves as a holding company for Favco Malaysia, which in turn, is also one hundred percent (100%) owned by MUHIBBAH ENGINEERING ("Muhibbah").

(3)   On **November 6, 2000**, DANIEL E. DAVIS, et. al., as Counter-Plaintiffs, filed their *Defendants' First Amended Counterclaim* in the 197th Judicial District Court case. (now Civil Action No. B-00-184).

(4)   Counter-Plaintiffs assert several causes of action against Favelle Favco Cranes USA, Inc., Favelle Favco Cranes (M) SDN BHD, and Favelle Favco Holdings SDN BHD, including, **breach of employment contract,** and **fraud.** (Emphasis added).

(5)   Counter-Plaintiffs assert that Mr. Davis entered into an Employment Contract with Favelle Favco Holdings on **June 23, 1997.** Pursuant to this said Employment Contract, Mr. Davis was employed as a Managing Director and President of Favelle Favco Cranes USA, Inc. in its Harlingen, Cameron County, Texas facility.

(6)   The said Employment Contract was for a term period of thirty-six (36) months. Mr. Davis was to be compensated at a monthly salary of **EIGHT THOUSAND AND NO/100THS DOLLARS ($8,000.00)** and provided a company car, workers' compensation benefits, and a health insurance plan.

List pending motions.

Plaintiffs filed a Request of Permission to Appeal Interlocutory Orders **on July 6, 2001.** The Orders subject of Plaintiffs' intended appeal were signed by this Honorable Court on July 3, 2001 and March 7, 2001, respectively.

Plaintiffs also filed a Motion to Remand on **July 10, 2001.** This Motion is in regard to the remaining causes of action which Plaintiffs contend are based on state law.

Plaintiffs also filed Objections to the Court's Orders and Second Motion for Reconsideration on **July 13, 2001** and Supplemental Objections to the Court's Orders and Second Motion for Reconsideration on **July 16, 2001.**

Plaintiffs may file objections to and Request for Authentication of Defendants' Exhibits as listed on Defendants' Amended Exhibit List attached to this Second Amended Joint Pretrial Order. Plaintiffs intend to file an Amended Motion in Limine.

The Favco Parties intend to file motions for summary judgment on both Employment Contract and fraud issues by the Court's deadline of July 27, 2001.

## 5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

### (A)   PLAINTIFFS'/COUNTER-PLAINTIFFS' CLAIMS:

(1)   Plaintiffs contend that on or about **June 23, 1997**, Mr. Davis and Defendants entered into an agreement by which he was hired as the President and Managing Director of Favco USA in Harlingen, Texas. Mr. Davis agreed to bring to Favco USA a line of new and unique crawler cranes (i.e., the **"Davis Crawler Cranes"**). The Davis Crawler Cranes were, and are unique because, among other things, they can be manufactured quicker and less expensively resulting in a more stable crane for its overall size. Plaintiffs contends that Mr. Davis brought the crane know-how, designs, concept and/or idea with him when he became employed by Favco Holdings and Favco USA.

(2)    Plaintiffs further contend that Favco USA is ninety percent (90%) owned by Favco Holdings, which also serves as a holding company for Favco Malaysia, which in turn, is also one hundred percent (100%) owned by MUHIBBAH ENGINEERING ("Muhibbah").

(3)    On **November 6, 2000,** DANIEL E. DAVIS, et. al., as Counter-Plaintiffs, filed their *Defendants' First Amended Counterclaim* in the 197th Judicial District Court case. (now Civil Action No. B-00-184).

(4)    Counter-Plaintiffs assert several causes of action against Favelle Favco Cranes USA, Inc., Favelle Favco Cranes (M) SDN BHD, and Favelle Favco Holdings SDN BHD, including, **breach of employment contract,** and **fraud.** (Emphasis added).

(5)    Counter-Plaintiffs assert that Mr. Davis entered into an Employment Contract with Favelle Favco Holdings on **June 23, 1997.** Pursuant to this said Employment Contract, Mr. Davis was employed as a Managing Director and President of Favelle Favco Cranes USA, Inc. in its Harlingen, Cameron County, Texas facility.

(6)    The said Employment Contract was for a term period of thirty-six (36) months. Mr. Davis was to be compensated at a monthly salary of **EIGHT THOUSAND AND NO/100THS DOLLARS ($8,000.00)** and provided a company car, workers' compensation benefits, and a health insurance plan.

(7)    On or about September 8, 1999, Mr. Davis was terminated from his employment with Favelle Favco Cranes USA, Inc. **without cause.**

(8)    Counter-Plaintiffs contend that Counter-Defendants' action on September 8, 1999 amounts to a breach of the Employment Contract, and accordingly seek to recover benefits and/or damages pursuant to said Employment Contract..

(9)    Mr. Davis had an existing contract with Counter-Defendants, to-wit: the **EMPLOYMENT CONTRACT.** At the time of the signing of the Employment Contract, Counter-Defendants knowingly made false representations as to material facts or knowingly concealed all or part of material information from Mr. Davis with the intent of inducing Mr. Davis to enter and/or sign said Employment Contract. Counter-Defendants knew the representations made to Mr. Davis were false when they made them or made them recklessly without any knowledge of their truth and as positive assertions. Furthermore, Counter-Defendants, by and through their agents,

employees, and/or representations, made said representations with the intention that they be acted upon by Counter-Plaintiffs, including Mr. Davis. Mr. Davis did, in fact, act and signed the said Employment Contract in reliance upon such representations.

(10)    Counter-Plaintiffs contend that Counter-Defendants made the following representations or knowingly concealed the following information; including, but not limited to:

(a)    **MR. DAVIS** was to be employed as Managing Director and President of **FFC USA**;

(b)    **MR. DAVIS** was to be paid his salary, home leave benefits, and other benefits accrued if he was discharged for cause;

(c)    **MR. DAVIS** would have a ten percent (10%) ownership in **FFC USA**;

(d)    **MR. DAVIS** would receive a royalty fee of one percent (1%) of the sale price for the sale of each crane manufactured or assembled pursuant to his patented invention, namely, the Excavator Upper and Variable Gauge Lower for the making of a lattice and box boom Crawler Crane, and whether or not the sale took place before or after the termination of the Shareholders' Agreement;

(e)    **MR. DAVIS** would be acknowledged as the inventor of and owner of the trade secrets to the **DAVIS CRAWLER CRANES**; and

(f)    **MR. DAVIS** would be acknowledged as the owner of all technology and drawings associated with the **Davis Crawler Cranes**.

(11)    Counter-Plaintiffs further allege that each and every one of the representations set forth above were more than mere opinions, predictions, or expectations, but concerned material facts for the reason that Mr. Davis would not have signed the **EMPLOYMENT CONTRACT**. Each and every one of the representations was relied on by Counter-Plaintiffs to Plaintiffs' substantial injuries and damages as described more fully below. Plaintiffs' damages and/or injuries have occurred as a direct and proximate result of Counter-Defendant's fraudulent representations and/or actions. As such, Counter-Plaintiffs seek damages from Counter-Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court.

(12)    As a further result of Counter-Defendants' actions and practices, Counter-Plaintiffs have been compelled to engage the services the attorneys who are

CMxPDF - www.fasiso.com

prosecuting his claims and have agreed to pay such attorneys for legal services rendered and to be rendered in the preparation and trial of this cause. As such, Counter-Plaintiffs seek to recover reasonable attorney's fees in relation to the work performed and to be performed in this cause of action.

(13)   Plaintiffs contend that the conduct of Defendants constitutes malice in that such conduct was either a specific intent by the Defendants to cause substantial injury to Mr. Davis or an act or omission by the Defendants which when viewed objectively from the standpoint of the Defendants at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendants have actual subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

(14)   As a direct and proximate result of Defendants' malicious conduct, Plaintiffs seek to recover exemplary and/or punitive damages from the Defendants, jointly and severally, in an amount to be determined by the jury or trier of fact.

**(B)   DEFENDANTS/COUNTER-PLAINTIFFS/THIRD PARTY DEFENDANTS' (FAVCO PARTIES') CLAIMS:**

(1)   Davis withdrew, or caused to be withdrawn, and paid to himself or a company that he controls, money to which Davis or his company was not entitled.

(2)   Favco USA, pursuant to Davis' instructions, issued checks payable to Davisco, Inc., a company owned by Davis, as follows: (1) 6/799 Favco USA Check No. 1981 in the amount of 10,560.00; (2) 6/24/99 Favco USA Check No. 2072 in the amount of $10,560.00; and (3) 7/12/99 Favco USA Check No.2107 in the amount of $13,200.00.

(3)   Davis owed Favco USA a fiduciary duty as President, Managing Director and a Director of Favco USA to act in its best interest and Davis breached that duty. An officer and/or director of a corporation owes a fiduciary duty to that corporation. Fiduciary duty means that these officers and directors are held to an extreme measure of honesty, unselfishness and good faith in any transactions relating to the corporation. The responsibility of a corporate

fiduciary includes the dedication of his uncorrupted business judgment for the sole benefit of the corporation.

(4) Davis breached his fiduciary duty to Favco USA and this Court has so held.

(5) Davis was fired for good cause pursuant to the Employment Contract.

(6) Davis' claims are barred by the Statue of Frauds.

(7) Davis' claims are barred by the Parole Evidence Rule.

(8) Favco USA and Favco Holdings had the right to discharge Davis at any time, with or without cause.

(9) No Favco party is liable to any Davis party for any damages for any reason.

(10) Defendants deny that any of the Defendants breached the Employment Contract of June 23, 1997 between Favco Holdings and Davis.

(11) None of the Defendants have made any misrepresentations to Davis.

(12) Plaintiffs' claims are barred by the parole evidence rule.

(13) Plaintiffs' claims are barred by the integration clause contained in the Employment Contract.

(14) Davis did not pursue any claims he had under the Employment Contract in accordance with the terms of the Employment Contract and is barred.

(15) Plaintiffs suing on the Employment Contract and seeking to set it aside for fraud are inconsistent remedies.

(16) Any conversations or negotiations prior to the date of the Employment Contract are deemed to have been merged into the writing of the Employment Contract.

(17) The integration clause in the Employment Contract expressly precludes Davis' contentions that he was induced into the Employment Contract by any statements or promises or understandings other than those set out in the Employment Contract.

(18)    Davis did not rely on any alleged representations made by the FFC Parties in deciding whether to enter into the Employment Contract other than those contained in the contract itself.

(19)    Davis can not recover damages for breach of the Employment Contract, even if discharged without cause, because he did not file a claim as required by the contract within sixty (60) days of discharge.

(20)    Davis can not recover in the capacity in which he sues.

(21)    The Employment Contract has been performed.

(22)    Davis is not the owner of any technology or drawings associated with the crawler cranes in issue.

(23)    Davis is not the owner of any trade secrets associated with the crawler cranes in issue.

(24)    The Davis Parties waived and/or are estopped from asserting claims arising out of this agreement.

(25)    Davis ratified the Employment Contract.

(26)    No Favco Party is responsible for the act of any other Favco Party.

(27)    Plaintiffs' claims are barred by the merger rule.

(28)    The Davis Parties can not recover in the capacity in which they sue.

(29)    No Favco Party is responsible for the act of any other Favco Party.

## 6.  ADMISSIONS OF FACT INCORPORATED HEREIN FROM THE PREVIOUS AMENDED PRETRIAL ORDER

(1)    An employment contract was entered into between Davis and Favco Holdings on June 23, 1997, which, among other things, provided that Davis was employed as a Managing Director to perform on behalf of Favco Holdings work at its facility in the United States.

(2)     Davis served as the President and Managing Director of Favco USA until September 8, 1999.

(3)     Favco USA is a Texas Corporation incorporated on September 3, 1997.

(4)     Favco Holdings wanted to develop, manufacture and sell a crawler crane in the United States.

(5)     Ninety percent (90%) of the Favco USA stock is owned by Favco Holdings and 10% of the stock is owned by Coburn International, Ltd., a company controlled by Davis.

(6)     Davis hired several contract engineers for Favco USA to design and develop crawler cranes.

(7)     Favco USA made every payment for every aspect of the entire crawler crane project.

(8)     Prototypes of crawler cranes were exhibited at Con Expo in March of 1999 and were exhibited and sold as Favelle Favco USA Products.

(9)     A contract was entered into between Favco USA (signed by Davis as President of Favco USA), Favco Malaysia and Eccon Engineering Computer Consulting Gesellschaft M.B.H., ("Eccon"), dated November 22, 1997, titled *Confidentiality Agreement*, whereby Eccon was to do engineering, design and plan work on crawler cranes.

(10)    The work done under the aforementioned Eccon contract was performed during the time that Davis was President and Managing Director of Favco USA. Eccon was paid for all work done under this contract by Favco USA.

(11)    A contract was entered into between Keith J. Orgeron, P.E., ("Orgeron"), and Favco USA, (signed by Davis as Managing Director and President of Favco USA), dated January 18, 1998, titled *Engineering Consulting Services Agreement*, whereby Orgeron was to do engineering consulting work on behalf of Favco USA. The contract stated that any ideas, patents, copyrights, drawings, etc., produced by Orgeron under this Agreement were to be the sole property of Favco USA. The work done under this contract was performed during the time that Davis was President and

---

**DAVIS**
**vs.**
**FFC**

**SECOND AMENDED JOINT PRETRIAL ORDER**
**PAGE 15**

Managing Director of Favco USA. Orgeron was paid for all work done under this contract by Favco USA.

(12)   An agreement was entered into between J. A. Rusk Engineering, ("Rusk"), and Favco USA for Rusk to provide engineering and design services in connection with the 28 ton and 38 ton crawler crane project as reflected in Rusk's letters to Danny Davis at Favco USA, dated May 29, 1998 and June 3, 1998. The services provided by Rusk under this contract were to belong to Favco USA. The work done under this contract was performed during the time that Davis was President and Managing Director of Favco USA. Rusk was paid for all work done under this contract by Favco USA.

(13)   A contract was entered into between Caterpillar Industrial Products, Inc., ("CIPI"), and Favco USA, (signed by Davis as President and Managing Director), and Favco Malaysia, dated August 21, 1998, titled *Design Ownership/Responsibility Agreement 1, Cranes Utilizing Standard Hydraulic Excavator Main Frames.* The work done by CIPI under the contract was performed during the time that Davis was President, Managing Director and a Director of Favco USA.

(14)   A contract was entered into between Caterpillar Industrial Products, Inc., ("CIPI"), and Favco USA, (signed by Davis as President and Managing Director), and Favco Malaysia, dated August 21, 1998, titled *Design Ownership /Responsibility Agreement 2, Cranes Utilizing Custom Main Frames.*

(15)   A contract was entered into between Caterpillar Industrial Products, Inc., ("CIPI"), and Favco USA, (signed by Davis as President and Managing Director) dated March 29, 1999, titled *Design Ownership /Responsibility Agreement 3, Cranes Utilizing Telehandler Powermodules.* The work done under this contract was performed during the time the Davis was President and Managing Director of Favco USA.

(16)   All work done on crawler cranes manufactured and sold by Favco USA was done before Davis became President and Managing Director of Favco USA.

(17)   The facilities in Harlingen where work was done on crawler cranes was owned and controlled by Favco USA.

(18)   All power units purchased from CIPI in connection with the crawler crane project were purchased by Favco USA.

(19)   Davis had no contracts personally with Eccon, Orgeron, Rusk or CIPI to provide engineering or design services involving the crawler cranes in question in the lawsuit.

(20)   Davis had no contracts personally with anyone to provide any services, materials, equipment, or labor involving the crawler cranes in question in the lawsuit.

(21)   Davis was discharged as President and Managing Director of Favco USA on September 8, 1999.

## 7. CONTESTED ISSUES OF FACT

(1)   Plaintiff disputes Favco USA's contention that it is entitled to recover attorney's fees.

(2)   Whether Daniel Davis has suffered any injury or damage.

(3)   The amount of such damages, if any.

(4)   Plaintiff disputes Defendants and/or Counter-Defendants' contention that he was terminated for cause on September 8, 1999.

(5)   Plaintiff disputes Defendants and/or Counter-Defendants' contention that he was terminated from his position as President and Managing Director of Favco USA for cause.

(6)   Plaintiff disputes Defendants and/or Counter-Defendants contention and/or assertion that he is not entitled to recover in the capacity in which he sues.

(7)   Favco USA had the right to discharge Davis at any time, with or without cause. He was discharged for cause.

(8)   Before leaving Favco USA in 1999, Davis ordered for Favco USA over 7 million dollars in equipment from Caterpillar.

(9)   No Favco party is liable to any Davis party for any damages for any reason.

(10)   Defendants deny that any of the Defendants breached the Employment Contract of June 23, 1997 between Favco Holdings and Davis.

(11)   None of the Defendants have made any misrepresentations to Davis.

(12)   Defendants deny that there is any liability to Davis, jointly or separately.

(13)   Davis is not the owner of any technology or drawings associated with the crawler cranes in issue.

(14)   Davis is not the owner of any trade secrets associated with the crawler cranes in issue.

(15)   Plaintiffs' claims are barred by the integration clause contained in the Employment Contract.

---

(16)    Plaintiffs suing on the Employment Contract and seeking to set it aside for fraud are inconsistent remedies.

(17)    Any conversations or negotiations prior to the date of the Employment Contract are deemed to have been merged into the writing.

(18)    The integration clause in the Employment Contract expressly precludes Davis' contentions that he was induced into the Employment Contract by any statements or promises or understandings other than those set out in the Employment Contract.

(19)    Davis did not rely on any alleged representations made by the FFC Parties in deciding whether to enter into the Employment Contract other than those contained in the contract itself.

(20)    Davis can not recover damages for breach of the Employment Contract, even if discharged without cause, because he did not file a claim as required by the Employment Contract.

(21)    Plaintiffs contest Defendants' contention that they are entitled to recover any attorney's fees in this case.

(22)    Davis became President, Managing Director and a Director of Favco USA on September 4, 1997 and served in those capacities until he was discharged on September 8, 1999.

(23)    Davis contends that two documents contain the complete agreement with Favco USA. These two documents say nothing about ownership of the crawler cranes or any inventions or designs. Neither of these documents is an agreement with Favco USA.

(24)    Plaintiffs dispute Defendants' assertion or contention that Mr. Davis committed Defendants to millions of dollars in purchase orders.

(25)    Plaintiffs dispute Defendants' assertion or contention that Mr. Davis breached his fiduciary duty to Favco USA.

(26)    Plaintiffs dispute Defendants' assertion or contention that Mr. Davis was fired for good cause pursuant to the Employment Contract.

(27)    Plaintiffs dispute Defendants' assertion or contention that Mr. Davis' claims in this case are barred by the Statute of Frauds.

(28)   Plaintiffs dispute Defendants' assertion or contention that Mr. Davis' claims are barred by the Parole Evidence Rule.

(29)   Plaintiffs dispute Defendants' assertion or contention that Favco USA and Favco Holdings had the right to discharge Mr. Davis at any time, with or without cause.

(30)   Plaintiffs dispute Defendants' assertion or contention that Plaintiffs' claims are barred by the integration clause contained in the Employment Contract.

(31)   Plaintiffs dispute Defendants' assertion or contention that Mr. Davis did not pursue any claims under the Employment Contract in accordance with the terms of the Employment Contract and is barred.

(32)   Plaintiffs dispute Defendants' assertion or contention that the Employment Contract has been performed.

(33)   Plaintiffs dispute Defendants' assertions or contentions contained in items 17 through 26 of Defendants' claims herein.

## 8.   AGREED PROPOSITIONS OF LAW

(1)   An officer and/or director of a corporation owes a fiduciary duty to that corporation. *International Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567 (Tex. 1963). Fiduciary duty means that these officers and directors are held to an extreme measure of honesty, unselfishness and good faith in any transactions relating to the corporation. *Id.* The responsibility of a corporate fiduciary includes the dedication of his uncorrupted business judgment for the sole benefit of the corporation. *Id.*

(2)   Even in a case like this in which a jury has been demanded, equitable issues such as shop rights, estoppel, and trade secrets are to be decided by the Court. *Nimrod Marketing (Overseas) Ltd. v. Texas Energy Investment Corp.*, 769 F.2d 1076, 1079-80 (5th Cir. 1985); 9 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 2302.1 (West 1995 & Supp. 2000). *See generally Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509, 79 S.Ct. 948, 955-56 (1959) (relating to order of trial); U.S. CONST. amend. 7; FED. R. CIV. P. 38, 39; MOORE'S FEDERAL PRACTICE § 38.16[2][a] (2000).

## 9.   CONTESTED PROPOSITIONS OF LAW

1.   Was there an offer and acceptance and a contract formed between Daniel E. Davis and Favco USA or any other Favco party. *Scaife v. Associated Air Center, Inc.*, 100 F. 3d 406 (5th Cir. 1996).

2.      In order to constitute a contract in writing, a writing does not necessarily have to be signed by both parties, so long as the party not signing accepts the contract by its acts, conduct, or acquiescence. Karl Rove. & Co. v. Thornburgh, 824 F.Supp. 662, 673 (W.D. Tex. 1993), aff'd in part, 39 F.3d 1273 (5th Cir. 1994), citing Augusta Dev. Co. v. Fish Oil Well Serv. Co., Inc., 761 S.W.2d 538, 544 (Tex. App.-- Corpus Christi 1988, no writ).

3.      Parties may intend to be bound by a contract only by execution of formal signed documents. *Scaife v. Associated Air Center, Inc.,* 100 F. 3d 406 (5th Cir. 1996); *Simmons & Simmons Construction Co. v. Rea,* 155 Tex. 353, 286 S.W.2d 415, 417 (1955).

4.      Davis signed agreements on behalf of Favco USA with component suppliers providing that the resulting designs were property of Favco USA. See Order signed March 7, 2001, in this case.

5.      Davis promoted crawler cranes on behalf of Favco USA. See Order signed March 7, 2001, in this case.

6.      Corporate officers and directors are fiduciaries. *See Gatlin v. GXG, Inc.*, 1994 WL 137233, *3 (Tex. App. 1994); International Bankers Life Insurance Co. v. Holloway, 368 S.W.2d 567, 576 (Tex. 1963). See Order signed March 7, 2001, in this case.

7.      An officer of a corporation, by virtue of his authority, privileges and trust, has a strict fiduciary obligation to the corporation. *See Innovo Group, Inc. v. Tedesco*, 1996 WL 580465, *7 (Tex. App. 1996), citing *Holloway,* 368 S.W.2d at 576. See Order signed March 7, 2001, in this case.

8.      A corporate fiduciary is under obligation not to usurp corporate opportunities for personal gain. *See King v. Associated Air Center, Inc.*, 1991 WL 2884483, *4 (Tex. App. 1991) at *6, citing *Holloway*, 368 S.W.2d at 576-77. See Order signed March 7, 2001, in this case.

9.      U.S. Patent No. 6,003,252 and all designs, drawings and trade secrets and other confidential information related to the crawler crane design properly belong to Favco USA. See Order signed March 7, 2001, in this case.

10.     The Employment Contract did not limit Davis' fiduciary duties to Favco USA. See Order signed July 3, 2001, in this case.

11.     Plaintiffs' claims are barred by the parole evidence rule. The parole evidence rule is a principle of substantive law which denies effect to prior to contemporaneous expressions relating to the same subject matter as that found within a final written contract between the parties. *Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 700 (Tex. App. - El Paso 1993, no writ); *Pan American Bank v. Nowland*, 650 S.W.2d 879, 884 (Tex. Civ. App. - San Antonio 1983, writ ref'd n.r.e.).

12.     Plaintiffs' claims are barred by the integration clause contained in the Employment Contract. The integration clause expressly precludes Davis' contention that he was induced to enter into the Employment Contract by a promise concerning trade secrets, technology or drawings. *Smith v. Smith*, 794 S.W.2d 823, 827 (Tex. App. - Dallas 1990, no writ) (parole evidence rule is particularly applicable where the parties have included an integration clause).

13.     Plaintiffs' claims are barred by the merger rule. Merger refers to the extinguishment of one contract by it[s] absorption into another subsequent contract and is largely a matter of intention of the parties. *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 700 (Tex. App. - El Paso 1993, no writ).

14.     Plaintiffs suing on the Employment Contract and seeking to set it aside for fraud are inconsistent remedies.

15.     Any conversations or negotiations prior to the date of the Employment Contract are deemed to have been merged into the writing

16.     The integration clause in the Employment Contract expressly precludes Davis' contentions that he was induced into the Employment Contract by any statements or promises or understandings other than those set out in the Employment Contract.

17.     Davis can not recover damages for breach of the Employment Contract, even if discharged without cause, because he did not file a claim as required by the Employment Contract.

18.     The Davis Parties can not recover in the capacity in which they sue.

---

19. This Court already has ruled against the Davis Parties on the issues of breach of contract and fraud and the Davis Parties are foreclosed from proceeding on those issues.

20. No Favco Party is responsible for the act of any other Favco Party.

21. At the appropriate time, the Favco Parties contend they are entitled to attorney's fees.

## 10. EXHIBITS

**O.** **PLAINTIFFS' EXHIBITS:** See attached Second Amended Exhibit List

**A.** **DEFENDANTS' EXHIBITS:** See attached Second Amended Exhibit List

## 11. WITNESSES

**A.** **PLAINTIFF'S WITNESSES:** See attached Second Amended Witness List.

**A.** **DEFENDANTS' WITNESSES:** See attached Second Amended Witness List.

## 12. SETTLEMENT

All settlement efforts have been exhausted and it will have to be tried. Most recently, the parties and their counsel met on January 25, 2001 to discuss settlement. However, a settlement was unable to be reached.

## 13. TRIAL

**A.** **PROBABLE LENGTH OF TRIAL**

Plaintiffs and/or Counter-Plaintiffs' case will take approximately between two (2) and three (3) days for trial and the Defendants' case will take approximately three and one-half days for trial. Plaintiff's rebuttal will take approximately two (2) days.

**B.** **LOGISTICAL PROBLEMS**

Some witnesses and parties must come from out of state and even out of the country.

## 14. ATTACHMENTS

A.    **PLAINTIFFS/COUNTER-PLAINTIFFS' ATTACHMENTS:**

(1)    See attached Amended Proposed Questions for the Voir Dire Examination.

(2)    See attached Second Amended Proposed Jury Charge, including Instructions and Definitions.

B.    **DEFENDANTS'/ COUNTER-DEFENDANTS' ATTACHMENTS:**

(1)    See attached Proposed Questions for the Voir Dire Examination.

(2)    See attached Proposed Jury Charge, including Instructions and Definitions.

Date: _____

_____
**UNITED STATES DISTRICT JUDGE**

**APPROVED:**

Date: 07|20|01

_____

Counsel for Plaintiffs
Ernesto Gamez, Jr. (Attorney-in-Charge)
State Bar No.0760660
Fed. Id. No. 8645

Victor Quintanilla
State Bar No.00786181
Fed. Id. No. 16073
**Law Offices of Ernesto Gamez, Jr., P.C.**
777 East Harrison Street
Brownsville, Texas 78520
Telephone No.: (956) 541-3820
Facsimile No. : (956) 541-7694

Date: 07|20|01

Attorney-in-Charge, Defendants
Gary Gurwitz
State Bar No. 08631000
Fed. Id. No.1194

Charles C. Murray
State Bar No.14719700

Fed. Id. No.1214
Daniel G. Gurwitz
State Bar No. 00787608
Fed. Id. No.16895
**ATLAS & HALL, L.L.P.**
818 Pecan - P.O. Drawer 3725
McAllen, Texas  78502
Telephone No.: (956) 682-5501
Facsimile   No.: (956) 686-6109


Willem G. Schuurman/Bar # 17855200
Brian K. Buss/Bar # 00798089
**VINSON & ELKINS, L.L.P.**
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone No.: (512)  495-8400
Facsimile   No.: (512) 495-8612

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL E. DAVIS** | & | |
| | & | |
| **VS.** | & | **CIVIL ACTION NO. B-00-003** |
| | & | |
| **FAVELLE FAVCO CRANES USA, INC.,** | & | |
| and **FAVELLE CRANES (M) SDN BHD** | & | |

| | | |
|---|---|---|
| **FAVELLE FAVCO CRANES USA, INC.** | & | |
| | & | |
| **VS.** | & | |
| | & | |
| **DANIEL E. DAVIS, DAVISCO INC.** | & | |
| and **COBURN INTERNATIONAL** | & | |
| | & | |
| **VS.** | & | **CIVIL ACTION NO. B-00-184** |
| | & | |
| **FAVELLE FAVCO CRANES USA, INC.,** | & | |
| **FAVELLE FAVCO CRANES (M) SDN** | & | |
| **BHD, and FAVELLE FAVCO HOLDINGS** | & | |
| **SDN BHD** | & | |

## PLAINTIFFS' AMENDED PROPOSED VOIR DIRE QUESTIONS

### TO THE UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COME NOW, **DANIEL E. DAVIS, DAVISCO INC.** and **COBURN INTERNATIONAL**, Plaintiffs in the above-styled and numbered civil action, and respectfully request that this Honorable Court propound to the jury panel during voir dire and/or jury selection the questions attached hereto as **Exhibit "A"**.

Respectfully submitted,

**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 East Harrison Street
Brownsville, Texas  78520
Telephone No.:  (956) 541-3820
Facsimile No.:  (956) 541-7694

BY: _____

**ERNESTO GAMEZ, JR.
STATE BAR NO.** 07606600
**FED. ID NO.** 8645

**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS**

**VICTOR QUINTANILLA***
**STATE BAR NO.** 00786181
**FED. ID NO.** 16073

**(* Signed with Permission of
Attorney-in-Charge)**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA,** hereby certify that a true and correct copy of the foregoing **Plaintiffs' Amended Voir Dire Questions** was served Via PDQ Delivery in accordance with the Federal Rules of Civil Procedure to the Attorney-in Charge for Defendants, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.,** 818 Pecan, P. O. Box 3725, McAllen, Texas, 78502, on this the 20th day of July, 2001.

_____
**VICTOR QUINTANILLA**

2

## EXHIBIT "A"

1.    Is any member of the panel familiar with any facts of this case?

2.    Is there any member of this panel or a member of his/her family who has been involved in a breach of employment contract case?

3.    Is there any member of this jury panel who has worked as a President or Managing Director of a company similiar to Defendant Favelle Favco Cranes USA, Inc.?

4.    Is there any member of the jury panel who is or has worked for **Defendant Favelle Favco Cranes USA, Inc.** or has a close member of your family who was or is employed with **Defendant Favelle Favco Cranes USA, Inc.**?

5.    Do any of you at the present time work **for Defendant Favelle Favco Cranes, Inc.?**

6.    Is there any member of this jury panel who presently has or has been involved in a breach of employment contract case in the past?

7.    Has any member of this jury panel ever been a Defendant in a lawsuit?

8.    Has any member of this jury panel ever had a claim for money damages made against them, whether it resulted in a lawsuit or not?

9.    Has any member of this jury panel heard of the **"Litigation Crisis"** known as **Lawsuit Abuse** and do you believe that such crisis exists?

10.   Has any member of this jury panel ever been the owner of a business, large or small, at any time in the past?

11.   Has any member of this jury panel ever been a witness in any kind of a lawsuit, whether it is not pending or has been disposed of by settlement or trial in the past?

12.   Does any member of this jury panel have any prior jury service either in the United States District Court or in a state court?  If so, what kind of case did you serve on?

13.   Has any member of this jury panel been represented by any of the lawyers in this case?

**VICTOR QUINTANILLA** of the **LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.,** Counsel for Plaintiffs;

**ERNESTO GAMEZ, JR.** of the **LAW OFFICES OF ERNESTO GAMEZ, JR., P.C.,** Counsel for Plaintiffs;

**Gary Gurwitz**, Counsel for Defendants; or

**Charles C. Murray**, Counsel for Defendants.

14.  Is there anyone on the jury panel who would not or could not award damages in a substantial sum, even if the evidence supported such an award?

15.  Is there any member of this jury panel who has any prejudice or feeling against suits against companies or corporations  or who has had any experience which would cause him or her to have a feeling, bias, prejudice or opinion before hearing any of the evidence in the instant case?

16.  Is there any member of this jury panel who has any quarrel with the rule of law that Plaintiffs have to prove their case only by a preponderance of the evidence and not beyond a reasonable doubt or to a moral certainty, as in a criminal case?

17.  Is there any member of this jury panel who for any reason, whether asked or not, could not be fair and impartial in this case if chosen as a juror?

18.  Is there any member of this jury panel who feels that people should not file lawsuits for breach of employment contract or fraud?

19.  Is there any member of this jury panel who knows or is personally acquainted with the Defendants in this civil action?

20.  Is there any member of this jury panel who knows or is personally acquainted with the Defendants in this civil action?

21.  Is there any member of this jury panel who is unable to award  attorney's fees to Plaintiffs if the evidence supports such an award?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL E. DAVIS | & |
| | & |
| VS. | &   CIVIL ACTION NO. B-00-003 |
| | & |
| FAVELLE FAVCO CRANES USA, INC., | & |
| and FAVELLE CRANES (M) SDN BHD, | & |

| | |
|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & |
| | & |
| VS. | & |
| | & |
| DANIEL E. DAVIS, DAVISCO INC. | & |
| and COBURN INTERNATIONAL | & |
| | & |
| VS. | &   CIVIL ACTION NO. B-00-184 |
| | & |
| FAVELLE FAVCO CRANES USA, INC., | & |
| FAVELLE FAVCO CRANES (M) SDN | & |
| BHD, and FAVELLE FAVCO HOLDINGS | & |
| SDN BHD | & |

PLAINTIFFS' SECOND AMENDED PROPOSED CHARGE OF THE COURT

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you in the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the

case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

**"The 252 patent"** means U.S. patent number 6003252.
**"Favco USA"** means Favelle Favco Cranes USA, Inc.
**"Favco Malaysia"** means Favelle Favco Cranes (M) SDN BHD.
**"Favco Holdings"** means Favelle Favco Holdings SDN BHD.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of any eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no

2

distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A fact may be established by direct evidence or by circumstantial evidence of both. A fact is established by direct evidence when proved by documentary evidence or by witness who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved. [PJC 100.8]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However,you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer form the evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

When you retire to the jury room to deliberate on your verdict, you make take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all the instructions that the Court has given you about/on your conduct during the trial. After you have reached you unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

In order to constitute a contract in writing, a writing does not necessarily have to be signed by both parties so long as the party not signing accepts the contract by its acts, conduct, acquiescence, or course of dealing.   See <u>Karl Rove & Co. v. Thornburg</u>, 824 F. Supp. 662, 673 (W.D. Tex. 1993), aff'd in part, 39 F.3d 1273 (5th Cir. 1994) citing <u>Augusta Dev. Co. v. Fish Oil Well Serv. Co., Inc.</u>, 761 S.W.2d 538, 544 (Tex. App.--Corpus Christi 1988, no writ).

**"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.   [PJC 110.33]

4

CMxPDF - www.fesisx.com

## SECOND AMENDED PROPOSED JURY QUESTIONS

### QUESTION NO. 1

Did **DANIEL E. DAVIS** and **FAVELLE FAVCO HOLDINGS SDN BHD** agree to an Employment Contract?

In deciding whether the parties reached an agreement, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing. You may not consider the parties' unexpressed thoughts or intentions.

In order to constitute a contract in writing, a writing does not necessarily have to be signed by both parties so long as the party not signing accepts the contract by its acts, conduct, acquiescence, or course of dealing.  See <u>Karl Rove & Co. v. Thornburg</u>, 824 F. Supp. 662, 673 (W.D. Tex. 1993), aff'd in part, 39 F.3d 1273 (5th Cir. 1994) citing <u>Augusta Dev. Co. v. Fish Oil Well Serv. Co., Inc.</u>, 761 S.W.2d 538, 544 (Tex. App.--Corpus Christi 1988, no writ).

Answer "**YES**" or "**NO**".

<u>**ANSWER:**</u>  _____

If you have answered **Question No. 1** "**YES**", then answer **Question No. 2**.  Otherwise, do not answer **Question No. 2**.

5

## QUESTION NO. 2:

Did **FAVELLE FAVCO HOLDINGS SDN BHD** fail to comply with the **Employment Contract?**

Answer "YES" or "NO".

**ANSWER:** _____

If your answer to Question No. 2 is "YES", then answer **Question No. 3.** Otherwise, do not answer **Question No. 3.**

6

CVISPDF - www.texlox.com

## QUESTION NO. 3:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate DANIEL E. DAVIS for his damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any.

a.   Lost earnings.

b.   Lost employee benefits other than earnings.

c.   Reasonable and necessary expenses in obtaining other employment.

"**Lost earnings**" equal the present cash value of the employment contract to the employee had it not been breached, less amounts actually earned. [PJC 110.24]

"**Benefits**" include but are not limited to sick-leave pay, auto allowance, vacation pay, profit-sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary losses incurred as a result of the loss of health, life, dental, or similar insurance coverage. [PJC 110.24]

Answer in dollars and cents for damages, if any, that

were sustained in the past;          **ANSWER:** _____

in reasonable probability will
be sustained in the future.          **ANSWER:** _____

7

## QUESTION NO. 4

Did **FAVELLE FAVCO DEFENDANTS** commit fraud against **DANIEL E. DAVIS?**

"**Fraud**" occurs when --

a.    a party makes a material misrepresentation,

b.    the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

c.    the misrepresentation is made with the intention that it should be acted on by the other party, and

d.    the other party acts in reliance on the misrepresentation and thereby suffers injury.  [PJC 105.2]

"**Misrepresentation**" means:

a.    A false statement of fact, or

b.    A promise of future performance made with an intent not to perform as promised.  [PJC 105.3B]

Answer "**YES**" or "**NO**".

**ANSWER:**    _____

If your answer to **Question No. 4** is "**YES**", then answer **Question No. 5.**  Otherwise, do not answer **Question No. 5.**

## QUESTION NO. 5:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate **DANIEL E. DAVIS** for his damages, if any, that resulted from **FAVELLE FAVCO DEFENDANTS'** fraudulent acts?

Answer in dollars and cents for damages, if any, that

were sustained in the past:          **ANSWER:**          _____

in reasonably probability will be
sustained in the future:             **ANSWER:**          _____

9

## QUESTION NO. 6

If you have answered "Yes" to **Question NO. 4**, then answer the following question. Otherwise, do not answer the following question.

Do you find by clear and convincing evidence that the harm to **DANIEL E. DAVIS** resulted from malice?

**"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

**"Malice"** means:

(a)   a specific intent by Don Davis to cause substantial injury to **DANIEL E. DAVIS**; or

(b)   an act or omission by **FAVELLE FAVCO HOLDINGS SDN BHD,**

    (i)   which, when viewed objectively from the standpoint of **FAVELLE FAVCO HOLDINGS SDN BHD** at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

    (ii)   of which **FAVELLE FAVCO HOLDINGS SDN BHD** had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Answer "YES" or "NO".

**ANSWER:** _____

If you have answered "YES" to **Question No. 6**, then answer Question No. 7. Otherwise, do not answer Question No. 7.

10

## QUESTION 7:

What sum of money, if any, if paid now in cash, should be assessed against the **FAVELLE FAVCO DEFENDANTS** and awarded to **DANIEL E. DAVIS** as exemplary damages, if any, for the conduct found in response to **Question No. 6**?

**"Exemplary damages"** means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are

a.  The nature of the wrong.

b.  The character of the conduct involved.

c.  The degree of culpability of the **FAVELLE FAVCO DEFENDANTS**.

d.  The situation and sensibilities of the parties concerned.

e.  The extent to which such conduct offends a public sense of justice and propriety.

f.  The **"net worth"** of the **FAVELLE FAVCO DEFENDANTS**.

Answer in dollars and cents, if any.

**ANSWER**: _____

11

## QUESTION NO. 8

Is Favelle Favco Holdings SDN BHD responsible for the conduct of Favelle Favco Cranes Malaysia (M) SDN BHD?

Answer: "Yes" or "No".

**ANSWER:**      _____

Favelle Favco Cranes Malaysia (M) SDN BHD was organized and operated as a mere tool or business conduit of Favelle Favco Holdings SDN BHD; there was such unity between Favelle Favco Cranes Malaysia (M) SDN BHD and Favelle Favco Holdings SDN BHD that the separateness of Favelle Favco Cranes Malaysia (M) SDN BHD had ceased and holding only Favelle Favco Cranes Malaysia (M) SDN BHD responsible would result in injustice; and Favelle Favco Holdings SDN BHD caused Favelle Favco Cranes Malaysia (M) SDN BHD to be used for the purpose of perpetuating and did perpetuate an actual fraud on Daniel E. Davis primarily for the direct benefit of Favelle Favco Holdings SDN BHD.

In deciding whether there was such unity between Favelle Favco Cranes Malaysia (M) SDN BHD and Favelle Favco Holdings SDN BHD that the separateness of Favelle Favco Cranes Malaysia (M) SDN BHD had ceased, you are to consider the total dealings of Favelle Favco Cranes Malaysia (M) SDN BHD and ****, including:

1.   the degree to which Favelle Favco Cranes Malaysia (M) SDN BHD property had been kept separate from that of Favelle Favco Holdings SDN BHD;

2.   the amount of financial interest, ownership, and control Favelle Favco Holdings SDN BHD maintained over Favelle Favco Cranes Malaysia (M) SDN BHD; and

3.   whether Favelle Favco Cranes Malaysia (M) SDN BHD had been used for personal purposes of Favelle Favco Holdings SDN BHD.

OR

Favelle Favco Holdings SDN BHD used Favelle Favco Cranes Malaysia (M) SDN BHD for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis primarily for the direct personal benefit of Favelle Favco Holdings SDN BHD.

12

## OR

Favelle Favco Holdings SDN BHD used Favelle Favco Cranes Malaysia (M) SDN BHD as a means of evading an existing legal obligation for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis for the direct personal benefit of Favelle Favco Holdings SDN BHD.

13

## QUESTION NO. 9

Is Favelle Favco Holdings SDN BHD responsible for the conduct of Favelle Favco Cranes USA, Inc.?

Answer: "Yes" or "No".

**ANSWER:** _____

Favelle Favco Cranes USA, Inc. was organized and operated as a mere tool or business conduit of Favelle Favco Holdings SDN BHD; there was such unity between Favelle Favco Cranes USA, Inc. and Favelle Favco Holdings SDN BHD that the separateness of Favelle Favco Cranes USA, Inc. had ceased and holding only Favelle Favco Cranes USA, Inc. responsible would result in injustice; and Favelle Favco Holdings SDN BHD caused Favelle Favco Cranes USA, Inc. to be used for the purpose of perpetuating and did perpetuate an actual fraud on Daniel E. Davis primarily for the direct benefit of Favelle Favco Holdings SDN BHD.

In deciding whether there was such unity between Favelle Favco Cranes USA, Inc. and Favelle Favco Holdings SDN BHD that the separateness of Favelle Favco Cranes USA, Inc. had ceased, you are to consider the total dealings of Favelle Favco Cranes USA, Inc. and Favelle Favco Holdings SDN BHD, including:

1.   the degree to which Favelle Favco Cranes USA, Inc. property had been kept separate from that of Favelle Favco Holdings SDN BHD;

2.   the amount of financial interest, ownership, and control Favelle Favco Holdings SDN BHD maintained over Favelle Favco Cranes USA, Inc.; and

3.   whether Favelle Favco Cranes USA, Inc. had been used for personal purposes of Favelle Favco Holdings SDN BHD.

OR

Favelle Favco Holdings SDN BHD used Favelle Favco Cranes USA, Inc. for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis primarily for the direct personal benefit of Favelle Favco Holdings SDN BHD.

OR

Favelle Favco Holdings SDN BHD used Favelle Favco Cranes USA, Inc. as a means of evading an existing legal obligation for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis for the direct personal benefit of Favelle Favco Holdings SDN BHD.

14

## QUESTION NO. 10

Is Favelle Favco Cranes Malaysia (M)SDN BHD responsible for the conduct of Favelle Favco Cranes USA, Inc.?

Answer: "Yes" or "No".

**ANSWER:**   _____

Favelle Favco Cranes USA, Inc. was organized and operated as a mere tool or business conduit of Favelle Favco Cranes Malaysia (M) SDN BHD; there was such unity between Favelle Favco Cranes USA, Inc. and Favelle Favco Cranes Malaysia (M) SDN BHD that the separateness of Favelle Favco Cranes USA, Inc. had ceased and holding only Favelle Favco Cranes USA, Inc. responsible would result in injustice; and Favelle Favco Cranes Malaysia (M)SDN BHD caused Favelle Favco Cranes USA, Inc. to be used for the purpose of perpetuating and did perpetuate an actual fraud on Daniel E. Davis primarily for the direct benefit of Favelle Favco Cranes Malaysia (M) SDN BHD.

In deciding whether there was such unity between Favelle Favco Cranes USA, Inc. and Favelle Favco Cranes Malaysia (M) SDN BHD that the separateness of Favelle Favco Cranes USA, Inc. had ceased, you are to consider the total dealings of Favelle Favco Cranes USA, Inc. and Favelle Favco Cranes Malaysia (M) SDN BHD, including:

1.   the degree to which Favelle Favco Cranes USA, Inc. property had been kept separate from that of Favelle Favco Cranes Malaysia (M)SDN BHD;

2.   the amount of financial interest, ownership, and control Favelle Favco Cranes Malaysia (M) SDN BHD maintained over Favelle Favco Cranes USA, Inc.; and

3.   whether Favelle Favco Cranes USA, Inc. had been used for personal purposes of Favelle Favco Cranes Malaysia (M)SDN BHD.

OR

Favelle Favco Cranes Malaysia (M) SDN BHD used Favelle Favco Cranes USA, Inc. for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis primarily for the direct personal benefit of Favelle Favco Cranes Malaysia (M)SDN BHD.

15

OR

    Favelle Favco Cranes Malaysia (M) SDN BHD used Favelle Favco Cranes USA, Inc. as a means of evading an existing legal obligation for the purpose of perpetrating and did perpetrate an actual fraud on Daniel E. Davis for the direct personal benefit of Favelle Favco Cranes Malaysia (M) SDN BHD.

16

CVisPDF - www.fesvio.com

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
| --- | --- | --- |

| Daniel E. Davis<br>*Versus* - - - - - - - -<br>Favelle Favco USA, Inc., et. al.<br>*Versus* - - - - - - - -<br>Daniel E. Davis, et. al. | CASE NO.   B-00-003<br>CASE NO.   B-00-184 | |
| --- | --- | --- |
| | **Witness List**<br>( SECOND AMENDED) | |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record | |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding | Date |

1.   Daniel E. Davis (FACT and/or EXPERT WITNESS)
     800 Wilcrest, Suite 160
     Houston, Texas   77042
     (956) 245-8500

Mr. Davis is the Plaintiff as well as one of the Defendants and/or Counter-Plaintiffs in this case. He has approximately twenty (20) years experience in the crane business and/or industry. From the late 1970's until the mid-1980's, he worked as a crane operator and/or superintendent for various companies. He also worked as a crane consultant for Caltex-Indonesia for approximately one (1) year. Thereafter, between approximately 1992 and 1994, Mr. Davis worked for ESSO Malaysia as a crane supervisor/consultant and off-shore cranes maintenance person. He then worked for The Manitowoc Company (one of the largest crawler crane manufactures in the world) as an officer and Managing Director between 1994 and 1997. During his tenure with The Manitowoc Company, Mr. Davis reported directly to the Chief Executive Officer (CEO).   He also worked for Favelle Favco Cranes USA, Inc. between 1997 and 1999 as President and Managing Director. Additionally, he has knowledge of and the know- how of the crawler crane concept (**"Davis Crawler Cranes"**) which he conceived and developed.

Mr. Davis has knowledge of the contents of the Employment Contract dated June 23, 1997 which he signed with Favelle Favco. He also has knowledge of the fact that he was terminated as President and Managing Director of Favco USA on or about September 8, 1999, and of the damages he sustained and continues to sustain because of said termination. He also has knowledge of the Shareholders' Agreement between him and Favelle Favco Cranes Holdings SDN BHD, and of the damages he has sustained because of Defendants' breach of said agreement.

Moreover, Mr. Davis has knowledge of the attorney's fees that he has incurred and will incur in the future in this case.

(**NOTE:** Mr. Davis' deposition was taken on March 11, 2000 and May 12, 2000, respectively, in regard to this case. His deposition testimony is incorporated herein as if fully copied and set forth at length).

2.    Cheam Tek Siong
       c/o Favelle Favco Cranes (USA), Inc.
       4 Mile East 106, Port of Harlingen
       P.O. Box 3049
       Harlingen, Texas   78551-3049
       (956) 4258-7488

Cheam is the General Manager of Favelle Favco Cranes (USA), Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Cheam also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Cheam should also have knowledge of Defendants' "net worth". Mr. Cheam also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Cheam has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes"**. (**NOTE:** Mr. Cheam's deposition was taken on **July 11, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3.    Mac Ngan Boon
       Lot 586 & 579, 2nd Mile
       Jalan Batu Tiga Lama
       41300 Klang
       Selangor Darul Ehsan, Malaysia
       (603) 342-4322 or (603) 342-4323

2

Mac is the Chairman of the Board of Muhibbah Engineering (M) BHD. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Mac also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Mac should also have knowledge of Defendants' "net worth". Mac also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that the Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Mac has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."** (**NOTE:** Mr. Mac's deposition was taken on July 12, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

4.     Greta L. Sullivan
       50 Casa de Amigos
       Brownsville, Texas 78521
       (956) 544-7663

Ms. Sullivan is the former Accounts Manager for Favelle Favco Cranes (USA), Inc.. He has knowledge of the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Ms. Sullivan also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. She also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. She also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. (**NOTE:** Ms. Sullivan's deposition was taken on **August 17, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. Her deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3

5.      Michael Khoo
        c/o Favelle Favco Cranes (USA), Inc.
        4 Mile East 106, Port of Harlingen
        P.O. Box 3049
        Harlingen, Texas   78551-3049
        (956) 428-7488

Mr. Khoo is the current General Manager of Favelle Favco Cranes (USA) Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999.  He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Khoo also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  Mr. Khoo also has knowledge of the agreement entered into by Mr. Davis and  the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**.  Additionally, Mr. Khoo has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

6.      Willie C. Jones
        2901 Haine Drive, #2005
        Harlingen, Texas   78550
        (956) 425-2358

Mr. Jones is a former employee of the Defendants.  He has knowledge of  the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Jones may also have knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  Mr. Jones may also have knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997.  He may also have knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**.  Additionally, Mr. Jones may have knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

4

7.    Hon. Ernesto Gamez, Jr. (EXPERT WITNESS)
      **LAW OFFICES OF**
      **ERNESTO GAMEZ, JR., P.C.**
      777 E. Harrison Street
      Brownsville, Texas   78520
      (956) 541-3820

      Mr. Gamez is a licensed attorney. He has extensive experience in handling civil and
      criminal cases and trying cases in both State and Federal Courts.  He has knowledge of the
      legal work that has been performed on behalf of **DANIEL E. DAVIS** and the time
      expended to complete said work.  He has further knowledge of the attorney's fees which
      **DANIEL E. DAVIS**  has incurred and will continue to incur in the litigation of this case.
      He is familiar with the hourly rate which is customarily charged in these types of cases in
      this area, and is expected to testify that the attorney's fees that **MR. DAVIS** has incurred
      are reasonable and customarily.

8.    Victor Quintanilla (EXPERT WITNESS)
      **LAW OFFICES OF**
      **ERNESTO GAMEZ, JR., P.C.**
      777 E. Harrison Street
      Brownsville, Texas  78520
      (956) 541-3820

      Mr. Quintanilla is an associate attorney with the LAW OFFICES OF ERNESTO
      GAMEZ, JR., P.C..  He has experience in handling civil cases on both sides of the docket,
      including mediations and trials.  He has knowledge of the legal work that he has
      performed on behalf of  **DANIEL E. DAVIS** and the time expended to complete said
      work.  He has further knowledge of the attorney's fees which **DANIEL E. DAVIS** has
      incurred and will continue to incur in the litigation of his case.  He is familiar with the
      hourly rate which is customarily charged in these types of cases in this area, and is
      expected to testify that the attorney's fees incurred by **Mr. DAVIS** are reasonable and
      customarily.

9.    Loren G. Helmreich (EXPERT WITNESS)
      **BROWNING BUSHMAN**
      Attorneys at Law
      5718 Westheimer, Suite 1800
      Houston, Texas   77057
      (713) 266-5593

      Mr. Helmreich is a licensed attorney who specializes in intellectual property law.  Mr.
      Helmreich was retained by Plaintiff and/or Counter-Plaintiffs as an expert witness to testify
      as to issues relating to inventorship, ownership of intellectual property rights, shop rights,

5

confidential information and trade secrets, the relationship between such technology and patents, and the three (3) year license agreement between **MR. DAVIS** and Favelle Favco. Mr. Helmreich has knowledge of these said issues by virtue of his education, training, experience, and review of the facts and certain documents pertaining to this case. Mr. Helmreich also has knowledge of the contents of his written reports and amended expert reports which he prepared in this civil action and the 197th Judicial District Court case. **NOTE**: Mr. Helmreich's deposition was taken on September 1, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein as if fully copied and set forth at length.).

10.     Dennis Sanchez
        **SANCHEZ, WHITTINGTON**
        **JANIS & ZABARTE, L.L.P.**
        100 N. Expressway 83
        Brownsville, Texas   78521
        (956) 546-3731

        Mr. Sanchez is an attorney who prepared the new Shareholders' Agreement between Mr. Davis and Favelle Favco Cranes (M) SDN BHD. He may also have knowledge of the Employment Contract entered into by Mr. Davis and Favco Holdings. He has knowledge of their contents as well as the various drafts he prepared. Mr. Sanchez also has knowledge that the terms and conditions of said Shareholders' Agreement and Employment contract had been agreed to by the parties. (**NOTE:** Mr. Sanchez will not be asked to divulge or testify as to any matters constituting attorney-client privilege or attorney-work product.).

11.     Mike Metcalf
        c/o Favelle Favco Cranes USA, Inc.
        4 Mile East 106, Port of Harlingen
        Harlingen, Texas   78551-3049
        (956) 428-7488
        (956) 801-6861-cellular

        Mr. Metcalf is the current Quality Assurance/Quality Control Manager for Favelle Favco Cranes USA, Inc.. He may have knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Metcalf also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also

6

have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

12.   Pete Reeves
      c/o Favelle Favco Cranes USA, Inc.
      4 Mile East 106, Port of Harlingen
      Harlingen, Texas   78551-3049
      (956) 428-7488
      (956) 440-0851-cellular

Mr. Reeves is the former Welding Production Supervisor for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999.  He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Reeves also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

13.   Tomas Muniz
      c/o Favelle Favco Cranes USA, Inc.
      4 Mile East 106, Port of Harlingen
      Harlingen, Texas   78551-3049
      (956) 428-7488

Mr. Muniz is the current service Representative for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999.  He may have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Muniz also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

7

14.    Stephen M. Horner, Ph.D.
       615 N. Upper Broadway, Suite 1600
       Corpus Christi, Texas   78477
       (361) 883-1686

       Dr. Horner is an economic, business, and statistical consultant.  He was retained by
       Plaintiff and/or Counter-Plaintiffs to testify as to the economic and/or monetary damages
       suffered by **MR. DAVIS** and which in all probability, he will suffer in the future.  Dr.
       Horner has knowledge of this subject matter by virtue of his education, training,
       experience, and review of the facts certain documents pertaining to this case.  Dr. Horner
       also has knowledge of and is expected to testify as to the contents of his report and/or
       amended reports in regard to this case.  **(NOTE:** Dr. Horner's deposition was taken on
       October 9, 2000 in regard to this case.  His deposition testimony is incorporated herein as
       if fully copied and set forth at length).

15.    Custodian of Records for
       Favelle Favco Cranes USA, Inc.
       4 Mile East 106, Port of Harlingen
       Harlingen, Texas   78551-3049
       (956) 428-7488

       The custodian of records of Favelle Favco Cranes USA, Inc. has knowledge as to the
       authenticity of the business records and/or other documents which have been furnished to
       counsel in the course of discovery in this case or litigation.  The custodian of records
       further has knowledge as to the contents of the business records and/or documents which
       have been furnished to counsel.  At this time the identity of this individual is unknown to
       Plaintiff and/or Counter-Plaintiffs.

# UNITED STATES DISTRICT COURT    ☆    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Daniel E. Davis<br>*Versus* - - - - - - - -<br>Favelle Favco USA, Inc., et. al.<br>*Versus* - - - - - - - -<br>Daniel E. Davis, et. al. | CASE NO.    B-00-003<br>CASE NO.    B-00-184 |
| | **Witness List**<br>( SECOND AMENDED) |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding                Date |

1.    Daniel E. Davis (FACT and/or EXPERT WITNESS)
      800 Wilcrest, Suite 160
      Houston, Texas   77042
      (956) 245-8500

Mr. Davis is the Plaintiff as well as one of the Defendants and/or Counter-Plaintiffs in this case. He has approximately twenty (20) years experience in the crane business and/or industry. From the late 1970's until the mid-1980's, he worked as a crane operator and/or superintendent for various companies. He also worked as a crane consultant for Caltex-Indonesia for approximately one (1) year. Thereafter, between approximately 1992 and 1994, Mr. Davis worked for ESSO Malaysia as a crane supervisor/consultant and off-shore cranes maintenance person. He then worked for The Manitowoc Company (one of the largest crawler crane manufactures in the world) as an officer and Managing Director between 1994 and 1997. During his tenure with The Manitowoc Company, Mr. Davis reported directly to the Chief Executive Officer (CEO).   He also worked for Favelle Favco Cranes USA, Inc. between 1997 and 1999 as President and Managing Director. Additionally, he has knowledge of and the know- how of the crawler crane concept (**"Davis Crawler Cranes"**) which he conceived and developed.

Mr. Davis has knowledge of the contents of the Employment Contract dated June 23, 1997 which he signed with Favelle Favco. He also has knowledge of the fact that he was terminated as President and Managing Director of Favco USA on or about September 8, 1999, and of the damages he sustained and continues to sustain because of said termination. He also has knowledge of the Shareholders' Agreement between him and Favelle Favco Cranes Holdings SDN BHD, and of the damages he has sustained because of Defendants' breach of said agreement.

Moreover, Mr. Davis has knowledge of the attorney's fees that he has incurred and will incur in the future in this case.

(**NOTE:** Mr. Davis' deposition was taken on March 11, 2000 and May 12, 2000, respectively, in regard to this case. His deposition testimony is incorporated herein as if fully copied and set forth at length).

2.     Cheam Tek Siong
       c/o Favelle Favco Cranes (USA), Inc.
       4 Mile East 106, Port of Harlingen
       P.O. Box 3049
       Harlingen, Texas   78551-3049
       (956) 4258-7488

Cheam is the General Manager of Favelle Favco Cranes (USA), Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Cheam also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Cheam should also have knowledge of Defendants' "net worth". Mr. Cheam also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Cheam has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes"**. (**NOTE:** Mr. Cheam's deposition was taken on **July 11, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3.     Mac Ngan Boon
       Lot 586 & 579, 2nd Mile
       Jalan Batu Tiga Lama
       41300 Klang
       Selangor Darul Ehsan, Malaysia
       (603) 342-4322 or (603) 342-4323

CimPDF - www.fasiss.com

Mac is the Chairman of the Board of Muhibbah Engineering (M) BHD. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Mac also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Mac should also have knowledge of Defendants' "net worth". Mac also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that the Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Mac has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."** (**NOTE:** Mr. Mac's deposition was taken on July 12, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

4.    Greta L. Sullivan
      50 Casa de Amigos
      Brownsville, Texas 78521
      (956) 544-7663

Ms. Sullivan is the former Accounts Manager for Favelle Favco Cranes (USA), Inc.. He has knowledge of the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Ms. Sullivan also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. She also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. She also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. (**NOTE:** Ms. Sullivan's deposition was taken on **August 17, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. Her deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3

5.      Michael Khoo
        c/o Favelle Favco Cranes (USA), Inc.
        4 Mile East 106, Port of Harlingen
        P.O. Box 3049
        Harlingen, Texas   78551-3049
        (956) 428-7488

Mr. Khoo is the current General Manager of Favelle Favco Cranes (USA) Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Khoo also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Khoo also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Khoo has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

6.      Willie C. Jones
        2901 Haine Drive, #2005
        Harlingen, Texas   78550
        (956) 425-2358

Mr. Jones is a former employee of the Defendants. He has knowledge of the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Jones may also have knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Jones may also have knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He may also have knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Jones may have knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

4

CMzPDF - www.fenrir.com

7.   Hon. Ernesto Gamez, Jr. (EXPERT WITNESS)
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas  78520
(956) 541-3820

Mr. Gamez is a licensed attorney. He has extensive experience in handling civil and criminal cases and trying cases in both State and Federal Courts.  He has knowledge of the legal work that has been performed on behalf of **DANIEL E. DAVIS** and the time expended to complete said work.  He has further knowledge of the attorney's fees which **DANIEL E. DAVIS**  has incurred and will continue to incur in the litigation of this case. He is familiar with the hourly rate which is customarily charged in these types of cases in this area, and is expected to testify that the attorney's fees that **MR. DAVIS** has incurred are reasonable and customarily.

8.   Victor Quintanilla (EXPERT WITNESS)
**LAW OFFICES OF
ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas  78520
(956) 541-3820

Mr. Quintanilla is an associate attorney with the LAW OFFICES OF ERNESTO GAMEZ, JR., P.C..  He has experience in handling civil cases on both sides of the docket, including mediations and trials.  He has knowledge of the legal work that he has performed on behalf of  **DANIEL E. DAVIS** and the time expended to complete said work.  He has further knowledge of the attorney's fees which **DANIEL E. DAVIS** has incurred and will continue to incur in the litigation of his case.  He is familiar with the hourly rate which is customarily charged in these types of cases in this area, and is expected to testify that the attorney's fees incurred by **Mr. DAVIS** are reasonable and customarily.

9.   Loren G. Helmreich (EXPERT WITNESS)
**BROWNING BUSHMAN**
Attorneys at Law
5718 Westheimer, Suite 1800
Houston, Texas   77057
(713) 266-5593

Mr. Helmreich is a licensed attorney who specializes in intellectual property law.  Mr. Helmreich was retained by Plaintiff and/or Counter-Plaintiffs as an expert witness to testify as to issues relating to inventorship, ownership of intellectual property rights, shop rights,

5

confidential information and trade secrets, the relationship between such technology and patents, and the three (3) year license agreement between **MR. DAVIS** and Favelle Favco. Mr. Helmreich has knowledge of these said issues by virtue of his education, training, experience, and review of the facts and certain documents pertaining to this case. Mr. Helmreich also has knowledge of the contents of his written reports and amended expert reports which he prepared in this civil action and the 197th Judicial District Court case. **NOTE**: Mr. Helmreich's deposition was taken on September 1, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein as if fully copied and set forth at length.).

10.    Dennis Sanchez
       **SANCHEZ, WHITTINGTON
       JANIS & ZABARTE, L.L.P.**
       100 N. Expressway 83
       Brownsville, Texas   78521
       (956) 546-3731

       Mr. Sanchez is an attorney who prepared the new Shareholders' Agreement between Mr. Davis and Favelle Favco Cranes (M) SDN BHD. He may also have knowledge of the Employment Contract entered into by Mr. Davis and Favco Holdings. He has knowledge of their contents as well as the various drafts he prepared. Mr. Sanchez also has knowledge that the terms and conditions of said Shareholders' Agreement and Employment contract had been agreed to by the parties. (**NOTE:** Mr. Sanchez will not be asked to divulge or testify as to any matters constituting attorney-client privilege or attorney-work product.).

11.    Mike Metcalf
       c/o Favelle Favco Cranes USA, Inc.
       4 Mile East 106, Port of Harlingen
       Harlingen, Texas   78551-3049
       (956) 428-7488
       (956) 801-6861-cellular

       Mr. Metcalf is the current Quality Assurance/Quality Control Manager for Favelle Favco Cranes USA, Inc.. He may have knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Metcalf also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also

6

have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

**12.**   Pete Reeves
c/o Favelle Favco Cranes USA, Inc.
4 Mile East 106, Port of Harlingen
Harlingen, Texas  78551-3049
(956) 428-7488
(956) 440-0851-cellular

Mr. Reeves is the former Welding Production Supervisor for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Reeves also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

**13.**   Tomas Muniz
c/o Favelle Favco Cranes USA, Inc.
4 Mile East 106, Port of Harlingen
Harlingen, Texas  78551-3049
(956) 428-7488

Mr. Muniz is the current service Representative for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Muniz also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

14.     Stephen M. Horner, Ph.D.
        615 N. Upper Broadway, Suite 1600
        Corpus Christi, Texas  78477
        (361) 883-1686

        Dr. Horner is an economic, business, and statistical consultant.  He was retained by
        Plaintiff and/or Counter-Plaintiffs to testify as to the economic and/or monetary damages
        suffered by **MR. DAVIS** and which in all probability, he will suffer in the future.  Dr.
        Horner has knowledge of this subject matter by virtue of his education, training,
        experience, and review of the facts certain documents pertaining to this case.  Dr. Horner
        also has knowledge of and is expected to testify as to the contents of his report and/or
        amended reports in regard to this case.  **(NOTE:** Dr. Horner's deposition was taken on
        October 9, 2000 in regard to this case.  His deposition testimony is incorporated herein as
        if fully copied and set forth at length).

15.     Custodian of Records for
        Favelle Favco Cranes USA, Inc.
        4 Mile East 106, Port of Harlingen
        Harlingen, Texas  78551-3049
        (956) 428-7488

        The custodian of records of Favelle Favco Cranes USA, Inc. has knowledge as to the
        authenticity of the business records and/or other documents which have been furnished to
        counsel in the course of discovery in this case or litigation.  The custodian of records
        further has knowledge as to the contents of the business  records and/or documents which
        have been furnished to counsel.  At this time the identity of this individual is unknown to
        Plaintiff and/or Counter-Plaintiffs.

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| Daniel E. Davis<br>*Versus* - - - - - - - -<br>Favelle Favco USA, Inc., et. al.<br>*Versus* - - - - - - - -<br>Daniel E. Davis, et. al. | CASE NO.   B-00-003<br>CASE NO.   B-00-184 |
|---|---|
| | **Witness List**<br>**( SECOND AMENDED)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding                   Date |

1.    Daniel E. Davis (FACT and/or EXPERT WITNESS)
       800 Wilcrest, Suite 160
       Houston, Texas   77042
       (956) 245-8500

       Mr. Davis is the Plaintiff as well as one of the Defendants and/or Counter-Plaintiffs in this
       case.  He has approximately twenty (20) years experience in the crane business and/or
       industry.  From the late 1970's until the mid-1980's, he worked as a crane operator and/or
       superintendent for various companies.  He also worked as a crane consultant for Caltex-
       Indonesia for approximately one (1) year.  Thereafter, between approximately 1992 and
       1994, Mr. Davis worked for ESSO Malaysia as a crane supervisor/consultant and off-
       shore cranes maintenance person.  He then worked for The Manitowoc Company (one of
       the largest crawler crane manufactures in the world) as an officer and Managing Director
       between 1994 and 1997.  During his tenure with The Manitowoc Company, Mr. Davis
       reported directly to the Chief Executive Officer (CEO).    He also worked for Favelle
       Favco Cranes USA, Inc. between 1997 and 1999 as President and Managing Director.
       Additionally, he has knowledge of and the know- how of the crawler crane concept
       (**"Davis Crawler Cranes"**) which he conceived and developed.

       Mr. Davis has knowledge of the contents of the Employment Contract dated June 23,
       1997 which he signed with Favelle Favco.  He also has knowledge of the fact that he was
       terminated as President and Managing Director of Favco USA on or about September 8,
       1999, and of the damages he sustained and continues to sustain because of said
       termination.  He also has knowledge of the Shareholders' Agreement between him and
       Favelle Favco Cranes Holdings SDN BHD, and of the damages he has sustained because
       of Defendants' breach of said agreement.

Moreover, Mr. Davis has knowledge of the attorney's fees that he has incurred and will incur in the future in this case.

(**NOTE:** Mr. Davis' deposition was taken on March 11, 2000 and May 12, 2000, respectively, in regard to this case. His deposition testimony is incorporated herein as if fully copied and set forth at length).

2.     Cheam Tek Siong
       c/o Favelle Favco Cranes (USA), Inc.
       4 Mile East 106, Port of Harlingen
       P.O. Box 3049
       Harlingen, Texas   78551-3049
       (956) 4258-7488

       Cheam is the General Manager of Favelle Favco Cranes (USA), Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Cheam also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Cheam should also have knowledge of Defendants' "net worth". Mr. Cheam also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Cheam has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes"**. (**NOTE:** Mr. Cheam's deposition was taken on **July 11, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3.     Mac Ngan Boon
       Lot 586 & 579, 2nd Mile
       Jalan Batu Tiga Lama
       41300 Klang
       Selangor Darul Ehsan, Malaysia
       (603) 342-4322 or (603) 342-4323

2

Mac is the Chairman of the Board of Muhibbah Engineering (M) BHD. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Mac also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Mac should also have knowledge of Defendants' "net worth". Mac also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that the Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Mac has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."** (**NOTE:** Mr. Mac's deposition was taken on July 12, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

4.    Greta L. Sullivan
      50 Casa de Amigos
      Brownsville, Texas 78521
      (956) 544-7663

Ms. Sullivan is the former Accounts Manager for Favelle Favco Cranes (USA), Inc.. He has knowledge of the Shareholders' Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Ms. Sullivan also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. She also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. She also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. (**NOTE:** Ms. Sullivan's deposition was taken on **August 17, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. Her deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3

5.     Michael Khoo
       c/o Favelle Favco Cranes (USA), Inc.
       4 Mile East 106, Port of Harlingen
       P.O. Box 3049
       Harlingen, Texas   78551-3049
       (956) 428-7488

       Mr. Khoo is the current General Manager of Favelle Favco Cranes (USA) Inc.. He has
       knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr.
       Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E.
       Davis was terminated as President and Managing Director of Favco USA on or about
       September 8, 1999.  He also has knowledge of the Shareholder's Agreement between Mr.
       Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Khoo also has
       knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No.
       6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on
       December 21 1999 entitled **"Conversion Apparants and Method for Use with
       Excavator and Crane Devices"**.  Mr. Khoo also has knowledge of the agreement entered
       into by Mr. Davis and  the Favelle Favco Cranes defendants on or about June 23, 1997.
       He also has knowledge of the fact that Defendants have infringed and continue to infringe
       on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252
       patent**.  Additionally, Mr. Khoo has knowledge of the fact that the Favelle Favco
       companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so
       in regard to the **"Davis Crawler Cranes."**

6.     Willie C. Jones
       2901 Haine Drive, #2005
       Harlingen, Texas   78550
       (956) 425-2358

       Mr. Jones is a former employee of the Defendants.  He has knowledge of  the
       Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings
       SDN BHD.  Mr. Jones may also have knowledge of the fact that Mr. Davis is the inventor
       and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States
       Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and
       Method for Use with Excavator and Crane Devices"**.  Mr. Jones may also have
       knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes
       defendants on or about June 23, 1997.  He may also have knowledge of the fact that
       Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making,
       using, and selling cranes covered by **the 252 patent**.  Additionally, Mr. Jones may have
       knowledge of the fact that the Favelle Favco companies violated and/or misappropriated
       Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

4

7.      Hon. Ernesto Gamez, Jr. (EXPERT WITNESS)
        **LAW OFFICES OF**
        **ERNESTO GAMEZ, JR., P.C.**
        777 E. Harrison Street
        Brownsville, Texas   78520
        (956) 541-3820

        Mr. Gamez is a licensed attorney. He has extensive experience in handling civil and
        criminal cases and trying cases in both State and Federal Courts.  He has knowledge of the
        legal work that has been performed on behalf of **DANIEL E. DAVIS** and the time
        expended to complete said work.  He has further knowledge of the attorney's fees which
        **DANIEL E. DAVIS**  has incurred and will continue to incur in the litigation of this case.
        He is familiar with the hourly rate which is customarily charged in these types of cases in
        this area, and is expected to testify that the attorney's fees that **MR. DAVIS** has incurred
        are reasonable and customarily.

8.      Victor Quintanilla (EXPERT WITNESS)
        **LAW OFFICES OF**
        **ERNESTO GAMEZ, JR., P.C.**
        777 E. Harrison Street
        Brownsville, Texas   78520
        (956) 541-3820

        Mr. Quintanilla is an associate attorney with the LAW OFFICES OF ERNESTO
        GAMEZ, JR., P.C..  He has experience in handling civil cases on both sides of the docket,
        including mediations and trials.  He has knowledge of the legal work that he has
        performed on behalf of  **DANIEL E. DAVIS** and the time expended to complete said
        work.  He has further knowledge of the attorney's fees which **DANIEL E. DAVIS** has
        incurred and will continue to incur in the litigation of his case.  He is familiar with the
        hourly rate which is customarily charged in these types of cases in this area, and is
        expected to testify that the attorney's fees incurred by **Mr. DAVIS** are reasonable and
        customarily.

9.      Loren G. Helmreich (EXPERT WITNESS)
        **BROWNING BUSHMAN**
        Attorneys at Law
        5718 Westheimer, Suite 1800
        Houston, Texas   77057
        (713) 266-5593

        Mr. Helmreich is a licensed attorney who specializes in intellectual property law.  Mr.
        Helmreich was retained by Plaintiff and/or Counter-Plaintiffs as an expert witness to testify
        as to issues relating to inventorship, ownership of intellectual property rights, shop rights,

5

confidential information and trade secrets, the relationship between such technology and patents, and the three (3) year license agreement between **MR. DAVIS** and Favelle Favco.  Mr. Helmreich has knowledge of these said issues by virtue of his education, training, experience, and review of the facts and certain documents pertaining to this case.  Mr. Helmreich also has knowledge of the contents of his written reports and amended expert reports which he prepared in this civil action and the 197th Judicial District Court case.  **NOTE**: Mr. Helmreich's deposition was taken on September 1, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties.  His deposition testimony is incorporated herein as if fully copied and set forth at length.).

10.   Dennis Sanchez
      **SANCHEZ, WHITTINGTON**
      **JANIS & ZABARTE, L.L.P.**
      100 N. Expressway 83
      Brownsville, Texas   78521
      (956) 546-3731

      Mr. Sanchez is an attorney who prepared the new Shareholders' Agreement between Mr. Davis and Favelle Favco Cranes (M) SDN BHD.  He may also have knowledge of the Employment Contract entered into by Mr. Davis and Favco Holdings.  He has knowledge of their contents as well as the various drafts he prepared.  Mr. Sanchez also has knowledge that the terms and conditions of said Shareholders' Agreement and Employment contract had been agreed to by the parties. (**NOTE:** Mr. Sanchez will not be asked to divulge or testify as to any matters constituting attorney-client privilege or attorney-work product.).

11.   Mike Metcalf
      c/o Favelle Favco Cranes USA, Inc.
      4 Mile East 106, Port of Harlingen
      Harlingen, Texas   78551-3049
      (956) 428-7488
      (956) 801-6861-cellular

      Mr. Metcalf is the current Quality Assurance/Quality Control Manager for Favelle Favco Cranes USA, Inc..  He may have knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999.  He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Metcalf also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  He may also

6

have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

12.   Pete Reeves
      c/o Favelle Favco Cranes USA, Inc.
      4 Mile East 106, Port of Harlingen
      Harlingen, Texas   78551-3049
      (956) 428-7488
      (956) 440-0851-cellular

Mr. Reeves is the former Welding Production Supervisor for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Reeves also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

13.   Tomas Muniz
      c/o Favelle Favco Cranes USA, Inc.
      4 Mile East 106, Port of Harlingen
      Harlingen, Texas   78551-3049
      (956) 428-7488

Mr. Muniz is the current service Representative for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Muniz also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 **("the 252 patent")** issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

14.  Stephen M. Horner, Ph.D.
     615 N. Upper Broadway, Suite 1600
     Corpus Christi, Texas   78477
     (361) 883-1686

     Dr. Horner is an economic, business, and statistical consultant.  He was retained by
     Plaintiff and/or Counter-Plaintiffs to testify as to the economic and/or monetary damages
     suffered by **MR. DAVIS** and which in all probability, he will suffer in the future.  Dr.
     Horner has knowledge of this subject matter by virtue of his education, training,
     experience, and review of the facts certain documents pertaining to this case.  Dr. Horner
     also has knowledge of and is expected to testify as to the contents of his report and/or
     amended reports in regard to this case.  **(NOTE:** Dr. Horner's deposition was taken on
     October 9, 2000 in regard to this case.  His deposition testimony is incorporated herein as
     if fully copied and set forth at length).

15.  Custodian of Records for
     Favelle Favco Cranes USA, Inc.
     4 Mile East 106, Port of Harlingen
     Harlingen, Texas   78551-3049
     (956) 428-7488

     The custodian of records of Favelle Favco Cranes USA, Inc. has knowledge as to the
     authenticity of the business records and/or other documents which have been furnished to
     counsel in the course of discovery in this case or litigation.  The custodian of records
     further has knowledge as to the contents of the business records and/or documents which
     have been furnished to counsel.  At this time the identity of this individual is unknown to
     Plaintiff and/or Counter-Plaintiffs.

| UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS |
|---|

| Daniel E. Davis<br>*Versus* - - - - - - - -<br>Favelle Favco USA, Inc., et. al.<br>*Versus* - - - - - - - -<br>Daniel E. Davis, et. al. | CASE NO.    B-00-003<br>CASE NO.    B-00-184 |
|---|---|
| | **Witness List**<br>**( SECOND AMENDED)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding            Date |

1.    Daniel E. Davis (FACT and/or EXPERT WITNESS)
      800 Wilcrest, Suite 160
      Houston, Texas   77042
      (956) 245-8500

      Mr. Davis is the Plaintiff as well as one of the Defendants and/or Counter-Plaintiffs in this
      case.  He has approximately twenty (20) years experience in the crane business and/or
      industry.  From the late 1970's until the mid-1980's, he worked as a crane operator and/or
      superintendent for various companies.  He also worked as a crane consultant for Caltex-
      Indonesia for approximately one (1) year.  Thereafter, between approximately 1992 and
      1994, Mr. Davis worked for ESSO Malaysia as a crane supervisor/consultant and off-
      shore cranes maintenance person.  He then worked for The Manitowoc Company (one of
      the largest crawler crane manufactures in the world) as an officer and Managing Director
      between 1994 and 1997.  During his tenure with The Manitowoc Company, Mr. Davis
      reported directly to the Chief Executive Officer (CEO).    He also worked for Favelle
      Favco Cranes USA, Inc. between 1997 and 1999 as President and Managing Director.
      Additionally, he has knowledge of and the know- how of the crawler crane concept
      (**"Davis Crawler Cranes"**) which he conceived and developed.

      Mr. Davis has knowledge of the contents of the Employment Contract dated June 23,
      1997 which he signed with Favelle Favco.  He also has knowledge of the fact that he was
      terminated as President and Managing Director of Favco USA on or about September 8,
      1999, and of the damages he sustained and continues to sustain because of said
      termination.  He also has knowledge of the Shareholders' Agreement between him and
      Favelle Favco Cranes Holdings SDN BHD, and of the damages he has sustained because
      of Defendants' breach of said agreement.

Moreover, Mr. Davis has knowledge of the attorney's fees that he has incurred and will incur in the future in this case.

(**NOTE:** Mr. Davis' deposition was taken on March 11, 2000 and May 12, 2000, respectively, in regard to this case. His deposition testimony is incorporated herein as if fully copied and set forth at length).

2.     Cheam Tek Siong
    c/o Favelle Favco Cranes (USA), Inc.
    4 Mile East 106, Port of Harlingen
    P.O. Box 3049
    Harlingen, Texas   78551-3049
    (956) 4258-7488

Cheam is the General Manager of Favelle Favco Cranes (USA), Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Cheam also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Cheam should also have knowledge of Defendants' "net worth". Mr. Cheam also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Cheam has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes"**. (**NOTE:** Mr. Cheam's deposition was taken on **July 11, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3.     Mac Ngan Boon
    Lot 586 & 579, 2nd Mile
    Jalan Batu Tiga Lama
    41300 Klang
    Selangor Darul Ehsan, Malaysia
    (603) 342-4322 or (603) 342-4323

Mac is the Chairman of the Board of Muhibbah Engineering (M) BHD. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Mac also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. Mr. Mac should also have knowledge of Defendants' "net worth". Mac also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. He also has knowledge of the fact that the Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. Additionally, Mr. Mac has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."** (**NOTE:** Mr. Mac's deposition was taken on July 12, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

4.      Greta L. Sullivan
        50 Casa de Amigos
        Brownsville, Texas 78521
        (956) 544-7663

Ms. Sullivan is the former Accounts Manager for Favelle Favco Cranes (USA), Inc.. He has knowledge of the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Ms. Sullivan also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. She also has knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997. She also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**. (**NOTE:** Ms. Sullivan's deposition was taken on **August 17, 2000** in both this case and the 197th Judicial District Court case by agreement of the parties. Her deposition testimony is incorporated herein by reference the same as if fully copied and set forth at length.).

3

5.      Michael Khoo
c/o Favelle Favco Cranes (USA), Inc.
4 Mile East 106, Port of Harlingen
P.O. Box 3049
Harlingen, Texas   78551-3049
(956) 428-7488

Mr. Khoo is the current General Manager of Favelle Favco Cranes (USA) Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco.  He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999.  He also has knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Khoo also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  Mr. Khoo also has knowledge of the agreement entered into by Mr. Davis and  the Favelle Favco Cranes defendants on or about June 23, 1997.  He also has knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**.  Additionally, Mr. Khoo has knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

6.      Willie C. Jones
2901 Haine Drive, #2005
Harlingen, Texas   78550
(956) 425-2358

Mr. Jones is a former employee of the Defendants.  He has knowledge of  the Shareholders' Agreement between Mr Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD.  Mr. Jones may also have knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**.  Mr. Jones may also have knowledge of the agreement entered into by Mr. Davis and the Favelle Favco Cranes defendants on or about June 23, 1997.  He may also have knowledge of the fact that Defendants have infringed and continue to infringe on Mr. Davis' **252 patent** by making, using, and selling cranes covered by **the 252 patent**.  Additionally, Mr. Jones may have knowledge of the fact that the Favelle Favco companies violated and/or misappropriated Mr. Davis' trade secrets and continue to do so in regard to the **"Davis Crawler Cranes."**

4

7.   Hon. Ernesto Gamez, Jr. (EXPERT WITNESS)
     **LAW OFFICES OF**
     **ERNESTO GAMEZ, JR., P.C.**
     777 E. Harrison Street
     Brownsville, Texas   78520
     (956) 541-3820

     Mr. Gamez is a licensed attorney. He has extensive experience in handling civil and
     criminal cases and trying cases in both State and Federal Courts.  He has knowledge of the
     legal work that has been performed on behalf of **DANIEL E. DAVIS** and the time
     expended to complete said work.  He has further knowledge of the attorney's fees which
     **DANIEL E. DAVIS** has incurred and will continue to incur in the litigation of this case.
     He is familiar with the hourly rate which is customarily charged in these types of cases in
     this area, and is expected to testify that the attorney's fees that **MR. DAVIS** has incurred
     are reasonable and customarily.

8.   Victor Quintanilla (EXPERT WITNESS)
     **LAW OFFICES OF**
     **ERNESTO GAMEZ, JR., P.C.**
     777 E. Harrison Street
     Brownsville, Texas  78520
     (956) 541-3820

     Mr. Quintanilla is an associate attorney with the LAW OFFICES OF ERNESTO
     GAMEZ, JR., P.C..  He has experience in handling civil cases on both sides of the docket,
     including mediations and trials.  He has knowledge of the legal work that he has
     performed on behalf of  **DANIEL E. DAVIS** and the time expended to complete said
     work.  He has further knowledge of the attorney's fees which **DANIEL E. DAVIS** has
     incurred and will continue to incur in the litigation of his case.  He is familiar with the
     hourly rate which is customarily charged in these types of cases in this area, and is
     expected to testify that the attorney's fees incurred by **Mr. DAVIS** are reasonable and
     customarily.

9.   Loren G. Helmreich (EXPERT WITNESS)
     **BROWNING BUSHMAN**
     Attorneys at Law
     5718 Westheimer, Suite 1800
     Houston, Texas   77057
     (713) 266-5593

     Mr. Helmreich is a licensed attorney who specializes in intellectual property law.  Mr.
     Helmreich was retained by Plaintiff and/or Counter-Plaintiffs as an expert witness to testify
     as to issues relating to inventorship, ownership of intellectual property rights, shop rights,

confidential information and trade secrets, the relationship between such technology and patents, and the three (3) year license agreement between **MR. DAVIS** and Favelle Favco. Mr. Helmreich has knowledge of these said issues by virtue of his education, training, experience, and review of the facts and certain documents pertaining to this case. Mr. Helmreich also has knowledge of the contents of his written reports and amended expert reports which he prepared in this civil action and the 197th Judicial District Court case. **NOTE**: Mr. Helmreich's deposition was taken on September 1, 2000 in both this case and the 197th Judicial District Court case by agreement of the parties. His deposition testimony is incorporated herein as if fully copied and set forth at length.).

10.    Dennis Sanchez
       **SANCHEZ, WHITTINGTON**
       **JANIS & ZABARTE, L.L.P.**
       100 N. Expressway 83
       Brownsville, Texas   78521
       (956) 546-3731

       Mr. Sanchez is an attorney who prepared the new Shareholders' Agreement between Mr. Davis and Favelle Favco Cranes (M) SDN BHD. He may also have knowledge of the Employment Contract entered into by Mr. Davis and Favco Holdings. He has knowledge of their contents as well as the various drafts he prepared. Mr. Sanchez also has knowledge that the terms and conditions of said Shareholders' Agreement and Employment contract had been agreed to by the parties. (**NOTE:** Mr. Sanchez will not be asked to divulge or testify as to any matters constituting attorney-client privilege or attorney-work product.).

11.    Mike Metcalf
       c/o Favelle Favco Cranes USA, Inc.
       4 Mile East 106, Port of Harlingen
       Harlingen, Texas   78551-3049
       (956) 428-7488
       (956) 801-6861-cellular

       Mr. Metcalf is the current Quality Assurance/Quality Control Manager for Favelle Favco Cranes USA, Inc.. He may have knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Metcalf also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also

6

have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

12. Pete Reeves
    c/o Favelle Favco Cranes USA, Inc.
    4 Mile East 106, Port of Harlingen
    Harlingen, Texas   78551-3049
    (956) 428-7488
    (956) 440-0851-cellular

Mr. Reeves is the former Welding Production Supervisor for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may also have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Reeves also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

13. Tomas Muniz
    c/o Favelle Favco Cranes USA, Inc.
    4 Mile East 106, Port of Harlingen
    Harlingen, Texas   78551-3049
    (956) 428-7488

Mr. Muniz is the current service Representative for Favelle Favco Cranes USA, Inc.. He has knowledge of the contents of the Employment Contract dated June 23, 1997 which Mr. Davis signed with Favelle Favco. He also has knowledge of the fact that Mr. Daniel E. Davis was terminated as President and Managing Director of Favco USA on or about September 8, 1999. He may have knowledge of the Shareholder's Agreement between Mr. Daniel E. Davis and Favelle Favco Cranes Holdings SDN BHD. Mr. Muniz also has knowledge of the fact that Mr. Davis is the inventor and owner of U.S. patent No. 6,003,252 (**"the 252 patent"**) issued by the United States Patent and Trademark office on December 21 1999 entitled **"Conversion Apparants and Method for Use with Excavator and Crane Devices"**. He may also have knowledge of the fact that Defendants and/or Counter-Defendants have violated Mr. Davis' trade secrets and continue to violate his trade secrets as to the **"Davis Crawler Cranes"**.

7

14.     Stephen M. Horner, Ph.D.
        615 N. Upper Broadway, Suite 1600
        Corpus Christi, Texas   78477
        (361) 883-1686

        Dr. Horner is an economic, business, and statistical consultant.  He was retained by
        Plaintiff and/or Counter-Plaintiffs to testify as to the economic and/or monetary damages
        suffered by **MR. DAVIS** and which in all probability, he will suffer in the future.  Dr.
        Horner has knowledge of this subject matter by virtue of his education, training,
        experience, and review of the facts certain documents pertaining to this case.  Dr. Horner
        also has knowledge of and is expected to testify as to the contents of his report and/or
        amended reports in regard to this case.  **(NOTE:**  Dr. Horner's deposition was taken on
        October 9, 2000 in regard to this case.  His deposition testimony is incorporated herein as
        if fully copied and set forth at length).

15.     Custodian of Records for
        Favelle Favco Cranes USA, Inc.
        4 Mile East 106, Port of Harlingen
        Harlingen, Texas   78551-3049
        (956) 428-7488

        The custodian of records of Favelle Favco Cranes USA, Inc. has knowledge as to the
        authenticity of the business records and/or other documents which have been furnished to
        counsel in the course of discovery in this case or litigation.  The custodian of records
        further has knowledge as to the contents of the business  records and/or documents which
        have been furnished to counsel.  At this time the identity of this individual is unknown to
        Plaintiff and/or Counter-Plaintiffs.

# UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Daniel E. Davis**<br>*Versus-* - - - - - - - - - - - -<br>**Favelle Favco Cranes, USA, Inc., et.al.** | CASE NO.   B-00-003<br>CASE NO.   B-00-184 |
| | **Exhibit List (2nd Amended)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding              Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Employment Contract (6/23/97) | | |
| 2 | Resume of Loren G. Helmreich | | |
| 3 | Expert Report of Loren G. Helmreich (08/03/00) (Federal Court) | | |
| 4 | Report of Richard Robey (07/31/00) | | |
| 5 | Transcript of the Oral Deposition of Cheam Tek Siong (07/11/00) with Exhibits | | |
| 6 | Transcript of the Oral Deposition of Mac Ngan Boon (07/12/00) with Exhibits | | |
| 7 | Transcript of the Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits | | |
| 8 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits | | |
| 9 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits | | |
| 10 | Transcript of the Oral Deposition of Greta Sullivan (08/17/00) with Exhibits | | |
| 11 | First Amended Expert Report of Loren G. Helmreich (08/18/00) | | |
| 12 | First Amended Expert Report of Loren G. Helmreich (09/15/00) | | |
| 13 | Curriculum Vitae of Stephen M. Horner, Ph.D. | | |
| 14 | Report and Amended Report from Stephen M. Horner, Ph.D. | | |
| 15 | Report from Stephen M. Horner, Ph.D. (08/17/00) | | |
| 16 | Appendix B to Dr. Horner's report | | |

# UNITED STATES DISTRICT COURT ☆ SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Daniel E. Davis**<br>*Versus- - - - - - - - - - - - -*<br>**Favelle Favco Cranes, USA, Inc., et.al.** | CASE NO.   B-00-003<br>CASE NO.   B-00-184 |
| | **Exhibit List (2nd Amended)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding                    Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Employment Contract (6/23/97) | | |
| 2 | Resume of Loren G. Helmreich | | |
| 3 | Expert Report of Loren G. Helmreich (08/03/00) (Federal Court) | | |
| 4 | Report of Richard Robey (07/31/00) | | |
| 5 | Transcript of the Oral Deposition of Cheam Tek Siong (07/11/00) with Exhibits | | |
| 6 | Transcript of the Oral Deposition of Mac Ngan Boon (07/12/00) with Exhibits | | |
| 7 | Transcript of the Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits | | |
| 8 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits | | |
| 9 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits | | |
| 10 | Transcript of the Oral Deposition of Greta Sullivan (08/17/00) with Exhibits | | |
| 11 | First Amended Expert Report of Loren G. Helmreich (08/18/00) | | |
| 12 | First Amended Expert Report of Loren G. Helmreich (09/15/00) | | |
| 13 | Curriculum Vitae of Stephen M. Horner, Ph.D. | | |
| 14 | Report and Amended Report from Stephen M. Horner, Ph.D. | | |
| 15 | Report from Stephen M. Horner, Ph.D. (08/17/00) | | |
| 16 | Appendix B to Dr. Horner's report | | |

# UNITED STATES DISTRICT COURT    ☆    SOUTHERN DISTRICT OF TEXAS

| Daniel E. Davis<br>*Versus*- - - - - - - - - - - -<br>Favelle Favco Cranes, USA, Inc., et.al. | CASE NO.    B-00-003<br>CASE NO.    B-00-184 |
|---|---|
| | **Exhibit List (2nd Amended)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding                Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Employment Contract (6/23/97) | | |
| 2 | Resume of Loren G. Helmreich | | |
| 3 | Expert Report of Loren G. Helmreich (08/03/00) (Federal Court) | | |
| 4 | Report of Richard Robey (07/31/00) | | |
| 5 | Transcript of the Oral Deposition of Cheam Tek Siong (07/11/00) with Exhibits | | |
| 6 | Transcript of the Oral Deposition of Mac Ngan Boon (07/12/00) with Exhibits | | |
| 7 | Transcript of the Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits | | |
| 8 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits | | |
| 9 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits | | |
| 10 | Transcript of the Oral Deposition of Greta Sullivan (08/17/00) with Exhibits | | |
| 11 | First Amended Expert Report of Loren G. Helmreich (08/18/00) | | |
| 12 | First Amended Expert Report of Loren G. Helmreich (09/15/00) | | |
| 13 | Curriculum Vitae of Stephen M. Horner, Ph.D. | | |
| 14 | Report and Amended Report from Stephen M. Horner, Ph.D. | | |
| 15 | Report from Stephen M. Horner, Ph.D. (08/17/00) | | |
| 16 | Appendix B to Dr. Horner's report | | |

# UNITED STATES DISTRICT COURT   ☆   SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Daniel E. Davis**<br>*Versus*- - - - - - - - - - - - -<br>**Favelle Favco Cranes, USA, Inc., et.al.** | CASE NO.    B-00-003<br>CASE NO.    B-00-184 |
| | **Exhibit List (2nd Amended)** |
| Judge Hilda G. Tagle | Case Manager: Stella Cavasos<br>Court Reporter: Breck Record |
| List of<br>**PLAINTIFFS**<br>(Counter-Plaintiffs) | Proceeding               Date |

| No. | Description | Adm. | Exd. |
|---|---|---|---|
| 1 | Employment Contract (6/23/97) | | |
| 2 | Resume of Loren G. Helmreich | | |
| 3 | Expert Report of Loren G. Helmreich (08/03/00) (Federal Court) | | |
| 4 | Report of Richard Robey (07/31/00) | | |
| 5 | Transcript of the Oral Deposition of Cheam Tek Siong (07/11/00) with Exhibits | | |
| 6 | Transcript of the Oral Deposition of Mac Ngan Boon (07/12/00) with Exhibits | | |
| 7 | Transcript of the Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits | | |
| 8 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits | | |
| 9 | Transcript of the Oral and Videotaped Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits | | |
| 10 | Transcript of the Oral Deposition of Greta Sullivan (08/17/00) with Exhibits | | |
| 11 | First Amended Expert Report of Loren G. Helmreich (08/18/00) | | |
| 12 | First Amended Expert Report of Loren G. Helmreich (09/15/00) | | |
| 13 | Curriculum Vitae of Stephen M. Horner, Ph.D. | | |
| 14 | Report and Amended Report from Stephen M. Horner, Ph.D. | | |
| 15 | Report from Stephen M. Horner, Ph.D. (08/17/00) | | |
| 16 | Appendix B to Dr. Horner's report | | |

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 81 of 132

| UNITED STATES DISTRICT COURT  ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
| | WITNESS LIST |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants<br>Favelle Favco Cranes USA, Inc. and<br>Favelle Favco Cranes (M) Sdn Bhd | Proceeding                          Date |

Attached are four copies of the Witness List with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. If other witnesses to be called at trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

1.    **Mac Ngan Boon**
      **Lot 9895, 45ᵗʰ Mile**
      **Jalan Kampung Jawa**
      **4100 Klang**
      **Selangor**
      **Malaysia**
      **Telephone:  011-603-333-7835**

      Mr. Mac is the Managing Director of Muhibbah Engineering ("Muhibbah") and FFC Holdings and a Director of Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFC Malaysia"). Mac will testify about his background, and buisness and dealings of Favco Companies in general and Favco USA in particular. He dealt with Daniel Davis concerning the matters at issue. Mr. Mac may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

1

2.  **Cheam Tek Siong**
    **4 Mile East F.M. 106**
    **Port of Harlingen**
    **P.O. Box 3049**
    **Harlingen, Texas 78551-3049**
    **Telephone: 956-428-7488**

    Mr. Cheam is the Group General Manager of Favco Holdings and is a Director of Favco USA and is Managing Director of Favco USA. He dealt with Daniel Davis concerning all matters at issue and is familiar with corporate operations. Mr. Cheam may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

3.  **Michael Khoo**
    **4 Mile East F.M. 106**
    **Port of Harlingen**
    **P.O. Box 3049**
    **Harlingen, Texas 78551-3049**
    **Telephone: 956-428-7488**

    Mr. Khoo is the Group General Manager of Favco Holdings and is General Manager of Favco USA. He had dealings with Daniel Davis and is familiar with corporate operations.

4.  **Jose de la Cruz**
    **4 Mile East F.M. 106**
    **Port of Harlingen**
    **P.O. Box 3049**
    **Harlingen, Texas 78551-3049**
    **Telephone: 956-428-7488**

    Mr. de la Cruz is a CAD (Computer Aided Drafting) operator employed by Favco USA. He is responsible for creating and updating, design drawings for the models of Favco USA crawler cranes and has knowledge of the changes made in the logos and title blocks of the design drawings to change indication of ownership from Favco USA to Daniel Davis. See Affidavit of Jose de la Cruz filed in the above-captioned action.

2

5.   **Daniel Davis**
     3205 Merion Ct.
     Harlingen, Texas 78550

     Mr. Davis is a former President, Managing Director and Director of Favco
     USA. See his deposition in this case.

6.   **Todd Teulon**
     **Teulon Kuhns & Associates**
     830 W. Price Road
     Brownsville, Texas
     Telephone: 542-4717

     Mr. Teulon was hired by Davis to download FFC's computer hard drive onto
     Davis' personal computer and removed the material from FFC's computer at
     FFC's expense.

7.   **Richard Cortez**
     **Burton·McCumber & Cortez LLP**
     **Certified Public Accountants and Management Consultants**
     200 South 10th Street, Suite 1501
     McAllen, Texas 78501
     Telephone No.: 956/618-2300

     Richard Cortez will testify regarding accounting and analyses of Favco USA's
     books and records and the opinions expressed in his written report

8.   The following experts designated by Defendants:

     a.   **Mr. Terry Qualey**
          **Merchant & Gould**
          90 South 7th Street, Suite 21
          Minneapolis, MN 55402
          Telephone No.: 612/371-5321

          Terry Qualey will testify regarding the ownership of U.S. Patent No.
          6,003,252 and related patent applications, shop rights under that patent,
          and those patent applications, ownership of trade secrets in the design,
          manufacture and sale of Favco USA's 9, 28, 38 and 50 ton cranes, and

3

the opinions expressed in his report.  He also will testify about the noninfringement of the 252 patent.

b.    **Dr. Steven P. Nichols, P.E., J.D., Ph.D.**
      **Assoc. Chair & Assoc. Professor of Dept. of Mechanical Engineering**
      **University of Texas**
      **ETC 4.102**
      **Austin, Texas 78712 - 1063**
      **Telephone No.: 512/471-3565 Fax: 512/471-1494**

      Dr. Steven Nichols will testify regarding engineering and trade secrets and the opinions expressed in his report.

c.    **Stuart Anderson**
      **President**
      **Chortsey Barr Associates**
      **43 Mealey Parkway**
      **Hagerstown, MD 21742**

      Mr. Anderson will testify about the past history of sales of crawler cranes generally and specifically in the United States and the past history of the market for crawler cranes.

4

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | **WITNESS LIST** |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants<br>Favelle Favco Cranes USA, Inc. and<br>Favelle Favco Cranes (M) Sdn Bhd | Proceeding                     Date |

Attached are four copies of the Witness List with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. If other witnesses to be called at trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

1.    **Mac Ngan Boon**
      **Lot 9895, 45th Mile**
      **Jalan Kampung Jawa**
      **4100 Klang**
      **Selangor**
      **Malaysia**
      **Telephone: 011-603-333-7835**

> Mr. Mac is the Managing Director of Muhibbah Engineering ("Muhibbah") and FFC Holdings and a Director of Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFC Malaysia"). Mac will testify about his background, and buisness and dealings of Favco Companies in general and Favco USA in particular. He dealt with Daniel Davis concerning the matters at issue. Mr. Mac may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

1

2.   **Cheam Tek Siong**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone: 956-428-7488**

Mr. Cheam is the Group General Manager of Favco Holdings and is a Director of Favco USA and is Managing Director of Favco USA. He dealt with Daniel Davis concerning all matters at issue and is familiar with corporate operations. Mr. Cheam may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

3.   **Michael Khoo**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone: 956-428-7488**

Mr. Khoo is the Group General Manager of Favco Holdings and is General Manager of Favco USA. He had dealings with Daniel Davis and is familiar with corporate operations.

4.   Jose de la Cruz
     4 Mile East F.M. 106
     Port of Harlingen
     P.O. Box 3049
     Harlingen, Texas 78551-3049
     Telephone: 956-428-7488

Mr. de la Cruz is a CAD (Computer Aided Drafting) operator employed by Favco USA. He is responsible for creating and updating, design drawings for the models of Favco USA crawler cranes and has knowledge of the changes made in the logos and title blocks of the design drawings to change indication of ownership from Favco USA to Daniel Davis. See Affidavit of Jose de la Cruz filed in the above-captioned action.

2

CMSPDF - www.fastio.com

5.   **Daniel Davis**
     3205 Merion Ct.
     Harlingen, Texas 78550

        Mr. Davis is a former President, Managing Director and Director of Favco
        USA.  See his deposition in this case.

6.   **Todd Teulon**
     **Teulon Kuhns & Associates**
     830 W. Price Road
     Brownsville, Texas
     Telephone: 542-4717

        Mr. Teulon was hired by Davis to download FFC's computer hard drive onto
        Davis' personal computer and removed the material from FFC's computer at
        FFC's expense.

7.   **Richard Cortez**
     **Burton·McCumber & Cortez LLP**
     **Certified Public Accountants and Management Consultants**
     200 South 10th Street, Suite 1501
     McAllen, Texas 78501
     Telephone No.: 956/618-2300

        Richard Cortez will testify regarding accounting and analyses of Favco USA's
        books and records and the opinions expressed in his written report

8.   The following experts designated by Defendants:

     a.   **Mr. Terry Qualey**
          **Merchant & Gould**
          90 South 7th Street, Suite 21
          Minneapolis, MN 55402
          Telephone No.: 612/371-5321

             Terry Qualey will testify regarding the ownership of U.S. Patent No.
             6,003,252 and related patent applications, shop rights under that patent,
             and those patent applications, ownership of trade secrets in the design,
             manufacture and sale of Favco USA's 9, 28, 38 and 50 ton cranes, and

3

the opinions expressed in his report. He also will testify about the noninfringement of the 252 patent.

b.   **Dr. Steven P. Nichols, P.E., J.D., Ph.D.**
     **Assoc. Chair & Assoc. Professor of Dept. of Mechanical Engineering**
     **University of Texas**
     **ETC 4.102**
     **Austin, Texas 78712 - 1063**
     **Telephone No.: 512/471-3565 Fax: 512/471-1494**

     Dr. Steven Nichols will testify regarding engineering and trade secrets and the opinions expressed in his report.

c.   **Stuart Anderson**
     **President**
     **Chortsey Barr Associates**
     **43 Mealey Parkway**
     **Hagerstown, MD 21742**

     Mr. Anderson will testify about the past history of sales of crawler cranes generally and specifically in the United States and the past history of the market for crawler cranes.

4

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
| | WITNESS LIST |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants<br>Favelle Favco Cranes USA, Inc. and<br>Favelle Favco Cranes (M) Sdn Bhd | Proceeding                            Date |

Attached are four copies of the Witness List with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. If other witnesses to be called at trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

1.  **Mac Ngan Boon**
    **Lot 9895, 45th Mile**
    **Jalan Kampung Jawa**
    **4100 Klang**
    **Selangor**
    **Malaysia**
    **Telephone: 011-603-333-7835**

    Mr. Mac is the Managing Director of Muhibbah Engineering ("Muhibbah") and FFC Holdings and a Director of Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFC Malaysia"). Mac will testify about his background, and buisness and dealings of Favco Companies in general and Favco USA in particular. He dealt with Daniel Davis concerning the matters at issue. Mr. Mac may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

1

2.   **Cheam Tek Siong**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone: 956-428-7488**

> Mr. Cheam is the Group General Manager of Favco Holdings and is a Director of Favco USA and is Managing Director of Favco USA. He dealt with Daniel Davis concerning all matters at issue and is familiar with corporate operations. Mr. Cheam may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

3.   **Michael Khoo**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone: 956-428-7488**

> Mr. Khoo is the Group General Manager of Favco Holdings and is General Manager of Favco USA. He had dealings with Daniel Davis and is familiar with corporate operations.

4.   **Jose de la Cruz**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone: 956-428-7488**

> Mr. de la Cruz is a CAD (Computer Aided Drafting) operator employed by Favco USA. He is responsible for creating and updating, design drawings for the models of Favco USA crawler cranes and has knowledge of the changes made in the logos and title blocks of the design drawings to change indication of ownership from Favco USA to Daniel Davis. See Affidavit of Jose de la Cruz filed in the above-captioned action.

2

5.    **Daniel Davis**
      **3205 Merion Ct.**
      **Harlingen, Texas 78550**

              Mr. Davis is a former President, Managing Director and Director of Favco
              USA.  See his deposition in this case.

6.    **Todd Teulon**
      **Teulon Kuhns & Associates**
      **830 W. Price Road**
      **Brownsville, Texas**
      **Telephone: 542-4717**

              Mr. Teulon was hired by Davis to download FFC's computer hard drive onto
              Davis' personal computer and removed the material from FFC's computer at
              FFC's expense.

7.    **Richard Cortez**
      **Burton·McCumber & Cortez LLP**
      **Certified Public Accountants and Management Consultants**
      **200 South 10th Street, Suite 1501**
      **McAllen, Texas 78501**
      **Telephone No.: 956/618-2300**

              Richard Cortez will testify regarding accounting and analyses of Favco USA's
              books and records and the opinions expressed in his written report

8.    The following experts designated by Defendants:

      a.    **Mr. Terry Qualey**
            **Merchant & Gould**
            **90 South 7th Street, Suite 21**
            **Minneapolis, MN 55402**
            **Telephone No.: 612/371-5321**

                    Terry Qualey will testify regarding the ownership of U.S. Patent No.
                    6,003,252 and related patent applications, shop rights under that patent,
                    and those patent applications, ownership of trade secrets in the design,
                    manufacture and sale of Favco USA's 9, 28, 38 and 50 ton cranes, and

3

the opinions expressed in his report. He also will testify about the noninfringement of the 252 patent.

b. **Dr. Steven P. Nichols, P.E., J.D., Ph.D.**
**Assoc. Chair & Assoc. Professor of Dept. of Mechanical Engineering**
**University of Texas**
**ETC 4.102**
**Austin, Texas 78712 - 1063**
**Telephone No.: 512/471-3565 Fax: 512/471-1494**

Dr. Steven Nichols will testify regarding engineering and trade secrets and the opinions expressed in his report.

c. **Stuart Anderson**
**President**
**Chortsey Barr Associates**
**43 Mealey Parkway**
**Hagerstown, MD 21742**

Mr. Anderson will testify about the past history of sales of crawler cranes generally and specifically in the United States and the past history of the market for crawler cranes.

4

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 93 of 132

| UNITED STATES DISTRICT COURT ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | **WITNESS LIST** |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants<br>Favelle Favco Cranes USA, Inc. and<br>Favelle Favco Cranes (M) Sdn Bhd | Proceeding                              Date |

Attached are four copies of the Witness List with the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony. If other witnesses to be called at trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

1.     **Mac Ngan Boon**
       **Lot 9895, 45ᵗʰ Mile**
       **Jalan Kampung Jawa**
       **4100 Klang**
       **Selangor**
       **Malaysia**
       **Telephone: 011-603-333-7835**

       Mr. Mac is the Managing Director of Muhibbah Engineering ("Muhibbah") and FFC Holdings and a Director of Favco USA and Favelle Favco Cranes (M) Sdn Bhd ("FFC Malaysia"). Mac will testify about his background, and buisness and dealings of Favco Companies in general and Favco USA in particular. He dealt with Daniel Davis concerning the matters at issue. Mr. Mac may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

1

2.   **Cheam Tek Siong**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone:  956-428-7488**

> Mr. Cheam is the Group General Manager of Favco Holdings and is a Director of Favco USA and is Managing Director of Favco USA. He dealt with Daniel Davis concerning all matters at issue and is familiar with corporate operations.  Mr. Cheam may also testify about matters and issues discussed in his deposition and of hearing testimony that he gave while this case was still in state court.

3.   **Michael Khoo**
     **4 Mile East F.M. 106**
     **Port of Harlingen**
     **P.O. Box 3049**
     **Harlingen, Texas 78551-3049**
     **Telephone:  956-428-7488**

> Mr. Khoo is the Group General Manager of Favco Holdings and is General Manager of Favco USA. He had dealings with Daniel Davis and is familiar with corporate operations.

4.   Jose de la Cruz
     4 Mile East F.M. 106
     Port of Harlingen
     P.O. Box 3049
     Harlingen, Texas 78551-3049
     Telephone:  956-428-7488

> Mr. de la Cruz is a CAD (Computer Aided Drafting) operator employed by Favco USA. He is responsible for creating and updating, design drawings for the models of Favco USA crawler cranes and has knowledge of the changes made in the logos and title blocks of the design drawings to change indication of ownership from Favco USA to Daniel Davis.  See Affidavit of Jose de la Cruz filed in the above-captioned action.

2

5.    **Daniel Davis**
      **3205 Merion Ct.**
      **Harlingen, Texas 78550**

      Mr. Davis is a former President, Managing Director and Director of Favco USA. See his deposition in this case.

6.    **Todd Teulon**
      **Teulon Kuhns & Associates**
      **830 W. Price Road**
      **Brownsville, Texas**
      **Telephone: 542-4717**

      Mr. Teulon was hired by Davis to download FFC's computer hard drive onto Davis' personal computer and removed the material from FFC's computer at FFC's expense.

7.    **Richard Cortez**
      **Burton·McCumber & Cortez LLP**
      **Certified Public Accountants and Management Consultants**
      **200 South 10th Street, Suite 1501**
      **McAllen, Texas 78501**
      **Telephone No.: 956/618-2300**

      Richard Cortez will testify regarding accounting and analyses of Favco USA's books and records and the opinions expressed in his written report

8.    The following experts designated by Defendants:

      a.    **Mr. Terry Qualey**
            **Merchant & Gould**
            **90 South 7th Street, Suite 21**
            **Minneapolis, MN 55402**
            **Telephone No.: 612/371-5321**

            Terry Qualey will testify regarding the ownership of U.S. Patent No. 6,003,252 and related patent applications, shop rights under that patent, and those patent applications, ownership of trade secrets in the design, manufacture and sale of Favco USA's 9, 28, 38 and 50 ton cranes, and

the opinions expressed in his report. He also will testify about the noninfringement of the 252 patent.

b.  **Dr. Steven P. Nichols, P.E., J.D., Ph.D.**
    **Assoc. Chair & Assoc. Professor of Dept. of Mechanical Engineering**
    **University of Texas**
    **ETC 4.102**
    **Austin, Texas 78712 - 1063**
    **Telephone No.: 512/471-3565 Fax: 512/471-1494**

    Dr. Steven Nichols will testify regarding engineering and trade secrets and the opinions expressed in his report.

c.  **Stuart Anderson**
    **President**
    **Chortsey Barr Associates**
    **43 Mealey Parkway**
    **Hagerstown, MD 21742**

    Mr. Anderson will testify about the past history of sales of crawler cranes generally and specifically in the United States and the past history of the market for crawler cranes.

4

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 97 of 132

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-00-003 |
| FAVELLE FAVCO CRANES USA, INC. | § | |
| AND FAVELLE FAVCO CRANES (M) | § | |
| SDN BHD | § | |

---

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

---

Defendants FAVELLE FAVCO CRANES USA, INC. and FAVELLE FAVCO CRANES

(M) SDN BHD. submit the following proposed voir dire questions:

1    Has anyone heard anything or believe that they know anything about this lawsuit?

2    If the answer to the preceding question is yes, then answer the following:

    (a)    What do you know?

    (b)    How do you know it?

    (c)    What have you heard?

    (d)    Who have you heard it from?

    (e)    When did you hear it?

    (f)    Have you discussed the case with anyone?

    (g)    Have you formed any opinions?

3.    Does anyone know Daniel E. Davis?

4.    If you have answered the previous question yes, then answer the following:

    (a)    How do you know him?

(b)    When did you meet him?

(c)    The extent of your acquaintanceship?

(d)    Was it a personal or business relationship?

(e)    Have you been in business with him?

(f)    Do you visit in his home?

(g)    Do you know his family?

5    Does anyone know Ernesto Gamez?

6    If you have answered the previous question yes. then answer the following:

(a)    How do you know him?

(b)    When did you meet him?

(c)    The extent of your acquaintanceship?

(d)    Have you been in business with him?

(e)    Do you visit in his home?

(f)    Do you know his family?

(g)    Has he or his law firm ever represented you?

(h)    What was the nature of the representation?

7    Does anyone know Victor Quintanilla or anyone in his law firm?

8.    If you have answered the previous question yes. then answer the following:

(a)    How do you know him?

(b)    When did you meet him?

(c)    The extent of your acquaintanceship?

---

(d)     Have you been in business with him?

(e)     Do you visit in his home?

(f)     Do you know his family?

(g)     Has he or his law firm ever represented you?

(h)     What was the nature of the representation?

9       Do you know anyone else in this firm?

10.     If you have answered the previous question yes, then name them.

11.     Does anyone know someone who now works at, or previously worked at, the Favelle Favco

        Plant at the Port of Harlingen?

12.     If you have answered this yes, then answer the following:

(a)     Who do you know?

(b)     How do you know them?

(c)     What do they do?

(d)     How long have they been there?

(e)     Have they ever discussed their employment with you?

(f)     Have they ever discussed this lawsuit with you?

13      Do you know _____? (He will enter the name in later when he gets the list of

        witnesses)

14      If you have answered the previous question yes, then answer the following.

(a)     How do you know him?

(b)     When did you meet him?

      (c)     The extent of your acquaintanceship?

      (d)     Have you been in business with him?

      (e)     Do you visit in his home?

      (f)     Do you know his family?

15.    Do you know what a crawler crane is?

16.    Have you ever worked with or around a crawler crane?

17.    Who was the manufacturer or what brand name did it have?

18.    What was your experience with the crawler crane?

Case 1:00-cv-00003  Document 96  Filed in TXSD on 07/20/2001  Page 101 of 132

24.    Because of your own experience or the experience of the person you just mentioned, do you have any opinions in this case?

25.    A corporation is like a separate person – does anyone have any difficulty or problem with that concept?

26.    A corporation can only act through its officers, agents and employees – does anyone have any difficulty with that legal concept?

27.    An officer of a corporation owes the highest degree of loyalty etc. (get exact language from Chuck) – does anyone have any problem with that concept?

29.    Have you ever been in a lawsuit?

30.    If your answer to the above question is yes, then answer the following.

    (a)    Were you the plaintiff or the defendant?

    (b)    What type of case was it?

    (c)    Has a verdict been reached?

    (d)    Do you have any preconceived ideas about how this case should be tried?

---

31. Is there any reason you cannot be fair and impartial?

32. If you hired someone to do a specific job and you invested millions of dollars in the project, do you think it would be fair for the employee to take the project with him and leave you with nothing at all?

33. If you hired someone to do a specific job, do you think it would be fair for the employee to use your money, equipment, facilities and use your work time to work for himself in a way that is not in your best interests and is harmful to you--that is to work for himself and against you?

34. If you are an employer, do you expect your employees to be loyal to you?

35. If you are an employee, do you believe you should be loyal to your employer?

Attorney-in-Charge, Defendants
Gary Gurwitz
Bar # 08631000    SDOT # 1194

Charles C. Murray
Bar # 14719700    SDOT # 1214
Daniel G. Gurwitz
Bar # 00787608    SDOT # 16895
ATLAS & HALL. L.L.P.
818 Pecan - P.O. Drawer 3725
McAllen, Texas 78502
Telephone No. 956/682-5501
Fax No. 956/686-6109

Willem G. Schuurman/Bar # 17855200
Brian K. Buss/Bar # 00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700

DAVIS                                    DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS
vs.                                                                    PAGE 6
FFC

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 103 of 132

Austin. Texas 78701
Telephone No. 512/495-8400
Fax No. 512/495-8612

CutePDF - www.taska.com

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the ____ day of January, 2001, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

*Gary Gurwitz*

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 105 of 132

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | **SECOND AMENDED<br>EXHIBIT LIST** |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding                    Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | 09/03/97 CERTIFICATE OF INCORPORATION of FFC USA | | |
| 2 | 09/04/97 MINUTES of Organizational Meeting of Directors of FFC USA | | |
| 3 | FCC 28 ton BROCHURE;<br>(EXHIBIT 12 to Davis Deposition) | | |
| 4 | FFC 38 ton BROCHURE;<br>(EXHIBIT 13 to Davis Deposition) | | |
| 5 | FFC 50 ton BROCHURE;<br>(EXHIBIT 14 to Davis Deposition) | | |
| 6 | FFC 9 ton Brochure;<br>(EXHIBIT 11 to Davis Deposition) | | |
| 7 | 11/22/97 Executed CONFIDENTIALITY AGREEMENT between FFC USA,<br>FFC Malaysia and ECCON Engineering referenced in #8 above for engineering<br>services<br>(EXHIBIT 4 to Davis Deposition) | | |
| 8 | 02/03/98 ENGINEERING CONSULTING AGREEMENT Rev. 3, between Keith<br>Orgeron and FFC USA for engineering services;<br>(EXHBIT 9 to Davis Deposition) | | |
| 9 | Keith Orgeron/Integra BILLS | | |
| 9A | 12/01/1997-02/28/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9B | 02/16/98 STATUS REPORT LETTER #01 from Integra Engineering to<br>Daniel Davis, FFC USA | | |

**Page 1 of 6**

| 9C | 02/16/98 Letter from Keith Orgeron, Integra, to FFC USA attn:Daniel E. Davis, President, re: Status Report #01 | | |
|----|----|----|----|
| 9D | • 03/02/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0201)<br>• 03/02/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0201 | | |
| 9E | • 04/06/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0202)<br>• 04/06/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0202<br>• 03/30/98-04/04/98   Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9F | 03/01/98-03/29/98 Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9G | 04/05/98-04/10/98 Integra Engineering Expense Reprot re: FFC USA's Project(s) | | |
| 9H | • 05/05/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (398-IE-0203)<br>• 05/05/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0203<br>• Notes and Memos made in April 1998 | | |
| 9I | 05/18/98 Fax from Keith Orgeron, Integra, to Mr. D.E. Davis Manhour Status Report to May 17, 1998 | | |
| 9J | • 06/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0204)<br>• 06/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0204<br>• Manhour Status Report, June 1998<br>• FFC USA check dated 07/21/98 payable to Integra Engineering for $10,624.00. | | |
| 9K | 04/11/98-06/10/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9L | 06/24/98 FAX from Keith Orgeron, Integra to Danny Davis with invoice | | |
| 9M | • 07/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0205)<br>• 07/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0205<br>• Manhour Status Report, June 1998 | | |
| 9N | • 08/08/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0206)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206<br>• Manhour Status Report, July 1998<br>• FFC USA Check dated 09/17/98 payable to Integra Engineering for $5,793.75.<br>• 08/08/98 Invoice from Keith Orgeron, Integra to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206 | | |

| 9O | • 09/13/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0207)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0207<br>• FFC USA Check dated 10/07/98 payable to Integra Engineering for $5,437.50. | | |
| 9P | • 10/10/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0208)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0208 | | |
| 9Q | • 11/09/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0209)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0209 | | |
| 9R | • 12/04/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0210)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0210<br>• FFC USA Check dated 01/06/99 payable to Integra Engineering for $13,725.00 | | |
| 9S | • 02/14/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0213-A and #99-IE-0213-B)<br>• Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0213-A<br>• 02/14/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice # 99-IE-0213-B | | |
| 9T | • 04/07/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0215-A and #99-IE-0215-B)<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-A.<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-B | | |
| 9U | 02/27/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Engineering Copiers, Scanners & Plotters | | |
| 10 | 05/29/98 LETTER from Jim Rusk, J.A. Rusk Engineering, Kansas City, Missouri to Daniel Davis, FFC USA, re: Schedule for 28 Ton and 38 Ton units engineering services for FFC USA | | |
| 11 | 06/03/98 FAX from J.A. Rusk Engineering to Danny Davis, FFC USA with attached Description of Services Rendered for FFC USA;<br>(EXHIBIT 26 to Davis Deposition) | | |
| 12 | 08/16/98 INVOICE from J.A. Rusk Engineering to FFC USA | | |
| 13 | 05/16/99 FAX from Jim Rusk to Danny Davis, re: Budgetary estimates with attached estimated numbers for the 50 and 75 ton engineering services for FFC USA | | |
| 14 | 11/23/99 ACCOUNT RECONCILIATION–J.A. Rusk Account, FFC USA | | |

Page 3 of 6

| 15 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 1, Cranes Utilizing Standard Hydraulic Excavator Main Frames, among CAT, FFC USA and FFC Malaysia; (EXHIBIT 5 to Davis Deposition) | | |
|---|---|---|---|
| 16 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 2, Cranes Utilizing Custom Main Frames, among CAT, FFC USA and FFC Malaysia; (EXHIBIT 6 to Davis Deposition) | | |
| 17 | 03/29/99 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 3, Cranes Utilizing Telehandler Powermodules between CAT and FFC USA; (EXHIBIT 7 to Davis Deposition) | | |
| 18 | 02/25/98 AGREEMENT: Proprietary Information Agreement issued by FFC USA and accepted by Bill Young, Victoria Machine & Fab. Co. | | |
| 19 | 08/01/98 FFC USA Employee Handbook | | |
| 20 | 06/14/99 LETTER from Daniel Davis, FFC USA to GAR International, re:Product literature on FFC-9 ton, FFC-28, FFC-38 and FFC-50 | | |
| 21 | 05/21/99 DISTRIBUTION AGREEMENT between FFC USA and Mustang Tractor and Equipment Company (Dealer) | | |
| 22 | All FFC USA PURCHASE ORDERS to Caterpillar | | |
| 22A | 09/08/98 Purchase Order #CFF1234 by FFC USA to Caterpillar 09/08/99 FFC USA Purchase Order-Production #CFF 1234 | | |
| 22B | 09/19/98 Purchase Order #CFF1261 by FFC USA to Caterpillar 09/19/98 FFC USA Purchase Order-Production # CFF 1261 | | |
| 22C | 12/07/98 Purchase Order #CFF1370 by FFC USA to Caterpillar 12/07/98 FFC USA Purchase Request Requisition #1370 | | |
| 22D | 12/07/98 Purchase Order #CFF1371 by FFC USA to Caterpillar 12/07/98 FFC USA Purchase Request Requisition #1743 | | |
| 22E | 02/06/99 Purchase Order #CFF1441 by FFC USA to Caterpillar 02/06/99 FFC USA Purchase Request Requisition #0250 | | |
| 22F | 02/06/99 Purchase Order #CFF 1442 by FFC USA to Caterpillar 02/06/99 FFC USA Purchase Request Requisition #0859 | | |
| 22G | 02/06/99 Purchase Order #CFF1443 by FFC USA to Caterpillar 02/06/99 FFC USA Purchase Request Requisition #0871 | | |
| 22H | 02/07/99 Purchase Order #CFF7058 by FFC USA to Caterpillar 02/07/99 FFC USA Purchase Request Requisition #0876 | | |
| 22I | 02/07/99 Purchase Order #CFF7059 by FFC USA to Caterpillar 02/07/99 FFC USA Purchase Request Requisition #0879 | | |
| 22J | 02/07/99 Purchase Order #CFF7065 by FFC USA to Caterpillar 02/07/99 FFC USA Purchase Request Requisition #0880 | | |

| | | | |
|---|---|---|---|
| 22K | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1325 | | |
| 22L | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1325 | | |
| 22M | 03/16/99 Purchase Order #CFF7173 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1324 | | |
| 22N | 05/01/99 Purchase Order #CFF7057 by FFC USA to Caterpillar<br>02/04/99   FFC USA Purchase Request Requisition #1742 | | |
| 22O | 05/01/99 Purchase Order #CFF-80031 by FFC USA to Caterpillar<br>03/28/98   FFC USA Purchase Order-Production #CFF-80031<br>06/02/98   FFC USA Purchase Order-Production #SFF-80301 | | |
| 22P | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1739 | | |
| 22Q | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1739 with attachment | | |
| 22R | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1740 | | |
| 22S | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1740 | | |
| 22T | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1738 | | |
| 22U | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1738 | | |
| 23 | 06/99 STRAIN GAUGE TESTING of FFC 38 ton Mobile Crane by Stress Engineering | | |
| 24 | 06/99 STRAIN GAUGE TESTING of FFC 28 ton Mobile Crane by Stress Engineering | | |
| 25 | 06/07/99 CHECK 1981, FFC USA payable to Davisco, Inc. for $10,560 | | |
| 26 | 06/24/99 CHECK 2072 FFC USA payable Inc. for $10,560 | | |
| 27 | 07/12/99 CHECK 2107 FFC USA payable to DavisCo Inc. for $13,200 | | |
| 28 | Caterpillar BROCHURES | | |
| 29 | PICTURES of FFC and Caterpillar cranes, assembly area at FFC Harlingen | | |
| 30 | 08/17/99 FAX from Mac Ngan Boon to Danny Davis, re: Caterpillar Purchase Order | | |
| 31 | 09/08/99 Letters of Termination from Favco Holdings and Favco USA | | |

| 32 | Transcript of Oral Deposition of Loren G. Hehnreich (09/01/00) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
|----|----|---|---|
| 33 | Transcript of Oral Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 34 | Transcript of Oral Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 35 | Transcript of Oral Deposition of Greta Sullivan (08/17/00) with Exhibits; (to be used to the extent necessary to respond to her live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of her trial testimony) | | |
| 36 | Organizational Chart (color) | | |

**Page 6 of 6**

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | SECOND AMENDED<br>EXHIBIT LIST |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding                    Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | 09/03/97 CERTIFICATE OF INCORPORATION of FFC USA | | |
| 2 | 09/04/97 MINUTES of Organizational Meeting of Directors of FFC USA | | |
| 3 | FCC 28 ton BROCHURE;<br>(EXHIBIT 12 to Davis Deposition) | | |
| 4 | FFC 38 ton BROCHURE;<br>(EXHIBIT 13 to Davis Deposition) | | |
| 5 | FFC 50 ton BROCHURE;<br>(EXHIBIT 14 to Davis Deposition) | | |
| 6 | FFC 9 ton Brochure;<br>(EXHIBIT 11 to Davis Deposition) | | |
| 7 | 11/22/97 Executed CONFIDENTIALITY AGREEMENT between FFC USA,<br>FFC Malaysia and ECCON Engineering referenced in #8 above for engineering<br>services<br>(EXHIBIT 4 to Davis Deposition) | | |
| 8 | 02/03/98 ENGINEERING CONSULTING AGREEMENT Rev. 3, between Keith<br>Orgeron and FFC USA for engineering services;<br>(EXHBIT 9 to Davis Deposition) | | |
| 9 | Keith Orgeron/Integra BILLS | | |
| 9A | 12/01/1997-02/28/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9B | 02/16/98 STATUS REPORT LETTER #01 from Integra Engineering to<br>Daniel Davis, FFC USA | | |

Page 1 of 6

| 9C | 02/16/98 Letter from Keith Orgeron, Integra, to FFC USA attn:Daniel E. Davis, President, re: Status Report #01 | | |
|----|---|---|---|
| 9D | • 03/02/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0201)<br>• 03/02/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0201 | | |
| 9E | • 04/06/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0202)<br>• 04/06/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0202<br>• 03/30/98-04/04/98   Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9F | 03/01/98-03/29/98 Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9G | 04/05/98-04/10/98 Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9H | • 05/05/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (398-IE-0203)<br>• 05/05/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0203<br>• Notes and Memos made in April 1998 | | |
| 9I | 05/18/98 Fax from Keith Orgeron, Integra, to Mr. D.E. Davis Manhour Status Report to May 17, 1998 | | |
| 9J | • 06/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0204)<br>• 06/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0204<br>• Manhour Status Report, June 1998<br>• FFC USA check dated 07/21/98 payable to Integra Engineering for $10,624.00. | | |
| 9K | 04/11/98-06/10/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9L | 06/24/98 FAX from Keith Orgeron, Integra to Danny Davis with invoice | | |
| 9M | • 07/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0205)<br>• 07/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0205<br>• Manhour Status Report, June 1998 | | |
| 9N | • 08/08/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0206)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206<br>• Manhour Status Report, July 1998<br>• FFC USA Check dated 09/17/98 payable to Integra Engineering for $5,793.75.<br>• 08/08/98 Invoice from Keith Orgeron, Integra to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206 | | |

Page 2 of 6

| 9O | • 09/13/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0207)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0207<br>• FFC USA Check dated 10/07/98 payable to Integra Engineering for $5,437.50. | | |
|----|---|---|---|
| 9P | • 10/10/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0208)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0208 | | |
| 9Q | • 11/09/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0209)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0209 | | |
| 9R | • 12/04/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0210)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0210<br>• FFC USA Check dated 01/06/99 payable to Integra Engineering for $13,725.00 | | |
| 9S | • 02/14/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0213-A and #99-IE-0213-B)<br>• Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0213-A<br>• 02/14/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice # 99-IE-0213-B | | |
| 9T | • 04/07/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0215-A and #99-IE-0215-B)<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-A.<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-B | | |
| 9U | 02/27/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Engineering Copiers, Scanners & Plotters | | |
| 10 | 05/29/98 LETTER from Jim Rusk, J.A. Rusk Engineering, Kansas City, Missouri to Daniel Davis, FFC USA, re: Schedule for 28 Ton and 38 Ton units engineering services for FFC USA | | |
| 11 | 06/03/98 FAX from J.A. Rusk Engineering to Danny Davis, FFC USA with attached Description of Services Rendered for FFC USA, (EXHIBIT 26 to Davis Deposition) | | |
| 12 | 08/16/98 INVOICE from J.A. Rusk Engineering to FFC USA | | |
| 13 | 05/16/99 FAX from Jim Rusk to Danny Davis, re: Budgetary estimates with attached estimated numbers for the 50 and 75 ton engineering services for FFC USA | | |
| 14 | 11/23/99 ACCOUNT RECONCILIATION–J.A. Rusk Account, FFC USA | | |

| | | | |
|---|---|---|---|
| 15 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 1, Cranes Utilizing Standard Hydraulic Excavator Main Frames, among CAT, FFC USA and FFC Malaysia;<br>(EXHIBIT 5 to Davis Deposition) | | |
| 16 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 2, Cranes Utilizing Custom Main Frames, among CAT, FFC USA and FFC Malaysia;<br>(EXHIBIT 6 to Davis Deposition) | | |
| 17 | 03/29/99 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 3, Cranes Utilizing Telehandler Powermodules between CAT and FFC USA;<br>(EXHIBIT 7 to Davis Deposition) | | |
| 18 | 02/25/98 AGREEMENT: Proprietary Information Agreement issued by FFC USA and accepted by Bill Young, Victoria Machine & Fab. Co. | | |
| 19 | 08/01/98 FFC USA Employee Handbook | | |
| 20 | 06/14/99 LETTER from Daniel Davis, FFC USA to GAR International, re:Product literature on FFC-9 ton, FFC-28, FFC-38 and FFC-50 | | |
| 21 | 05/21/99 DISTRIBUTION AGREEMENT between FFC USA and Mustang Tractor and Equipment Company (Dealer) | | |
| 22 | All FFC USA PURCHASE ORDERS to Caterpillar | | |
| 22A | 09/08/98 Purchase Order #CFF1234 by FFC USA to Caterpillar<br>09/08/99  FFC USA Purchase Order-Production  #CFF 1234 | | |
| 22B | 09/19/98 Purchase Order #CFF1261 by FFC USA to Caterpillar<br>09/19/98  FFC USA Purchase Order-Production # CFF 1261 | | |
| 22C | 12/07/98 Purchase Order #CFF1370 by FFC USA to Caterpillar<br>12/07/98  FFC USA Purchase Request Requisition #1370 | | |
| 22D | 12/07/98 Purchase Order #CFF1371 by FFC USA to Caterpillar<br>12/07/98  FFC USA Purchase Request Requisition #1743 | | |
| 22E | 02/06/99 Purchase Order #CFF1441 by FFC USA to Caterpillar<br>02/06/99  FFC USA Purchase Request Requisition #0250 | | |
| 22F | 02/06/99 Purchase Order #CFF 1442 by FFC USA to Caterpillar<br>02/06/99  FFC USA Purchase Request Requisition #0859 | | |
| 22G | 02/06/99 Purchase Order #CFF1443 by FFC USA to Caterpillar<br>02/06/99  FFC USA Purchase Request Requisition #0871 | | |
| 22H | 02/07/99 Purchase Order #CFF7058 by FFC USA to Caterpillar<br>02/07/99  FFC USA Purchase Request Requisition #0876 | | |
| 22I | 02/07/99 Purchase Order #CFF7059 by FFC USA to Caterpillar<br>02/07/99  FFC USA Purchase Request Requisition #0879 | | |
| 22J | 02/07/99 Purchase Order #CFF7065 by FFC USA to Caterpillar<br>02/07/99  FFC USA Purchase Request Requisition #0880 | | |

**Page 4 of 6**

| 22K | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1325 | | |
|---|---|---|---|
| 22L | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1325 | | |
| 22M | 03/16/99 Purchase Order #CFF7173 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1324 | | |
| 22N | 05/01/99 Purchase Order #CFF7057 by FFC USA to Caterpillar<br>02/04/99  FFC USA Purchase Request Requisition #1742 | | |
| 22O | 05/01/99 Purchase Order #CFF-80031 by FFC USA to Caterpillar<br>03/28/98  FFC USA Purchase Order-Production #CFF-80031<br>06/02/98  FFC USA Purchase Order-Production #SFF-80301 | | |
| 22P | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1739 | | |
| 22Q | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1739 with attachment | | |
| 22R | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1740 | | |
| 22S | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1740 | | |
| 22T | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1738 | | |
| 22U | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1738 | | |
| 23 | 06/99 STRAIN GAUGE TESTING of FFC 38 ton Mobile Crane by Stress Engineering | | |
| 24 | 06/99 STRAIN GAUGE TESTING of FFC 28 ton Mobile Crane by Stress Engineering | | |
| 25 | 06/07/99 CHECK 1981, FFC USA payable to Davisco, Inc. for $10,560 | | |
| 26 | 06/24/99 CHECK 2072 FFC USA payable to Davisco Inc. for $10,560 | | |
| 27 | 07/12/99 CHECK 2107 FFC USA payable to DavisCo Inc. for $13,200 | | |
| 28 | Caterpillar BROCHURES | | |
| 29 | PICTURES of FFC and Caterpillar cranes, assembly area at FFC Harlingen | | |
| 30 | 08/17/99 FAX from Mac Ngan Boon to Danny Davis, re: Caterpillar Purchase Order | | |
| 31 | 09/08/99 Letters of Termination from Favco Holdings and Favco USA | | |

Page 5 of 6

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 116 of 132

| 32 | Transcript of Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
|----|---|---|---|
| 33 | Transcript of Oral Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 34 | Transcript of Oral Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 35 | Transcript of Oral Deposition of Greta Sullivan (08/17/00) with Exhibits; (to be used to the extent necessary to respond to her live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of her trial testimony) | | |
| 36 | Organizational Chart (color) | | |

**Page 6 of 6**

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 117 of 132

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | **SECOND AMENDED<br>EXHIBIT LIST** |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding                    Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | 09/03/97 CERTIFICATE OF INCORPORATION of FFC USA | | |
| 2 | 09/04/97 MINUTES of Organizational Meeting of Directors of FFC USA | | |
| 3 | FCC 28 ton BROCHURE;<br>(EXHIBIT 12 to Davis Deposition) | | |
| 4 | FFC 38 ton BROCHURE;<br>(EXHIBIT 13 to Davis Deposition) | | |
| 5 | FFC 50 ton BROCHURE;<br>(EXHIBIT 14 to Davis Deposition) | | |
| 6 | FFC 9 ton Brochure;<br>(EXHIBIT 11 to Davis Deposition) | | |
| 7 | 11/22/97 Executed CONFIDENTIALITY AGREEMENT between FFC USA,<br>FFC Malaysia and ECCON Engineering referenced in #8 above for engineering<br>services<br>(EXHIBIT 4 to Davis Deposition) | | |
| 8 | 02/03/98 ENGINEERING CONSULTING AGREEMENT Rev. 3, between Keith<br>Orgeron and FFC USA for engineering services;<br>(EXHBIT 9 to Davis Deposition) | | |
| 9 | Keith Orgeron/Integra BILLS | | |
| 9A | 12/01/1997-02/28/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9B | 02/16/98 STATUS REPORT LETTER #01 from Integra Engineering to<br>Daniel Davis, FFC USA | | |

**Page 1 of 6**

CSitPDF – www.fastio.com

| 9C | 02/16/98 Letter from Keith Orgeron, Integra, to FFC USA attn:Daniel E. Davis, President, re: Status Report #01 | | |
|----|----|----|----|
| 9D | • 03/02/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0201)<br>• 03/02/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0201 | | |
| 9E | • 04/06/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0202)<br>• 04/06/98  Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0202<br>• 03/30/98-04/04/98   Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9F | 03/01/98-03/29/98 Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9G | 04/05/98-04/10/98 Integra Engineering Expense Reprot re: FFC USA's Project(s) | | |
| 9H | • 05/05/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (398-IE-0203)<br>• 05/05/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0203<br>• Notes and Memos made in April 1998 | | |
| 9I | 05/18/98 Fax from Keith Orgeron, Integra, to Mr. D.E. Davis Manhour Status Report to May 17, 1998 | | |
| 9J | • 06/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0204)<br>• 06/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0204<br>• Manhour Status Report, June 1998<br>• FFC USA check dated 07/21/98 payable to Integra Engineering for $10,624.00. | | |
| 9K | 04/11/98-06/10/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9L | 06/24/98 FAX from Keith Orgeron, Integra to Danny Davis with invoice | | |
| 9M | • 07/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0205)<br>• 07/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0205<br>• Manhour Status Report, June 1998 | | |
| 9N | • 08/08/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0206)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206<br>• Manhour Status Report, July 1998<br>• FFC USA Check dated 09/17/98 payable to Integra Engineering for $5,793.75.<br>• 08/08/98 Invoice from Keith Orgeron, Integra to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206 | | |

Page 2 of 6

| 9O | • 09/13/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0207)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0207<br>• FFC USA Check dated 10/07/98 payable to Integra Engineering for $5,437.50. | | |
| 9P | • 10/10/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0208)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0208 | | |
| 9Q | • 11/09/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0209)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0209 | | |
| 9R | • 12/04/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0210)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0210<br>• FFC USA Check dated 01/06/99 payable to Integra Engineering for $13,725.00 | | |
| 9S | • 02/14/99  Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0213-A and #99-IE-0213-B)<br>• Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0213-A<br>• 02/14/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice # 99-IE-0213-B | | |
| 9T | • 04/07/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0215-A and #99-IE-0215-B)<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-A.<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-B | | |
| 9U | 02/27/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Engineering Copiers, Scanners & Plotters | | |
| 10 | 05/29/98 LETTER from Jim Rusk, J.A. Rusk Engineering, Kansas City, Missouri to Daniel Davis, FFC USA, re: Schedule for 28 Ton and 38 Ton units engineering services for FFC USA | | |
| 11 | 06/03/98 FAX from J.A. Rusk Engineering to Danny Davis, FFC USA with attached Description of Services Rendered for FFC USA, (EXHIBIT 26 to Davis Deposition) | | |
| 12 | 08/16/98 INVOICE from J.A. Rusk Engineering to FFC USA | | |
| 13 | 05/16/99 FAX from Jim Rusk to Danny Davis, re: Budgetary estimates with attached estimated numbers for the 50 and 75 ton engineering services for FFC USA | | |
| 14 | 11/23/99 ACCOUNT RECONCILIATION–J.A. Rusk Account, FFC USA | | |

**Page 3 of 6**

| | | | |
|---|---|---|---|
| 15 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 1, Cranes Utilizing Standard Hydraulic Excavator Main Frames, among CAT, FFC USA and FFC Malaysia; (EXHIBIT 5 to Davis Deposition) | | |
| 16 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 2, Cranes Utilizing Custom Main Frames, among CAT, FFC USA and FFC Malaysia; (EXHIBIT 6 to Davis Deposition) | | |
| 17 | 03/29/99 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 3, Cranes Utilizing Telehandler Powermodules between CAT and FFC USA; (EXHIBIT 7 to Davis Deposition) | | |
| 18 | 02/25/98 AGREEMENT: Proprietary Information Agreement issued by FFC USA and accepted by Bill Young, Victoria Machine & Fab. Co. | | |
| 19 | 08/01/98 FFC USA Employee Handbook | | |
| 20 | 06/14/99 LETTER from Daniel Davis, FFC USA to GAR International, re:Product literature on FFC-9 ton, FFC-28, FFC-38 and FFC-50 | | |
| 21 | 05/21/99 DISTRIBUTION AGREEMENT between FFC USA and Mustang Tractor and Equipment Company (Dealer) | | |
| 22 | All FFC USA PURCHASE ORDERS to Caterpillar | | |
| 22A | 09/08/98 Purchase Order #CFF1234 by FFC USA to Caterpillar<br>    09/08/99  FFC USA Purchase Order-Production  #CFF 1234 | | |
| 22B | 09/19/98 Purchase Order #CFF1261 by FFC USA to Caterpillar<br>    09/19/98  FFC USA Purchase Order-Production # CFF 1261 | | |
| 22C | 12/07/98 Purchase Order #CFF1370 by FFC USA to Caterpillar<br>    12/07/98  FFC USA Purchase Request Requisition #1370 | | |
| 22D | 12/07/98 Purchase Order #CFF1371 by FFC USA to Caterpillar<br>    12/07/98  FFC USA Purchase Request Requisition #1743 | | |
| 22E | 02/06/99 Purchase Order #CFF1441 by FFC USA to Caterpillar<br>    02/06/99  FFC USA Purchase Request Requisition #0250 | | |
| 22F | 02/06/99 Purchase Order #CFF 1442 by FFC USA to Caterpillar<br>    02/06/99  FFC USA Purchase Request Requisition #0859 | | |
| 22G | 02/06/99 Purchase Order #CFF1443 by FFC USA to Caterpillar<br>    02/06/99  FFC USA Purchase Request Requisition #0871 | | |
| 22H | 02/07/99 Purchase Order #CFF7058 by FFC USA to Caterpillar<br>    02/07/99  FFC USA Purchase Request Requisition #0876 | | |
| 22I | 02/07/99 Purchase Order #CFF7059 by FFC USA to Caterpillar<br>    02/07/99  FFC USA Purchase Request Requisition #0879 | | |
| 22J | 02/07/99 Purchase Order #CFF7065 by FFC USA to Caterpillar<br>    02/07/99  FFC USA Purchase Request Requisition #0880 | | |

| 22K | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1325 | | |
|---|---|---|---|
| 22L | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1325 | | |
| 22M | 03/16/99 Purchase Order #CFF7173 by FFC USA to Caterpillar<br>03/09/99   FFC USA Purchase Request Requisition #1324 | | |
| 22N | 05/01/99 Purchase Order #CFF7057 by FFC USA to Caterpillar<br>02/04/99   FFC USA Purchase Request Requisition #1742 | | |
| 22O | 05/01/99 Purchase Order #CFF-80031 by FFC USA to Caterpillar<br>03/28/98   FFC USA Purchase Order-Production #CFF-80031<br>06/02/98   FFC USA Purchase Order-Production #SFF-80301 | | |
| 22P | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1739 | | |
| 22Q | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1739 with attachment | | |
| 22R | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1740 | | |
| 22S | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1740 | | |
| 22T | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1738 | | |
| 22U | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99   FFC USA Purchase Request Requisition #1738 | | |
| 23 | 06/99 STRAIN GAUGE TESTING of FFC 38 ton Mobile Crane by Stress Engineering | | |
| 24 | 06/99 STRAIN GAUGE TESTING of FFC 28 ton Mobile Crane by Stress Engineering | | |
| 25 | 06/07/99 CHECK 1981, FFC USA payable to Davisco, Inc. for $10,560 | | |
| 26 | 06/24/99 CHECK 2072 FFC USA payable to Davisco Inc. for $10,560 | | |
| 27 | 07/12/99 CHECK 2107 FFC USA payable to DavisCo Inc. for $13,200 | | |
| 28 | Caterpillar BROCHURES | | |
| 29 | PICTURES of FFC and Caterpillar cranes, assembly area at FFC Harlingen | | |
| 30 | 08/17/99 FAX from Mac Ngan Boon to Danny Davis, re: Caterpillar Purchase Order | | |
| 31 | 09/08/99 Letters of Termination from Favco Holdings and Favco USA | | |

**Page 5 of 6**

| 32 | Transcript of Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
|----|---|---|---|
| 33 | Transcript of Oral Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 34 | Transcript of Oral Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 35 | Transcript of Oral Deposition of Greta Sullivan (08/17/00) with Exhibits; (to be used to the extent necessary to respond to her live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of her trial testimony) | | |
| 36 | Organizational Chart (color) | | |

**Page 6 of 6**

| UNITED STATES DISTRICT COURT | ☆ | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| DANIEL E. DAVIS<br>versus<br>FAVELLE FAVCO CRANES USA, INC.<br>and FAVELLE FAVCO CRANES (M) SDN<br>BHD | Case No. B-00-003 |
|---|---|
| | **SECOND AMENDED<br>EXHIBIT LIST** |
| Judge Hilda G. Tagle | Case Manager: Letty Garza<br>Court Reporter: Breck Record |
| List of Defendants | Proceeding                 Date |

| No. | Description | Adm | Exd |
|---|---|---|---|
| 1 | 09/03/97 CERTIFICATE OF INCORPORATION of FFC USA | | |
| 2 | 09/04/97 MINUTES of Organizational Meeting of Directors of FFC USA | | |
| 3 | FCC 28 ton BROCHURE;<br>(EXHIBIT 12 to Davis Deposition) | | |
| 4 | FFC 38 ton BROCHURE;<br>(EXHIBIT 13 to Davis Deposition) | | |
| 5 | FFC 50 ton BROCHURE;<br>(EXHIBIT 14 to Davis Deposition) | | |
| 6 | FFC 9 ton Brochure;<br>(EXHIBIT 11 to Davis Deposition) | | |
| 7 | 11/22/97 Executed CONFIDENTIALITY AGREEMENT between FFC USA,<br>FFC Malaysia and ECCON Engineering referenced in #8 above for engineering<br>services<br>(EXHIBIT 4 to Davis Deposition) | | |
| 8 | 02/03/98 ENGINEERING CONSULTING AGREEMENT Rev. 3, between Keith<br>Orgeron and FFC USA for engineering services;<br>(EXHBIT 9 to Davis Deposition) | | |
| 9 | Keith Orgeron/Integra BILLS | | |
| 9A | 12/01/1997-02/28/98Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9B | 02/16/98 STATUS REPORT LETTER #01 from Integra Engineering to<br>Daniel Davis, FFC USA | | ✓ |

**Page 1 of 6**

CutePDF - www.fenito.com

| | | | |
|---|---|---|---|
| 9C | 02/16/98 Letter from Keith Orgeron, Integra, to FFC USA attn:Daniel E. Davis, President, re: Status Report #01 | | |
| 9D | • 03/02/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0201)<br>• 03/02/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0201 | | |
| 9E | • 04/06/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0202)<br>• 04/06/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0202<br>• 03/30/98-04/04/98  Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9F | 03/01/98-03/29/98 Integra Engineering Expense Report re: FFC USA's Project(s) | | |
| 9G | 04/05/98-04/10/98 Integra Engineering Expense Reprot re: FFC USA's Project(s) | | |
| 9H | • 05/05/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (398-IE-0203)<br>• 05/05/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0203<br>• Notes and Memos made in April 1998 | | |
| 9I | 05/18/98 Fax from Keith Orgeron, Integra, to Mr. D.E. Davis Manhour Status Report to May 17, 1998 | | |
| 9J | • 06/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0204)<br>• 06/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0204<br>• Manhour Status Report, June 1998<br>• FFC USA check dated 07/21/98 payable to Integra Engineering for $10,624.00. | | |
| 9K | 04/11/98-06/10/98 Integra Engineering Expense Report re: FFC USA Project(s) | | |
| 9L | 06/24/98 FAX from Keith Orgeron, Integra to Danny Davis with invoice | | |
| 9M | • 07/09/98 Letter from Keith Orgeron, Integra, to FFC USA attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0205)<br>• 07/09/98 Invoice from Keith Orgeron, Integra, to FFC USA attn: Purchasing re: Invoice #98-IE-0205<br>• Manhour Status Report, June 1998 | | |
| 9N | • 08/08/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0206)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206<br>• Manhour Status Report, July 1998<br>• FFC USA Check dated 09/17/98 payable to Integra Engineering for $5,793.75.<br>• 08/08/98 Invoice from Keith Orgeron, Integra to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0206 | | |

**Page 2 of 6**

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 125 of 132

| 9O | • 09/13/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0207)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0207<br>• FFC USA Check dated 10/07/98 payable to Integra Engineering for $5,437.50. | | |
| 9P | • 10/10/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0208)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0208 | | |
| 9Q | • 11/09/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0209)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0209 | | |
| 9R | • 12/04/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#98-IE-0210)<br>• 08/08/98 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #98-IE-0210<br>• FFC USA Check dated 01/06/99 payable to Integra Engineering for $13,725.00 | | |
| 9S | • 02/14/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0213-A and #99-IE-0213-B)<br>• Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0213-A<br>• 02/14/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice # 99-IE-0213-B | | |
| 9T | • 04/07/99 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Status Report for Invoice (#99-IE-0215-A and #99-IE-0215-B)<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-A.<br>• 04/07/99 Invoice from Keith Orgeron, Integra, to FFC USA, attn: Accounts Payable re: Invoice #99-IE-0215-B | | |
| 9U | 02/27/98 Letter from Keith Orgeron, Integra, to FFC USA, attn: Daniel E. Davis, President, re: Engineering Copiers, Scanners & Plotters | | |
| 10 | 05/29/98 LETTER from Jim Rusk, J.A. Rusk Engineering, Kansas City, Missouri to Daniel Davis, FFC USA, re: Schedule for 28 Ton and 38 Ton units engineering services for FFC USA | | |
| 11 | 06/03/98 FAX from J.A. Rusk Engineering to Danny Davis, FFC USA with attached Description of Services Rendered for FFC USA,<br>(EXHIBIT 26 to Davis Deposition) | | |
| 12 | 08/16/98 INVOICE from J.A. Rusk Engineering to FFC USA | | |
| 13 | 05/16/99 FAX from Jim Rusk to Danny Davis, re: Budgetary estimates with attached estimated numbers for the 50 and 75 ton engineering services for FFC USA | | |
| 14 | 11/23/99 ACCOUNT RECONCILIATION–J.A. Rusk Account, FFC USA | | |

**Page 3 of 6**

Case 1:00-cv-00003 Document 96 Filed in TXSD on 07/20/2001 Page 126 of 132

| 15 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 1, Cranes Utilizing Standard Hydraulic Excavator Main Frames. among CAT, FFC USA and FFC Malaysia; (EXHIBIT 5 to Davis Deposition) | | |
|----|---|---|---|
| 16 | 08/21/98 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 2, Cranes Utilizing Custom Main Frames, among CAT, FFC USA and FFC Malaysia; (EXHIBIT 6 to Davis Deposition) | | |
| 17 | 03/29/99 Executed DESIGN OWNERSHIP/RESPONSIBILITY AGREEMENT 3, Cranes Utilizing Telehandler Powermodules between CAT and FFC USA; (EXHIBIT 7 to Davis Deposition) | | |
| 18 | 02/25/98 AGREEMENT: Proprietary Information Agreement issued by FFC USA and accepted by Bill Young, Victoria Machine & Fab. Co. | | |
| 19 | 08/01/98 FFC USA Employee Handbook | | |
| 20 | 06/14/99 LETTER from Daniel Davis, FFC USA to GAR International, re:Product literature on FFC-9 ton, FFC-28, FFC-38 and FFC-50 | | |
| 21 | 05/21/99 DISTRIBUTION AGREEMENT between FFC USA and Mustang Tractor and Equipment Company (Dealer) | | |
| 22 | All FFC USA PURCHASE ORDERS to Caterpillar | | |
| 22A | 09/08/98 Purchase Order #CFF1234 by FFC USA to Caterpillar<br>09/08/99 FFC USA Purchase Order-Production #CFF 1234 | | |
| 22B | 09/19/98 Purchase Order #CFF1261 by FFC USA to Caterpillar<br>09/19/98 FFC USA Purchase Order-Production # CFF 1261 | | |
| 22C | 12/07/98 Purchase Order #CFF1370 by FFC USA to Caterpillar<br>12/07/98 FFC USA Purchase Request Requisition #1370 | | |
| 22D | 12/07/98 Purchase Order #CFF1371 by FFC USA to Caterpillar<br>12/07/98 FFC USA Purchase Request Requisition #1743 | | |
| 22E | 02/06/99 Purchase Order #CFF1441 by FFC USA to Caterpillar<br>02/06/99 FFC USA Purchase Request Requisition #0250 | | |
| 22F | 02/06/99 Purchase Order #CFF 1442 by FFC USA to Caterpillar<br>02/06/99 FFC USA Purchase Request Requisition #0859 | | |
| 22G | 02/06/99 Purchase Order #CFF1443 by FFC USA to Caterpillar<br>02/06/99 FFC USA Purchase Request Requisition #0871 | | |
| 22H | 02/07/99 Purchase Order #CFF7058 by FFC USA to Caterpillar<br>02/07/99 FFC USA Purchase Request Requisition #0876 | | |
| 22I | 02/07/99 Purchase Order #CFF7059 by FFC USA to Caterpillar<br>02/07/99 FFC USA Purchase Request Requisition #0879 | | |
| 22J | 02/07/99 Purchase Order #CFF7065 by FFC USA to Caterpillar<br>02/07/99 FFC USA Purchase Request Requisition #0880 | | |

**Page 4 of 6**

CStoPDF - www.fastio.com

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 127 of 132

| 22K | 03/09/99 Purchase Order #CFF7174 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1325 |  |  |
| 22L | 03/09/99 Purchase Order #CF7174 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1325 |  |  |
| 22M | 03/16/99 Purchase Order #CFF7173 by FFC USA to Caterpillar<br>03/09/99  FFC USA Purchase Request Requisition #1324 |  |  |
| 22N | 05/01/99 Purchase Order #CFF7057 by FFC USA to Caterpillar<br>02/04/99  FFC USA Purchase Request Requisition #1742 |  |  |
| 22O | 05/01/99 Purchase Order #CFF-80031 by FFC USA to Caterpillar<br>03/28/98  FFC USA Purchase Order-Production #CFF-80031<br>06/02/98  FFC USA Purchase Order-Production #SFF-80301 |  |  |
| 22P | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1739 |  |  |
| 22Q | 06/07/99 Purchase Order #CFF7226 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1739 with attachment |  |  |
| 22R | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1740 |  |  |
| 22S | 06/11/99 Purchase Order #CFF7224 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1740 |  |  |
| 22T | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1738 |  |  |
| 22U | 06/11/99 Purchase Order #CFF7225 by FFC USA to Caterpillar<br>05/10/99  FFC USA Purchase Request Requisition #1738 |  |  |
| 23 | 06/99 STRAIN GAUGE TESTING of FFC 38 ton Mobile Crane by Stress Engineering |  |  |
| 24 | 06/99 STRAIN GAUGE TESTING of FFC 28 ton Mobile Crane by Stress Engineering |  |  |
| 25 | 06/07/99 CHECK 1981, FFC USA payable to Davisco, Inc. for $10,560 |  |  |
| 26 | 06/24/99 CHECK 2072 FFC USA payable to Davisco Inc. for $10,560 |  |  |
| 27 | 07/12/99 CHECK 2107 FFC USA payable to DavisCo Inc. for $13,200 |  |  |
| 28 | Caterpillar BROCHURES |  |  |
| 29 | PICTURES of FFC and Caterpillar cranes, assembly area at FFC Harlingen |  |  |
| 30 | 08/17/99 FAX from Mac Ngan Boon to Danny Davis, re: Caterpillar Purchase Order |  |  |
| 31 | 09/08/99 Letters of Termination from Favco Holdings and Favco USA |  |  |

**Page 5 of 6**

Case 1:00-cv-00003  Document 96  Filed in TXSD on 07/20/2001  Page 128 of 132

| 32 | Transcript of Oral Deposition of Loren G. Helmreich (09/01/00) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 33 | Transcript of Oral Deposition of Daniel E. Davis (05/11/00) (Volume I) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 34 | Transcript of Oral Deposition of Daniel E. Davis (05/12/00) (Volume II) with Exhibits; (to be used to the extent necessary to respond to his live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of his trial testimony) | | |
| 35 | Transcript of Oral Deposition of Greta Sullivan (08/17/00) with Exhibits; (to be used to the extent necessary to respond to her live testimony; Defendants cannot designate pages of deposition to be used because Defendants do not know at this time the substance of her trial testimony) | | |
| 36 | Organizational Chart (color) | | |

**Page 6 of 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES, U.S.A. INC., | § | |
| FAVELLE FAVCO CRANES (M) SDN | § | |
| BHD, | § | |

### CHARGE OF THE COURT

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 129 of 132

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 130 of 132

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

"The 252 patent" means U.S. patent number 6003252.
"Favco USA" means Favelle Favco Cranes USA, Inc.
"Favco Malaysia" means Favelle Favco Cranes (M) SDN.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from the evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

-2-

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 131 of 132

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

CVisPDF - www.fineiw.com

Case 1:00-cv-00003   Document 96   Filed in TXSD on 07/20/2001   Page 132 of 132

[need to condition issue on affirmative finding of fraud]

<u>Question</u> ____
Has Daniel Davis waived his claim in connection with the alleged fraud?

> <u>Instruction in regard to Question</u> ____: Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming the right. If a defrauded party reaffirms an agreement based on fraud with full knowledge of the facts, the party waives the right to sue for damages based on the fraud of which the party had knowledge. Waiver may be implied from conduct inconsistent with the intention to rescind the contract or to recover damages. Additionally, a party's delay in asserting rights after discovering fraud may constitute a waiver.

<u>Question</u> ____
Did Daniel Davis ratify the employment contract after obtaining knowledge of the fraud?

> <u>Instruction in regard to Question</u> ____: Ratification may be implied from conduct inconsistent with the intention to rescind the contract or to recover damages. Conduct by which a party recognizes the contract as binding, such as by the continuing to accept benefits under the contract or by entering into a new agreement under which the rights of the parties are adjusted after becoming aware of the fraud may constitute ratification.