U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

01 JUL 23 AM 10: 43

MICHAEL N. MILBY, CLERK

United States District Court
Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| DANIEL E. DAVIS, et al, <br> plaintiffs | § § § | |
| v. | § | Civil Action No. B-00-003 |
| | § | |
| FAVELLE FAVCO CRANES USA, INC., et al., <br> defendants | § § § § | |

**Defendant FFC Parties' Response to
Plaintiffs' Motion to Remand**

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA" or "Favco USA"), Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia"), and Favelle Favco Holdings SDN BHD ("FFC Holdings") (collectively "FFC Parties") file this response to the Motion to Remand filed by Daniel E. Davis, Davisco, Inc., and Coburn International, Ltd. (collectively, "Davis Parties"), and would show:

1. *This case was removed based on federal question jurisdiction.* The plaintiffs' claims involved a federal question, giving this court jurisdiction. The federal courts may exercise supplemental jurisdiction over state law matters that are related to a federal claim which arises under federal law. 28 U.S.C. § 1367.

2. *Federal issues still pending.* The Davis Parties' motion to remand is predicated on the alleged absence of any federal question. However, the Davis Parties have filed a request for interlocutory appeal of this court's summary judgment order. Additionally, the Davis Parties filed an additional motion for reconsideration of that order.

The federal issues have not been abandoned or dismissed by the Davis Parties and remain pending as a part of the case.

3. *The elimination of federal claims does not require remand.* Davis' argument that this court has lost jurisdiction is incorrect. At most, the determination of the federal question could give rise to *discretion* to remand. 28 U.S.C. § 1367(c); 28 U.S.C. § 1441(c). *See generally Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350-51, 108 S.Ct. 614, 619, 98 L.Ed2d 720 (1988). In this case, however, considerations of judicial economy, convenience, fairness, and comity support this court's continued jurisdiction over this matter.

4. *Remand would constitute an abuse of discretion.* This case is set for final pretrial and trial in August, approximately 30 days away. The court has devoted substantial time to this matter and has ruled on the primary issues in the suit. The summary judgment record alone includes thousands of pages of pleadings, briefing, deposition testimony, and other evidence. The FFC Parties believe that application of the court's judgment – something which this court is in the best position to do – will result in the elimination of the remainder of the claims. In any event, the status of the case and the knowledge gained by this court in connection with the matters previously resolved mean that judicial economy is best served by the retention of jurisdiction. Indeed, under these circumstances failure to exercise jurisdiction would be an abuse of discretion. In *Batiste v. Island Records, Inc.,* 179 F.3d 217, 226-27 (5th Cir. 1999), for example, the court found that the district court abused its discretion in failing to exercise supplemental jurisdiction after it disposed of federal question claims on summary judgment, where the remaining state claims did not involve novel issues of state law, the case had been pending in federal for a substantial

2

period of time, and trial was scheduled. *See also Newport Limited v. Sears, Roebuck & Co.,* 941 F.2d 302, 301 (5th Cir. 1991) (trial court abused its discretion in failing to exercise supplemental jurisdiction where case file was extensive, trial court had devoted substantial time to the matter, and trial was imminent), *cert. denied,* 502 U.S. 1096 (1992).

    5.    *The case before the court satisfies all criteria of Batiste and Newport Limited:*

        a.    the remaining claims do not involve novel issues of state law;

        b.    the case has been pending in this court for a substantial period of time;

        c.    the trial court has devoted a very substantial amount of time to the matter, including a comprehensive review of the entire factual record and extensive research and briefing;

        d.    the final pretrial is scheduled for August 6, 2001, with trial on the merits later that month, approximately 30 days away;

        e.    the Davis Parties themselves moved for a trial setting in this court on the remaining issues, got what they requested, and now want to remand those issues to state court and start over;

        f.    at the Status Conference on July 6, 2001, Davis' attorney made no mention of remand and obtained the trial setting he wanted.

It is obvious that what the Davis Parties now want is to start over in state court and attempt to reopen discovery and re-litigate issues already decided (several times) by this court. In order to rule on the remaining issues, knowledge of the facts and law already developed in this court is necessary. The state court would have to start over. Inasmuch as this case can be tried long before the state court can do anything, one has to be

3

suspicious of Davis' motives for the sudden reversal from demanding trial in federal court to requesting a remand to state court.

6.  *Davis Parties have waived remand.*  Remand can be waived.  *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990); *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir. 1981).  Subsequent to the court's determination of the patent infringement issues, the Davis Parties requested (and received) a trial setting. (Additionally, the Davis Parties previously have filed numerous motions with this court).  The Davis Parties thus have invoked the jurisdiction of the court, and have waived any remand.

7.  The present posture of the case is this: the Davis Parties made a motion demanding a trial setting and accused the FFC Parties' attorneys of delaying the case for personal gain; the Davis Parties got the trial setting they wanted at a status conference held for that purpose and never mentioned remand; then the Davis Parties filed a motion to remand because the federal questions have been decided by the Court; then filed another motion to reconsider and an application for expedited appeal.  Not only is the Davis Parties' motion to remand disingenuous but technically the federal questions are still pending.

Wherefore, premises considered, the FFC Parties request that the motion to remand be denied.  The FFC Parties request such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted,

*[signature]*

Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for FFC Parties

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200
(956) 498-8580 (phone)

## Certificate of Service

I certify that on July 23, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
| --- | --- | --- |
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | hand delivery |

*Gary Gurwitz*