*98*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 2 4 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DANIEL E. DAVIS** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-003** |
| | § | |
| **FAVELLE FAVCO CRANES** | § | |
| **USA, INC., and  FAVELLE CRANES** | § | |
| **(M) SDN BHD** | § | |

| | | |
|---|---|---|
| **FAVELLE FAVCO CRANES USA, INC.** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **DANIEL E. DAVIS, DAVISCO INC. and** | § | |
| **COBURN INTERNATIONAL, LTD.** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-184** |
| | § | |
| **FAVELLE FAVCO CRANES USA, INC.,** | § | |
| **FAVELLE FAVCO CRANES (M) SDN BHD,** | § | |
| **and FAVELLE FAVCO HOLDINGS SDN BHD** | § | |

<u>**PLAINTIFFS' REPLY TO DEFENDANT FFC PARTIES' RESPONSE TO
PLAINTIFFS' MOTION TO REMAND**</u>

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS:**

COME NOW, **DANIEL E. DAVIS, ET. AL.**, Plaintiffs in the above-styled and numbered

civil action, and file this their **Reply to Defendant FFC Parties' Response to Plaintiffs' Motion**

**to Remand,**  and further request this Honorable Court to remand either the entire case or the

remaining claims in this case, because this Honorable Court has either lost jurisdiction or never had

jurisdiction or it would be an abuse of discretion to exercise jurisdiction when only state law claims

exist.

1

# I.

## SUMMARY

1.01    This Honorable Court never had jurisdiction because no federal claim was ever alleged by Davis. **[Dkt No. 5, Motion to Remand, 2/2/00]**. If this Honorable Court ever did have jurisdiction, it was lost when this court decided, in favor of FFC, the state law claim of patent ownership.  This Honorable Court has never acted on a federal claim, and none remains in this case.    The reason there is no federal claim pending is because the patent infringement claim is now moot by the Court ruling that the patent is owned by Defendant **FAVELLE FAVCO USA, INC.**.  Remand is appropriate under either 28 U.S.C. § 1441(c) or under 28 U.S.C. § 1367, or both.  Not to remand requires this court to step clearly outside the "general rule" to decline to exercise jurisdiction over the pendent state law claims when the federal claim is eliminated prior to trial. *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989); *McClelland v. Gronwaldt,* 155 F.3d 507, 519 (5th Cir. 1998). Further, if this court's remand order is pursuant to, and specifying, the grounds listed in § 1447(c), the order cannot be reviewed or appealed. *Thermatron Products, Inc. v. Hermansdorfer,* 423 U.S. 336 (1976).

# II.

## REMAND OF THE ENTIRE CASE IS APPROPRIATE UNDER § 1441(c)

2.01    This Honorable Court's jurisdiction was derived from a § 1441 removal.  When an action is brought to federal court through the § 1441 mechanism, "for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the

CSMPDF - www.fesvto.com

petition for removal is filed and the case seeks entry into the federal system." 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 255-60. See *Gully v. First Nat'l Bank*, 299 U.S. 109, 81 L. Ed. 70, 57 S. Ct. 96 (1936). Removal jurisdiction must be disclosed on the face of the plaintiff's complaint. *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281, 62 L. Ed. 713, 38 S. Ct. 237 (1918) ("It is also settled that a case, arising under the laws of the United States, nonremovable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant [or instructions of a court] ..., but that such conversion can only be accomplished by the voluntary amendment of his pleading by the plaintiff...."). Davis denied ever alleging patent infringement **[Dkt. No. 5, Motion to Remand],** but this court determined that he had unknowingly alleged patent infringement and asserted jurisdiction and, further, INSTRUCTED Plaintiff Davis to file a complaint detailing all its claims. **[Dkt. No. 8].** Pursuant to this Honorable Court's order, Plaintiffs deleted all  state law claims because a pending state court litigation addressed the state law claims, and asserted a single claim of patent infringement to avoid  res judicata.  The pending state court litigation was also removed from the 197th Judicial District Court of Cameron County, Texas and consolidated with this case.

2.02    Now that this Honorable Court has determined that no Federal claim was required to be acted on, and none remains, this court is rightfully reevaluating its jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) ("It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings."). The Fifth Circuit has held that the new § 1441(c) permits courts to remand an entire action, or distinct claims, both state and federal, if state law predominates. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100 (5th Cir. 1996). (and cases cited therein); *See also*, 14A Wright, Miller & Cooper, Federal Practice

and Procedure: Jurisdiction 2d § 3724 (Supp. 1997) (and cases cited therein).

2.03    Every cause of action by every party that has been acted upon, or that is pending, are exclusively state law claims. There can be no "pendent" law claims because every claim in this case is a state law claim. Thus, under § 1441(c), it is appropriate to remand this <u>entire action</u> to state court, the pending state causes of action as well as the pending motion to reconsider. In doing so, this court will send only state claims to a state court which the law requires. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-328 (5th Cir. 1998) (Where the court remanded a Federal claim along with the state law claims.).

2.04    Thus, under § 1441(c), it is appropriate to remand this entire action to state court, and remand of the entire case is requested by Plaintiffs.

2.05    Further, this Honorable Court's remand order made pursuant to, and specifying, the grounds listed in § 1447(c) cannot be reviewed or appealed by a Federal court or state court. *Thermatron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).

### III.

### SUPPLEMENTAL JURISDICTION CONSIDERATIONS REQUIRE REMAND

3.01    In the Fifth Circuit, the general rule is to decline the exercise of supplemental jurisdiction when all federal claims are dismissed or eliminated prior to trial. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

3.02    However, 28 U.S.C. § 1367(a) provides that: "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

4

CutePDF - www.tevio.com

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Even when claims are so related to claims within the original jurisdiction that they form part of the same case or controversy, federal district courts are not required to entertain them. Thus, 28 U.S.C. § 1367(c) expressly provides that district courts can decline to exercise supplemental jurisdiction under any one or more of the following circumstances:

(1) The claim raises a novel or complex issue of state law;

(2) The claim substantially predominates over the claim or claims over which the court has original jurisdiction;

(3) The court has dismissed all claims or which it had original jurisdiction; or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

3.03    In a case analyzing the primary case relied upon by Defendants FFC Parties, *Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999), the United States District Court for the Eastern District of Texas held that a proper exercise of discretion is to decline to exercise jurisdiction over breach of contract and state law tort claims. *Eddins v. Excelsior I.S.D.*, 88 F.Supp. 2d 690, 694 (E.D. Tex. 2000). In *Eddins*, the court stated:

> [I]t would be futile and a waste of judicial resources for the court to exercise supplemental jurisdiction over plaintiffs' state law action for breach of contract.
>
> The issue thus becomes whether the court should entertain plaintiffs' remaining state law tort claims. As to these, Batiste does not dictate that the court exercise its supplemental jurisdiction. First, elements of tort causes of action are different in each instance …

> After considering the Section 1376(c) factors and
> judicial economy, convenience, fairness, and comity, <u>the
> court should not exercise its supplemental jurisdiction
> because the state tort claims substantially predominate
> over the single claim over which the court has original
> jurisdiction</u>. A proper exercise of discretion is to decline
> to exercise jurisdiction over these claims. [emphasis
> added].

*Id.* Thus, the primary case relied upon by Defendants FFC Parties, when reviewed in context,

supports remand as requested by Plaintiffs.

3.04    But for this court instructing Plaintiffs to include the patent infringement claim or

lose it pursuant to res judicata, the patent infringement claim would have been dismissed without

prejudice in lieu of the appropriate state law claims. Nonetheless, a Federal claim does not now

exist, and this court has decided only state law claims. Thus, the state law claims do not just

"substantially predominate" this case but are the entire case. Remand is appropriate.

## IV.

## <u>DEFENDANTS FFC PARTIES DO NOT DISPUTE THAT</u>
## <u>THE LAW OF THIS COURT REQUIRES REMAND</u>

4.01    Defendants FFC Parties do not dispute the cases cited in Plaintiffs' Motion to Remand

holding that the law of this court requires remand. The United States District Court for the Southern

District of Texas has held that the remaining state court causes must be remanded.

> … the *first* question for the Court is always jurisdiction.
> If subject matter jurisdiction is lacking, the Court never
> reaches the merits of the controversy to determine
> whether a cognizable claim is stated; indeed, it lacks the
> power to do so. As in this case, if the lawsuit has come
> before the Court *via* removal, upon determining that
> subject matter jurisdiction is lacking, the Court's only
> recourse is remand. See 28 U.S.C. § 1447.

***American National Insurance Co. v. Travelers Casualty and Surety Co.***, 8 F. Supp. 2d 938,

939 (S.D. Tex. 1998). When this court disposes of the Federal claims, and diversity is not

complete between parties, then the action cannot be retained. It must be remanded pursuant to 28

U.S.C. § 1447(c). *Walters v. IBM*, 818 F. Supp. 1012 (S.D. Tex. 1993).

## V.

### DEFENDANTS FFC PARTIES DO NOT DISPUTE THAT WHEN JURISDICTION IS BASED SOLELY UPON A FEDERAL QUESTION, AND THE FEDERAL QUESTION CAUSE IS DISPOSED OF BY SUMMARY JUDGMENT, THE REMAINING STATE LAW CAUSES MUST BE REMANDED

5.01    Defendants FFC Parties do not dispute the cases cited in Plaintiffs' Motion to Remand holding that when jurisdiction is based solely upon a federal question, and the federal question cause is disposed of by summary judgment, the remaining state law causes must be remanded. *Rains v. Dinges*, 769 F. Supp. 353 (Kan. 1991); *American National Insurance Co. v. Travelers Casualty and Surety Co.*, 8 F. Supp. 2d 938, 939 (S.D. Tex. 1998).

## VI.

### CONCLUSION

6.01    In the present case, this Honorable Court has not acted on a federal claim, and no federal claim remains in this case. Again, the reason there is no federal claim pending is because the patent infringement claim is now moot by the Court ruling that the patent is owned by Defendant Favelle Favco USA, Inc.. Remand is appropriate under either 28 U.S.C. § 1441(c) or under 28 U.S.C. § 1367, or both. Not to remand requires this Honorable Court to step clearly outside the "general rule" to decline to exercise jurisdiction over the pendent state law claims when the federal claim is eliminated prior to trial. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989); *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998). Further, if this Honorable Court's remand order is pursuant to, and specifying, the grounds listed in § 1447(c), the order cannot be reviewed or appealed. *Thermatron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).

Respectfully Submitted,

**LAW OFFICES OF
ERNESTO GAMEZ, JR, P.C.**

777 East Harrison Street
Brownsville, Texas 78520

Telephone No.: (956) 541-3820

Facsimile  No.: (956) 541-7694

BY:

**ERNESTO GAMEZ, JR.**
State Bar No. 07606600
Federal Id. No. 8645
**ATTORNEY IN-CHARGE FOR
PLAINTIFFS
*VICTOR QUINTANILLA**
State Bar No. 00786181
Federal Id. No. 16073
**(* SIGNED WITH PERMISSION
OF ATTORNEY IN-CHARGE)**

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA,** hereby certify that on this 24th day of July, 2001 a true and

correct copy of **Plaintiffs' Reply to Defendant FFC Parties' Response to Plaintiffs' Motion to**

**Remand** was served <u>**VIA CM RRR #7099 3220 0006 2779 6818**</u> on Defendants' Attorney-in-

Charge, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.,** P.O. Drawer 3725, 818 Pecan, McAllen,

Texas 78502.

**VICTOR  QUINTANILLA**

8