/100

United States District Court
Southern District of Texas
FILED

JUL 2 5 2001

Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
Brownsville Division

DANIEL E. DAVIS, et al, §
   plaintiffs §
    §
v. §
    §
    §
FAVELLE FAVCO CRANES USA, INC., §
et al., §
   defendants §

Civil Action No. B-00-003
(B-00-184 Consolidated)

## Defendant FFC Parties' Response to Plaintiffs' Reply to Plaintiffs' Motion to Remand

Defendants Favelle Favco Cranes USA, Inc. ("FFC USA" or "Favco USA"), Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia"), and Favelle Favco Holdings SDN BHD ("FFC Holdings") (collectively "FFC Parties") file this response to the Plaintiffs' Reply to Defendant FFC Partites' Response to Plaintiffs' Motion to Remand ("Plaintiffs' Reply"), filed by Daniel E. Davis, Davisco, Inc., and Coburn International, Ltd. (collectively, "Davis Parties"), and would show:

1.   The Plaintiffs' Reply reflects a fundamental misunderstanding both of applicable law and the English language.

2.   *Patent infringement is a federal claim.* The FFC Parties' statement that "no federal claim was ever alleged by Davis," Plaintiffs' Reply at 2, is incorrect for the reasons stated in the notices of removal filed by one or more of the FFC Parties (filed January 3, 2000 and December 4, 2000), the FFC Parties' response to the Davis Parties' motion to remand (filed February 22, 2000, and January 22, 2001); and in this court's Orders denying remand (entered March 8, 2000 and January 29, 2001). The Davis Parties raise

no new issues. They do not deny that patent infringement <u>is exclusively a federal claim</u>.[1] 28 U.S.C.S. § 1338(a) (1999). The fact that determination of the patent rights issue may *de facto* have disposed of one of multiple required elements in the federal infringement claim does not mean that a federal claim was not raised by the Davis Parties' pleadings.

3. *Supplemental jurisdiction exists.* Because a federal claim was stated on the face of the Davis Parties' pleadings, removal was proper and this court had supplemental jurisdiction over related claims. 28 U.S.C. § 1367.

4. *Remand is inappropriate.* Remand is inappropriate for the reasons stated in Defendant FFC Parties' Response to Plaintiffs' Motion to Remand. Specifically: 1) the exclusively federal claims remain "pending," given the Davis Parties' potential appeal[2]; and 2) the circumstances of the case, including the imminent trial setting and the substantial time already devoted to this case by the court, mean that it would be an abuse of discretion to remand the case even if the federal claims were not still pending.[3] The Davis Parties'

---

[1] The Davis Parties' third party claim against FFC Holdings and FFC Malaysia is separate and independent from the other claims, justifying removal, in that: 1) it is based on an exclusively federal cause of action; and 2) proof of patent infringement would require proof of independent facts, i.e., that someone (a) without authority (b) makes, uses, offers to sell, sells or imports (c) the patented invention (d) during the term of the patent. 35 U.S.C.A. § 271(h); Amended Joint Pretrial Order (Jan 31, 2001) § 8(3) at 29. See *Carl Heck Engineers, Inc. v. Lafourche Parish Policy Jury*, 622 F.2d 133, 136 (5th Cir. 1980). However, determination of FFC USA's rights of ownership inferentially negates one of the several elements the Davis Parties otherwise would be required to prove.

[2] The FFC Parties do not purport to give up an appeal. Indeed, they have filed a motion to <u>expedite</u> such appeal. Presumably, therefore, in the event of remand they would attempt to have a state court determine the issue of patent infringement, as to which exclusive jurisdiction is vested with the federal courts. 28 U.S.C. § 1338(a) (1999).

[3] None of the cases cited by the Davis Parties involve a federal claim within the exclusive jurisdiction of the federal courts, nor do they involve factual circumstances similar to this case. *McLelland v. Gronwaldt*, 155 F.3d 507 (5th Cir. 1998), recognizes the court's discretion to remand in most circumstances after dismissal of federal claims. In *McLelland*, however, there existed novel questions of federal law, and no judicial economy reasons to retain the remainder of the case. *Id.* at 519. Further, no issue of appeal was involved, since the Fifth Circuit addressed the issues on certification. *Id.* at 509. Here, no novel questions of state law are alleged to exist, and both judicial economy and the imminence of the trial setting strongly favor retention of federal jurisdiction. *Wong v. Stripling*, 881 F.2d 200, 203-04 (5th Cir. 1989) and *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998), involved no fact circumstances favoring retention of federal jurisdiction. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100 (5th Cir. 1996), also recognizes the existence of the court's general discretion to remand where separate

statement that "Defendants FFC Parties do not dispute that the law of this court requires remand" (Plaintiffs' Reply at 6) is incorrect, and wholly without basis. The Defendant FFC Parties' Response to Plaintiffs' Motion to Remand emphatically denies that remand is appropriate. Further, the FFC Parties believe that their motion for summary judgment, to be filed July 27, will dispose of all remaining claims.

Wherefore, premises considered, the FFC Parties request that the motion to remand be denied. The FFC Parties request such other and further relief to which they may be entitled, at law or in equity.

Respectfully submitted,

_____
Gary Gurwitz
State Bar No. 08631000
Southern Dist. ID No. 1194
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for FFC Parties

---

and independent federal claims are joined with state law claims; in *Eastus*, however, remand of the separate and independent state claims was sought immediately after removal, *id.* at 103, and hence none of the judicial economy factors at issue here were relevant. *Eddins v. Excelsior Independent School District*, 88 F.Supp.2d 690, 693 (E.D. Tex. 2000), recognized that the court must consider factors such as judicial economy, convenience, and fairness in determining whether to exercise its discretion to remand after a dismissal of federal claims. In *Eddins*, however, the plaintiffs voluntarily terminated their primary state claim by stating that they never pursued enforcement of a contract, and the remaining state law claims had no common factual nucleus with the federal claims already determined. Here, in contrast, the various claims are independent, but they involve a number of the same underlying facts, and this court has already devoted substantial time in reviewing those facts. This case therefore is substantially different than *Eddins*. In *Walters v. International Business Machines, Inc.*, 818 F.Supp. 1012 (S.D. Tex. 1993), addresses the <u>voluntary dismissal</u> of all federal claims. No issue of appeal was raised. Further, there is no indication that the federal court there had devoted substantial time to the suit, or that trial was imminent.

The remaining authorities cited by the plaintiff simply never reach the issue of supplemental jurisdiction. *Estate of Rains v. Dinges*, 769 F.Supp. 353 (D. Kan. 1991), relates to removal under a different federal statute specifically governing the Federal Deposit Insurance Corporation, and simply does not address supplemental jurisdiction. *American National Insurance Co. v. Travelers Casualty & Surety Co.*, 8 F.Supp.2d 939 (S.D. Tex. 1998), involves a situation where federal jurisdiction never existed. Supplemental jurisdiction is not addressed.

3

Of counsel:

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Willem Schuurman
Brian K. Buss
VINSON & ELKINS, L.L.P.
2700 One American Center
600 Congress Ave.
Austin, Tx 78701-3200
(956) 498-8580 (phone)

4

## Certificate of Service

I certify that on July 25, 2001, a true and correct copy of the foregoing document was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Ernesto Gamez<br>Victor Quintanilla<br>LAW OFFICES OF ERNEST GAMEZ, P.C.<br>777 E. Harrison St.<br>Brownsville, Tx 78520 | plaintiff | |

Gary Gurwitz

5

United States District Court
Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| DANIEL E. DAVIS, et al, <br>     plaintiffs <br><br> v. <br><br> FAVELLE FAVCO CRANES USA, INC., <br> et al., <br>     defendants | § § § § § § § § | Civil Action No. B-00-003 |

## Order Denying Plaintiffs' Motion to Remand

On this date, the court considered the July 2001 Motion to Remand filed by Daniel E. Davis, DavisCo, Inc., and Coburn International, Ltd. After reviewing the motion and the arguments in regard thereto, the court is of the opinion that the motion should be, and is hereby, denied.

Signed: _____, 2001, at Brownsville, Texas.

_____
Hon. Hilda Tagle
U.S. District Judge