/01

United States District Court
Southern District of Texas
ENTERED

JUL 2 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL E. DAVIS, § § Plaintiff, § § v. § § FAVELLE FAVCO CRANES USA, INC. § and FAVELLE FAVCO CRANES (M) § SDH BHD, § § Defendants. § **AND** § § FAVELLE FAVCO CRANES USA, INC. § § Plaintiff, § § v. § § DANIEL E. DAVIS, § DAVISCO INC., and § COBURN INTERNATIONAL § § Defendants. § | CIVIL ACTION NO. B-00-003 (consolidated with No. B-00-184) |

## ORDER

BE IT REMEMBERED that on July 26, 2001, the Court considered the Davis Parties' Request for Permission to Appeal Interlocutory Orders [Dkt. No. 89], their Motion to Remand [Dkt. No. 92], the FFC Parties' Opposition [Dkt. No. 97], the Davis Parties' Reply [Dkt. No. 98], and the FFC Parties' Response. For the following reasons, the Court **DENIES** both motions.

I.   **The Request for Permission to Appeal Interlocutory Orders [Dkt. No. 89]**

In order for this Court to properly certify a matter for interlocutory appeal, there must be a controlling question of law as to which there is substantial ground for

difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

The Davis Parties state that they wish to appeal the Order granting the FFC Parties' Motion for Partial Summary Judgment and denying the Davis Parties' Cross-Motion for Partial Summary Judgment [DKT. No. 70] and the Order denying the Davis Parties' Motion for Reconsideration and Motion for Leave to Take Deposition of Dennis Sanchez and Request to Take Mr. Sanchez's Deposition in Camera [DKT. No. 88].  The Court determined two questions of law in its summary judgment Order [DKT. No. 70]: whether the statute of frauds invalidated the Shareholders' Agreement and whether Mr. Davis owed a fiduciary duty not to usurp a corporate opportunity.  However, the Davis Parties do not indicate which of these controlling questions of law may be appealable, nor do they contend that both are appealable.  They simply do not specify what the controlling question of law is that they wish to appeal, but merely refer generally to the Court's Orders.  Furthermore, the Davis Parties do not demonstrate that there is "substantial ground for difference of opinion" with respect to either of these questions of law which the Court decided and subsequently declined to reconsider in the aforementioned Orders.  The Court cannot certify a matter for an interlocutory appeal without knowing (1) which question of law is being disputed, (2) whether there is indeed a substantial ground for difference of opinion regarding that question of law, and consequently (3) how an immediate appeal may materially advance the ultimate termination of the litigation.

Therefore, the Court **DENIES** the Plaintiffs' Request for Permission to Appeal Interlocutory Orders [Dkt.No. 89].

II. **Davis Parties' Motion to Remand [Dkt. No. 92], FFC Parties' Opposition [Dkt. No. 97], Davis Parties' Reply [Dkt. No. 98], and FFC Parties' Response [Dkt. No. 100]**

The Davis Parties claim that the Court does not have subject matter jurisdiction over the remaining state law causes of action such that mandatory remand under 28

U.S.C. § 1447(c), or discretionary remand under 28 U.S.C. § 1441(c), is proper. On the other hand, the FFC Parties argue that the Court in its discretion may retain the remaining state law causes of action after the federal claims have been disposed of pursuant to 28 U.S.C. §1367(c) and the relevant factors of judicial economy, convenience, fairness, and comity.

### A.     The Law

The district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). The power of a district court to adjudicate pendent state law claims after it has disposed of the federal claims that originally invoked its jurisdiction is unquestionable.[1] See Williams v. Wilson, 939 F.Supp. 543 (W.D. Tex. 1995), citing Guidry v. Bank of LaPlace, 954 F.2d 278, 285 (5th Cir. 1992). In determining whether to retain jurisdiction over pendent state claims, a district court must balance the factors of judicial economy, convenience, fairness, and comity as set forth by the Supreme Court. See Batiste v. Island Records, Inc., 179 F.3d 217, 227, citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the general rule in the Fifth Circuit is to dismiss pendent state claims when the federal claims are dismissed, this rule is neither mandatory nor absolute. See Williams, 954 F.2d at 550, citing Parker, 972 F.2d at 585; Batiste, 179 F.3d at 227. This test is a flexible one under which a district court should conduct a fact-specific inquiry, considering the totality of circumstances of each case. See Guzzino v. Felterman, 191 F.3d 588, 594-95 (5th Cir. 1999). No one single factor is dispositive in this analysis. See Batiste, 179 F.3d at 227; Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

---

[1] What was formerly known as "pendent jurisdiction" is now included within the term "supplemental jurisdiction." See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992), citing Samaad v. City of Dallas, 940 F.2d 925, 928 n. 2 (5th Cir. 1991).

3

The case in <u>Batiste</u> had been pending in the district court for almost three years with trial scheduled to begin one month later. 179 F.3d at 227. The case had also produced more than sixteen volumes of record and numerous depositions. In addition, the district court considered multiple motions to dismiss or grant summary judgment. <u>Id.</u> at 228. The familiarity of the district court with the merits of the plaintiffs' claims also demonstrated that further proceedings in that court would prevent redundancy and conserve scarce judicial resources. <u>Id.</u> Thus, the Fifth Circuit concluded that the factors of judicial economy, convenience and fairness to the parties weighed heavily toward its conclusion that the district court abused its discretion in dismissing the remaining state law claims.

The Fifth Circuit in <u>Batiste</u> also considered the factor of comity, and found that the remaining claims did not involved any "novel or complex" issues of state law. 179 F.3d at 227, citing <u>Newport Ltd. v. Sears, Roebuck and Co.</u>, 941 F.2d 302, 307-08 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1096, 112 S.Ct. 1175, 117 L.E.d.2d 420 (1992) (in which the Fifth Circuit found that the district court abused its discretion in allowing plaintiff to voluntarily dismiss state law claims because, *inter alia*, the remaining issues "present no novel or especially unusual questions which cannot be readily and routinely resolved [in federal court]"); <u>see</u> <u>also</u> <u>Doddy</u>, 101 F.3d at 456 (where the remaining state causes of action "did not raise any novel or unsettled issues of state law, [plaintiffs'] claims could be readily decided in federal court under established Texas tort principles"). Although federal courts often are not as well equipped for state law determinations as are state courts, admittedly pedestrian questions of state law can be readily and routinely resolved in federal district court. <u>See Parker</u>, 972 F.2d at 588-89 n. 7, <u>citing</u> <u>Newport Ltd.</u>, 941 F.2d at 307-08.

**B.     A balancing of factors favors retaining the case**

In this case, the Court determined that it had original jurisdiction over the patent infringement claim arising under the patent laws, and subsequently chose to exercise supplemental jurisdiction over the pendent state-related claims pursuant to 28 U.S.C. §

4

1367(a) [Order Denying Motion to Remand, Dkt. No. 8]. Upon determination that the statute of frauds invalidated the Shareholders' Agreement and that Mr. Davis owed a fiduciary duty not to usurp a corporate opportunity, the Court's summary judgment Order essentially eliminated the federal patent infringement claim in this matter [Dkt. No. 70]. Subsequently at status conference, the Parties explicitly expressed that the remaining claims were state law causes of action for breach of employment contract and fraud in the inducement [Minutes, Dkt. No. 91].

The Court **FINDS** Batiste analogous and binding, such that an analysis of the four factors of judicial economy, convenience, fairness, and comity weighs against remand to state court. First, this case has been pending in this Court for over a year and a half, with trial scheduled to begin next month. Indeed, the Parties have already submitted their Second Amended Joint Pretrial Order [Dkt. No. 96]. Second, at last count this case has produced at least eleven volumes of record. Third, numerous depositions have been taken. Fourth, this Court has considered multiple significant and dispositive motions. Fifth, this Court has a familiarity with the merits of the Parties' claims such that further proceedings in this Court would prevent redundancy and conserve scarce judicial resources. Therefore, the factors of judicial economy, convenience and fairness to the Parties weigh heavily toward retaining this matter in this Court.

In addition, the factor of comity also militates against remand to state court. The remaining state law claims of breach of contract and fraud in the inducement do not involved any "novel or complex" issues of state law. For the breach of contract claim, the issue is whether Mr. Davis was fired with or without cause. For the fraud in the inducement claim, the issue is whether Mr. Davis was mislead as to the circumstances concerning his compensation in coming to FFC USA. These issues do not seem to be difficult or abstract, and indeed, neither the Davis Plaintiffs nor the FFC Parties indicated that these issues involved unsettled questions of state law. Thus, these claims can be readily decided in this Court under established Texas contract law principles, as pedestrian questions of state law can be readily and routinely resolved in

federal district court.

In the totality of the circumstances, all four factors militate against remand to state court; therefore, in its discretion this Court **RETAINS** jurisdiction over the remaining state law claims.

### C. Statutory and Case Law cited by the Plaintiffs are Inapplicable

The Davis Parties claim that the Court does not have subject matter jurisdiction over the remaining state law causes of action, and rely upon 28 U.S.C. § 1447(c) for mandatory remand and 28 U.S.C. § 1441(c) for discretionary remand. However, these sections govern actions at the removal stage and are inapplicable at this stage of litigation. See Correa v. The City of Bay City, 981 F.Supp. 477, 479 n. 1 (S.D. Tex. 1997). Indeed, "the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all." See Doddy, 101 F.3d at 456, citing Carnegie-Mellon University v. Cohill, 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11, 98 L.Ed.2d 720 (1988). Therefore, the Davis Parties' contention that this Court automatically lost subject matter jurisdiction over the case when the federal claims dropped out before trial is incorrect. See id., citing Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991)("[w]e have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events....").

The Davis Parties cite American National Insurance Co. v. Travelers Casualty and Surety Co., 8 F.Supp.2d 938 (S.D. Tex. 1998) for the proposition that the remaining state law claims must be remanded. However, American National is completely inapplicable because that is a case in which federal subject matter jurisdiction never existed. In this matter, however, the Court had long determined that it had subject matter jurisdiction based on federal question jurisdiction arising under the patent laws [Dkt. No. 1], over which federal district courts have exclusive jurisdiction [Dkt. No. 8]. It is not that this Court *never* had subject matter jurisdiction at the inception of the lawsuit, and subsequently adjudicated the merits despite its lack of jurisdiction. Upon removal,

6

101

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 26 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| DANIEL E. DAVIS, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. B-00-003 (consolidated with No. B-00-184) |
| FAVELLE FAVCO CRANES USA, INC. and FAVELLE FAVCO CRANES (M) SDH BHD, | § § § § § | |
| Defendants. | § § | |
| AND | § | |
| FAVELLE FAVCO CRANES USA, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| DANIEL E. DAVIS, DAVISCO INC., and COBURN INTERNATIONAL | § § § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on July 26, 2001, the Court considered the Davis Parties' Request for Permission to Appeal Interlocutory Orders [Dkt. No. 89], their Motion to Remand [Dkt. No. 92], the FFC Parties' Opposition [Dkt. No. 97], the Davis Parties' Reply [Dkt. No. 98], and the FFC Parties' Response. For the following reasons, the Court **DENIES** both motions.

I.  **The Request for Permission to Appeal Interlocutory Orders [Dkt. No. 89]**

In order for this Court to properly certify a matter for interlocutory appeal, there must be a controlling question of law as to which there is substantial ground for

difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).

The Davis Parties state that they wish to appeal the Order granting the FFC Parties' Motion for Partial Summary Judgment and denying the Davis Parties' Cross-Motion for Partial Summary Judgment [Dkt. No. 70] and the Order denying the Davis Parties' Motion for Reconsideration and Motion for Leave to Take Deposition of Dennis Sanchez and Request to Take Mr. Sanchez's Deposition in Camera [Dkt. No. 88].  The Court determined two questions of law in its summary judgment Order [Dkt. No. 70]: whether the statute of frauds invalidated the Shareholders' Agreement and whether Mr. Davis owed a fiduciary duty not to usurp a corporate opportunity.  However, the Davis Parties do not indicate which of these controlling questions of law may be appealable, nor do they contend that both are appealable.  They simply do not specify what the controlling question of law is that they wish to appeal, but merely refer generally to the Court's Orders.  Furthermore, the Davis Parties do not demonstrate that there is "substantial ground for difference of opinion" with respect to either of these questions of law which the Court decided and subsequently declined to reconsider in the aforementioned Orders.  The Court cannot certify a matter for an interlocutory appeal without knowing (1) which question of law is being disputed, (2) whether there is indeed a substantial ground for difference of opinion regarding that question of law, and consequently (3) how an immediate appeal may materially advance the ultimate termination of the litigation.

Therefore, the Court **DENIES** the Plaintiffs' Request for Permission to Appeal Interlocutory Orders [Dkt.No. 89].

II. **Davis Parties' Motion to Remand [Dkt. No. 92], FFC Parties' Opposition [Dkt. No. 97], Davis Parties' Reply [Dkt. No. 98], and FFC Parties' Response [Dkt. No. 100]**

The Davis Parties claim that the Court does not have subject matter jurisdiction over the remaining state law causes of action such that mandatory remand under 28

U.S.C. § 1447(c), or discretionary remand under 28 U.S.C. § 1441(c), is proper. On the other hand, the FFC Parties argue that the Court in its discretion may retain the remaining state law causes of action after the federal claims have been disposed of pursuant to 28 U.S.C. §1367(c) and the relevant factors of judicial economy, convenience, fairness, and comity.

### A.  The Law

The district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). The power of a district court to adjudicate pendent state law claims after it has disposed of the federal claims that originally invoked its jurisdiction is unquestionable.[1] See Williams v. Wilson, 939 F.Supp. 543 (W.D. Tex. 1995), citing Guidry v. Bank of LaPlace, 954 F.2d 278, 285 (5th Cir. 1992). In determining whether to retain jurisdiction over pendent state claims, a district court must balance the factors of judicial economy, convenience, fairness, and comity as set forth by the Supreme Court. See Batiste v. Island Records, Inc., 179 F.3d 217, 227, citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350-51, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the general rule in the Fifth Circuit is to dismiss pendent state claims when the federal claims are dismissed, this rule is neither mandatory nor absolute. See Williams, 954 F.2d at 550, citing Parker, 972 F.2d at 585; Batiste, 179 F.3d at 227. This test is a flexible one under which a district court should conduct a fact-specific inquiry, considering the totality of circumstances of each case. See Guzzino v. Felterman, 191 F.3d 588, 594-95 (5th Cir. 1999). No one single factor is dispositive in this analysis. See Batiste, 179 F.3d at 227; Doddy v. Oxy USA, Inc., 101 F.3d 448, 456 (5th Cir. 1996).

---

[1] What was formerly known as "pendent jurisdiction" is now included within the term "supplemental jurisdiction." See Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992), citing Samaad v. City of Dallas, 940 F.2d 925, 928 n. 2 (5th Cir. 1991).

3

The case in <u>Batiste</u> had been pending in the district court for almost three years with trial scheduled to begin one month later. 179 F.3d at 227. The case had also produced more than sixteen volumes of record and numerous depositions. In addition, the district court considered multiple motions to dismiss or grant summary judgment. <u>Id.</u> at 228. The familiarity of the district court with the merits of the plaintiffs' claims also demonstrated that further proceedings in that court would prevent redundancy and conserve scarce judicial resources. <u>Id.</u> Thus, the Fifth Circuit concluded that the factors of judicial economy, convenience and fairness to the parties weighed heavily toward its conclusion that the district court abused its discretion in dismissing the remaining state law claims.

The Fifth Circuit in <u>Batiste</u> also considered the factor of comity, and found that the remaining claims did not involved any "novel or complex" issues of state law. 179 F.3d at 227, citing <u>Newport Ltd. v. Sears, Roebuck and Co.</u>, 941 F.2d 302, 307-08 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1096, 112 S.Ct. 1175, 117 L.E.d.2d 420 (1992) (in which the Fifth Circuit found that the district court abused its discretion in allowing plaintiff to voluntarily dismiss state law claims because, *inter alia*, the remaining issues "present no novel or especially unusual questions which cannot be readily and routinely resolved [in federal court]"); <u>see also</u> <u>Doddy</u>, 101 F.3d at 456 (where the remaining state causes of action "did not raise any novel or unsettled issues of state law, [plaintiffs'] claims could be readily decided in federal court under established Texas tort principles"). Although federal courts often are not as well equipped for state law determinations as are state courts, admittedly pedestrian questions of state law can be readily and routinely resolved in federal district court. <u>See</u> <u>Parker</u>, 972 F.2d at 588-89 n. 7, <u>citing</u> <u>Newport Ltd.</u>, 941 F.2d at 307-08.

**B.   A balancing of factors favors retaining the case**

In this case, the Court determined that it had original jurisdiction over the patent infringement claim arising under the patent laws, and subsequently chose to exercise supplemental jurisdiction over the pendent state-related claims pursuant to 28 U.S.C. §

4

1367(a) [Order Denying Motion to Remand, Dkt. No. 8]. Upon determination that the statute of frauds invalidated the Shareholders' Agreement and that Mr. Davis owed a fiduciary duty not to usurp a corporate opportunity, the Court's summary judgment Order essentially eliminated the federal patent infringement claim in this matter [Dkt. No. 70]. Subsequently at status conference, the Parties explicitly expressed that the remaining claims were state law causes of action for breach of employment contract and fraud in the inducement [Minutes, Dkt. No. 91].

The Court **FINDS** <u>Batiste</u> analogous and binding, such that an analysis of the four factors of judicial economy, convenience, fairness, and comity weighs against remand to state court. First, this case has been pending in this Court for over a year and a half, with trial scheduled to begin next month. Indeed, the Parties have already submitted their Second Amended Joint Pretrial Order [Dkt. No. 96]. Second, at last count this case has produced at least eleven volumes of record. Third, numerous depositions have been taken. Fourth, this Court has considered multiple significant and dispositive motions. Fifth, this Court has a familiarity with the merits of the Parties' claims such that further proceedings in this Court would prevent redundancy and conserve scarce judicial resources. Therefore, the factors of judicial economy, convenience and fairness to the Parties weigh heavily toward retaining this matter in this Court.

In addition, the factor of comity also militates against remand to state court. The remaining state law claims of breach of contract and fraud in the inducement do not involved any "novel or complex" issues of state law. For the breach of contract claim, the issue is whether Mr. Davis was fired with or without cause. For the fraud in the inducement claim, the issue is whether Mr. Davis was mislead as to the circumstances concerning his compensation in coming to FFC USA. These issues do not seem to be difficult or abstract, and indeed, neither the Davis Plaintiffs nor the FFC Parties indicated that these issues involved unsettled questions of state law. Thus, these claims can be readily decided in this Court under established Texas contract law principles, as pedestrian questions of state law can be readily and routinely resolved in

federal district court.

In the totality of the circumstances, all four factors militate against remand to state court; therefore, in its discretion this Court **RETAINS** jurisdiction over the remaining state law claims.

### C.    Statutory and Case Law cited by the Plaintiffs are Inapplicable

The Davis Parties claim that the Court does not have subject matter jurisdiction over the remaining state law causes of action, and rely upon 28 U.S.C. § 1447(c) for mandatory remand and 28 U.S.C. § 1441(c) for discretionary remand.  However, these sections govern actions at the removal stage and are inapplicable at this stage of litigation.  See <u>Correa v. The City of Bay City</u>, 981 F.Supp. 477, 479 n. 1 (S.D. Tex. 1997).  Indeed, "the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all." See <u>Doddy</u>, 101 F.3d at 456, citing <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. at 355 n. 11, 108 S.Ct. at 621 n. 11, 98 L.Ed.2d 720 (1988).  Therefore, the Davis Parties' contention that this Court automatically lost subject matter jurisdiction over the case when the federal claims dropped out before trial is incorrect.  See <u>id.</u>, citing <u>Freeport-McMoRan, Inc. v. K N Energy, Inc.</u>, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991)("[w]e have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events....").

The Davis Parties cite <u>American National Insurance Co. v. Travelers Casualty and Surety Co.</u>, 8 F.Supp.2d 938 (S.D. Tex. 1998) for the proposition that the remaining state law claims must be remanded.  However, <u>American National</u> is completely inapplicable because that is a case in which federal subject matter jurisdiction never existed.  In this matter, however, the Court had long determined that it had subject matter jurisdiction based on federal question jurisdiction arising under the patent laws [Dkt. No. 1], over which federal district courts have exclusive jurisdiction [Dkt. No. 8].  It is not that this Court *never* had subject matter jurisdiction at the inception of the lawsuit, and subsequently adjudicated the merits despite its lack of jurisdiction.  Upon removal,

6

the Court found that it had subject matter jurisdiction and proceeded to address the merits of the controversy.

The Davis Parties also cite <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100 (5th Cir. 1996) as authority for the application of the above sections of the removal statute to the matter at hand. However, <u>Eastus</u> is distinguishable because it concerns a completely different factual scenario, i.e., that in which plaintiffs sought to remand immediately upon removal to federal court. Again in the case at hand, the Davis Parties have already challenged removal through a motion to remand [Dkt. No. 5] but were unsuccessful because of their assertion of the federal claim of patent infringement [Dkt. No. 8]. In addition, the Court chose to exercise supplemental jurisdiction over the state law claims pursuant to § 1367 [<u>Id.</u>]. Therefore, the removal statute does not apply and does not preclude this Court from retaining jurisdiction over the remaining state law claims.[2]

The Plaintiffs also quote <u>Eddins v. Excelsior I.S.D.</u>, 88 F.Supp.2d 690, 694 (E.D. Tex. 2000) for the proposition that <u>Batiste</u> should not control this Court's ruling. However, <u>Eddins</u> is also distinguishable because there the plaintiffs made an unequivocal assertion to the court that they have "never pursued enforcement of a contract or settlement agreement ..." 88 F.Supp.2d at 694. Therefore, the <u>Eddins</u> court determined that it would be futile and a waste of judicial resources for the court to exercise supplemental jurisdiction over the state law action for breach of contract. <u>Id.</u> The issue in <u>Eddins</u> then became whether the court should entertain the remaining state law tort claims. <u>Id.</u> In contrast, there is still a live breach of contract cause of action in this matter [Dkt. No. 91]. Even the <u>Eddins</u> court remarked that "[n]ormally

---

[2] The Plaintiffs' contention that a remand order cannot be reviewed or appealed pursuant to 28 U.S.C. § 1447(d) is also inapplicable to this instance, as this section only bars the review of remand orders issued for defects in removal procedure or lack of subject matter jurisdiction under § 1447(c), and not review of remand orders based on a district court's discretionary power to remand separate and independent state law claims under 28 U.S.C. § 1441(c). See <u>Eastus</u>, 97 F.3d at 103.

7

under Batiste, the court would abuse its discretion in refusing to entertain plaintiffs' breach of contract claims..." 88 F.Supp.2d at 694. Therefore, that the Eddins court remanded based on tort claims is unpersuasive in this instance, in which there still exists a breach of contract claim.

Finally, the Davis Parties argue that this case must be remanded to state court because there is no diversity between the Parties to invoke subject matter jurisdiction under 28 U.S.C. § 1332. They cite Walters v. International Business Machines, Inc., 818 F.Supp 1012 (S.D. Tex. 1993)(after the parties agreed to remand the remaining state law claims and the court determined that there was no diversity jurisdiction, the court remanded for lack of subject matter jurisdiction). Admittedly, Mr. Davis and FFC USA are not diverse. However, although the Davis Parties argue that without federal claims or diversity the remaining state law claims must be remanded for lack of subject matter jurisdiction, the Court is exercising its discretion to retain the remaining state law claims even if the federal claims which brought the action within the Court's original jurisdiction have been disposed and the Parties are non-diverse. See Aviall Services, Inc. v. Cooper Industries, Inc., 2000 WL 31730, *5 (N.D. Tex.) (having dismissed the federal claim and absent diversity jurisdiction, in its discretion the district court declined to exercise supplemental jurisdiction over the remaining state law claims because of complex issues of state law that had received "scant attention from Texas courts" for which the district court would be "venturing Erie-type guesses"); Waste Systems, Inc. v. Clean Land Air Water, Corp., 683 F.2 927, 930 (5th Cir. 1982) (where federal claim was settled and parties were not diverse, Fifth Circuit found that, *inter alia*, technical questions of state law weighed against the district court retaining federal jurisdiction over the remaining state law claims). Although these cases resulted in remand of the state law claims, the Court has performed the necessary analysis to the facts of this particular case and has found that the factors of judicial economy, convenience, fairness and comity all favor retaining the state law claims [see Section B of this Order, infra].

Therefore, this Court in its exercise of discretion declines to remand this case

8

despite the lack of diversity or federal law claims.

## III.  Conclusion

In sum, the Court **DENIED** the Plaintiffs' Request for Permission to Appeal Interlocutory Orders [Dkt. No. 89] and Motion to Remand [Dkt. No. 92]. As the Court has repeatedly considered the same issues and rulings, the Parties are hereby **ORDERED** not to file any further motions or requests in this matter except their briefs regarding the remaining state law issues. Failure to abide by this order will result in sanctions.

DONE at Brownsville, Texas, this 26th day of July 2001.

_____
Hilda G. Tagle
United States District Judge

9