*104*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DANIEL E. DAVIS, § § § | |
| v. § § | CIVIL ACTION NO. B-00-003 (consolidated with No. B-00-184) |
| FAVELLE FAVCO CRANES USA, INC. and FAVELLE FAVCO CRANES (M) SDH BHD, § § § § § § | |
| AND § | |
| FAVELLE FAVCO CRANES USA, INC. § § § § | |
| v. § § | |
| DANIEL E. DAVIS, DAVISCO INC., and COBURN INTERNATIONAL § § § § § | |
| v. § § | |
| FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD and FAVELLE FAVCO HOLDINGS SDN BHD. § § § § | |

United States District Court
Southern District of Texas
FILED
AUG 0 6 2001
Michael N. Milby, Clerk of Court

United States District Court
Southern District of Texas
FILED
AUG 0 7 2001
Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER

BE IT REMEMBERED that on August 6, 2001, the Court considered the FFC Parties' Second Motion for Summary Judgment [Dkt. No. 102] and the Davis Parties Response thereto [Dkt. No. 103]. The Court **GRANTS IN PART** and **DENIES IN PART** the motion [Dkt. No. 102]. As such, the Parties are expected to appear on Monday, August 6, 2001 at 1:30 p.m. for jury selection in this matter.

Heretofore, the "Davis Parties" refers to Mr. Daniel E. Davis, Davisco Inc. and Coburn International. The "FFC Parties" refers to Favelle Favco Cranes USA, Inc., Favelle Favco Cranes (M) SDN BHD, and Favelle Favco Holdings SDN BHD.

I.  **Relevant Procedural History**

The Court granted summary judgment to the FFC Parties on the patent infringement claim, and denied the Davis Parties' cross motion for summary judgment with respect to the Davis Parties' patent ownership and shop rights [Order, Dkt. No. 70]. Subsequently at status conference, the Davis Parties explicitly expressed that the two remaining live causes of action were claims for breach of employment contract and fraud in the inducement [Minutes, Dkt. No. 91]. The FFC Parties indicated that these two causes of action could be disposed without trial by jury through motions for summary judgment [Minutes, Dkt. No. 91]. However, the Davis Parties argued that there were material issues of fact which necessitated trial on the merits for these two remaining claims [Id.]. The Parties have submitted a Second Amended Joint Pretrial Order confirming that the only two issues remaining in this lawsuit were a breach of employment cause of action and a fraud in the inducement cause of action [Dkt. No. 96].

II.  **Summary Judgment Standard**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). The party making a summary judgment motion has the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings and discovery documents which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Colson v. Grohman, 174 F.3d 498, 506 (5th Cir.1999). If the moving party meets this burden, the non-movant then must designate specific facts showing there is a genuine issue for trial to survive summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th

2

Cir.1994).

### III. The Breach of Employment Contract Claim

Mr. Davis alleges that the FFC Parties terminated his employment with FFC USA without cause in breach of their Employment Contract [Consolidated Action B-00-184, Dkt. No. 1, Exh. Z, Defendants' (Davis Parties) First Amended Counterclaim, ¶¶ 3.01-3.04]. However, Mr. Davis fails to raise a genuine issue of material fact regarding his termination under the Employment Contract because it allows for Mr. Davis' discharge with or without cause [FFC USA's Motion for Partial Summary Judgment, Dkt. No. 61, Exh. A, Attachment 3]. It plainly states that an employee can be discharged for cause:

> "If Employer discharges Employee for cause, this Employment Contract shall terminate at the moment of discharge, and Employee shall thereupon be entitled to salary, home leave and other benefits accrued prior to that date, and, in addition, Employer shall pay cost of return transportation and expenses as prescribed in Appendix "A" hereto. Discharge for cause shall include but not be limited to...wilful ... misconduct...; refusal to work; engaging in conduct prejudicial to the interests of the Employer...; or any other act of substantial misconduct....,"

and also clearly states that an employee may be discharged without cause:

> If Employer give written notice of termination for its convenience ..., this Employment Contract shall terminate upon the date specified in that notice, Employee shall thereupon be entitled to any accrued salary and home leave, and other benefits which may have accrued prior to that date, and, in addition, Employer shall pay cost of return transportation and expenses. However, should the Employer give notice of termination for its convenience prior to completion of this contract, the Employee will receive twenty four (24) months base salary or payment of Employee's base salary through the end of this Contract, whichever is less. This separation payment will be the full and final settlement of all wages due Employee.

[Id. at ¶2(b)(2) and (1), respectively]. Therefore, contrary to what the Davis Parties suggest, the Employment Contract allowed for Mr. Davis' termination with or without

3

cause.

Moreover, despite Mr. Davis' argument, Mr. Davis does not raise a genuine issue of fact that he was terminated without cause, because Mr. Davis was terminated for cause. The FFC Parties demonstrate by competent summary judgment evidence that Mr. Davis was discharged largely in part because he claimed the rights to United States Patent 6,003,252 ("the Patent") for the unique crawler crane design and related royalties, drawings, and information [Dkt. No. 61, Exh. C, Cheam Depo., pp. 134-36, 206-10; Exh. D, Mac Depo., p. 53]. By claiming an interest in the Patent despite his fiduciary duty not to usurp a corporate opportunity [Dkt. No. 70], Mr. Davis committed substantial misconduct against Favelle Favco Cranes USA, Inc. ("FFC USA"), and acted in a manner that was prejudicial to the interests of his employer, Favelle Favco Holdings SDN BHD ("Holdings"). Therefore, Holdings was entitled under the Employment Contract to terminate Mr. Davis for cause.

The Davis Parties point to the deposition testimony of Greta Sullivan [Dkt. No. 103, Exh. F] in an attempt to demonstrate a triable issue of fact regarding his termination for cause. However, this evidence is incompetent for the Court's consideration upon summary judgment. She merely asserts she was "sure" that someone from Favelle Favco Cranes (M) SDN BHD ("FFC Malaysia") knew of the Caterpillar orders, and did not "believe" that Mr. Cheam, Group Manager of Holdings, or Mr. Mac, Managing Director of Muhibbidah Engineering (M) BHD ("Muhibbidah"), did not know about these orders. However, it is evident that Ms. Sullivan does not have personal knowledge of the facts to which she has attested. Furthermore, the Davis Parties admit that one of the reasons that Mr. Davis was terminated was because of his mismanagement [Dkt. No. 103, p. 12, ¶7.02], which indeed could have been considered in terminating him for cause. Therefore, the Davis Parties fail to raise a genuine issue of material fact concerning his discharge for cause under the terms of the Employment Contract.

As Mr. Davis has been paid all salaries and benefits to which he was entitled up to the date of his discharge [Dkt. No. 102, Affidavit of Mr. Cheam], this Court **GRANTS**

4

summary judgment in favor of the FFC Parties regarding this cause of action.

### IV. The Fraud in the Inducement Cause of Action

Unlike the Breach of Employment cause of action, the Davis Parties raise a genuine issue of material fact regarding whether any FFC Party made material misrepresentations which were false, and which were either known to be false or made without knowledge of its truth. For example, Mr. Davis points to a correspondence dated May 28, 1997 from him to Mr. Mac discussing clauses in a draft Shareholders' Agreement relating, *inter alia*, to royalties for the sale of each crane manufactured according to the Patent [Dkt. No. 103, Exh. K], and another correspondence dated June 10, 1997 from Muhhibidah to him regarding another draft of the Shareholders' Agreement containing a royalty clause [Id., Exh. L]. The Davis Parties further raise a genuine issue of fact as to Mr. Davis' reliance upon these alleged misrepresentations and subsequent injury [Id., Exh. Q, Davis Affidavit]. Therefore, since a genuine issue of material fact exists as to whether Mr. Davis was fraudulently induced to enter into his Employment Contract with Holdings signed on June 23, 1997, the Court hereby **DENIES** the FFC Parties' motion with respect to the Davis Parties' fraudulent inducement cause of action.

### V. Conclusion

In sum, the Court **GRANTED** summary judgment as to the breach of employment contract cause of action, and **DENIED** summary judgment with respect to the fraud in the inducement cause of action.

As a procedural matter, the Davis Parties indicated at status conference that the only live causes of action were their breach of employment contract and fraudulent inducement claims [Minutes, Dkt. No. 91]. The Davis Parties reiterated that they would only be pursuing these two causes of action in their Second Amended Joint Pretrial Order [Dkt. No. 96]. Finally in their response to summary judgment, the Davis Parties contended that material issues of fact remained only as to these two claims [Dkt. No.

5

103]. Therefore because of the numerous declarations by the Davis Parties that they would only be pursuing two causes of action, the Court hereby **DISMISSES** the remainder of the Davis Parties' causes of action, to wit: (1) misappropriation of trade secrets, proprietary information, and confidential information, (2) breach of fiduciary duty, (3) breach of the Shareholders' Agreement, (4) tortious interference with business relationship, (5) patent infringement, and (6) misrepresentation. Fed. R. Civ. P. 41(2).

In addition, since the Court granted summary judgment to FFC USA and determined that the Patent for the unique crawler crane design, along with all design drawings, trade secrets, and other confidential information related to the Patent, properly belong FFC USA [Dkt. Nos. 69 & 70], the Court **GRANTS** summary judgment as to FFC USA's counterclaim for declaratory judgment [Dkt. No. 10], and **DECLARES** that it has not infringed the Patent or any other patent or patent application filed by Mr. Davis related to the unique crawler crane design.

As this Order disposes of all remaining causes of action except the fraudulent inducement claim, the Parties are **ORDERED** to appear for jury selection on Monday, August 6, 2001 at 1:30 p.m., with trial commencing on Tuesday, August 7, 2001 at 10:00 a.m.

DONE at Brownsville, Texas, this 6th day of August 2001.

*[signature]*
Hilda G. Tagle
United States District Judge