United States District Court
Southern District of Texas
FILED

AUG 0 6 2001

Michael N. Milby, Clerk of Court

105

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | & | |
| | & | |
| VS. | & | CIVIL ACTION NO. B-00-003 |
| | & | |
| FAVELLE FAVCO CRANES USA, INC. | & | |
| and FAVELLE CRANES (M) SDN BHD | & | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | |
| | & | |
| VS. | & | |
| | & | |
| DANIEL E. DAVIS, DAVISCO INC. | & | |
| and COBURN INTERNATIONAL | & | |
| | & | |
| VS. | & | CIVIL ACTION NO. B-00-184 |
| | & | |
| FAVELLE FAVCO CRANES USA, INC., | & | |
| FAVELLE FAVCO CRANES (M) SDN | & | |
| BHD, and FAVELLE FAVCO HOLDINGS | & | |
| SDN BHD | & | |

## PLAINTIFFS' MOTION IN LIMINE

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:**

COME NOW, **DANIEL E. DAVIS, DAVISCO, INC.,** and **COBURN INTERNATIONAL**, Plaintiffs in the above-styled and numbered civil action, before the commencement of the Voir Dire examination of the jury panel, and respectfully move that counsel for **FAVELLE FAVCO CRANES USA, INC., FAVELLE CRANES (M) SDN BHD,** and **FAVELLE FAVCO HOLDINGS SDN BHD**, Defendants, and through such counsel any and all defense witnesses, be instructed by appropriate Order of this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any, manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside the presence and the

outside hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters in the trial of this cause would result in irreparable prejudice and harm to Plaintiffs' case, which no instruction by the Court to the Jury could cure, to wit:

### 1.

That Plaintiffs received, have received, will receive or are receiving benefits of any kind or character from a collateral source, including but not limited to the following collateral source benefits:

A.     Benefits under private insurance policy;

B.     Benefits under insurance policies generally;

C.     Benefits from voluntary contribution by the employer of Plaintiff **DANIEL E. DAVIS**;

D.     Benefits from sick leave and/or vacation;

E.     Benefits from the Federal Government, including Social Security, Veteran's Administration, tax exemption or military medical benefits;

F.     Services furnished without charge;

G.     The fact of any suit or the settlement or amount therein related to any third party claims arising out of the incident made the basis of this lawsuit;

H.     Compensation for time not actual worked; and

I.     Benefits from pensions.

J.     Food stamps, supplemental income, AFDC benefits, or Lone Star card, or any other type of welfare benefits.

### 2.

To not attempt to admit into evidence any photographs, documents, videotape recordings, medical records and/or other tangible items which Defendants have not previously produced to Plaintiffs, by and through their counsel, in compliance with either discovery requests, Texas Rules of Civil Procedure, or Texas Rules of Civil Evidence, Federal Rules of

Civil Procedure, or Federal Rules of Civil Evidence.

**3.**

That Defendants not call any witnesses or individuals which have not been disclosed to Plaintiffs, by and through counsel, in answers and/or responses to either requests for disclosure, interrogatories or requests for admissions, or disclosed in their (i.e. Defendants' Witness Lists attached to the Joint Pretrial Orders filed in this civil action.

**4.**

That no mention be made or alluded to by Defendants' counsel or Defendants' witnesses as to the existence or contents of any documents, records, reports or affidavits which have not been properly admitted into evidence without the author or custodian thereof present, either in person, by Affidavit, or by deposition, and subject to cross-examination or objection by Plaintiffs' counsel, and whose custodian of records has not been disclosed to Plaintiffs, by and through counsel, in answer and/or response to either request for disclosure, interrogatories, or requests for production.

**5.**

That no mention be made or alluded to by Defendants' counsel of Plaintiff **DANIEL E. DAVIS'** personal habits since there are no allegations and no evidence that any **"bad"** habits (e.g. drinking and/or drugs) existed or contributed, in any manner, to the occurrence made the basis of this lawsuit.

**6.**

That any recovery by the Plaintiffs either would or would not be subject to Federal Income taxation or any other form of taxation. (See *M.K. and T. Railroad v. McFerrin,* **291 S.W.2d 931, 156 Tex. 69** (Tex. 1955).

CSsPDF – www.fastio.com

**7.**

The date that Plaintiffs retained counsel.  The name of any other lawyer retained or consulted by Plaintiff Daniel E. Davis and whether such lawyer or any other lawyer referred it to the undersigned attorneys.

**8.**

That Defendants and any witness called or named by Defendants not repeat or utter any statements made out-of-court that constitute hearsay, as identified in **Rules 801 and 802 of the Federal Rules of Civil Evidence**, unless it can be shown that there is a valid exception to the hearsay rule which would allow its inclusion and said exceptions are identified outside the presentence of the Jury.

**9.**

That the opinions or any references to any opinions of experts not designated pursuant to the terms of Rules 190.3, Rule 192.3(e), 193.5, and/or 195 of the Texas Rules of Civil Procedure, including any opinions of experts that are based, in whole or in part, on consulting experts' opinions if any of the consulting experts who were not identified or designated not be mentioned, referenced to, or alluded to Defendants' counsel and/or Defendants' witnesses.  (See ***Builder's Equipment Co. v. Onion***, 713 S.W.2d 786, 788 (Tex. App. - San Antonio 1986, no writ); ***Brewer v. Ison***, 704 S.W.2d 911, 912 (Tex. App. - Dallas 1986, no writ); Rules 192, 193, and 195 of the Texas Rules of Civil Procedure).

**10.**

That prior to admitting or tendering exhibits into evidence that Defendants by and through their counsel, remove and/or omit all hearsay statements that have no exception to the hearsay rule and/or are irrelevant.

**4**

**11.**

That Defendants by and through their counsel, be precluded from informing the Jury that any judgment in this case may or may not be subject to pre-judgment interest.

**12.**

That Defendants, by and through their counsel, not mention or state to the Jury the probable testimony of a witness who is absent, unavailable or not called to testify in this cause. (See *General Motors Corporation v. Bryant*, 582 S.W.2d 521, 527 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.).

**13.**

Any reference or mention by Defendants' counsel and/or their representatives regarding whether or not a settlement offer has been made or whether failure to make settlement has made it necessary to bring this case to trial. (See *General Motors Corp. v. Simmons,* 558, S.W.2d 855 (Tex. 1977); *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1 (Tex. 1986).

**14.**

Any testimony or reference to any testimony by any individual who Defendants have not identified as having knowledge of relevant facts and the correct address and telephone number not furnished in answer and/or response to valid and timely propounded request for disclosures, interrogatories, or requests for production by Plaintiffs pursuant to either the Texas or Federal Rules of Civil Procedure.

**15.**

That there will probably be testimony of certain facts by witnesses who are not later called to testify at trial.  *Sanders v. St. Paul Fire & Marine Ins. Co.*, 429 S.W.2d 516 (Tex. Civ. App. - Texarkana 1968, writ ref'd n.r.e.).

**16.**

That Plaintiffs have had unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof since there is no evidence that Plaintiffs have made any prior unrelated claims, suits, or settlements.

**17.**

That witnesses have been involved in any other lawsuits or have been disciplined in their respective employments or the effects thereof as same is totally irrelevant to any factual issue in this case.

**18.**

That Plaintiff **DANIEL E. DAVIS** had any prior or now pending arrests and/or convictions not a felony or involving moral turpitude under Rule 609 of the Federal Rules of Civil Evidence.

**19.**

That this Motion has been filed or any ruling by the Court in response to this Motion, suggesting or implying to the Jury that the Plaintiff/Counter-Defendants have moved to prohibit proof or that the Court has excluded proof of any particular matter.

**20.**

That any written statement that tends to impeach the credibility of any witness be precluded from mention unless a ruling from the Court on the competency and validity of the statement is first obtained.  Reckless disregard of this may result in highly prejudicial comments from Defendants with little or no probative basis for their impeachment.

**21.**

That Plaintiffs' pleadings not be read out loud to the jury without first obtaining a ruling as to the purpose of such reading.

6

**22.**

Any reference to Plaintiffs' pleadings that are not live or the contents therein.

**23.**

Any reference to Plaintiff **DANIEL E. DAVIS'** financial ability and/or inability to pay any expenses not be made, alluded to, or brought forth by Defendants' counsel, or any witness testifying on behalf of Defendants.

**24.**

Any reference to Plaintiff **DANIEL E. DAVIS'** relative wealth, poverty, gross or net income, since same is totally irrelevant to the issues being litigated herein.

**25.**

That no mention be made or alluded to by agents, employees, and/or representatives of Defendants, Defendants' counsel or any witness called or named by Defendants that Plaintiff **DANIEL E. DAVIS** has failed to or has not filed income tax returns in certain years, including any comments that **MR. DAVIS** and/or his companies have not reported certain income to the Internal Revenue Service, for the reason that such is totally irrelevant to any issue in this case and such would be highly prejudicial to Defendants/Counter-Plaintiffs and possibly result in criminal and/or tax invasion charges pursued against the Defendants/Counter-Plaintiffs.

**26.**

That this Court should order the Defendants and/or their witnesses be refrained from making reference to or alluding to in any manner any to Plaintiff **DANIEL E. DAVIS'** marital status for the reason that same is totally irrelevant to any issues being litigated in this lawsuit.

**27.**

Further, this Court should order the Defendants and/or their witnesses be refrained from commenting on any claim of privilege made by the Plaintiffs pursuant to Rule 513 of the Federal Rules of Civil Evidence.

CibPDF - www.fasba.com

**28.**

That any comments that tend to impeach the credibility of any expert witness be precluded from mention unless there is admissible evidence upon which to base said impeachment.

**29.**

That Defendants be instructed not to make any demands or requests before the Jury for any matters found or contained in Plaintiffs' files or their possession during the course of this trial and while in the presence of the Jury. Further, that r-Defendants be instructed not make any demands or requests before the Jury that Plaintiffs agree or stipulate to any matters, during the course of this trial and while in the presence of the Jury.

**30.**

That Defendants, Defendants' counsel, and/or Defendants' witnesses not mention, allude to, or bring forth any evidence that Plaintiff **DANIEL E. DAVIS** received a letter, memorandum and/or other form of a written document from his previous employer, **MANITOWOC**, by which he is accused of taking and/or stealing trade secrets from **MANITOWOC** for the reason that same has no probative value and will be highly prejudicial to Plaintiff **DANIEL E. DAVIS.**

**31.**

That Defendants, by and through their counsel, be precluded from informing the Jury of any and all items that Attorney **AL PAYNE** produced to them without first tendering same to counsel for Plaintiffs for the reason that **MR. PAYNE** expected all such documents and/or items to be copied and returned to him, and they were not. Besides **MR. PAYNE** produced said documents and/or items to Counsel for Defendants in good faith.

# PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs **DANIEL E.**

**DAVIS, DAVISCO, INC.,** and **COBURN INTERNATIONAL**

respectfully pray that their **Motion in Limine** be granted and

sustained by appropriate Order of this Honorable Court and

further pray for any and such other relief, at law or in equity,

to which they may show themselves entitled to receive.

Respectfully submitted,

**LAW OFFICES OF**
**ERNESTO GAMEZ, JR., P.C.**
777 E. Harrison Street
Brownsville, Texas 78520
Telephone No.: (956) 541-3820
Facsimile No. : (956) 541-7694

BY: _____
ERNESTO GAMEZ, JR.
State Bar No. 07606600
Federal Id. No. 8645

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

\*   VICTOR QUINTANILLA
State Bar No. 00786181
Federal Id. No. 16073

\*   (Signed with Permission of Attorney-in-
Charge)

9

## CERTIFICATE OF SERVICE

I, **VICTOR QUINTANILLA**, hereby certify that on this ⁶th day of August, 2001 a true

and correct copy of the foregoing **Plaintiffs' Motion in Limine** was served **Via Hand-Delivery** on r

Defendants' attorney-in-charge, Hon. Gary Gurwitz, **ATLAS & HALL, L.L.P.**, 818 Pecan, P. O. Box

3725, McAllen, Texas, 78502, in accordance with the Federal  Rules of Civil Procedure.

VICTOR QUINTANILLA

**10**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL E. DAVIS | & | |
| | & | |
| VS. | & | CIVIL ACTION NO. B-00-003 |
| | & | |
| FAVELLE FAVCO CRANES USA, INC. | & | |
| and FAVELLE CRANES (M) SDN BHD | & | |

| | | |
|---|---|---|
| FAVELLE FAVCO CRANES USA, INC. | & | |
| | & | |
| VS. | & | |
| | & | |
| DANIEL E. DAVIS, DAVISCO INC. | & | |
| and COBURN INTERNATIONAL | & | |
| | & | |
| VS. | & | CIVIL ACTION NO. B-00-184 |
| | & | |
| FAVELLE FAVCO CRANES USA, INC., | & | |
| FAVELLE FAVCO CRANES (M) SDN | & | |
| BHD, and FAVELLE FAVCO HOLDINGS | & | |
| SDN BHD | & | |

## ORDER ON PLAINTIFFS' MOTION IN LIMINE

Came to be considered **Plaintiffs' Motion in Limine** in the above-styled and numbered cause. After considering the pleadings filed in this cause, and arguments of counsel, it appears that after hearing argument of counsel and review of the evidence, the Court finds the following as to the points brought forth by Plaintiffs:

1.  GRANT _____   DENY _____
2.  GRANT _____   DENY _____
3.  GRANT _____   DENY _____
4.  GRANT _____   DENY _____
5.  GRANT _____   DENY _____
6.  GRANT _____   DENY _____
7.  GRANT _____   DENY _____
8.  GRANT _____   DENY _____
9.  GRANT _____   DENY _____

CVisPDF - www.texisi.com

```
10.  GRANT _____        DENY _____
11.  GRANT _____        DENY _____
12.  GRANT _____        DENY _____
13.  GRANT _____        DENY _____
14.  GRANT _____        DENY _____
15.  GRANT _____        DENY _____
16.  GRANT _____        DENY _____
17.  GRANT _____        DENY _____
18.  GRANT _____        DENY _____
19.  GRANT _____        DENY _____
20.  GRANT _____        DENY _____
21.  GRANT _____        DENY _____
22.  GRANT _____        DENY _____
23.  GRANT _____        DENY _____
24.  GRANT _____        DENY _____
25.  GRANT _____        DENY _____
26.  GRANT _____        DENY _____
27.  GRANT _____        DENY _____
28.  GRANT _____        DENY _____
29.  GRANT _____        DENY _____
30.  GRANT _____        DENY _____
31.  GRANT _____        DENY _____
```

**SIGNED** this _____ day of _____, **2001**.


_____
U. S. DISTRICT JUDGE

xc:  Hon. Victor Quintanilla
     **LAW OFFICES OF**
     **ERNESTO GAMEZ, `JR., P.C.**
     777 E. Harrison Street
     Brownsville, Texas  78520

     Hon. Gary Gurwitz
     **ATLAS & HALL, L.L.P.**
     818 Pecan
     P. O. Box 3725
     McAllen, Texas  78502