*112*

United States District Court
Southern District of Texas
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

AUG 1 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DANIEL E. DAVIS** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-003** |
| | § | |
| **FAVELLE FAVCO CRANES** | § | |
| **USA, INC., and  FAVELLE CRANES** | § | |
| **(M) SDN BHD,** | § | |

| | | |
|---|---|---|
| **FAVELLE FAVCO CRANES USA, INC.** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **DANIEL E. DAVIS, DAVISCO INC. and** | § | |
| **COBURN INTERNATIONAL** | § | |
| | § | **CIVIL ACTION NO. B-00-184** |
| **VS.** | § | |
| | § | |
| **FAVELLE FAVCO CRANES USA, INC.,** | § | |
| **FAVELLE FAVCO CRANES (M) SDN BHD,** | § | |
| **and FAVELLE FAVCO HOLDINGS SDN BHD** | § | |

**FFC PARTIES' OBJECTIONS TO DAVIS PARTIES' TRIAL EXHIBITS**
**(3RD AMENDED)**

TO:   DANIEL E. DAVIS, , DAVISCO, INC. and COBURN INTERNATIONAL, by serving their
attorneys of record,

Ernesto Gamez, Jr.
Victor Quintanilla
Law Office of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

FAVELLE FAVCO CRANES, U.S.A., INC., FAVELLE FAVCO CRANES (M) SDN BHD

AND FAVELLE FAVCO HOLDINGS SDN BHD, ("FFC Parties"), pursuant to Rule 11(B) of the

Local Rules for the Southern District of Texas and §11(C) of this Court's *Civil Procedures*, make

the following objections to the Trial Exhibits of Daniel Davis, Davisco, Inc., and Coburn International, Ltd., ("Davis Parties"), as listed on their 3rd Amended Exhibit List filed on August 8, 2001.

Respectfully submitted,

Gary Gurwitz, Attorney In Charge
Bar #08631000/Southern Dist. I.D. #1194
Charles C. Murray
Bar #14719700/Southern Dist. I.D. #1214
ATLAS & HALL, L.L.P.
818 Pecan (Zip Code: 78501)
P.O. Box 3725
McAllen, Texas 78502
Telephone: 956/682-5501
Fax: 956/686-6109

Willem G. Schuurman
Bar #17855200
Brian K. Buss
Bar #00798089
VINSON & ELKINS, L.L.P.
600 Congress Avenue, Suite 2700
Austin, Texas 78701
Telephone: 512/495-8400
Fax: 512/495-8612

**ATTORNEYS FOR FAVELLE FAVCO CRANES USA, INC., FAVELLE FAVCO CRANES (M) SDN BHD AND FAVELLE FAVCO HOLDINGS SDN BHD**

# CERTIFICATE OF SERVICE

This will certify that a true and correct copy of this document was served on all counsel of record by certified mail, return receipt requested, hand delivery and/or fax on the _____ day of _____, 2001, as follows:

Ernesto Gamez, Jr.
Victor Quintanilla
Law Offices of Ernesto Gamez, Jr., P.C.
777 E. Harrison Street
Brownsville, Texas 78520

ClibPDF - www.fastio.com

## OBJECTIONS TO DAVIS PARTIES' TRIAL EXHIBITS (3RD AMENDED)

### EXHIBIT NO. 1:

Internal Memorandum to Danny E. Davis from T.S. Cheam (05/12/97).

#### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

(4)     If admitted into evidence by any of the Davis Parties, it should not be admissible for Davisco, Inc., or Coburn International, Ltd., or against Favelle Favco Cranes USA, Inc.

### EXHIBIT NO. 2:

Facsimile from Katherine Wong to Daniel E. Davis (Re: Shareholders' Agreement) (05/02/97).

#### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

(4)     If admitted into evidence by any of the Davis Parties, it should not be admissible for Davisco, Inc., or Coburn International, Ltd., or against Favelle Favco Cranes USA, Inc.

ClibPDF - www.fastio.com

## EXHIBIT NO. 3:

Letter from Daniel E. Davis to Mac Ngan Boon (05/28/97) (Re: Shareholders' Agreement).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)    It violates F.R.C.E. 403;

(4)    If admitted into evidence by any of the Davis Parties, it should not be admissible for Davisco, Inc., or Coburn International, Ltd., or against Favelle Favco Cranes USA, Inc.

## EXHIBIT NO. 4:

Letter from Michael Chen & Lee to Mr. Cheam (06/10/97) (Re: Shareholders' Agreement) (including attachments).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)    Attached to the letter is what purports to be a signed copy of the Shareholders' Agreement and other documents which were not attached to the letter at the time it was mailed;

(4)    It violates F.R.C.E. 403;

(5)     If admitted into evidence by any of the Davis Parties, it should not be admissible for Davisco, Inc., or Coburn International, Ltd., or against Favelle Favco Cranes USA, Inc.

## EXHIBIT NO. 5:

Issues to be Incorporated in the New Shareholders' Agreement of FFC USA.

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     It is undated and unsigned but is likely to have been created in 1999 and, therefore, it is irrelevant and immaterial.

(2)     It also appears to be a document that is one of a series of documents involved in negotiations for the sale of FFC USA to Daniel Davis and, therefore, it is taken out of context, is misleading and will confuse the jury;

(3)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(4)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(5)     It violates F.R.C.E. 403.

## EXHIBIT NO. 7:

Shareholders' Agreement (08/16/97).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It post-dates the Employment Contract;

(3)     It was never delivered to any FFC Party prior to the lawsuit being filed;

(4)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(5)     It violates F.R.C.E. 403;

(6)     If admitted into evidence by any of the Davis Parties, it should not be admissible for Davisco, Inc., or Coburn International, Ltd., or against Favelle Favco Cranes USA, Inc.

## EXHIBIT NO. 8:

Letter from Daniel E. Davis to Mac Ngan Boon (11/16/97) (Re: West Uppers, Pemex Bid, Gallotti Lowers, Eccon).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     The entire letter except for paragraph 4 is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403.

## EXHIBIT NO. 11:

Facsimile from Daniel E. Davis to Cheam Tek Siong (08/06/98) (Re: Fax Regarding Caterpillar).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     To the extent is offered into evidence by any of the Davis Parties, it is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

ClibPDF - www.fastio.com

(4)    It post-dates the Employment Contract.

## EXHIBIT NO. 12:

Facsimile Message from Daniel E. Davis to Mac Ngan Boon (12/21/98) (Re: Status of Financing Requirement).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)    It violates F.R.C.E. 403;

(3)    It post-dates the Employment Contract;

(4)    It is self-serving and hearsay.

## EXHIBIT NO. 13:

Facsimile Transmittal from Cheam Tek Siong to Daniel E. Davis/Mr. Yee (02/08/99) (Re: Registration of Trademark).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)    It violates F.R.C.E. 403.

## EXHIBIT NO. 14:

Letter from Daniel E. Davis to Mac Ngan Boon (01/20/99) (Re: Favelle Favco Cranes USA, Inc.)

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

(4)     It post-dates the Employment Contract;

(5)     It is self-serving and hearsay.

## EXHIBIT NO. 15:

Letter from Daniel E. Davis to Mac Ngan Boon (02/06/99) (Re: Favelle Favco Cranes USA, Inc.).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

(4)     It post-dates the Employment Contract;

(5)     It is self-serving and hearsay.

## EXHIBIT NO. 16:

Fax Transmission from Mac Ngan Boon to Daniel E. Davis (02/10/99).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It violates F.R.C.E. 403;

(4)     It post-dates the Employment Contract.

## EXHIBIT NO. 17:

Letter from Daniel E. Davis to Mac Ngan Boon (02/10/99).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)     It post-dates the Employment Contract;

(3)     It violates F.R.C.E. 403;

(4)     It is self-serving and hearsay.

## EXHIBIT NO. 18:

Facsimile Cover Sheet from Daniel E. Davis to Mac Ngan Boon (02/10/99) (including attachments: 02/03/99 Letter from James E. Hopkins to Daniel E. Davis; 02/10/99 Letter from Daniel E. Davis to Mac Ngan Boon; and Licensing Agreement signed by Daniel E. Davis) (Re: Caterpillar Letter).

### OBJECTION:

The FFC Parties object to the use of each of the four separate documents contained in this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It post-dates the Employment Contract;

(4)     It violates F.R.C.E. 403;

(5)     It is self-serving and hearsay.


## EXHIBIT NO. 19:

Letter from Joe Conway to Daniel E. Davis (02/12/99) (Re: Manitex Supplier Agreement).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It post-dates the Employment Contract;

(4)     It violates F.R.C.E. 403;

(5)     It is self-serving and hearsay.

---

**EXHIBIT NO. 20:**

Facsimile Transmittal Sheet from Shirleen Lee to Daniel E. Davis (03/16/99) (Re: Shareholders' Agreement) (including a draft copy of the said Shareholders' Agreement).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    If offered by any of the Davis Parties as evidence in an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)    It post-dates the Employment Contract;

(4)    It violates F.R.C.E. 403.


**EXHIBIT NO. 21:**

United States Patent No. 6,003,252 (12/21/99).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)    It post-dates the Employment Contract;

(3)    It violates F.R.C.E. 403.

## EXHIBIT NO. 22:

Drawings/Sketches (Figures 1A-24) attached to United States Patent No. 6,003,252 (12/21/99).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)     It violates F.R.C.E. 403.

## EXHIBIT NO. 23:

Curriculum Vitae of Stephen M. Horner, Ph.D.

### OBJECTION:

The FFC Parties object to the use of this Curriculum Vitae if offered into evidence by any of the Davis Parties because it is hearsay, unsworn and is not properly evidence in the case.

## EXHIBIT NO. 24:

Report from Stephen M. Horner, Ph.D. (08/14/00).

### OBJECTION:

The FFC Parties object to the use of this Report if offered into evidence by any of the Davis Parties because:

(1)     It is hearsay, unsworn and is not properly evidence in the case;

(2)     It has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence.  Specifically, the report is not based upon sufficient facts or data.

## EXHIBIT NO. 25:

Report from Stephen M. Horner, Ph.D.  (08/17/00) (including revisions made at his deposition).

### OBJECTION:

The FFC Parties object to the use of this Report if offered into evidence by any of the Davis Parties because:

(1)     It is  hearsay, unsworn and is not properly evidence in the case;

(2)     It has been proffered as an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence.  Specifically, the report is not based upon sufficient facts or data.

## EXHIBIT NO. 26:

Amended Report from Stephen M. Horner, Ph.D. (01/30/01).

### OBJECTION:

This amended report is no longer an exhibit because the Court denied its use at the *Daubert* hearing held on August 8, 2001 and, therefore, no further objection is necessary.

## EXHIBIT NO. 27:

Appendix B to Dr. Horner's report.

### OBJECTION:

The FFC Parties object to the use of Appendix B to Dr. Horner's report if offered into evidence by any of the Davis Parties because:

(1)     It is  hearsay, unsworn and is not properly evidence in the case;

(2)     It has been proffered as part of an expert report but does not meet the requirements of amended Rule 702, Federal Rules of Evidence.  Specifically, it is not based upon sufficient facts or data.

## EXHIBIT NO. 30:

Confidentiality Agreement between Favelle Favco Cranes (M) SDN BHD and Daniel E. Davis (09/11/98).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(2)     It post-dates the Employment Contract;

(3)     It violates F.R.C.E. 403.

## EXHIBIT NO. 38:

Facsimile Transmittal Sheet from Tan Teong Guan to Daniel E. Davis (01/07/98) (Re: 11/29/98 fax from Shirleen Lee) (including attachments).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)     To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)     It is irrelevant and immaterial to any issue remaining in the lawsuit;

(3)     It post-dates the Employment Contract;

(4)     It violates F.R.C.E. 403.

ClibPDF - www.fastio.com

**EXHIBIT NO. 39:**

Affidavit of James Alan Rusk (02/19/01) (including attachments).

### OBJECTION:

The FFC Parties object to the use of this Exhibit if offered into evidence by any of the Davis Parties for the following reasons:

(1)    To the extent it is an attempt to vary the terms of the Employment Contract, it violates the parole evidence rule;

(2)    It is hearsay;

(3)    It post-dates the Employment Contract;

(4)    It is not admissible testimony.

ClibPDF - www.fastio.com